**<u>Exhibit 63</u>**



‹          **Cooper Square Ventures**          ( Help )

🔍  Search transactions

## Available Balance                 -$10.89

### Amount Included in Available Balance

**Processing**                          -$10.89
CHECKCARD 05/28                          -$10.89
ATLASSIAN ATLASSIAN B.V

**Processing**                        -$23,982.53
CASHED CHECK HOLD ON                      $0.00
05/27

**Processing**                        -$50,000.00
CASHED CHECK HOLD ON                   $23,982.53
05/27

**Processing**                          $124.23
ACH CREDIT PAYPAL                      $73,982.53
TRANSFER ON 05/27

**05/26/2017**
PAYPAL DES:TRANSFER ID:
56YJ2A5SSSZKC                           $220.38
INDN:COOPER SQUARE                     $73,858.30
VENTURES CO
ID:PAYPALSD11 PPD

**05/25/2017**
PAYPAL DES:TRANSFER ID:
56YJ2A5RR9NB8                           $347.91
INDN:COOPER SQUARE                     $73,637.92
VENTURES CO

## Exhibit 64

●●○○○ Verizon  LTE          10:40 AM                ⏰ ❋ 91% ▬▬

❮ Back                                      ⌄

From: **David Gitman**                      

To: Michael Dash                    Hide

---

## Canceled Event: ChannelReply Sprint Planning Meeting @ Mon May 29, 2017 10:30am - 10:55am (Mike Dash)

Today at 10:26 AM

---

**This event has been canceled and removed from your calendar.**

### ChannelReply Sprint Planning Meeting

| | |
|---|---|
| When | Mon May 29, 2017 10:30am – 10:55am Eastern Time |
| Where | https://join.skype.com/CWOEt6JzF0Iz (map) |
| Video call | https://plus.google.com/hangouts/_/ndap-llc.com/channelreply |
| Calendar | Mike Dash |
| Who | • David Gitman - organizer |
| | • Konstantyn Bagaiev |
| | • Artem Lalaiants |
| | • aglukharev@ndap-llc.com |
| | • Justin Golschneider |
| | • Mike Dash |

---

Invitation from Google Calendar

You are receiving this email at the account mdash@ndap-llc.com because you are subscribed for cancellations on calendar Mike Dash.

To stop receiving these emails, please log in to https://www.google.com/calendar/ and change your notification settings for this calendar.

Forwarding this invitation could allow any recipient to modify your RSVP response. Learn More.

⚑        🗀        🗃        ↩        ✎

## **Exhibit 65**

Delete this screenshot

Konstantin Bagaev
May 29, 2017, 06:34 AM

Channel Reply Customer Support : JIRA: ChannelReply

Application: Slack - channelreply

Keystrokes / min: 87

Mouse movements / min: 31

**Exhibit 66**

●●○○○ Verizon  LTE    10:40 AM    ⏰ ⁑ 91% ▭

❮ Back    ︿    ﹀

---

**From: David Gitman** 

**To: Michael Dash**              Hide

---

# Canceled Event: ChannelReply Sprint Planning Meeting @ Mon May 29, 2017 10:30am - 10:55am (Mike Dash)

Today at 10:26 AM

---

**This event has been canceled and removed from your calendar.**

**ChannelReply Sprint Planning Meeting**

| | |
|---|---|
| When | Mon May 29, 2017 10:30am – 10:55am Eastern Time |
| Where | https://join.skype.com/CWOEt6JzF0lz (map) |
| Video call | https://plus.google.com/hangouts/_/ndap-llc.com/channelreply |
| Calendar | Mike Dash |
| Who | • David Gitman - organizer |
| | • Konstantyn Bagaiev |
| | • Artem Lalaiants |
| | • aglukharev@ndap-llc.com |
| | • Justin Golschneider |
| | • Mike Dash |

Invitation from Google Calendar

You are receiving this email at the account mdash@ndap-llc.com because you are subscribed for cancellations on calendar Mike Dash.

To stop receiving these emails, please log in to https://www.google.com/calendar/ and change your notification settings for this calendar.

Forwarding this invitation could allow any recipient to modify your RSVP response. Learn More.

    

# EXHIBIT B



**<u>Exhibit 67</u>**

Re: ▪▪▪▪▪   Inbox   x

**Jeremy Falk**
Attached is a revised Asset Purchase Agreement that I received from ▪▪▪▪

May 30 (7 days ago)

**David Gitman**
to Jeremy, me, Jeffrey, Joel, Umar

Thanks. Will review. Planning to execute today.

On Tue, May 30, 2017 at 11:32 AM Jeremy Falk <jeremy.falk@gmail.com> wrote:
Attached is a revised Asset Purchase Agreement that I received from ▪▪▪▪

May 30 (7 days ago)

Share this email

## Exhibit 68

5/30/2017                                    ndap Mail - Re: CPK APA

 GMail
by Google

Mike Dash <mdash@ndap-llc.com>

## Re: CPK APA

**David Gitman** <dgitman@ndap-llc.com>                    Tue, May 30, 2017 at 11:34 AM
To: Jeremy Falk <jeremy.falk@gmail.com>, Michael Dash <mdash@ndap-llc.com>, "Jeffrey E. Rothman"
<jrothman@srrlaw.com>, Joel Liebman <joel@lghaccountants.com>, Umar Farooq <umar@farooqco.com>

Thanks. Will review. Planning to execute today.

On Tue, May 30, 2017 at 11:32 AM Jeremy Falk <jeremy.falk@gmail.com> wrote:
Attached is a revised Asset Purchase Agreement that I received from Buy Auto Parts.

On Sat, May 27, 2017 at 9:40 PM, Michael Dash <mdash@ndap-llc.com> wrote:
Dave,

Umar has my attorney's info. My attorney offered to speak with Umar provided that Umar sent confirmation in writing that he would not be billing his services to our company, since he is your independent attorney and not our company attorney. He refused to do so.

I'd like to memorialize the very shocking events from today.

After you withdrew all of the money from our Cooper Square Ventures Bank of America account without my knowledge or approval, I received a notification stating the account was completely empty. I also received notifications that bank passwords had been changed as well as our Paypal password. This means that you have unilaterally taken full control and locked me out of a company that I own 50/50 with you. You then sent me a letter stating you are unilaterally authorizing an audit which I will address shortly, and authorizing the continued use of a broker that I do not agree to and a broker who you have a side business with, which I maintain is a conflict of interest. All of this is very concerning to me.

As you know, Cooper Square Ventures owns and operates Channel Reply, a business that is active and successfully running. By depleting the bank account and leaving no capital to run that business, you are putting a separate business of ours at risk. Should checks and auto debits that have already been issued to satisfy the obligations of that company bounce, then that will be a direct result of your actions and damage Channel Reply, which I own equally with you.

Accordingly, I contacted our business attorney Jeff Rothman. While he stated that he represents us both and cannot take sides, he suggested a reasonable resolution that he believes would be fair to both of us. I agree with his suggestion, find it to be reasonable and am prepared to follow it.

Jeff stated all funds should be returned to our business account immediately and in exchange we should both agree to be co-signees on the account, which would require a dual signature before any funds are withdrawn by either of us, thereby protecting the capital of our business. Passwords must also be shared by both of us, no one person may lock the other person out by virtue of our equal partnership.

I am relying on you, as my fiduciary partner, to act in the best interests of our business and put the full monies/capital funds back into our business account before the start of the next business day. Your actions to the contrary would not only be detrimental to me but detrimental to Channel Reply.

Further, Jeff has suggested that we move ahead with the BAP purchase provided that we agree beforehand that all funds from said purchase, except those owed to Parts Authority (since this is undisputed), be placed in escrow with him while Joel Liebman and his associates conduct an audit. Once the audit is complete, Jeff suggests we participate in a mediation and if that does not lead to a resolution then an arbitration would follow. The funds would not be released to anyone except pursuant to the terms of an order from an independent mediator or arbitrator from one of these conflict resolution processes.

If you agree to Jeff's suggestion then let me know and Jeff will draw up a document that we can both sign.

Mike

Michael Dash
ndap
Tel: (646) 553-5918
mdash@ndap-llc.com | http://www.ndap-llc.com

🔳 📧 🔲

On Sat, May 27, 2017 at 4:34 PM, David Gitman <dgitman@ndap-llc.com> wrote:
Thank you for taking the time to express the taxation benefits from your distributions to the company. However, I will continue to authorize the company to proceed with a financial audit to correctly state capital accounts, individual tax liabilities, etc.

Your resistance for an accounting has given me cause to transfer the company's cash balances to a call deposit account. This money will remain in this account until an audit is completed by the company's accountant, Liebman Goldberg & Hymowitz or you accept my conservative estimate of $121,500 in overpayments.

I will also continue to authorize Summit Rock Holdings in working with Buy Auto Parts to execute on the terms of purchase.

I agree Umar should work directly with your lawyer. Please reply with your attorney's information.

I will remind you once again that you will receive the final asset purchase agreement early next week. It would be rational and prudent for you to execute the agreement before the accounting is complete. The proceeds from the purchase will be held in escrow by the company's attorney, Jeff Rothman until the accounting is complete. Any other action may be considered as a breach of contract.

I would also like to remind you that there will be a true-up with the accounting. You should consider applying your proceeds from the asset purchase to satisfy your liability with the company instead of paying it back.

You will receive your share of the asset purchase proceeds after the company's liabilities are satisfied as required by our operating agreements and the asset purchase agreement.

On Fri, May 26, 2017 at 7:49 PM Michael Dash <mdash@ndap-llc.com> wrote:
Dave,

As I mentioned in my prior email, I don't agree with your approach. As someone who holds 50% decision making power, I am not willing to fund your "reconciliation" with money from the company. Should you choose to do so on your own, please be advised that you will have to pay for that personally.  I would suggest you not waste your time, since healthcare is a benefit, that resulted in a tax deduction for the company and is not a distribution. It is my understanding that it is not customary to factor that into distributions related to the sale of a company. You had the option to draw healthcare benefits in an equal amount to mine and opted not to.

I am not sure who Umar is. I have never met or approved hiring him. I do not approve Umar being paid from our company. Jeff Rothman is our company's hired attorney.  If you hired Umar as your personal attorney then you will have to pay for that personally.

Umar, please refrain from emailing me and reach out to my attorney if you have been hired to represent Dave in a resolution.

As per our operating agreement, I am legally owed 50% of profits from the sale of any company that we jointly own.  I offered to give you more than my 50% share, which I am not required to do. I believe my last offer is more than fair and reasonable and certainly more than you have been willing to do for me and I stand by it. That's where I'm at.  If this is not good enough for you, please let BAP know unfortunately we could not reach an agreement.

If you truly want to make a deal happen then let me know if you accept or feel free to propose an equally reasonable alternative by early next week. Trying to find ways to justify whittling down my profit percentage is not going to work for me or accomplish a deal, so please don't waste anyones time with that. I've demonstrated flexibility, but unless I get a fair profit share from this deal, I'm not going to agree to it.

Hope everyone has a good holiday weekend.

Mike

**Michael Dash**
**ndap**
Tel: (646) 553-5918
mdash@ndap-llc.com | http://www.ndap-llc.com

5/30/2017                                    ndap Mail - Re: CPK APA



On Fri, May 26, 2017 at 12:09 PM, David Gitman <dgitman@ndap-llc.com> wrote:
As you all know I have been responsible for a leading integration between CPK and BAP. We have been notified that BAP will provide us with a final APA on Tuesday. They are not interested in making any changes. They are looking to close the transaction in the middle of next week.  Rene has reiterated, "time kills all deal".

On Thu, May 25, 2017 at 5:27 PM David Gitman <dgitman@ndap-llc.com> wrote:
  Joel,

  Thank you for taking my call. I look forward to reviewing the accounting on Tuesday.
  On Thu, May 25, 2017 at 4:50 PM David Gitman <dgitman@ndap-llc.com> wrote:
    Hi Joel,

    I have had an accounting to create the true up in my previous email. Can you please validate this accounting on behalf of company, CSV and NDAP.

    Thank you.

    On Thu, May 25, 2017 at 2:06 PM Michael Dash <mdash@ndap-llc.com> wrote:
      Dave,

      Thank you for your response. I disagree with your assessment of distributions. I am not willing to do a tit for tat of expenditures. If so, I would have to put a value on bringing Parts Authority to the table, without which we would have no business, and bringing the deal with Buy Auto Parts as well as charging back your various expenses.

      It seems there is a deal to be had here. Unfortunately, if Jeremy doesn't agree to come down and the deal doesn't close, then legally he is owed nothing.  He acquired our confidential brokerage agreement through misrepresentation, doctored it and then pressured me to sign it by withholding info on an offer from BAP. You also pressured me to sign. I'm well aware that you and Jeremy are presently running a side business together which is a huge conflict of interest on both of your parts and I believe it is affecting your willingness to give me my fair share of my own business, which violates our partnership agreement.

      Not sure why you wrote Jeremy would be due $110,000.  As soon as we found out we owed Parts Authority $100,000, Jeremy agreed in writing to accept $80,000. We are at a stalemate over $10,000.  If Jeremy comes down to $70k, then we can close this deal. 70k is the most I will ever agree to give to Jeremy. If you feel he deserves more, then it will have to come out of your share. Alice gets the ~$10k that you suggested, which I agree is reasonable. If there's an issue with Alice, I am willing to give her up to 5%, split evenly with you, even though I never promised her any cut.

      We split the remainder of the profits 50/50, as per our operating agreement and you can charge back up to 120 hours of post-transaction work at your rate of $250 per hour against my share.  I will require proof of work orders from Buy Auto Parts and all work documented with time tracking and screenshots in Time Doctor.  This is triple your work estimate of 40 hours and compensates you at your full rate on top of any hourly rate paid to you by BAP, therefore, I believe anyone would view this as generous to you.

      To quickly recap –
      $450,000 – Sale of Company
      ($100,000) – Payment to Parts Authority
      ($10,000) – Closing Costs
      ($10,850) – Payment to Alice Fritz
      ($70,000) – Jeremy Falk

      $259,150 – Remaining Distributions

      $129,575 – each for David and Michael pre-post transaction work by David.

I negotiated a resolution of a debt around $800k down to $100k. Parts Authority is expecting that money. In the event the deal doesn't close and they pursue the debt, I'm confident my offers will be viewed as generous and facilitative of a deal. I do not think offering me $50,000 from a $450,000 sale of a company of which I am a 50% owner would be deemed reasonable.

Since we are 45 days past the date of our signed LOI and BAP is ready to close, please let me know if you would like to move forward. If not, then I will have to move on myself. This has become too time-consuming and so far not very productive. I hope we can put this to rest.

Thanks
Mike

**Michael Dash**
**ndap**
Tel: (646) 553-5918
mdash@ndap-llc.com | http://www.ndap-llc.com

On Wed, May 24, 2017 2:53 PM, David Gitman dgitman@ndap-llc.com wrote:
Hi Mike,

Thank you for reaching out to me. I'm on the way back to New York. I want to respond to you via email so we can both understand the rationale behind the proposed distribution to you and settle this matter.

Please take a moment to understand the accounting below so you can understand how the sale proceeds should be distributed. If this is workable, we can work out any minor details.

- **Purchase Price** - $450,000.
- **Liabilities** - $210,000. These are NDAP's lawful responsibility to pay before any distributions are made
  - Parts Authority - You came to an $100,000 agreement with Randy to release us from debt.
  - Summit Rock Holdings - You came to and executed a $110,000 agreement with Jeremy for the transaction.
- **Distributions After Liabilities** - After paying our legal obligations we are left with $240,000.
- **Distributions Without Account Reconciliation**
  - Alice Fritz - $10,850. I'm willing to talk Alice into taking less than 5%. However, be aware that there is no deal if Alice rejects the offer.
  - Michael Dardashtian - $114,575 - $5,000 (50% of closing costs) = $109,575.
  - David Gitman - $114,575 - $5,000 (50% of closing cost) = $109,575.
- **Previous Distributions to Michael Dardashtian** - I have asked the accountants to reconcile and verify around $121,500 in previous distributions that have been taken by you as a partner, including cash, health insurance, and other expenses. Accounting for these previous distributions gives you a negative account balance of around $11,975.

Subject to a confirmation by the accountant that the previous distributions to you were no more than $121,500, I am willing to forego the negative balance that is due and rework the accounting to offer you $50,000 from the proceeds of the sale because of our friendship over the years and our partnership in CSV. Let me know within the next day or so if this works and we can proceed to close this matter and move with the sale.

-david

On Mon, May 22, 2017 at 7:12 PM Michael Dash <mdash@ndap-llc.com> wrote:

Dave,

There are $350,000 in distributions after payment to Parts Authority of which you and I as 50% owners are due $175,000 each. I am willing to take $100,000, in recognition of the fact that you may have to oversee the transition of the technology. I'm also willing to split the legal fees with you 50/50. I estimate they are about $10,000 right now. Which would bring me down to $95,000.

Dave, there will be $250,000 to distribute as you see fit. In order for me to relinquish more than 70% of the remaining profits and control over distributions to you, I would need something in writing saying that I am released from liability related to your distributions to Jeremy and Alice. I can pay personally for my attorney to write that up.

In terms of distributions, If you insist on making a distribution to an employee, of your own accord or based on your own promises, then I would recommend 10% to Alice after payment to Parts Authority ($35,000). I would also recommend 13% to our broker Jeremy (~$60,000 based on the deal value). An employee shouldn't be making more than 10% of distributions especially after receiving a salary for a year of not working. I also recommend, the distribution should be contingent upon her completing a year with BAP. The industry standard for a broker is 10%, and that's for brokers who bring deals to the table. Jeremy did not bring a deal to the table, I did. Again, these are only my recommendations - with this structure you can determine distributions as you see fit.

If followed, you would walk away with $155,000 minus legal fees so approximately $150,000. That comes out to very close to a 65/35 split, which I believe is more than generous and fair and compensates you for any additional work at your full hourly rate of two times the hours Jeremy suggested (120hrs post sale @ 250hr = $30K) plus an extra cushion if you'd like to pay out Jeremy and Alice different amounts.

Dave, please let me know if this works for you. If so, great. If you would like to discuss anything further by phone or in person, feel free to reach out to me. I will not be taking any more calls or texts from Jeremy regarding our profit sharing as partners.

Jeremy, please send all future communications regarding Buy Auto Parts to me via email. If Dave tells you that he does not agree to this and refuses to discuss it further, partner-to-partner, then Jeremy, you have my authority to notify Buy Auto Parts in a timely manner that Dave and I unfortunately could not come to an agreement as partners.

Dave, I hope we can move forward as we have spent considerable time over the years and worked hard towards getting a deal closed.

In the end, this is my company too. I won't have a broker and an employee make more than me or be on even keel with me. Beyond the fact that I worked as an equal partner with you for years, day in and day out to build this company, I also brought us the initial opportunity and this deal. If that's not understood and respected by all parties then this deal may not happen. I don't believe that two partners should communicate through a third party. I prefer an amicable meeting in person and teamwork. However, out of respect for you and your preference Dave, I have put my ego aside and put my position in writing. Here it is and I am open to discussing it. Now the choice is yours. I will

5/30/2017                                    ndap Mail - Re: CPK APA

respect your decision as I hope you will respect my position, which I believe to be generous and considerate toward you and your contributions.

Furthermore, for the record, I want to make my intentions clear. I understand that Buy Auto Parts has also spent a considerable amount of time, effort and expense on working toward a deal. Both you and I signed a letter of intent. I fully intended to make a deal with BAP and still fully intend to do so. I have made repeated attempts to speak with you by phone or in person to work out the terms of a deal and discuss a fair split that would satisfy both of us and you wrote back that you didn't see the value in meeting with me. Through a middleman you offered me $50,000 from the $450,000 sale of a company where I am a 50/50 owner. You suggested our broker receive double my share and our employee also make more than me. Just to be clear, I never agreed to any distribution to an employee either orally or in writing. However, despite being insulted by your offer, I am once again demonstrating my intent and effort to ultimately achieve a deal with BAP by offering you the opportunity to keep or distribute as you see fit, more than double my share, even after distributing a reasonable, customary/industry standard broker fee. I believe that any objective observer would not only find this to be a reasonable offer, but a generous one that demonstrates my good faith efforts to perform my part in furtherance of a deal.

Thank you.
Mike


**Michael Dash**
**ndap**
Tel: (646) 553-5918
mdash@ndap-llc.com I http://www.ndap-llc.com

**Exhibit 69**



Mike Dash <mdash@ndap-llc.com>

## RE: Jeffrey, David | Conference Call - srrlaw.com

**David Gitman** <david@gitman.net>                                    Tue, May 30, 2017 at 11:50 AM
To: "Jeffrey E. Rothman" <jrothman@srrlaw.com>
Cc: Michael Dash <mdash@ndap-llc.com>, Lisa Shor <lshor@srrlaw.com>

I apologize for adding another layer of complexity. Thank you for understanding.
On Tue, May 30, 2017 at 11:49 AM Jeffrey E. Rothman <jrothman@srrlaw.com> wrote:

> It's more cumbersome and less efficient but if necessary we can follow that procedure.  Let's see where the discussion
> leads us.
>
>
>
> **Jeffrey E. Rothman**
>
> Seligson, Rothman & Rothman
>
> 29 West 30th Street, 10th Floor
>
> New York, NY  10001
>
> jrothman@srrlaw.com
>
> Phone: (212) 966-5020
>
> Telecopier: (646) 514-9980
>
>
>
> NOTICE:
> This email, together with any attachment is confidential, intended for only the recipient(s) named above and may contain
> information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this
> email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or copying of
> this email, or any attachments, is strictly prohibited.  Please immediately notify the sender at jrothman@srrlaw.com  and delete
> this email and any attachments from your computer.  You should not retain, copy or use this email or any attachments for any
> purpose, or disclose all or any part of the contents to any person. Although this e-mail and any attachments are believed to be
> free of any virus or other defect that may affect any computer system into which it is received or opened, it is the responsibility
> of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any
> way from its use. Thank you.
>
>
>
> **From:** David Gitman [mailto:david@gitman.net]
> **Sent:** Tuesday, May 30, 2017 11:45 AM
>
> **To:** Jeffrey E. Rothman
> **Cc:** Michael Dash; Lisa Shor
> **Subject:** Re: Jeffrey, David | Conference Call - srrlaw.com

I would prefer to review with you directly and you revert with Michael.

On Tue, May 30, 2017 at 11:43 AM Jeffrey E. Rothman <jrothman@srrlaw.com> wrote:

> Since you are ready to sign the agreement it may not be wise to make a last minute change that would be required to
> be reviewed and agreed to by the Purchaser.  Let's discuss it when we meet.  Michael are you available on the
> phone between 2:00 and 3:00 as we may need to include you in the discussion?
>
>
>
> **Jeffrey E. Rothman**
>
> Seligson, Rothman & Rothman
>
> 29 West 30th Street, 10th Floor
>
> New York, NY  10001
>
> jrothman@srrlaw.com
>
> Phone: (212) 966-5020
>
> Telecopier: (646) 514-9980
>
>
>
> NOTICE:
> This email, together with any attachment is confidential, intended for only the recipient(s) named above and may contain
> information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received
> this email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or
> copying of this email, or any attachments, is strictly prohibited.  Please immediately notify the sender at
> jrothman@srrlaw.com  and delete this email and any attachments from your computer.  You should not retain, copy or use
> this email or any attachments for any purpose, or disclose all or any part of the contents to any person. Although this e-mail
> and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is
> received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the
> sender for any loss or damage arising in any way from its use. Thank you.
>
>
>
>
>
> **From:** David Gitman [mailto:david@gitman.net]
> **Sent:** Tuesday, May 30, 2017 11:36 AM
> **To:** Jeffrey E. Rothman
> **Cc:** Michael Dash; Lisa Shor
>
>
> **Subject:** Re: Jeffrey, David | Conference Call - srrlaw.com
>
>
>
> Hi Jeff,
>
>
> I'd like to execute the APA today. Can you update the escrow agreement so proceeds will remain in escrow except
> for Parts Authority, pending arbitration?
>
>
> Thank you.

5/30/2017                          ndap Mail - RE: Jeffrey, David | Conference Call - srrlaw.com

On Tue, May 30, 2017 at 9:43 AM Jeffrey E. Rothman <jrothman@srrlaw.com> wrote:

Very well.  I will meet with you at 2:00 PM.

**Jeffrey E. Rothman**

Seligson, Rothman & Rothman

29 West 30th Street, 10th Floor

New York, NY  10001

jrothman@srrlaw.com

Phone: (212) 966-5020

Telecopier: (646) 514-9980

NOTICE:
This email, together with any attachment is confidential, intended for only the recipient(s) named above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law.  If you have received this email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this email, or any attachments, is strictly prohibited.  Please immediately notify the sender at jrothman@srrlaw.com and delete this email and any attachments from your computer.  You should not retain, copy or use this email or any attachments for any purpose, or disclose all or any part of the contents to any person. Although this e-mail and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. Thank you.

**From:** David Gitman [mailto:david@gitman.net]
**Sent:** Tuesday, May 30, 2017 9:36 AM
**To:** Jeffrey E. Rothman
**Cc:** Michael Dash
**Subject:** Re: Jeffrey, David | Conference Call - srrlaw.com

I understand. I appreciate your saying that. I would prefer to meet in person to fully understand your recommended course for a resolution.

On Tue, May 30, 2017 at 8:38 AM Jeffrey E. Rothman <jrothman@srrlaw.com> wrote:

David,

I can meet or speak to you on the phone.

However, as I told Mike:

1.   I cannot take sides since I represent the Company and both of you.

2.   You each have a fiduciary responsibility to each other

3.   You cannot tell me anything in confidence that you do not want revealed to Mike and Mike similarly cannot tell me anything in confidence that he does not want revealed to you since I cannot keep confidences as between you.

Having said all that, I suggested to Mike a course of action for the two of you to resolve your differences without violating your duties to each other, which I believe he stated in his last email to you.

I believe a phone call would be sufficient but if you want to meet I am free this afternoon to meet or speak on the phone.

**Jeffrey E. Rothman**

Seligson, Rothman & Rothman

29 West 30th Street, 10th Floor

New York, NY 10001

jrothman@srrlaw.com

Phone: (212) 966-5020

Telecopier: (646) 514-9980

NOTICE:
This email, together with any attachment is confidential, intended for only the recipient(s) named above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this email in error, or are not the named recipient(s), you are hereby notified that any use, dissemination, distribution or copying of this email, or any attachments, is strictly prohibited. Please immediately notify the sender at jrothman@srrlaw.com and delete this email and any attachments from your computer. You should not retain, copy or use this email or any attachments for any purpose, or disclose all or any part of the contents to any person. Although this e-mail and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received or opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. Thank you.

**From:** David Gitman [mailto:david@gitman.net]
**Sent:** Tuesday, May 30, 2017 12:48 AM
**To:** Jeffrey E. Rothman
**Subject:** Jeffrey, David | Conference Call - srrlaw.com

Hi Jeff,

Hope you had some downtime over the long weekend.  I was able to get a few hikes in and grill dinner.

Can we plan to meet at your office today? If there is a time after 2pm that works well for you, let me know. That would make my day easier.

**Exhibit 70**



Konstantin Bagaev
May 30, 2017, 06:56 AM

Channel Reply Customer Support ( JIRA: ChannelReply )

Application: Slack – channelreply

Keystrokes / min: 24          Mouse movements / min: 9

**Exhibit 71**



Konstantin Bagaev
May 30, 2017, 08:10 AM

Channel Reply Customer Support ( JIRA: ChannelReply )

Application: Slack - channelreply

Keystrokes / min: 14          Mouse movements / min: 16

**<u>Exhibit 72</u>** 



●●○○○ Verizon 🛜    8:51 PM    🕐 ❋ 9% ▭

‹    **Details**    Help

CHECKCARD 0529
UPWORKESCROW*BAL
-28MAY 888-8503375
CA                                    Edit Description ❯
244365471510088907
82125 CKCD 5968
4135744507477134

| Amount | **-$218.51** |
|---|---|
| Transaction Date | **05/31/2017** |
| Type | **Debit Card** |

## Merchant name

UPWORKESCROW*BAL-28MAY

## Transaction category

Shopping & Entertainment: General                    ❯
Merchandise

 **Have a question about this transaction?**
Speak with a Small Business Specialist

🔒 Secure Area   Privacy & Security   Advertising Practices
Legal Info & Disclosures   Equal Housing Lender 🏠

Bank of America, N.A. Member FDIC. © 2017 Bank of America Corporation.

# EXHIBIT B



**05/31/2017**

OVERDRAFT ITEM FEE FOR
ACTIVITY OF 05-31
ELECTRONIC
TRANSACTION POSTING
DATE 05-31-17 POSTING
SEQ 00003

−$35.00
−$62.11

**05/31/2017**

BMWFINANCIAL SVS
DES:BMWFS PYMT ID:
214157981 INDN:David
Gitman4001858507 CO ID:
1222568977 PPD

−$528.57
−$27.11

**05/31/2017**

CHECKCARD 0529
UPWORKESCROW*BAL-28
MAY 888-8503375 CA
2443654715100889078212
5 CKCD 5968
4135744507477134

−$218.51
$501.46

**05/31/2017**

PAYPAL DES:TRANSFER ID:
56YJ2A5XEH68E
INDN:COOPER SQUARE
VENTURES CO
ID:PAYPALSD11 PPD

$76.01
$719.97

**05/30/2017**

CHECKCARD 0528
ATLASSIAN ATLASSIAN B.V
7454706714806114612750

−$0.33

## **Exhibit 73**

Delete this screenshot

Konstantin Bagaev
May 31, 2017, 09:54 AM

Channel Reply Customer Support ( JIRA: ChannelReply )

Application: Slack - channelreply

Keystrokes / min: 92          Mouse movements / min: 12

**Exhibit 74**

Konstantin Bagaev
Jun 1, 2017, 10:01 AM

Channel Reply Customer Support ( JIRA: ChannelReply )

Application: Skype

Keystrokes / min: 124     Mouse movements / min: 3