## ARTURI, D'ARGENIO, GUAGLARDI & MELITI, L.L.P.

*Counselors at Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI
ANTHONY X. ARTURI, JR ❖
MICHAEL P. MELITI ▲

OF COUNSEL:

ANTHONY X. ARTURI
RINALDO M. D'ARGENIO ▲

WEBSITE: WWW.ADGMLAW.COM

MACK CENTRE I
365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
845-576-0600
FACSIMILE: 845-576-0601

JASON S. NUNNERMACKER ◆
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN

▲  NY & NJ BAR
❖  NY, NJ & PA BAR
◆  NJ & RI BAR

June 13, 2017

**VIA E-FILE**
Honorable Louis Stanton, U.S.D.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

**Re:**   **Michael Dardashtian, et al. v. David Gitman, et al.**
**17-cv-4327**

Dear Judge Stanton:

Kindly be advised that the undersigned firm represents the Plaintiffs, Michael Dardashtian ("Plaintiff Dardashtian"), individually and on behalf of Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply, LLC ("Plaintiff Companies") in connection with the above-referenced matter.

Please accept this correspondence to seek permission from the Court to schedule an emergent hearing tomorrow before Your Honor, or at the earliest time convenient to the Court, in connection with Defendant David Gitman's ("Gitman") recent willful violation(s) of the Order to Show Cause for Preliminary Injunction and Temporary Restraints entered by the Hon. Edgardo Ramos, U.S.D.J., on June 8, 2017 ("OSC") and thereafter amended by Judge Ramos on June 9, 2017 ("Amended OSC") to give Defendant Gitman specific deadlines to comply with paragraphs (b), (g) and (s) of the OSC.

As Defendant Gitman has until 5:00 PM today to comply with paragraph (b) of the Amended OSC, which is, to redeposit monies he improperly withdrew from Plaintiff, CSV's banking account, we have elected to wait until tomorrow, as opposed to today, to file an additional order to show cause in order to address each instance in which Defendant Gitman has violated the Court's OSC and Amended OSC.

Defendant Gitman's present violations of the OSC and Amended OSC are as follows:

### 1.  Defendant Gitman's Violation of Paragraph (g) of the OSC

Paragraph (g) of the Amended OSC is as follows:

1

"g.    Directing Defendant Gitman to immediately provide and restore Plaintiff Michael
Dardashtian with full and complete access to all NDAP, CSV and ChannelReply
electronic accounts, including but not limited to, all password access to all codes,
accounts on Google Domain, bank accounts, email accounts, payment portal accounts,
and/or any other password-protected account and information relating to NDAP, CSV
and ChannelReply, including all twenty-two (22) accounts listed in **Exhibit 58** to the
Affidavit of Michael Dardashtian in support of the OSC by no later than 5:00 p.m. on
June 9, 2017". (Amended OSC; paragraph (g))

As explained in further detail in Plaintiffs' moving papers in support of the June 8, OSC,
Defendant Gitman initially created a "G-Suite" account for co-Defendant Channel Reply, Inc.,
Defendant Gitman's newly created competing company to Plaintiff ChannelReply, in which
Defendant Gitman is a co-owner and co-manager. Defendant Gitman willfully diverted all of
Plaintiff Companies' data, information and account access capabilities through channelreply.com
email to Defendant Gitman's new "G-Suite" account, specifically excluding Plaintiff
Dardashtian from access to Defendant Gitman's new G-Suite account. Plaintiff Dardashtian's
exclusion from the channelreply.com email account by Defendant Gitman has prevented Plaintiff
Dardashtian from receiving any clients or customer emails, thereby significantly interfering with
Plaintiff Dardashtian's ability to communicate with ChannelReply customers and/or effectively
manage the ChannelReply business.

Having found irreparable harm, Judge Ramos ordered Defendant Gitman to restore
Plaintiff Dardashtian to the channelreply.com email account, among 21 others.

As of 5:00 p.m. on June 9, 2017, when Plaintiff Dardashtian was to be "immediately
restored" and otherwise provided with complete access to all of Plaintiff Companies' accounts,
including channelreply.com, Defendant Gitman failed to comply with the time frame ordered by
the Court.

In fact, through the present, in bold disregard of this Court OSC and Amended OSC,
Defendant Gitman has willfully refused to restore Plaintiff Dardashtian's with any access to
pivotal accounts related to ChannelReply, which is the proprietary, confidential and trade secret
software solution that is the primary subject of this litigation. Defendant Gitman's failure to
restore Plaintiff Dardashtian with immediate access to the channelreply.com email account has
thus deprived Plaintiff Dardashtian of the ability to access most all of the accounts identified in
Exhibit 58 of the Affidavit of Michael Dardashtian in support of the OSC and Amended OSC.

At 8:25 p.m. on June  9, 2017, Defendant Gitman, by and through one of his attorneys,
Umar Farooq, Esq, sent to the undersigned an email with an enclosed Excel Spreadsheet
(preparer unknown), of Defendant Gitman's alleged "itemized status report" of Defendant
Gitman's alleged compliance with paragraph (g) of the OSC and Amended OSC ("Gitman's
Spreadsheet"). Gitman's Spreadsheet with covering letter from Umar Farooq, Esq., dated June 9,
2017 is annexed hereto as Exhibit A.

However, Gitman's Spreadsheet only confirms Defendant Gitman's blatant disregard and
non-compliance with paragraph (g) of this Court's OSC and Amended OSC. As reflected

therein, Defendant Gitman states that "channelreply.com was moved [by Defendant Gitman] to Channel Reply Inc.'s G Suite account. This account no longer exists."

As a preliminary matter, the fact that the channelreply.com email account no longer exists is only a product of Defendant Gitman's improper termination of the channelreply.com email account in the first place and a violation of this Court's OSC and Amended OSC. Defendant Gitman was ordered by this Court and had an obligation to "restore" such account to provide Plaintiff Dardashtian with immediate access. In response to this Court's OSC and Amended OSC, Defendant Gitman has elected to ignore such obligation through the present, and hide behind his transparent effort to suggest that he has no obligation to provide Plaintiff Dardashtian with access to all ChannelReply accounts because Defendant Gitman himself moved channelreply.com, which provides access to all ChannelReply accounts, to his competitive company, Channel Reply, Inc's G Suite Account and that the channelreply.com no longer exists.

This willful disregard of this Court's OSC and Amended OSC has intentionally deprived Plaintiff Dardashtian of any access to any of the ChannelReply accounts, and the pivotal information referenced above. No effort has been made by Defendant Gitman to provide Plaintiff Dardashtian with the same account access that Defendant Gitman has over ChannelReply as of the present date, which is a blatant violation of the OSC and Amended OSC.

In addition, Defendant Gitman's representation that channelreply.com email account no longer exists is false. Plaintiff Dardashtian attempted to log in with his email address, Michael@channelreply.com , after he should have been restored to such account based upon the OSC and Amended OSC, but Plaintiff Dardashtian received an error message denying his access because it "Couldn't find your Google Account." However, when Plaintiff Dardashtian put in Defendant Gitman's email address into the channelreply.com account email account, no such error message was received. See Exhibit B.

Thus, the channelreply.com email account still exists, despite Defendant Gitman's misrepresentations to the contrary. Even if the Court were to believe that the channelreply.com email account does not exist because it was improperly transferred by Defendant Gitman to his competitive company, Channel Reply, Inc., Defendant Gitman has still not restored the account and Plaintiff Dardashtian's access to it in direct violation of this Court's OSC and Amended OSC.

Today, Mr. Gitman knowingly violated paragraph (g) of this Court's OSC and Amended OSC by filing a Certification which provides that:

"I have provided Mr. Dardashtian with full and complete access to all existing NDAP, CSV and Channel Reply electronic accounts *which are owned and/or paid for by Mr. Dardashtian and/or the plaintiff entities*, which I have knowledge of and access to. Mr. Dardashtian may have access to other accounts which I am not aware of and which I do not have access to". (Emphasis Added) (See Defendant Gitman's Certification filed with this Court on June 13, 2017).

It is clear that Defendant Gitman is seeking to play games with this Court and with Plaintiffs as the language that he has chosen to include in his Certification is not what the OSC

and Amended OSC requires him to do. Defendant Gitman's own attorney has provided that Defendant Gitman moved the channelreply.com email account to Defendant Gitman's own competitive company, Defendant Channel Reply, Inc G Suite Account. Clearly, Defendant Gitman has control over this own competitive company, Defendant Channel Reply, Inc. to which he improperly directed Plaintiffs' channelreply.com email account which provides access to most other of the ChannelReply accounts set forth in paragraph (g) of the OSC and Amended OSC.

2. **Defendant Gitman's Destruction of Evidence and Failure to Provide Plaintiff Dardashtian with Immediate Access to Company Software in Violation of Paragraph (h) of this Court's OSC**

As set forth in Plaintiffs Affidavit in support of the OSC, the Plaintiff Companies have utilized a software entitled "Time Doctor" which is an employee time-tracking software that tracks employees' work and time projects. The Time Doctor software further enables Plaintiffs (and Defendant Gitman) to take screenshots of what the Plaintiff Companies and/or Plaintiffs' employees are working on for Plaintiffs and Defendant Gitman's review. Due to the sensitivity of the work performed, and the secrecy and confidentiality of the software solution, Channel Reply, each employee of Plaintiff Companies' is required to install the Time Doctor software on their individual computers, enabling screenshots to be taken of the employees' work product and communications within the Plaintiff Companies at any time.

The use of the Time Doctor software enabled Plaintiff Dardashtian to take screenshots evidencing Defendant Gitman's unlawful communications with Plaintiff Companies' employees and wrongful attempts to solicit the Plaintiff Companies' software developers to breach their agreements with Plaintiff Companies and to join with Defendant Gitman in his competing company, Channel Reply, Inc. Multiple screenshots referencing same were included in Plaintiffs' exhibits in support of the OSC. (See eg; Exhibit 76 (a) through (g); Exhibits 77 and 78 of the Affidavit of Michael Dardashtian).

Paragraph (h) of the OSC provides as follows:

"h.    Restraining and enjoining Defendants Gitman, Dalva Ventures, Channel Reply, Inc. (and Accel Commerce), their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from utilizing, sharing, selling, transferring, backing up, *destroying, altering, wasting, terminating, discontinuing*, building upon or otherwise affecting in any manner the proprietary and/or confidential information and code that was developed by CSV's developers, Konstantyn Bagaev and Oleskii Glukharev, for the sole benefit of Plaintiffs CSV, ChannelReply and/or NDAP (See OSC; paragraph (h); Emphasis Added. Defendant Gitman has done just that in violation of this Court's OSC.

Specifically, only after Defendant Gitman read Plaintiff Dardashtian's Affidavit in support of the OSC, and the screenshots supplied therewith, and learned that Plaintiff Dardashtian had discovered Defendant Gitman's fraud through the use of the Time Doctor software, did Defendant Gitman then intentionally delete the Time Doctor software which has effectively precluded Plaintiff Dardashtian from having any ability to monitor the Plaintiff Companies and the ChannelReply software. In addition, Defendant Gitman also intentionally

deleted all Plaintiff Companies' employee data which is evidence of the conversations that took place between Defendant Gitman and the developers of the ChannelReply software who work for Plaintiff Companies. Lastly, Defendant deleted Plaintiff Companies' employee data which reflects the work performed by employees since the inception of the Plaintiff Companies. See Exhibit C. Defendant Gitman did this to attempt to create an issue as to the ownership of the ChannelReply software which is owned by Plaintiffs.

Such egregious actions are not only causing damages to the Plaintiff Companies, but is also an intentional spoliation of critical evidence. In fact, but for Plaintiff Dardashtian printing and supplying the screenshots that he took in connection with the June 8, 2017 Order to Show Cause hearing before Judge Ramos, all screenshots no longer exist due to Defendant Gitman's willful violation of this Court's OSC and Amended OSC, including his intentional deletion and removal of Plaintiff Companies' proprietary and confidential information contained on the Time Doctor software.

In an effort to retrieve the intentionally deleted and destroyed information, Plaintiff Dardashtian communicated with the owners of Time Doctor, and were advised that Time Doctor will retrieve all destroyed data, and will provide the IP Address of the account of the person(s) who destroyed the data, but only with a Court order. Exhibit D.

### 3. Defendant Gitman's Violation of Paragraph (b) of the Amended June 8 OSC

Paragraph (b) of the Amended OSC provides as follows:

"b.     Directing Defendant Gitman to redeposit into the CSV Bank of America banking account all monies withdrawn by him and pay any overdraft fees incurred since May 27, 2017, the date on which he withdrew the company's funds no later than 5:00 p.m. on Tuesday, June 13, 2017).

On May 30, 2017, Defendant Gitman unlawfully withdrew the sum of $73,982.53 from Plaintiff CSV's BoA Account in two separate withdrawals of $50,000 and $23,982.53. (See Affidavit of Michael Dardashtian in support of Plaintiff's initial Order to Show Cause of June 8, 2017; Exhibit E).

On June 13, 2017, Defendant Gitman re-deposited $68,669.53 and not the full $73,982.53 that he illegally withdrew from Plaintiffs' banking account. Thereafter, Defendant Gitman made a separate deposit of $5,373.00 into Plaintiff's Bank of America banking account, and immediately thereafter, in complete violation of the Court's OSC and Amended OSC, paragraph (a), Defendant Gitman then transferred the sum of $5,060 from Plaintiff CSV's Bank of America banking account to Defendant Gitman's company, Defendant Dalva Ventures, another company that has been restrained by the OSC and Amended OSC. (Exhibit G). This is yet another violation by Defendant Gitman of the OSC and Amended OSC. So, presently, and despite this Court's Amended OSC, Defendant Gitman has failed to fully redeposit the Plaintiff's Bank of America banking account with the full $73,982.53 in funds that he improperly withdrew. He is currently in arrears the sum of $5,000.  (Exhibit E)

Defendant Gitman, on June 13, 2017, by Certification to this Court stated the following:

"6.    I further understand that the Court has directed me to redeposit into the CSV Bank of America banking account all monies recently withdrawn by me from this account and to pay any overdraft fees incurred since May 27th, 2017…

7.    I have transferred to the CSV Bank of America banking account all monies withdrawn by me from this account since May 27, 2017." (See Defendant Gitman's Certification filed with this Court on June 13, 2017).

Defendant Gitman again knowingly misrepresents to this Court that he has redeposited all monies that he has unlawfully withdrawn and which the Court ordered that he put back into CSV's Bank of America banking account when he has only re-deposited the sum of $68,982.53 which is $68,669.53 + $5,373.00 - $5,060.00.

Perhaps most importantly, Defendant Gitman has not deposited any new receivables belonging to the Plaintiff Companies which have been received from ongoing customers since May 27, 2017. As part of the OSC and Amended OSC, paragraph (g), Defendant Gitman was also required to restore Plaintiff Dardashtian's access to the Stripe and PayPal accounts by the end of business Friday, June 9, 2017 and has not done that either in violation of the OSC and Amended OSC, paragraph (g).

Pursuant to paragraph (a) of the OSC, Defendants Gitman, Channel Reply, Inc., Dalva and Accel are restrained from misappropriating any funds  belonging to Plaintiff Companies including from any of "Plaintiff's payment or subscription portals, including but not limited to Stripe, Chargebee, PayPal, Amazon, eBay and/or from any other location electronic or otherwise". Because he continues to be frozen out of access to ChannelReply and all payments to Plaintiff Companies, and because he has no idea whether these payments have been diverted by Defendant Gitman to Defendant Channel Reply, Inc. or elsewhere, Plaintiff Dardashtian is deprived to know what receivables have been collected by Defendant Gitman since May 27, 2017 and where those receivables are. Upon learning whether these receivables have been misappropriated, there may be additional violations of the Court's OSC and Amended OSC that may be asserted against Defendant Gitman and others.

Based on the foregoing, we will be seeking restraints against Defendant Gitman and other Defendants from having any further ability to interfere with, control and/or exercise any action on behalf of the Plaintiff Companies so that the status quo is maintained.

We will further be seeking to hold Defendant Gitman in contempt for his willful and egregious non-compliance with this Court's OSC, its Amended OSC, his false statements made in his Certification to this Court of June 13, 2017, his apparent willful destruction of Plaintiff Companies' data, confidential information and critical evidence in this matter and his unauthorized transfer of funds to Dalva Ventures. We will include any further violations that we uncover as we obtain information.

We will be seeking for the Court to appoint Plaintiff Dardashtian with the sole authority to manage the Plaintiff Companies, or in the alternative, we will request that the Court appoint Joel Liebman, CPA, the Plaintiff Companies' accountant to serve as a neutral third-party to manage the Plaintiff Companies and to attempt to minimize the irreparable harm that the Plaintiff Companies have already suffered as a result of Defendant Gitman and other defendant's actions. We will seek that all fees associated with the foregoing be paid from any distribution due or payable to Defendant Gitman from the Plaintiff Companies.

We will also be seeking an Order of the Court order that Time Doctor provide all information relating to the destruction of the data and the IP address of the party who destroyed or altered the data.

We hereby request permission from the Court to file the above Order to Show Cause seeking the above relief and such other additional relief as may be appropriate.

Thank you for Your Honor's attention to this matter and consideration of the foregoing.

Respectfully Submitted,

**ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP**

Barry S. Guaglardi, Esq.

BSG:st
Enclosures
Cc:     Lindsay Ditlow, Esq. (via ECF)
        Brian Cousin, Esq. (via ECF)
        Edward P. Gilbert, Esq. (via ECF)
        Umar Farooq, Esq. (via ECF)

# EXHIBIT A

**Evan Ostrer**

| | |
|---|---|
| **From:** | umar.farooq@farooqandco.com on behalf of Umar Farooq <umar@farooqco.com> |
| **Sent:** | Friday, June 09, 2017 8:25 PM |
| **To:** | Barry Guaglardi |
| **Cc:** | Evan Ostrer; brian.cousin@dentons.com; Lindsay F. Ditlow; egilbert@morrisoncohen.com Ed |
| **Subject:** | Re: Defendant Gitman violation of OSC |
| **Attachments:** | Order to Show Cause TRO G Exhibit 58.xlsx |

Barry

Further to my earlier email, here is an Excel itemized status report of my client's compliance with para g.

Thanks.

Umar


**Umar Farooq, Esq. P.C.**
Dig @ Thomas R. Beecher, Jr. Innovation Center
640 Ellicott Street, Suite 109, Buffalo, New York 14203
Office +1 716 235 1825 | Fax +1 716 219 1421
Mobile +1 202 341 9510 | Email umar@farooqco.com
**Bio** | **Website**





Privileged and Confidential. This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Circular 230 Disclosure. Any federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting or recommending to another party any tax-related matter addressed herein.


On Fri, Jun 9, 2017 at 6:31 PM, Barry Guaglardi <bguaglardi@adgmlaw.com> wrote:
Umar

As a follow-up to my below email, as of 5:11 pm EST, my client has been denied access to the following accounts in violation of the Court's OSC and Amended OSC and ruling this morning:

1. Email Account - michael@channelreply.com<mailto:michael@channelreply.com>

2. Chargebee Account  - Username - michael@channelreply.com<mailto:michael@channelreply.com>

1

| Service | Account | Status | Notes |
|---|---|---|---|
| G Suite | Admin | Confirmed | |
| G Suite | mdash@ndap-llc.com | Confirmed | |
| G Suite | mdash@carpartkings.com | Confirmed | |
| G Suite | mdash@coopersquare.ventures | Confirmed | |
| G Suite | mdash@coopersquareventures.com | Confirmed | |
| G Suite | mdash@plumburs.com | Confirmed | |
| G Suite | michael@channelreply.com | | channelreply.com was moved to Cha |
| G Suite | partners@ndap-llc.com | Confirmed | |
| G Suite | partners@plumburs.com | Confirmed | |
| G Suite | paypal@coopersquareventures.com | Confirmed | |
| G Suite | sales@carpartkings.com | Confirmed | |
| G Suite | sales@channelreply.com | | channelreply.com was moved to Cha |
| G Suite | sales@nextdayautoparts.com | Confirmed | |
| G Suite | support@channelreply.com | | channelreply.com was moved to Cha |
| Bank Of America | Cooper Square Ventures | Confirmed | |
| Bank Of America | NDAP | Confirmed | |
| 1Password | mdash@ndap-llc.com | Confirmed | |
| ChargeBee | michael@channelreply.com | | Moved to was moved to ChannelRe |
| Stripe | michael@channelreply.com | | Moved to was moved to ChannelRe |
| PayPal | michael@channelreply.com | | Moved to was moved to ChannelRe |
| UpWork | Cooper Square Ventures | Confirmed | Invite sent to Mkes email |
| UpWork | Channel Reply | Confirmed | Invite sent to Mkes email |
| UpWork | Plumburs | Confirmed | Invite sent to Mkes email |
| Zendesk | mdash@coopersquareventures.com | Confirmed | |
| Jira | mdash@ndap-llc.com | Confirmed | |
| Slack | mikedash1@gmail.com | | Moved to was moved to ChannelRe |
| Amazon Seller Central | mdash@ndap-llc.com | Confirmed | |
| eBay | carpartkings | Confirmed | |
| Timedoctor | mdash@ndap-llc.com | Confirmed | Invite sent to Mkes email |
| Amazon Web Services | mdash | Confirmed | |
| American Express | ndapamexonline | Confirmed | |
| American Express | ndapamexonline2 | Confirmed | |
| Magento | mdash | Confirmed | |
| Quickbooks | Cooper Square Ventures (mdash@ndap-llc.com) | Confirmed | |
| Quickbooks | Car Part Kings (mdash@ndap-llc.com) | Confirmed | |
| desk.com | N/A | | I have no knowledge of this account |
| GoDaddy | coopersquareventures (mdash@coopersqaventi | Confirmed | Invite sent to Mkes email |
| GoDaddy | ndap (mdash@ndap-llc.com) | Confirmed | |
| GoDaddy | Plumburs (mdash@plumburs.com) | Confirmed | Invite sent to Mkes email |
| MageMojo | dgitman@ndap-llc.com | Confirmed | |
| MageMojo | dgitman@plumburs.com | Confirmed | |
| MailChimp | mikedash1 | Confirmed | |
| Github | mikedash1 | Confirmed | |
| Ringcentral | 6465535918 | Confirmed | I have no knowledge of this account |
| join.me | N/A | | |

annelReply's Inc G Suite account. This account no longer exisits.


annelReply's Inc G Suite account. This account no longer exisits.

annelReply's Inc G Suite account. This account no longer exisits.


ply's Inc.This account no longer exisits.
ply's Inc.This account no longer exisits.
ply's Inc.This account no longer exisits.


ply's Inc.This account no longer exisits.

# EXHIBIT B

Google

Sign in

to continue to Admin console

Email or phone

michael@channelreply.com

Couldn't find your Google Account

If you've signed in to Google products like YouTube, try
again with that email

Forgot email?

More options

NEXT

English (United States) ▾

Help       Privacy       Terms

Google Accounts   ×

https://accounts.google.com/signin/v2/identifier?service=CPanel&passive=1209600&cpbps=1&continue=https%3A%2F%2Fadmin.google.com%

Mon Jun 12  10:10 AM   54%





Google

Welcome

konstantyn@channelreply.com

Enter your password

Forgot password?

NEXT

English (United States) ▾

Help    Privacy    Terms

Google Accounts × 

https://accounts.google.com/signin/v2/sl/pwd?service=CPanel&passive=1209600&cpbps=1&continue=https%3A%2F%2Fadmin.google.com%2F

Mon Jun 12  10:09 AM

Google

Welcome

aleksey@channelreply.com ›

Enter your password

Forgot password?

NEXT

English (United States) ▾

Help    Privacy    Terms

# EXHIBIT C



**2 years**

**No data - all removed**

# EXHIBIT D

**Evan Ostrer**

---

**Subject:**                    FW: Urgent request hi rob


Begin forwarded message:

> **From:** Rob Rawson <rob@timedoctor.com>
> **Date:** June 11, 2017 at 11:44:59 PM EDT
> **To:** Amy D <amydardashtian@gmail.com>
> **Subject: Re: Urgent request hi rob**
>
> Hi Amy,
>
> I believe we are able to recover the information if you have a court order.
>
> Regarding the IP address, I don't think we can provide this without a court order, that's the advice we have been given so far.
>
> - Rob
>
>
> --
> Robert Rawson
> Chief Productivity Officer
> -----------------------------------------------------
>  TimeDoctor
> -----------------------------------------------------

 Gmail

Mike Dash <mikedash1@gmail.com>

---

**Timedoctor Emergency**

---

**Rob Rawson** <rob@timedoctor.com>                                   Fri, Jun 9, 2017 at 8:12 PM
To: Michael Dash <mikedash1@gmail.com>
Cc: Anton Shevchuk <anton@staff.com>

Hi Michael,

I will ask for legal advice and get back to you. I think that restraining order would be helpful

- Rob

--
**Robert Rawson**
Chief Productivity Officer
-----------------------------------------------

 Time**Doctor**

-----------------------------------------------

On Sat, Jun 10, 2017 at 9:22 AM, Michael Dash <mikedash1@gmail.com> wrote:
If you'd like I can provide you with the courts temporary restraining order showing that David Gitman should not be
deleting or obstructing any data.

On Jun 9, 2017, at 6:59 PM, Rob Rawson <rob@timedoctor.com> wrote:

Hi Michael,

I don't think we could provide information if you are not the account owner or unless there was a court
order otherwise. It would be only possible to delete someone if you are an admin or owner of the account.
Does that answer the question?

- Rob

--
**Robert Rawson**
Chief Productivity Officer
-----------------------------------------------

 Time**Doctor**

-----------------------------------------------

On Sat, Jun 10, 2017 at 8:08 AM, Michael Dash <mikedash1@gmail.com> wrote:
My issue is that I am in a lawsuit with David so if you email him he most likely will not comply. I need to
know the audit log and who deleted the users on the account. I pay for the account I can give you
whatever proof you require.

Feel free to call me immediately at ▓▓▓▓▓▓▓▓
Michael Dash

On Jun 9, 2017, at 6:00 PM, Rob Rawson <rob@timedoctor.com> wrote:

Hi Mike,

I'm copying Anton our head of support who can investigate this for you. Is it possible for David to email us about this?

- Rob

--
**Robert Rawson**
Chief Productivity Officer
-------------------------------------------



-------------------------------------------

On Sat, Jun 10, 2017 at 4:13 AM, Mike Dash <mikedash1@gmail.com> wrote:
Robert - We spoke a few years ago. I have an emergency on my account that has a pressing need. The account under david@channelreply.com named David's Company had 2 employees registered with the account up until very recently. Someone went in and deleted both employees and all of the data associated with the account. There is a legal investigation into this as this data is part of a lawsuit. I need to know the IP address of the person whom deleted all the of info. There is no audit log in the account so I cannot do this on my own. Please assist asap as we are awaiting judges orders.

Thank you,
Michael Dash
CEO ChannelReply

# EXHIBIT E

# Bank of America 🇺🇸

BANK OF AMERICA, N.A. (THE "BANK")

COOPER SQUARE VENTURES, LLC

BUSINESS ADVANTAGE CHK

•••• •••• 7345

Last Posting Date 06/12/2017                           Date/Time Printed 6/13/2017 à5à:à07

**Since Last Statement Summary**

| | | |
|---|---|---|
| Last Statement Date 05/31/2017 | | |
| Balance Last Statement ($) | | -$62.11 |
| Deposits/Credits (+)  # 35 | $99,109.43 | Holds (-) |
| Withdrawals/Debits (-)  # 31 | $103,586.20 | Pending Credits (+) |
| | | $71,073.30 |

Available Balance ($)                           $71,073.30
#Counts include posted items only-Intraday items are not included in the counts
Balance Last Statement, Deposits/Credits, Withdrawals/Debits may not total to Available Balance.

## Transaction History

| Date | Description | Type | Amount | Available Balance |
|---|---|---|---|---|
| | Amount included in Available Balance | | | |
| Processing | ACH HOLD JPMorgan Chase Auth Debit ON 06/13 | Debit | -$0.57 | $71,073.30 |
| Processing | WIRE TRANSFER HOLD ON 06/13 FOR WIRE #00613317654 | Debit | -$5,060.00 | $71,073.87 |
| Processing | CHECKCARD UPWORKESCROW*BAL- 0018888503375 CA ON 06/12 | Debit | -$310.98 | $76,133.87 |
| Processing | CHECKCARD UPWORKESCROW*BAL- 0018888503375 CA ON 06/12 | Debit | -$13.36 | $76,444.85 |
| Processing | ACH CREDIT JPMorgan Chase Auth Crdt ON 06/13 | Credit | $0.28 | $76,458.21 |
| Processing | ACH CREDIT JPMorgan Chase Auth Crdt ON 06/13 | Credit | $0.29 | $76,457.93 |

•••• •••• 7345

For additional information or service, please contact the Customer Service Center at 1-800-432-1000
* = Item(s) included in Previous Statement(s).

00-14-9036M  11-2010
NNY

Page 1

| Date | Description | Type | Amount | Available Balance |
|---|---|---|---|---|
| Processing | ACH CREDIT PAYPAL TRANSFER ON 06/13 | Credit | $143.63 | $76,457.64 |
| Processing | ACH CREDIT PAYPAL TRANSFER ON 06/13 | Credit | $220.38 | $76,314.01 |
| Processing | WIRE TRANSFER CREDIT ON 06/13 | Credit | $5,373.00 | $76,093.63 |
| Processing | WIRE TRANSFER CREDIT ON 06/13 | Credit | $68,669.53 | $70,720.63 |
| 06/12/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A6B6EGPW  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $520.65 | $2,051.10 |
| 06/12/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A6A2VMAC  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $710.12 | $1,530.45 |
| 06/09/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A6939SF2  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $270.84 | $820.33 |
| 06/08/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A67XCRFJ  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $199.79 | $549.49 |
| 06/07/2017 | CHECKCARD  0605 UPWORKESCROW*BAL-04-JUN           888-8503375  CA 2443654715800890575203 3 CKCD 5968 4135744507477134 | Debit | -$148.47 | $349.70 |
| 06/07/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A66QM7SG  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $229.22 | $498.17 |
| 06/06/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A65JRHGE  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $346.11 | $268.95 |
| 06/05/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A62VCRGU  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $124.23 | -$77.16 |
| 06/05/2017 | PAYPAL        DES:TRANSFER   ID:56YJ2A64NEXPC  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $296.84 | -$201.39 |
| 06/01/2017 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 06-01       ELECTRONIC TRANSACTION POSTING DATE 06-01-17 POST.... | Fee | -$35.00 | -$498.23 |
| 06/01/2017 | VCFS          DES:LEASE PMT ID:33030003875    INDN:DARDASHTIAN, MICHAEL    CO ID:2650008516 PPD | Other Payment | -$448.89 | -$463.23 |

For additional information or service, please contact the Customer Service Center at  1-800-432-1000

* =   Item(s) included in Previous Statement(s).

NNY

***** **** 7345

Page 2

| Date | Description | Type | Amount | Available Balance |
|---|---|---|---|---|
| 06/01/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5YJ4SK4   INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $47.77 | -$14.34 |
| 05/31/2017 | OVERDRAFT ITEM FEE FOR ACTIVITY OF 05-31 POSTING DATE 05-31-17 POST... | Fee | -$35.00 | -$62.11 |
| 05/31/2017 | BMWFINANCIAL SVS DES:BMWFS PYMT ID:214157981      INDN:David Gilman4001858507  CO ID:1222568977 PPD | Other Payment | -$528.57 | -$27.11 |
| 05/31/2017 | CHECKCARD  0529 UPWORKESCROW*BAL-28MAY    888-8503375  CA 24436547151008890782125 CKCD 5968 4135744507477134 | Debit | -$218.51 | $501.46 |
| 05/31/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5XEH68E  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $76.01 | $719.97 |
| 05/30/2017 | CHECKCARD  0528 ATLASSIAN        7454706714906114 6127509 CKCD 5734 4135744507477134 ... | Fee | -$0.33 | $643.96 |
| 05/30/2017 | CHECKCARD  0528 ATLASSIAN ID:J22222ARBWBSC  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALEC88 WEB | Other Payment | -$77.50 | $644.29 |
| 05/30/2017 | CHECKCARD  0528 ATLASSIAN B.V  7454706714906114 6127509 CKCD 5734 4135744507477134 | Debit | -$10.89 | $721.79 |
| 05/30/2017 | PA TLR transfer to CHK 5141 Confirmation# 0189542525        Banking Ctr NORTHWOOD         #0094043 PA | Transfer | -$23,982.53 | $732.68 |
| 05/30/2017 | PA TLR transfer to CHK 5141 Confirmation# 2589533902        Banking Ctr NORTHWOOD         #0094043 PA | Transfer | -$50,000.00 | $24,715.21 |
| 05/30/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5UY7J66  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $82.39 | $74,715.21 |
| 05/30/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5VNPYCC  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $124.23 | $74,632.82 |
| 05/30/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5TWZHHQ  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $124.23 | $74,508.59 |
| 05/30/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5WFM786  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $526.06 | $74,384.36 |
| 05/26/2017 | PAYPAL          DES:TRANSFER   ID:56YJ2A5SSSZKC  INDN:COOPER SQUARE VENTURES  CO ID:PAYPALSD11 PPD | Deposit | $220.38 | $73,858.30 |

For additional information or service, please contact the Customer Service Center at  1-800-432-1000

* =   Item(s) included in Previous Statement(s).
        NNY

***** ***** 7345

Page  3



**Mike Dash <mdash@ndap-llc.com>**

## Your Same Day wire transfer was successfully sent

**'Online Transfers from Bank of America' via Partners** <partners@ndap-llc.com>      Tue, Jun 13, 2017 at 2:41 PM
Reply-To: Online Transfers from Bank of America <bankofamericatransfers@mail.transfers.bankofamerica.com>
To: partners@ndap-llc.com

We have successfully sent the following transfer:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Item #:      203612044
Amount:     $5,060.00
To:          Dalva Ventures
Fee:         30.00
Send on Date:   06/13/2017
Service:      Same Day
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If there is a problem with executing your request, we will notify you both by email and on the Manage Accounts tab. You can always check your transfer status on the Review Transfer screen at www.bankofamerica.com.

Sincerely,

Member Service

www.bankofamerica.com

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This is a service email from Bank of America. Please note that you may receive service emails in accordance with your Bank of America service agreements, whether or not you elect to receive promotional email.

Read our privacy policy: http://www.bankofamerica.com/privacy

Please don't reply directly to this automatically-generated email message.

Bank of America Email, 8th Floor-NC1-002-08-25, 101 South Tryon St., Charlotte, NC 28255-0001

Bank of America, N.A. Member FDIC. Equal Housing Lender:

http://www.bankofamerica.com/help/equalhousing.cfm

(C) 2017 Bank of America Corporation. All rights reserved.

This email was sent to: partners@ndap-llc.com