UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY, LLC        17 CV 4327 (LLS)

                                     Plaintiffs,

       -against-

DAVID GITMAN, JEREMY FALK, SUMMIT           **ORDER TO SHOW**
ROCK HOLDINGS, LLC, ACCEL COMMERCE,         **CAUSE FOR**
LLC, DALVA VENTURES, LLC, KONSTANTYN        **SANCTIONS**
BAGAIEV, OLESKSII GLUKHAREV and             **AND OTHER RELIEF**
CHANNEL REPLY, INC.,
                                     Defendants.
------------------------------------------------------------X

      Upon the Affidavit of Michael Dardashtian, sworn to the 13th day of June, 2017, and upon the Memorandum of Law submitted therewith, and upon the copy of the Verified Complaint hereto annexed, it is

      ORDERED, that the above named Defendants show cause before the Honorable Louis L. Stanton, U.S.D.J. at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York on Wednesday, June 21, 2017, at 3:00 p.m. in the afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Order during the pendency of this action as follows:

      A.  Finding Defendants David Gitman ("Gitman"), Channel Reply, Inc.("Channel Reply, Inc.") and Dalva Ventures, LLC ("Dalva") in contempt of this Court's Orders dated June 8, 2017 and June 9, 2017;

      B.  Directing Defendants, Gitman, Channel Reply, Inc. and Dalva Ventures to immediately comply with this Court's Orders dated June 8, 2017 and June 9, 2017;

1

C. Compelling and sanctioning Gitman, Channel Reply and Dalva to pay a monetary fine in an amount to be determined by this Court, and a per diem fine in an amount to be determined by this Court for each and every day until there is full compliance with this Court's June 8, 2017 and June 9, 2017 Orders;

D. Compelling and sanctioning Gitman, Channel Reply, Inc. and Dalva to pay all of Plaintiff Michael Dardashtian and Plaintiff Companies, Cooper Square Ventures, LLC, NDAP, LLC and ChannelReply, LLC, and their affiliate companies ("Plaintiff Companies") attorney's fees and costs in connection with the preparation, filing and appearances in connection with the June 8, 2017 Order to Show Cause Application and June 9, Amended Order, as well as all of Plaintiffs' attorneys' fees and costs in connection with the preparation, filing and appearance for the within application;

E. Directing Gitman, Channel Reply, Inc., Dalva and Accel Commerce, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to cease from withdrawing any further monies from Plaintiffs' banking accounts and directing Gitman and Dalva, Channel Reply, Inc. and Accel to immediately return all monies paid to it or paid for its benefit from Plaintiffs' CSV banking account or NDAP credit card and all monies paid to it from Plaintiff Companies' payment portals which constitute Plaintiff Companies' receivables from customers and vendors, including but not limited to payments from Stripe and PayPal;

F. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return and otherwise fully restore the channelreply.com electronic mail accounts and the Michael@channelreply.com electronic mail account back to Plaintiffs, NDAP-LLC.com's G Suite and Master Account by no later than June 21, 2017 and provide proof to this Court via ECF filing on that date;

G. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, from using, accessing, logging into, or in any other way affecting the channelreply.com electronic mail account and the Michael@channelreply.com electronic mail account;

H. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully and timely complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from changing the passwords to the channelreply.com and Michael@channelreply.com electronic mail accounts or any of Plaintiffs' other accounts so as to interfere with Plaintiff Dardashtian and Plaintiff Companies ability to access all of Plaintiff electronic and other accounts;

I. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return, fully restore and provide to Plaintiff Dardashtian and Plaintiff Companies, all electronic mail sent and received in the channelreply.com electronic mail account and the Michael@channelreply.com electronic mail account from May 26, 2017 to present by no later than June 21, 2017 and provide proof to this Court via ECF filing on that date;

J. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return, fully restore and provide to Plaintiff Dardashtian and Plaintiff Companies, all of NDAP's GoDaddy subaccounts that were removed, deleted, transferred, suspended, or otherwise affected by Defendants, and which were located in the Master NDAP account for GoDaddy and provide Plaintiff Dardashtian with the login for the Master NDAP account, by no later than June 21, 2017, and provide proof to this Court via ECF filing on that date;

K. Restraining Gitman, Channel Reply, Inc. , Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from changing or otherwise resetting the passwords to the channelreply.com and Michael@channelreply.com electronic mail accounts or any of Plaintiffs' other accounts to prevent Plaintiff Dardashtian from having full access thereto;

L. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from moving or altering the contents of any of Plaintiff Companies' accounts, electronic, financial or otherwise or creating subaccounts or changing the structure or content of any Plaintiff Companies' accounts in any way so that they don't conform to how they existed prior to May 27, 2017.

M. Revoking Gitman's Master Administrative access and status to all of Plaintiffs' accounts including but not limited to all of the 22 accounts listed in Exhibit 58 of Plaintiff's Affidavit in connection with the June 8 OSC and including but not limited to the GoDaddy and G Suite, and directing that Gitman transfer all Master Administrative access, passwords and status to Plaintiff Dardashtian no later than June 21, 2017, and provide proof to this Court via ECF filing on that date;

N. Restraining Defendant Gitman as a co-manager, member, or otherwise, from having any involvement in the operation and management of Plaintiff Companies, and/or any other type of access to any of Plaintiff Companies' accounts (electronic, financial or otherwise) until further order of this Court;

O. Directing that only Plaintiff Dardashtian shall, as co-manager and member, have the right to manage the operations and finances of Plaintiff Companies and to access Plaintiff Companies' account (electronic, financial or otherwise), or, in the alternative, the Court shall appoint Joseph Liebman of Liebman, Goldberg & Hymowitz as an interim manager for Plaintiff Companies;

P. Directing that Gitman be incarcerated if he violates the terms of this Order;

Q. For such other relief that the Court deems fair, equitable and just under the circumstances; and it is further

ORDERED that, sufficient reason having been shown therefore, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 64, Fed. R. Civ. P., an order for temporary restraints shall be entered as follows:

A. Finding Defendants David Gitman ("Gitman"), Channel Reply, Inc.("Channel Reply, Inc.") and Dalva Ventures, LLC ("Dalva") in contempt of this Court's Orders dated June 8, 2017 and June 9, 2017;

B. Directing Defendants, Gitman, Channel Reply, Inc. and Dalva Ventures to immediately comply with this Court's Orders dated June 8, 2017 and June 9, 2017;

C. Compelling and sanctioning Gitman, Channel Reply and Dalva to pay a monetary fine in an amount to be determined by this Court, and a per diem fine in an amount to be determined by this Court for each and every day until there is full compliance with this Court's June 8, 2017 and June 9, 2017 Orders;

D. Compelling and sanctioning Gitman, Channel Reply, Inc. and Dalva to pay all of Plaintiff Michael Dardashtian and Plaintiff Companies, Cooper Square Ventures, LLC, NDAP, LLC and ChannelReply, LLC, and their affiliate companies ("Plaintiff Companies") attorney's fees and costs in connection with the preparation, filing and appearances in connection with the June 8, 2017 Order to Show Cause Application and June 9, Amended Order, as well as all of Plaintiffs' attorneys' fees and costs in connection with the preparation, filing and appearance for the within application;

E. Directing Gitman, Channel Reply, Inc., Dalva and Accel Commerce, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to cease from withdrawing any further monies from Plaintiffs' banking accounts and directing Dalva and Gitman to immediately return all monies paid to it or paid for its benefit from Plaintiffs CSV banking account or NDAP credit card and all monies paid to it from Plaintiff Companies' payment portals which constitute Plaintiff Companies' receivables from customers and vendors, including but not limited to payments from Stripe and PayPal;

F. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return and otherwise fully restore the channelreply.com electronic mail account and the Michael@channelreply.com electronic mail account back to Plaintiffs, NDAP-LLC.com's G Suite and Master Account by no later than June 21, 2017 and provide proof to this Court via ECF filing on that date;

G. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, from using, accessing, logging into, or in any other way affecting the channelreply.com electronic mail account and the Michael@channelreply.com electronic mail account;

H. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully and timely complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from changing the passwords to the channelreply.com and Michael@channelreply.com electronic mail accounts or any of Plaintiffs' other accounts so as to interfere with Plaintiff Dardashtian and Plaintiff Companies ability to access all of Plaintiff electronic and other accounts;

I. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return, fully restore and provide to Plaintiff Dardashtian and Plaintiff Companies, all electronic mail sent and received in the channelreply.com electronic mail account and the Michael@channelreply.com electronic mail account from May 26, 2017 to present, by no later than June 21, 2017 and provide proof to this Court via ECF filing on that date;

J. Directing Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, to immediately transfer, return, fully restore and provide to Plaintiff Dardashtian and Plaintiff Companies, all of

      NDAP's GoDaddy subaccounts that were removed, deleted, transferred, suspended, or otherwise affected by Defendants, and which were located in the Master NDAP account for GoDaddy and provide Plaintiff Dardashtian with the login for the Master NDAP account, by no later than June 21, 2017, and provide proof to this Court via ECF filing on that date;

K. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from changing or otherwise resetting the passwords to the channelreply.com and Michael@channelreply.com electronic mail accounts or any of Plaintiffs' other accounts to prevent Plaintiff Dardashtian from having full access thereto;

L. Restraining Gitman, Channel Reply, Inc., Accel and Dalva, as well as their owners, members, officers, directors, managers, employees, subcontractors, consultants, agents, transferees and representatives, after Defendants have fully complied with the June 8, 2017 and June 9, 2017 Orders of this Court and this Order, from moving or altering the contents of any of Plaintiff Companies' accounts, electronic, financial or otherwise or creating subaccounts or changing the structure or content of any Plaintiff Companies' accounts in any way so that they don't conform to how they existed prior to May 27, 2017.

M. Revoking Gitman's Master Administrative access and status to all of Plaintiffs' accounts including but not limited to all of the 22 accounts listed in Exhibit 58 of Plaintiff's Affidavit in connection with the June 8 OSC and including but not limited to the GoDaddy and G Suite, and directing that Gitman transfer all Master Administrative access, passwords and status to Plaintiff Dardashtian no later than June 21, 2017, and provide proof to this Court via ECF filing on that date;

N. Restraining Defendant Gitman as a co-manager, member, or otherwise, from having any involvement in the operation and management of Plaintiff Companies, and/or any other type of access to any of Plaintiff Companies' accounts (electronic, financial or otherwise) until further order of this Court;

O. Directing that only Plaintiff Dardashtian shall, as co-manager and member, have the right to manage the operations and finances of Plaintiff Companies and to access Plaintiff Companies' account (electronic, financial or otherwise), or, in the alternative, the Court shall appoint Joseph Liebman of Liebman, Goldberg & Hymowitz as an interim manager for Plaintiff Companies;

P. Directing that Gitman be incarcerated if he violates the terms of this Order;

Q. For such other relief that the Court deems fair, equitable and just under the circumstances; and it is further

ORDERED that Defendant David Gitman shall be fined the sum of $ _____ per day for each and every day he is not in complete compliance with the Court's June 8 and June 9, 2017 Orders as well as the within Order; and it is further

ORDERED that the Defendant David Gitman shall pay the sum of $ _____ as and for Plaintiff's attorney's fees incurred in connection with the preparation, filing and appearance for the June 8, 2017 order to show cause, the June 9, 2017 amended order to show cause, and the within order to show cause; and it is further

ORDERED that Plaintiffs shall be permitted to issue a subpoena to the Plaintiffs' vendor TimeDoctor, to seek information including, but not limited to, the IP address of the person(s) who terminated or otherwise discontinued Plaintiffs' TimeDoctor account and to seek to restore Plaintiffs' TimeDoctor account and to recover all data and other information that may have been lost or destroyed;

ORDERED that security in the amount of $_____ be posted by the plaintiff prior to _____ ___, 2017 at _____ o'clock in the _____noon of that day; and it is further

ORDERED that personal service of a copy of this order and annexed affidavit upon the defendant or his counsel on or before _____ o'clock in the _____noon, _____ _____, 2017, shall be deemed good and sufficient service thereof.

DATED:     New York, New York
ISSUED:    _____M

_____
HONORABLE LOUIS L. STANTON, U.S.D.J.