# EXHIBIT A

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/8/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY, LLC

17 Civ. 4327 ( )

Plaintiffs,

-against-

DAVID GITMAN, JEREMY FALK, SUMMIT
ROCK HOLDINGS, LLC, ACCEL COMMERCE,
LLC, DALVA VENTURES, LLC, KONSTANTYN
BAGAEV, OLESKSII GLUKHAREV and
CHANNEL REPLY, INC.,

ORDER TO SHOW
CAUSE FOR PRELIMINARY
INJUNCTION AND
TEMPORARY RESTRAINTS

Defendants.
----------------------------------------------------------X

Upon the affidavit of Michael Dardashtian, sworn to the 8th day of June, 2017, and upon the copy of the Verified Complaint hereto annexed, it is

ORDERED, that the above named Defendants show cause before a motion term of this Court at Room ___, United States Courthouse, 500 Pearl Street, in the City, County and State of New York on _____, _____, at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why and order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Order during the pendency of this action from:

a. Restraining and enjoining Defendants, Gitman, ~~Falk, Bagaev, Glukharev, Accel,~~ Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, (*) Accel members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from misappropriating and/or otherwise withdrawing funds belonging to CSV, NDAP and/or Plaintiff ChannelReply from Plaintiff's banking accounts and/or from any of Plaintiff's payment or subscription portals, including but not limited to Stripe, Chargebee, PayPal, Amazon, eBay and/or from any other location electronic or otherwise;

b. Directing Defendant Gitman to redeposit into the CSV Bank of America banking account all monies withdrawn by him and pay any overdraft fees incurred since May 27th, 2017, the date on which he withdrew the company's funds;

1

c. Restraining Defendant Gitman from auto-debiting or scheduling new charges to the NDAP American Express credit card or charges from the CSV or NDAP bank accounts for any reason but also including, his personal expenses unrelated to business, including but not limited to his RingCentral account, his Founders discount card, and his BMW car payments and accompanying car insurance;

d. Directing Defendant Gitman to remove his pre-existing and recurring monthly auto debits from the CSV or NDAP bank accounts and the NDAP American Express credit card including but not limited to his BMW car payments and accompanying car insurance, his RingCentral account and his Founders discount card;

e. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev, Accel,~~ Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner Plaintiff NDAP's customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs, computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

f. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev, Accel,~~ Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner Plaintiff CSV and Plaintiff ChannelReply's "Company Confidential Information" as defined in the CSV Operating Agreement, customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs; computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

g. Directing Defendant Gitman to immediately provide and restore Plaintiff Michael Dardashtian with full and complete access to all NDAP, CSV and ChannelReply electronic accounts, including but not limited to, all password access to all codes, accounts on Google Domain, bank accounts, email accounts, payment portal accounts, and/or any other password-protected account and information relating to NDAP, CSV and ChannelReply, including all twenty-two (22) accounts listed in **Exhibit 58** to the Affidavit of Michael Dardashtian;

h. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev, Accel,~~ Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from utilizing, sharing, selling, transferring, backing

up, destroying, altering, wasting, terminating, discontinuing, building upon or otherwise affecting in any manner the proprietary and/or confidential information and code that was developed by CSV's developers, Konstantyn Bagaev and Oleksii Glukharev, for the sole benefit of Plaintiffs CSV, ChannelReply and/or NDAP;

i. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from soliciting, bribing, contracting with, offering employment to, offering an equity participation in any one of Defendants' business entities and/or otherwise in any manner interfering with NDAP, CSV and ChannelReply's business relationships with its customers, vendors, employees, partners, investment partners, prospective purchasers and/or subcontractors, including but not limited to Konstantyn Bagaev and Oleksii Glukharev;

j. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from inducing or in any other manner soliciting Plaintiffs, NDAP, CSV and ChannelReply's customers, vendors, employees and/or subcontractors, partners, prospective purchasers, investment partners, including but not limited to Konstantyn Bagaev and Olesksii Glukharev to terminate or alter their business relationship and/or contractual relationship with Plaintiffs, or any one of them;

k. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev, Accel,~~ Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives from misappropriating Plaintiff Michael Dardashtian's identity, including but not limited to his business identity, his emails, his personal financial and identifier information, his tax documents, and/or falsely representing themselves in any manner as Michael Dardashtian or under Plaintiff's business name "Michael Dash;" (+) Accel

l. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from contacting or in any other manner communicating with any of Plaintiffs, NDAP, CSV, and/or Plaintiff ChannelReply's customers, vendors, employees, subcontractors, investors, prospective purchasers, including but not limited to Konstantyn Bagaev and Alesky Glukharev for any reason whatsoever including but not limited to messaging customers and asking them to reconnect their service or API for any purpose including to switch to a new payment account;

m. Restraining and enjoining Defendants Gitman, Falk, Bagaev, Glukharev, Accel, Dalva Ventures, Summit Rock Holdings and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents,

3

transferees and representatives, including but not limited to Konstantyn Bagaev and Oleksii Glukharev from using the tradename "ChannelReply", "Channel Reply", "Channel Reply, Inc.", "ChannelReply,Inc." "Channel Reply, LLC", "ChannelReply, LLC" or any other analogous or confusingly similar name to that of Plaintiff's "ChannelReply" for any reason whatsoever;

n. Restraining and enjoining Defendants Gitman, ~~Falk, Accel, Dalva Ventures, Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, ~~including but not limited to Konstantyn Bagaev and Oleksii Glukharev~~, from using, in any way, shape or form, and for any purpose, any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply and from replicating or trying to replicate or recreate an identical or functionally similar analog of any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply; *(+) Acced*

o. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc. from engaging in any action(s) whatsoever which are competitive to Plaintiffs NDAP, CSV and/or ChannelReply's businesses or interests;

p. Restraining and enjoining Defendant Gitman from making any decisions concerning Plaintiffs NDAP, CSV and/or ChannelReply without prior written approval of Plaintiff Michael Dardashtian or order of the Court;

q. Restraining and enjoining Defendants Gitman, Falk, or their agents or the agents of any business in which they are affiliated as an owner, member, officer, director, manager, or otherwise, from engaging in any communications with any proposed purchaser of NDAP and/or otherwise interfering with any potential sale of NDAP;

r. Restraining and enjoining all of Defendant Channel Reply, Inc.'s accounts, physical, electronic or otherwise and Defendant David Gitman's Bank of America banking accounts and any Chase banking accounts in the name of Channel Reply, Inc. and directing that a constructive trust be immediately imposed on such accounts;

s. Directing Defendant Gitman, ~~Falk, Bagaev, Glukharev~~, Dalva Ventures, ~~Summit Rock Holdings~~, Channel Reply, Inc. and any of their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives to return to Plaintiffs all physical and/or electronic copies, backups, discs, drives, including but not limited to USB drives, or other storage devices containing copies or originals of any of NDAP, CSV or ChannelReply's Company Confidential Information as defined in the CSV Operating agreement, trade secrets, company data or other property now in Defendants' possession, custody or control; *(+) Acced*

4

t. Directing Defendants Gitman, Falk, Bagaev, Glukharev, Dalva Ventures, Summit Rock Holdings, ChannelReply, Inc. and of their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives to preserve and not alter, tamper with or destroy in any way, all physical or electronic data, documents, removable media, personal computers, work computers, hard drives associated with personal and work computers, email accounts and corresponding passwords, electronic storage devices including from or on the "cloud," remote servers, code repositories, writeable compact discs or CDs, writeable digital video discs or DVDs, USB drives, floppy discs, files, messages, emails or any other storage device containing information relating to their activities with NDAP, CSV and ChannelReply, Channel Reply, Inc., Dalva Ventures, Summit Rock Holdings, Accel Commerce and any other related companies without alteration and make them available for review by Plaintiffs and their authorized agents pursuant to a Discovery request which Plaintiffs will submit to the Court;

u. Restraining Gitman from forming any company outside of the United States of America which competes in any way with CSV, Channel Reply or NDAP;

v. For such other relief that the Court deems fair, equitable and just under the circumstances; and it is further

ORDERED that, sufficient reason having been shown therefore, pending the hearing of plaintiffs' application for a preliminary injunction, pursuant to Rule 64, Fed. R. Civ. P., an order for temporary restraints shall be entered as follows:

a. Restraining and enjoining Defendants, Gitman, ~~Falk, Bagaev, Glukharev,~~ Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from misappropriating and/or otherwise withdrawing funds belonging to CSV, NDAP and/or Plaintiff ChannelReply from Plaintiff's banking accounts and/or from any of Plaintiff's payment or subscription portals, including but not limited to Stripe, Chargebee, PayPal, Amazon, eBay and/or from any other location electronic or otherwise;

b. Directing Defendant Gitman to redeposit into the CSV Bank of America banking account all monies withdrawn by him and pay any overdraft fees incurred since May 27th, 2017, the date on which he withdrew the company's funds;

c. Restraining Defendant Gitman from auto-debiting or scheduling new charges to the NDAP American Express credit card or charges from the CSV or NDAP bank accounts for any reason but also including, his personal expenses unrelated to business, including but not limited to his RingCentral account, his Founders discount card, and his BMW car payments and accompanying car insurance;

d. Directing Defendant Gitman to remove his pre-existing and recurring monthly auto debits from the CSV or NDAP bank accounts and the NDAP American Express credit card including but not limited to his BMW car payments and accompanying car insurance, his RingCentral account and his Founders discount card;

e. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev~~, Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner Plaintiff NDAP's customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs, computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

f. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev~~, Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner Plaintiff CSV and Plaintiff ChannelReply's "Company Confidential Information" as defined in the CSV Operating Agreement, customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs; computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

g. Directing Defendant Gitman to immediately provide and restore Plaintiff Michael Dardashtian with full and complete access to all NDAP, CSV and ChannelReply electronic accounts, including but not limited to, all password access to all codes, accounts on Google Domain, bank accounts, email accounts, payment portal accounts, and/or any other password-protected account and information relating to NDAP, CSV and ChannelReply, including all twenty-two (22) accounts listed in **Exhibit 58** to the Affidavit of Michael Dardashtian;

h. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev~~, Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from utilizing, sharing, selling, transferring, backing up, destroying, altering, wasting, terminating, discontinuing, building upon or otherwise affecting in any manner the proprietary and/or confidential information and code that was developed by CSV's developers, Konstantyn Bagaev and Oleksii Glukharev, for the sole benefit of Plaintiffs CSV, ChannelReply and/or NDAP;

i. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from soliciting, bribing, contracting with, offering employment to, offering an equity participation in any one of Defendants' business entities and/or otherwise in any manner interfering with NDAP, CSV and ChannelReply's business relationships with its customers, vendors, employees, partners, investment partners, prospective purchasers and/or subcontractors, including but not limited to Konstantyn Bagaev and Oleksii Glukharev;

j. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from inducing or in any other manner soliciting Plaintiffs, NDAP, CSV and ChannelReply's customers, vendors, employees and/or subcontractors, partners, prospective purchasers, investment partners, including but not limited to Konstantyn Bagaev and Olesksii Glukharev to terminate or alter their business relationship and/or contractual relationship with Plaintiffs, or any one of them;

k. Restraining and enjoining Defendants Gitman, ~~Falk, Bagaev, Glukharev~~, Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives from misappropriating Plaintiff Michael Dardashtian's identity, including but not limited to his business identity, his emails, his personal financial and identifier information, his tax documents, and/or falsely representing themselves in any manner as Michael Dardashtian or under Plaintiff's business name "Michael Dash;"

l. ~~m.~~ Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from contacting or in any other manner communicating with any of Plaintiffs, NDAP, CSV, and/or Plaintiff ChannelReply's customers, vendors, employees, subcontractors, investors, prospective purchasers, including but not limited to Konstantyn Bagaev and Alesky Glukharev for any reason whatsoever including but not limited to messaging customers and asking them to reconnect their service or API for any purpose including to switch to a new payment account;

m. Restraining and enjoining Defendants Gitman, Falk, Bagaev, Glukharev, Accel, Dalva Ventures, Summit Rock Holdings and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, including but not limited to Konstantyn Bagaev and Oleksii Glukharev from using the tradename "ChannelReply", "Channel Reply", "Channel Reply, Inc.", "ChannelReply,Inc." "Channel Reply, LLC", "ChannelReply, LLC" or any other analogous or confusingly similar name to that of Plaintiff's "ChannelReply" for any reason whatsoever;

n. Restraining and enjoining Defendants Gitman, ~~Falk, Accel~~ (+) Accel, Dalva Ventures, ~~Summit Rock Holdings~~ and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, including but not limited to Konstantyn Bagaev and Oleksii Glukharev, from using, in any way, shape or form, and for any purpose, any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply and from replicating or trying to replicate or recreate an identical or functionally similar analog of any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply;

o. Restraining and enjoining Defendants Gitman, Falk, Accel, Dalva Ventures, Summit Rock Holdings, and/or Channel Reply, Inc. from engaging in any action(s) whatsoever which are competitive to Plaintiffs NDAP, CSV and/or ChannelReply's businesses or interests;

p. Restraining and enjoining Defendant Gitman from making any decisions concerning Plaintiffs NDAP, CSV and/or ChannelReply without prior written approval of Plaintiff Michael Dardashtian or order of the Court;

q. Restraining and enjoining Defendants Gitman, Falk and their agents or the agents of any business in which they are affiliated as an owner, member, officer, director, manager, or otherwise, from engaging in any communications with any proposed purchaser of NDAP and/or otherwise interfering with any potential sale of NDAP;

r. Restraining and enjoining all of Defendant Channel Reply, Inc.'s accounts, physical, electronic or otherwise and Defendant David Gitman's Bank of America banking accounts and any Chase banking accounts in the name of Channel Reply, Inc. and directing that a constructive trust be immediately imposed on such accounts;

s. Directing Defendant Gitman, ~~Falk, Bagaev, Glukharev~~, Dalva Ventures, ~~Summit Rock Holdings~~, Channel Reply, Inc. and any of their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives to return to Plaintiffs all physical and/or electronic copies, backups, discs, drives, including but not limited to USB drives, or other storage devices containing copies or originals of any of NDAP, CSV or ChannelReply's Company Confidential Information as defined in the CSV Operating agreement, trade secrets, company data or other property now in Defendants' possession, custody or control;

t. Directing Defendants Gitman, Falk, Bagaev, Glukharev, Dalva Ventures, Summit Rock Holdings, Channel Reply, Inc. and of their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives to preserve and not alter, tamper with or destroy in any way, all physical or electronic

8

data, documents, removable media, personal computers, work computers, hard drives associated with personal and work computers, email accounts and corresponding passwords, electronic storage devices including from or on the "cloud," remote servers, code repositories, writeable compact discs or CDs, writeable digital video discs or DVDs, USB drives, floppy discs, files, messages, emails or any other storage device containing information relating to their activities with NDAP, CSV and ChannelReply, Channel Reply, Inc., Dalva Ventures, Summit Rock Holdings, Accel Commerce and any other related companies without alteration and make them available for review by Plaintiffs and their authorized agents pursuant to a Discovery request which Plaintiffs will submit to the Court;

u. Restraining Gitman from forming any company outside of the United States of America which competes in any way with CSV, Channel Reply or NDAP;

v. For such other relief that the Court deems fair, equitable and just under the circumstances; and it is further

ORDERED that security in the amount of $ 50,000 be posted by the plaintiffs prior to Mon. June 12, 2017 at 12 o'clock in the after noon of that day; and it is further

ORDERED that personal service of a copy of this order and annexed affidavit upon the defendants or their counsel on or before ~~o'clock in the~~ noon, June 9, 2017 2017, shall be deemed good and sufficient service thereof.

DATED: New York, New York
ISSUED: June 8, 2017 7:30 PM

Parties to contact Judge Stanton's Chambers for date for Preliminary Injunction hearing.

_____
United States District Judge

TRO to remain in place no longer than 14 days, or until further order of Judge Stanton.