
# EXHIBIT Q

**大成 DENTONS**

Lindsay F. Dillow
Counsel

Lindsay.dillow@dentons.com
D +1 212 398-5782

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

June 14, 2017

<u>Via E-FILE</u>

Hon. Louis Stanton, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

<p style="text-align:center"><u>Re: **Dardashtian, et al. v. Gitman, et al., Case No.: 17-cv-4327 (LLS)**</u></p>

Dear Judge Stanton:

     We represent defendants David Gitman, Dalva Ventures, LLC, and Channel Reply, Inc. (the "Defendants") in the above-referenced matter. We write in response to plaintiffs' letter dated June 13, 2017 (the "June 13 Letter"). For the reasons set forth herein, Defendants have complied with the Temporary Restraining Order entered by the Hon. Edgardo Ramos, U.S.D.J., on June 8, 2017 and thereafter amended by Judge Ramos on June 9, 2017 (the "TRO"). Accordingly, no emergent hearing is necessary in this matter and Defendants will oppose the plaintiffs' preliminary injunction application in the time frame and at the June 21st hearing scheduled by Your Honor's clerk yesterday.

     As set forth in the Certification of David Gitman dated June 13, 2017, Defendants have fully complied with the TRO. Furthermore, for the reasons set forth below, and contrary to the plaintiffs' claims, Mr. Gitman is not in violation of paragraphs (g), (h), or (b) of the TRO.

     **1.    Defendant Gitman has complied with Paragraph (g) of the TRO**

     As set forth in the spreadsheet provided to plaintiffs' counsel on June 9, 2017, Mr. Gitman has restored Mr. Dardashtian's access to all accounts owned by NDAP, LLC ("NDAP"), Cooper Square Ventures, LLC ("CSV"), and ChannelReply, LLC ("CR LLC"). Plaintiffs incorrectly argue in the June 13 Letter that they are entitled to access to accounts owned by defendant Channel Reply, Inc. ("CR Inc."). These are new accounts of CR Inc and, as such, there is nothing to restore. Furthermore, the NDAP and CSV accounts are listed as assets to be transferred in connection with an asset purchase agreement with respect to Buy Auto Parts ("BAP"). Accordingly, these accounts were in the process of separating from NDAP and CSV for many months, which Mr. Dardashtian has had full knowledge of. Attached hereto as Exhibit A are e-mail communications from April 6, 2017 concerning the BAP deal and the transfer of such accounts in connection with BAP asset purchase.

Hon. Louis Stanton, U.S.D.J.
June 14, 2017
Page 2

2. **Defendant Gitman has complied with Paragraph (h) of the TRO and has not destroyed any evidence.**

Plaintiffs' contention that plaintiffs' access to TimeDoctor was not restored following the entry of the TRO is false. Plaintiffs have full access to TimeDoctor -- which is a payroll software, and has never been used for sensitivity, secrecy, or confidentiality as plaintiffs allege. CR LLC's current TimeDoctor account was opened on April 20, 2017 in preparation for the BAP sale. This version of TimeDoctor, which plaintiffs have always had access to, contains two years worth of data. However, on June 9, 2017, Mr. Gitman was informed by Konstantyn Bagiev that there had been an unauthorized access to the TimeDoctor account. After working with TimeDoctor technical support, Mr. Gitman informed Mr. Bagiev and Mr. Glukharev to stop using TimeDoctor as the account could not be secured without changing passwords, which was prohibited by the TRO. Accordingly, Mr. Gitman did not destroy or delete anything related to TimeDoctor.

3. **Defendant Gitman has complied with Paragraph (b) of the TRO.**

Mr. Gitman has transferred a total of $74,052.53 into the CSV Bank of America account in full compliance with the TRO. This $74,052.53 includes the original transfer of $73,982.53 and $50 in overdraft fees. The $5,060 that was thereafter transferred was for a payment for work performed in connection with the BAP deal -- 100% unrelated to any work performed in connection with this matter.

Lastly, plaintiffs' request to have Mr. Joel Lieberman, CPA serve as a "neutral third-party" to manage the plaintiff companies is improper and should not be entertained by this Court as the plaintiffs have failed to inform the Court that Mr. Lieberman is not independent or "neutral," and is instead Mr. Dardashtian's personal accountant.

Respectfully submitted,

Lindsay E. Ditlow

103923416

# EXHIBIT A

Upwork 

**David Gitman** to Justin, Michael :

Mike, Justin has concerns (keeping him from sleeping) moving to another upwork account.

Justin, could you reiterate your concerns to Mike.

Thanks.

**Michael Dash** to David :

Why can't we keep him on current upwork account?

me to Michael :

That's going to BAP.

**Michael Dash** to me :

He asked me for a raise recently. If he goes off upwork all together and on timedoctor that gives him a 10% boost. I'll try and Skype w him later today. I'm ooo watching kid Amys having a procedure done so a lil out of pocket today.

Reply