# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL DARDASHTIAN, individually and :
on behalf of COOPER SQUARE VENTURES, :
LLC, NDAP, LLC and CHANNELREPLY, LLC, :
: 17 Civ. 04327 (LLS)
Plaintiffs, :
:
-against- : **STIPULATION**
:
DAVID GITMAN, JEREMY FALK, :
SUMMIT ROCK HOLDINGS, LLC, :
ACCEL COMMERCE, LLC, :
DALVA VENTURES, LLC, :
KONSTANTYN BAGAEV, :
OLESKSII GLUKHAREV and :
CHANNEL REPLY, INC., :
:
Defendants. :
------------------------------------------------------------------X

**WHEREAS,** on June 8, 2017, Plaintiffs Michael Dardashtian ("Dardashtian"), Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply, LLC ("Plaintiff ChannelReply" and collectively with Dardashtian, CSV and NDAP, the "Plaintiffs") commenced an action against, among others, Defendants Jeremy Falk and Summit Rock Holdings, LLC (collectively, "Defendants"), captioned as *Dardashtian, et al. v. Gitman, et al.,* Case No. 17-cv-4327 (LLS), in the United States District Court for the Southern District of New York (the "Action") asserting multiple claims against Defendants including, *inter alia,* breach of fiduciary duty and unjust enrichment;

**WHEREAS,** on June 8, 2017, Plaintiffs filed an Order to Show Cause for Preliminary Injunction and Temporary Restraints seeking to restrain Defendants from taking certain actions

#7214636 v1 \020697 \0002

1

during the pendency of the Action pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Rule 65");

**WHEREAS,** on June 8, 2017, Judge Edgardo Ramos denied Plaintiffs' application for temporary restraints as against Defendants;

**WHEREAS,** Defendants deny the allegations made against them in Plaintiffs' Complaint and dispute that Plaintiffs have demonstrated the elements necessary to impose injunctive relief pursuant to Rule 65;

**WHEREAS,** the Court has scheduled a preliminary injunction hearing for June 21, 2017 at 3:00 p.m.;

**WHEREAS,** without acknowledging any liability or wrongdoing on the part of any party, in order to avoid the expense, inconvenience and uncertainty of motion practice relating to Plaintiffs' Order to Show Cause for Preliminary Injunction and Temporary Restraints;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for Plaintiffs and counsel for Defendants, as follows:

1. During the pendency of this action Defendants shall be:

    (a) restrained and enjoined from misappropriating and/or otherwise withdrawing funds belonging to CSV, NDAP and/or Plaintiff ChannelReply from Plaintiffs' banking accounts and/or from any of Plaintiffs' payment or subscription portals, including but not limited to Stripe, Chargebee, PayPal, Amazon, eBay and/or from any other location electronic or otherwise;

    (b) restrained and enjoined from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner NDAP's customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs,

computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

(c) Restrained and enjoined from accessing, disclosing, reproducing, electronically sharing, electronically backing up, transferring and/or using in any manner Plaintiff CSV and Plaintiff ChannelReply's "Company Confidential Information" as defined in the CSV Operating Agreement, customer lists and addresses, email addresses and phone numbers, vendor lists and addresses, email addresses and phone numbers, computer software programs; computer codes, passcodes, passwords, intellectual property, confidential information and trade secrets for any reason;

(d) Restrained and enjoined from utilizing, sharing, selling, transferring, backing up, destroying, altering, wasting, terminating, discontinuing, building upon or otherwise affecting in any manner the proprietary and/or confidential information and code that was developed by CSV's developers, Konstantyn Bagaiev and Oleksii Glukharev, for the sole benefit of Plaintiffs CSV, ChannelReply and/or NDAP;

(e) Restrained and enjoined from soliciting, bribing, contracting with, offering employment to, offering an equity participation in any one of Defendants' business entities and/or otherwise in any manner interfering with NDAP, CSV and ChannelReply's business relationships with its customers, vendors, employees, partners, investment partners, prospective purchasers and/or subcontractors, including but not limited to Konstantyn Bagaiev and Oleksii Glukharev;

(f) Restrained and enjoined from inducing or in any other manner soliciting Plaintiffs, NDAP, CSV and ChannelReply's customers, vendors, employees and/or subcontractors, partners, prospective purchasers, investment partners, including but not limited to Konstantyn Bagaiev and Olesksii Glukharev to terminate or alter their business relationship and/or contractual relationship with Plaintiffs, or any one of them;

(g) Restrained and enjoined from misappropriating Plaintiff Michael Dardashtian's identity, including but not limited to his business identity, his emails, his personal financial and identifier information, his tax documents, and/or falsely representing themselves in any manner as Michael Dardashtian or under Plaintiff's business name "Michael Dash;"

(h) Restrained and enjoined from contacting or in any other manner communicating with any of Plaintiffs, NDAP, CSV, and/or Plaintiff ChannelReply's customers, vendors, employees, subcontractors, investors, prospective purchasers, including but not limited to Konstantyn Bagaiev and Alesky Glukharev for any reason whatsoever including but not limited to messaging customers and asking them to reconnect their service or API for any purpose including to switch to a new payment account;

(i) Restrained and enjoined from using the tradename "ChannelReply," "Channel Reply," "Channel Reply, Inc.," "ChannelReply, Inc.," "Channel Reply, LLC," "ChannelReply, LLC" or any other analogous or confusingly similar name to that of Plaintiff's "ChannelReply" for any reason whatsoever;

(j) Restrained and enjoined from using, in any way, shape or form, and for any purpose, any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply and from replicating or trying to replicate or recreate an identical or functionally similar analog of any of NDAP, CSV and Plaintiff ChannelReply's confidential, proprietary and trade secret information, including but not limited to Plaintiff's codes, software and processes, to compete against Plaintiffs, NDAP, CSV and/or ChannelReply;

(k) Restrained and enjoined from engaging in any action(s) whatsoever which are competitive to Plaintiffs NDAP, CSV and/or ChannelReply's businesses or interests;

(l) Restrained and enjoined from engaging in any communications with any proposed purchaser of NDAP and/or otherwise interfering with any potential sale of NDAP; and

(m) Defendants shall preserve and not alter, tamper with or destroy in any way, all physical or electronic data, documents, removeable media, personal computers, work computers, hard drives associated with personal and work computers, email accounts and corresponding passwords, electronic storage devices including from or on the "cloud," remote servers, code repositories, writeable compact discs or CDs, writeable digital video discs or DVDs, USB drives, floppy discs, files, messages, emails or any other storage device in their possession, if any, containing information relating to their activities with NDAP, CSV and ChannelReply, Channel

Reply, Inc., Dalva Ventures, Summit Rock Holdings, Accel Commerce and any other related companies without alteration and make them available for review by Plaintiffs and their authorized agents pursuant to discovery requests made in connection with this action.

2. Nothing contained herein shall be deemed an admission of liability on the part of the Defendants.

3. The foregoing is without prejudice to all Defendants' rights to present all arguments, both factual and legal, in defense of the claims asserted against Defendants in this Action.

Dated: New York, New York
      June 15, 2017

| | |
|---|---|
| Edward P. Gilbert | Barry S. Guaglardi |
| MORRISON COHEN LLP | ARTURI, D'ARGENIO, GUAGLARDI |
| Attorneys for Defendants | & MELITI, LLP |
| 909 Third Avenue | Attorneys for Plaintiffs |
| New York, New York 10022 | 365 West Passaic Street, Suite 130 |
| Telephone: (212) 735-8600 | Rochelle Park, New Jersey 07662 |
| Facsimile: (212) 735-8708 | Telephone: (201) 947-4100 |
| egilbert@morrisoncohen.com | Facsimile: (201) 947-4010 |
| | bguaglardi@adgmlaw.com |

#7214636 v1 \020697 \0002