UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC, NDAP, LLC and CHANNELREPLY, LLC,

Plaintiffs,

-against-

DAVID GITMAN, JEREMY FALK, SUMMIT ROCK HOLDINGS, LLC, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAEV, OLESKSII GLUKHAREV and CHANNEL REPLY, INC.,

Defendants.

17 Civ. 04327 (LLS)

**ANSWER**

Defendants Jeremy Falk ("Falk") and Summit Rock Holdings, LLC ("Summit Rock" and together with Falk, the "Defendants"), by their attorneys, Morrison Cohen LLP, as and for their Answer to the Verified Complaint ("Complaint") of Plaintiffs, allege as follows:

**PARTIES**

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admit that NDAP is engaged in the online sale of automobile parts throughout the United States.

10.    Admit the allegations set forth in paragraph 10 of the Complaint.

11.    Deny the allegations set forth in paragraph 11 of the Complaint except admit that (a) Falk is a principal and the sole member of Summit Rock; (b) Summit Rock entered into a Services Agreement dated March 3, 2017 with CSV and NDAP in connection with a proposed sale of NDAP's assets. The Court is respectfully referred to the Services Agreements for its complete contents.

12.    Deny the allegations set forth in paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

**JURISDICTION AND VENUE**

18. Paragraph 18 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants' deny the allegations set forth in paragraph 18 of the Complaint.

19. Paragraph 19 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants' deny the allegations set forth in paragraph 19 of the Complaint.

20. Paragraph 20 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants' deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

**FACTS COMMON TO ALL COUNTS**

**FALK AND SUMMIT ROCK'S "CONSULTING FEE"**

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Admit the allegations set forth in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

**DEFENDANTS' REPRESENTATIVE MISAPPROPRIATION AND CONVERSION OF CSV'S ASSETS**

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

**GITMAN'S UNLAWFUL FORMATION OF COMPETING BUSINESSES – ACCEL COMMERCE AND DEFENDANT CHANNEL REPLY, INC.**

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, except admit that, upon information and belief, Mary Faith Arden served as a bookkeeper for Accel Commerce.

49.     Deny the allegations set forth in paragraph 49 of the Complaint except admit that Accel Commerce was formed on or about March 20, 2017; Falk, through Summit Rock, acted as an independent consultant in accord with that certain Services Agreement dated March 3, 2017 with CSV and NDAP in connection with a proposed sale of NDAP's assets; and during the sales process, Falk/Summit Rock received certain confidential data.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

**DEFENDANT CHANNEL REPLY, INC.**

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68. Deny the allegations set forth in paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

**GITMAN, FALK, BAGAEV, DALVA VENTURES, GLUCKHAREV, DEFENDANT CHANNEL REPLY, INC. AND ACCEL COMMERCE**
**MISAPPROPRIATION OF VARIOUS COMPUTER PASSCODES AND SOFTWARE**

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102. Deny the allegations set forth in paragraph 102 of the Complaint.

103. Deny the allegations set forth in paragraph 103 of the Complaint.

**DEFAMATORY COMMENTS**

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint.

**COUNT 1**
**INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS**

110. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

111. Deny the allegations set forth in paragraph 111 of the Complaint.

112. Deny the allegations set forth in paragraph 112 of the Complaint.

113.   Deny the allegations set forth in paragraph 113 of the Complaint.

114.   Deny the allegations set forth in paragraph 114 of the Complaint.

115.   Deny the allegations set forth in paragraph 115 of the Complaint.

## COUNT 2
## BREACH OF FIDUCIARY DUTY AS TO GITMAN

116.   Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

117.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint.

119.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Complaint.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Complaint.

121.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint.

122.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Complaint.

## COUNT 3
## BREACH OF FIDUCIARY DUTY AS TO FALK AND SUMMIT ROCK

123.   Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

124.   Deny the allegations set forth in paragraph 124 of the Complaint.

125. Deny the allegations set forth in paragraph 125 of the Complaint.

**COUNT 4**
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTIES AS TO ALL DEFENDANTS**

126. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

127. Deny the allegations set forth in paragraph 127 of the Complaint.

128. Deny the allegations set forth in paragraph 128 of the Complaint.

129. Deny the allegations set forth in paragraph 129 of the Complaint.

130. Deny the allegations set forth in paragraph 130 of the Complaint.

**COUNT 5**
**VIOLATION OF 18 USC 1832 AND 18 USC 1836 AGAINST GITMAN, FALK, BAGAEV, GLUHAREV, ACCEL COMMERCE, DALVA VENTURES AND DEFENDANT CHANNEL REPLY, INC.**

131. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Complaint.

133. Deny the allegations set forth in paragraph 133 of the Complaint.

134. Deny the allegations set forth in paragraph 134 of the Complaint.

135. Paragraph 135 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. Deny the allegations set forth in paragraph 136 of the Complaint.

**COUNT 6**
**INJUNCTIVE RELIEF PURSUANT TO 18 USC 1836(B)(3) AGAINST GITMAN, FALK, BAGAEV, GLUKHAREV, ACCEL COMMERCE AND DEFENDANT CHANNEL REPLY, INC.**

137. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

138. Paragraph 138 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 138 of the Complaint.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Complaint.

140. Deny the allegations set forth in paragraph 140 of the Complaint.

141. Deny the allegations set forth in paragraph 141 of the Complaint.

**COUNT 7**
**BREACH OF CONTRACT AGAINST GITMAN**

142. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Complaint.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Complaint.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Complaint.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Complaint.

## COUNT 8
## UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

150. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

151. Deny the allegations set forth in paragraph 151 of the Complaint.

152. Deny the allegations set forth in paragraph 152 of the Complaint.

153. Deny the allegations set forth in paragraph 153 of the Complaint.

## COUNT 9
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST GITMAN

154. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

155. Paragraph 155 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 155 of the Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Complaint.

157. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 157 of the Complaint.

**COUNT 10**
**CONVERSION**

158. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Complaint.

160. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Complaint.

163. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166 of the Complaint.

**COUNT 11**
**CIVIL CONSPIRACY AS TO FALK, ACCEL COMMERCE, BAGAEV, GLUKHAREV, DALVA VENTURES AND CHANNEL REPLY, INC. AS TO GITMAN'S CONVERSION**

167. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Complaint.

169. Deny the allegations set forth in paragraph 169 of the Complaint.

170. Deny the allegations set forth in paragraph 170 of the Complaint.

171. Deny the allegations set forth in paragraph 171 of the Complaint.

**COUNT 12**
**FALSE DESIGNATION / UNFAIR COMPETITION 15 U.S.C. 1125 AGAINST GITMAN AND DEFENDANT CHANNEL REPLY, INC.**

172. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176 of the Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 177 of the Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the Complaint.

180. Deny the allegations set forth in paragraph 180 of the Complaint.

**COUNT 13**
**COMPUTER FRAUD**
**18 USC §1030**

181. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Complaint.

183. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183 of the Complaint.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the Complaint.

185. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185 of the Complaint.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the Complaint.

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Complaint.

188. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint.

189. Deny the allegation set forth in paragraph 189 of the Complaint.

**COUNT 14**
**CIVIL CONSPIRACY AS TO FALK, ACCEL COMMERCE, BAGAEV, GLUKHAREV, DALVA VENTURES, AND CHANNEL REPLY, INC. AS TO GITMAN'S VIOLATION OF 18 USC 1030**

190. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

191. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the Complaint.

192. Deny the allegation set forth in paragraph 192 of the Complaint.

193. Deny the allegation set forth in paragraph 193 of the Complaint.

194. Deny the allegation set forth in paragraph 194 of the Complaint.

**COUNT 15**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE AGAINST GITMAN, FALK, ACCEL COMMERCE,E BAGAEV, GLUKHAREV, DALVA VENTURES AND CHANNEL REPLY, INC.**

195. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

196. Deny the allegation set forth in paragraph 196 of the Complaint.

197. Deny the allegation set forth in paragraph 197 of the Complaint.

198. Deny the allegation set forth in paragraph 198 of the Complaint.

199. Deny the allegation set forth in paragraph 199 of the Complaint.

200. Deny the allegation set forth in paragraph 200 of the Complaint.

**COUNT 16**
**DEFAMATION PER SE**

201. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

202. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202 of the Complaint.

203. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the Complaint.

204. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 204 of the Complaint.

205. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the Complaint.

206. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the Complaint.

207. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207 of the Complaint.

**COUNT 17**
**IDENTITY THEFT: NY CLS BUS 380-S AGAINST GITMAN**

208. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

209. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 209 of the Complaint.

210. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the Complaint.

211. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211 of the Complaint.

**COUNT 18**
**UNFAIR COMPETITION AS TO ALL DEFENDANTS UNDER NEW YORK STATE LAW**

212. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

213. Deny the allegations set forth in paragraph 213 of the Complaint.

214. Deny the allegations set forth in paragraph 214 of the Complaint.

**COUNT 19**
**MISAPPROPRIATION OF TRADE SECRETS UNDER NEW YORK STATE LAW**

215. Defendants repeat and reallege their responses to the prior paragraphs with the same force and effect as if set forth at length herein.

216. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216 of the Complaint.

217. Deny the allegations set forth in paragraph 217 of the Complaint.

218. Deny the allegations set forth in paragraph 218 of the Complaint.

219. Deny the allegations set forth in paragraph 219 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

220. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

221. The Complaint is barred due to Plaintiffs' wrongful acts, inequitable conduct, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

222. Plaintiffs have failed to mitigate their damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

223. Plaintiffs' claims are barred, in whole or in part, by the terms of the Services Agreement and Plaintiffs' breach thereof.

## FIFTH AFFIRMATIVE DEFENSE

224. Plaintiffs' claims are barred, in whole or in part, by the intentional or improper acts of parties other than Defendants which constitute intervening and/or superseding causes of the harm, if any, suffered by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

225. Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith at all relevant times.

## SEVENTH AFFIRMATIVE DEFENSE

226. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any injury or damage as the result of any act, conduct or omission by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

227. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

228. Plaintiffs' claims are barred, in whole or in part, because Defendants did not misuse or misappropriate any of Plaintiffs' trade secrets.

## TENTH AFFIRMATIVE DEFENSE

229. Plaintiffs' claims are barred, in whole or in part, because Defendants did not breach any fiduciary duty toward Plaintiffs, to the extent they had any such fiduciary duty.

**ELEVENTH AFFIRMATIVE DEFENSE**

230. Plaintiffs are not entitled to any injunctive relief against Defendants because any alleged injury to Plaintiffs is not immediate and irreparable and Plaintiffs have an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

231. Defendants reserve all of their rights to add further affirmative defenses during the course of this proceeding upon discovery of additional facts or other good causes.

**WHEREFORE**, Defendants respectfully request Judgment as follows:

(a) dismissing the Complaint against Defendants Falk and Summit Rock in all respects;

(b) for costs and disbursements of this action together with such other and further relief as this court may deem just and proper.

Dated: New York, New York
June 30, 2017

Yours, etc.,

**MORRISON COHEN LLP**

By: ______________________
Edward P. Gilbert
909 Third Avenue
New York, New York 10022
(212) 735-8600
*Attorneys for Defendants*
*Jeremy Falk and Summit Rock Holdings, LLC*

To: Barry S. Guaglardi, Esq.
ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP
365 West Passaic Street, Suite 130
Rochelle Park, New Jersey 07662
Phone: (201) 947-4100
Fax: (201) 947-4010
*Attorneys for Plaintiffs*

Lindsay F. Ditlow, Esq.
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
(212) 768-6700
*Attorneys for Defendants*
*David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC and Channel Reply, Inc.*