## ARTURI, D'ARGENIO, GUAGLARDI & MELITI, L.L.P.

*Counselors at Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI
ANTHONY X. ARTURI, JR ✣
MICHAEL P. MELITI ▲

OF COUNSEL:

ANTHONY X. ARTURI
RINALDO M. D'ARGENIO ▲

WEBSITE: WWW.ADGMLAW.COM

MACK CENTRE I
365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
845-576-0600
FACSIMILE: 845-576-0601

JASON S. NUNNERMACKER ◆
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN

▲ NY & NJ BAR
✣ NY, NJ & PA BAR
◆ NJ & RI BAR

July 5, 2017

**VIA HAND DELIVERY AND E-FILE**
Hon. James C. Francis, U.S.M.J.
United States Courthouse
Southern District of New York
500 Pearl Street,
New York, NY 10007

Re:     **Michael Dardashtian, et al. v. David Gitman, et al.**
        **17-cv-4327**

Dear Judge Francis:

The undersigned represents the Plaintiffs in the above matter. We respectfully submit the following for consideration with regards to our appearance today, July 6, 2017 at 2:00 p.m., as it relates to Defendant David Gitman's compliance and lack thereof, with the prior Orders of the Court.

### GITMAN'S CONTINUING NON-COMPLIANCE WITH THE JUNE 8, 2017 ORDER, JUNE 9, 2017 AMENDED ORDER, and JUNE 19, 2017 ORDER

As of May 27, 2017, Plaintiffs were removed by Defendant Gitman from having access to in excess of 30 email and/or banking accounts. The identities of those accounts were identified in Plaintiff's Affidavit in support of the June 8, 2017 OSC at Exhibit 58 and again in Plaintiff's Affidavit in support of the June 16, 2017 OSC at Exhibit E. Those accounts are annexed hereto as **Exhibit A**.

In accordance with the June 8, 2017 Order of Judge Ramos and the June 9, 2017 Amended Order of Judge Ramos, Gitman was required to "immediately provide and restore Plaintiff Michael Dardashtian with full and complete access to all [accounts]..." "...including all twenty-two (22) accounts listed in Exhibit 58..." See Amended Order dated June 9, 2017 at paragraph (g).

In response, by way of sworn Certification, Gitman misrepresented to the Court that he has "provided Mr. Dardashtian with full and complete access to all [Plaintiff Company] accounts..." See Certification of Gitman dated June 13, 2017 annexed hereto as **Exhibit B** at para. 5.

However, Gitman was "loose with his words" in his Certification to the Court, stating that he only restored Plaintiff Dardashtian to those accounts "which are owned and/or paid for by Mr.

Dardashtian and/or the plaintiff entities, which I have knowledge of and access to." See **Ex. B** at para. 5.

Judge Stanton admonished Gitman for his clear "play on words" clearly reflected Gitman's continuing non-compliance with the June 8, 2017 Order and June 9, 2017 Amended Order.

Thereafter, Gitman restored Plaintiff Dardashtian to most of the accounts, but not all. Indeed, as of June 27, 2017, Gitman's counsel acknowledged Gitman's efforts to "finish with the compliance issues so all parties can move forward," clearly evidencing Gitman's continuing failure and/or outright refusal to fully restore Plaintiff access to all accounts, despite Gitman's prior representations to the Court to the contrary. See correspondence of Mark D. Meredith, Esq. dated June 27, 2017 annexed hereto as **Exhibit C**.

As of this date, Gitman has still not returned the channelreply.com domain or the channelreply.email domain that were formally in the Cooper Square Ventures Godaddy account. A time stamped screenshot dated July 5, 2017 at 10:53 a.m. confirming same is annexed hereto as **Exhibit D**. This was one of Plaintiffs' principal issues raised with the Court on June 8, 2017 and has still not been rectified by Gitman.

**Explanation of Exhibit D**

All of Cooper Square Ventures, LLC and NDAP, LLC domains were registered with GoDaddy. There are 2 separate logins for Cooper Square Ventures Godaddy account and NDAP Godaddy account.

Prior to May 26th 2017, the domains purchased by Cooper Square Ventures, LLC (channelreply.com and channelreply.email) were held in the Cooper Square Ventures Godaddy account. Now, upon information and belief, they are held by Channel Reply, Inc., See **Ex. D** at page 2, which Gitman represented to the Court was terminated by him following our last appearance before Judge Stanton on June 19, 2017.

As of July 5th, 2017, the 2 domains (channelreply.com and channelreply.email) are still not located in the Cooper Square Ventures Godaddy account. Plaintiff Dardashtian does not know in which account they are located and cannot move them into the Cooper Square Ventures Godaddy account. We believe Gitman does have access to these domains and could easily transfer them back into the Cooper Square Ventures Godaddy account. As Defendant Gitman was ordered to do on three separate occasions, the last of which was by Judge Stanton who directed Gitman to restore Plaintiffs back to the status quo as it existed on May 26, 2017.

**Defendant Gitman's Creation of an "Amazon S3 Server" after Judge Stanton's June 19, 2017 Order precluding Gitman From Taking Action on the Plaintiff Companies' Behalf**

On or about June 27, 2017, Defendant Gitman suspiciously created a new private "cloudfair" server which upon information and belief was generated to be utilized by Gitman to secretly monitor Plaintiff Companies account access in direct violation of Judge Stanton's order.

On June 28, 2017, after Plaintiff notified Gitman's counsel of Gitman's violation, Defendant's Counsel acknowledged that Defendant Gitman removed the "Amazon Web Services S3 Bucket, and stated that it is no longer active." Counsel further produced logs showing the deletion. Correspondence from Counsel dated June 28, 2017 is annexed hereto as **Exhibit E**, at para. 3.

Yet, it remains a mystery as to why Gitman created this server, and why he did so without advising Plaintiff Companies of same after Judge Stanton ordered that Gitman was to relinquish his management control over the Companies to Plaintiff Dardashtian and the Companies' accountant, Joel Liebman.

**Gitman's failure to replenish the Plaintiff Companies Bank Accounts**

Defendant Gitman currently owes the Plaintiff Companies $5,773.16 for monies which Gitman deposited from the Cooper Square Ventures Stripe account into Gitman's company ChannelReply, Inc. These expenses include, but are not limited to expenses paid to Defendant Gitman's own personal attorney, Umar Farooq., Esq., on two separate occasions in the amount of $2,829.75 and $1,349.25. Other unauthorized expenses include travel expenses to cover Gitman's unauthorized travel to visit the Plaintiff Companies' developers in Russia. Spreadsheet of Expenses is annexed hereto as **Exhibit F**. Indeed, Gitman travelled to Russia for purposes of soliciting them to breach their agreements with the Plaintiff Companies and leave Plaintiff Companies to join Gitman in Gitman's competing company, Channel Reply, Inc., which he was since ordered to terminate.

On June 27, 2017, Plaintiffs' counsel wrote to Gitman's counsel identifying all issues which have yet to be resolved by Gitman as of that date, including the "approximate $6,000" which was not re-deposited back into the Plaintiff Companies' Bank of America bank account. See Correspondence of Barry S. Guaglardi, Esq. dated June 17, 2017 annexed hereto as **Exhibit G**.

By way of response to Plaintiff Counsel's June 27, 2017 correspondence, Defense Counsel stated that Gitman will not replenish the Plaintiff Companies' Bank of America Bank account with those funds, as Defendant Gitman believes that "those monies were all used in a good faith effort to protect the underlying business ventures." See Correspondence of Mark Meredith dated June 28, 2017 annexed hereto as **Exhibit H**.

Defendant Gitman does not have the authority to unilaterally decide what is allowed to "protect the underlying business ventures," especially when he has been stripped of his managerial authority by this Court as a direct result of Gitman's own actions which were contrary to the best interests of the "underlying business ventures." Gitman cannot refuse to replenish the Plaintiff Companies accounts with Plaintiff Companies' funds, which he was otherwise required to do per the June 8, 2017 Order and June 9, 2017 Amended Order at paragraph (b). There was nothing in said Orders which permit Defendant Gitman to use the Plaintiff Companies' accounts for his personal expenses.

We respectfully ask Your Honor to address Gitman's noncompliance.

Respectfully Submitted,
**ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP**

Barry S. Guaglardi, Esq.

BSG:st

Cc:    Lindsay Ditlow, Esq. (via hand delivery and ECF)
        Brian Cousin, Esq. (via hand delivery and ECF)
        Mark D. Meredith, Esq. (via hand delivery and ECF)
        Edward P. Gilbert, Esq. (via hand delivery and ECF)

**EXHIBIT A**

# EXHIBIT E

I have been removed as an admin on our google domain.  I need to be added back as an admin to the ndap-llc.com level domain which controls all of our subdomains. We were both admins which grants the other the power to remove someone as an admin and disable, suspend or delete accounts.

Email Address':
mdash@ndap-llc.com
mdash@carpartkings.com
mdash@coopersquare.ventures
mdash@coopersquareventures.com
mdash@plumburs.com
michael@channelreply.com
partners@ndap-llc.com
paypal@ndap-llc.com
partners@plumburs.com
paypal@coopersquareventures.com
sales@carpartkings.com
sales@channelreply.com
sales@nextdayautoparts.com
support@channelreply.com

All google drive accounts associated with the email accounts shown above
All google analytics accounts associated with the email accounts shown above

Bank of America Bank Accounts:
Cooper Square Ventures
NDAP, LLC

1Password Account – this is a password and login account management system. It holds all of my personal passwords and the companies shared passwords.  Account was paid for out of company funds.

Chargebee Account – This is our subscription management account that holds the customer information and billing information for all of our ChannelReply customers

Stripe Account – This is our credit card billing service that allows us to receive credit card payments from our customers.

PayPal Account – This is an online payment system which allows us to take online payments from our customers.

Upwork Account – This is a freelancer marketplace that allows us to hire and pay freelancers to run the business.

Zendesk Accounts – This is a customer service management account which allows us to talk to our customers when they email us through support tickets.

JIRA Account – This is a project management software that allows us to manage projects effectively for our business and work with one another to successfully complete tasks.

Slack – This is a messaging management software for our business that allows company employees and freelancer to openly communicate with one another and share documents.

Amazon Seller Central – This is our Amazon seller account that allows us to sell products on Amazon and manage our MWS accounts for channelreply sellers through our admin.

eBay Accounts – This allows us to sell products on ebay and manage our ebay subscription id's for channelreply sellers through our admin.

Timedoctor – This allows us to manage the time management of employees and freelancers via an online portal to track time and take screenshots of employees and freelancer work.

Amazon Web Services  (AWS) – This is where we manage all of our Amazon Web Servers which keep the businesses servers running effectively.

American Express Account – This is a NDAP corporate credit card account

Magento Accounts – This is our Magento Admin which allows us to see all backend data associated with our business

Quickbooks Accounts – This is where all the finances are held and all accounting and reconciliation is done.

Desk.com Account - This is a customer service management account which allows us to talk to our customers when they email us through support tickets.

Godaddy Account – We have a company godaddy account which owns and operates many domains, I cannot login to Godaddy to even list all of the domains we own together.

Magemojo – This is our Magento hosted server account

Mailchimp – This is our email subscription newsletter account

Github – This is where all of our software is checked in and stored for sharing

Ringcentral – This is our VOIP system that allows us to make and receive internet phone calls and faxes

Join.me – This is a screenshare service that allows us to talk to customers and share our screens with them



# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
                                                    )
MICHAEL DARDASHTIAN, individually and on  )        Case No. 17 CV 4327 (LLS)
behalf of COOPER SQUARE VENTURES, LLC    )
NDAP, LLC and CHANNEL REPLY               )
            Plaintiffs,                         )
                                                    )
      -against-                                )        **CERTIFICATION OF**
                                                    )        **DAVID GITMAN**
DAVID GITMAN, JEREMY FALK, SUMMIT       )
ROCK HOLDINGS, LLC, ACCEL COMMERCE,   )
LLC, DALVA VENTURES, LLC,                    )
KONSTANTYN BAGAIEV, OLESKKII            )
GLUKHAREV and CHANNEL REPLY, INC.       )
            Defendants.                          )
———————————————————————— )

**I, DAVID GITMAN,** pursuant to the requirements of 28 U.S.C. § 1746, hereby certify as

follows:

   1.  I am one of the defendants in this action.  I have personal knowledge of the matters

stated in this declaration.

   2.  I understand that Michael Dardashtian, individually and on behalf of Cooper Square

Ventures, LLC, NDAP, LLC, and Channel Reply (the "Plaintiffs") have filed a lawsuit

against me and others, alleging, among other things, that I took from Plaintiffs "[p]hysical

and/or electronic copies, backups, discs, drives, including but not limited to USB drives, or

other storage devices containing copies or originals" of Plaintiffs' "Confidential Information

as defined in the [Cooper Square Ventures, LLC] Operating Agreement, trade secrets,

company data or other property now in Defendant Gitman, Dalva Ventures, Channel Reply,

Inc. and Accel Commerce's possession, custody, or control" (the "Materials").  *See* Order

Amending 6/8/17 Order to Show Cause for Preliminary Injunction and Temporary Restraints (the "Order"), ¶ s.

3.   I did not make any copies, in any format (print or electronic), of any of the Materials and do not have any such materials in my possession, custody, or control.

4.   I further understand that the Court has directed me to "[i]mmediately provide and restore Plaintiffs Michael Dardashtian with full and complete access to all NDAP, CSV, and Channel Reply electronic accounts, including but not limited to, all password access to all codes, accounts on Google Domain, bank accounts, e-mail accounts, payment portal accounts, and/or any other password-protected account and information relating to NDAP, CSV, and Channel Reply, including all twenty-two (22) accounts listed in Exhibit 58 to the Affidavit of Michael Dardashtian in support of the OSC."  Order, ¶ g.

5.   I have provided Mr. Dardashtian with full and complete access to all existing NDAP, CSV and Channel Reply electronic accounts which are owned and/or paid for by Mr. Dardastian and/or the plaintiff entities, which I have knowledge of and access to.  Mr. Dardastian may have access to other accounts which I am not aware of and which I do not have access to.

6.   I further understand that the Court has directed me to redeposit into the CSV Bank of America banking account all monies recently withdrawn by me from this account and to pay any overdraft fees incurred since May 27th, 2017.  Order, ¶ b.

7.   I have transferred to the CSV Bank of America banking account all monies withdrawn by me from this account since May 27, 2017.

I hereby certify that the foregoing statements by me are true.  I am aware that if any of the foregoing statements are willfully false that I am subject to punishment.

Dated:  June 13, 2017

David Gitman

Doc ID
Include Draft

Include Date Include Time



**EXHIBIT C**

On Jun 27, 2017, at 10:47 AM, Meredith, Mark D. <mark.meredith@dentons.com> wrote:

Barry,

Thank you.  For the record, we disagree with your statement that our client has shown a lack of good faith and cooperation.  We feel he has gone above and beyond demonstrating good faith in making every effort to get your client full access to all accounts, etc., even those that he did not have on May 26th.  However, it serves no purpose for the two of us to drag this out "making a record."  We remain eager to help in any way reasonable to finish with the compliance issues so all parties can move forward.   We would appreciate the courtesy of the extension in light of that effort.

Let us know what else we can do to help.
Best regards,
Mark

<image001.png>

Mark D. Meredith

D +1 2127686852   |   US Internal 16852
mark.meredith@dentons.com
Website

Dentons US LLP

大成 Salans FMC SNR Denton McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. Thi email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

---

**From:** Barry Guaglardi [mailto:bguaglardi@adgmlaw.com]
**Sent:** Tuesday, June 27, 2017 10:33 AM
**To:** Meredith, Mark D.
**Cc:** Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer
**Subject:** Re: Gitman's continued violation of the OSC

Mark

I am confirming with my client whether there remains outstanding issues for your client to be in compliance with the Court's orders.

Upon receiving such confirmation, I will contact you regarding your client's request for an extension of time to file the responsive pleading. I anticipate granting such request, however, as I am sure you can appreciate, your client's lack of good faith and cooperation, has made this process unnecessarily long and costly. As a result, we need to ensure that there is full and complete compliance prior to the extension of a courtesy.

I will get back to you shortly.

Barry Guaglardi

Sent from my iPhone



**EXHIBIT D**



●●●●○ Verizon   LTE            12:21 PM            ⏰ ⁎ 81% ▬ 

🔒 whois.com

# REGISTRANT CONTACT

Name:              David Gitman

Organization:      ChannelReply Inc.

# RAW WHOIS DATA

```
Domain Name: channelreply.com
Registrar URL: http://www.godaddy.com
Registrant Name: David Gitman
Registrant Organization: ChannelReply Inc.
Name Server: NS-1883.AWSDNS-43.CO.UK
Name Server: NS-488.AWSDNS-61.COM
Name Server: NS-697.AWSDNS-23.NET
Name Server: NS-1283.AWSDNS-32.ORG
DNSSEC: unsigned

For complete domain details go to:
http://who.godaddy.com/whoischeck.aspx?domain=channelreply.com

The data contained in GoDaddy.com, LLC's WhoIs database,
while believed by the company to be reliable, is provided "as
with no guarantee or warranties regarding its accuracy.  This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration record
Any use of this data for any other purpose is expressly forbid
written
permission of GoDaddy.com, LLC.  By submitting an inquiry,
you agree to these terms of usage and limitations of warranty.
you agree not to use this data to allow, enable, or otherwise
dissemination or collection of this data, in part or in its en
purpose, such as the transmission of unsolicited advertising a
and solicitations of any kind, including spam.  You further ag
not to use this data to enable high volume, automated or robot
processes designed to collect or compile this data for any pur
including mining this data for your own personal or commercial

Please note: the registrant of the domain name is specified
in the "registrant" section.  In most cases, GoDaddy.com, LLC
is not the registrant of domain names listed in this database.
```



**EXHIBIT E**

**Evan Ostrer**

| | |
|---|---|
| **From:** | Meredith, Mark D. <mark.meredith@dentons.com> |
| **Sent:** | Wednesday, June 28, 2017 2:11 PM |
| **To:** | Barry Guaglardi |
| **Cc:** | Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer |
| **Subject:** | RE: Gitman's continued violation of the OSC |
| **Attachments:** | ChanelReply AWS S3 channelreply-cloudtrail Bucket Delete Log.txt; ChanelReply AWS S3 channelreply-cloudtrail Bucket Delete.png |

Barry,

We continue to disagree with your mischaracterizations of our client's effort to comply as being in willful disregard of the Court's Orders. Mr. Gitman has worked diligently toward resolving any and all compliance issues. Indeed, we are growing concerned that those compliance issues are becoming somewhat of a moving target rather than a good faith effort on your client's part to restore the companies to the same status as of May 26th, as was the Court's directive. Also, the timing of your requests in the late afternoon or evening, coupled with a demand for a response by noon the next day, does not seem to be in keeping with Judge Stanton's admonishment for both sides to make good faith efforts toward resolution.

Nevertheless, we share a sense of urgency toward resolution, which is why we have repeatedly suggested a screen share with our respective clients on their computers to work out any technical issues. Thus far, you have declined our offers for reasons that remain unclear to us.

To respond to your specific points in our continued effort to resolve the compliance issues.
1. ChannelReply.com:  As stated in my email to you, dated June 26, 2017 at 5:15 p.m., in the attachment outlining each of the 21 accounts you inquired about, many of which were not previously owned by Mr. Dardashtian, Mr. Gitman is unable to update the WHOIS attributes, as he is no longer the GoDaddy account owner. This ownership was switched at Mr. Dardashtian's request to Mr. Dardashtian. Mr. Dardashtian, as account owner, has the access to make whatever changes he needs. Nonetheless, in a show of good faith, if Mr. Dardashtian would like Mr. Gitman to switch the accounts as described, Mr. Dardashtian would need to restore Mr. Gitman's ownership of the account for the limited purpose of making the desired changes. As a practical matter, it may be easier for Mr. Dardashtian to enlist the technical help of the new consultants hired in order to bring about the desired change. Please let us know how you would like to proceed.

2. Regarding the $5,773.16 you claim remains due to CSV, we respectfully disagree. Those monies were all used in a good faith effort to protect the underlying business ventures. Further, the Court's Order was to restore all aspects of the various businesses to May 26th status. The CSV bank account had approximately $73,000 on May 26th, and now has roughly $83,000. It is not clear how Mr. Gitman is not in compliance. There is more money in the account now than there was as of May 26th. Moreover, any monetary amounts remaining in dispute can be litigated between the parties.

3. Mr. Gitman has removed the Amazon Web Services S3 Bucket. It is no longer live. I have attached the logs showing this deletion and a screenshot showing the absence of the channelreply-cloudtrail bucket. These demonstrate plainly the deletion of the ChannelReply AWS S3 channelreply-cloudtrail bucket. Although this issue does not appear to us to be in violation of the Court's Order, we understand your contention that it was not in existence on May 26th, and so should be taken down, and Mr. Gitman has done so. The explanation for Mr. Gitman's creation of the server is simple:  On Friday, June 23rd, Mr. Gitman was notified via email alerts that ChannelReply Amazon integration was down. Concerned for the business, of which Mr. Gitman still owns 50%, Mr. Gitman enabled CloudTrail to monitor the situation. He did not touch any code and did not interfere

with the business in any way.  It was purely a device to monitor and observe error messages.  The CloudTrail logs revealed that Mr. Dardashtian logged into Amazon Web Services and deleted access keys needed for ChannelReply to operate. Shortly thereafter, a Tighten consultant deployed code updating the access keys needed for ChannelReply to operate.  Mr. Gitman then received word at 4:35 PM that Tighten would be managing the ChannelReply application.  Accordingly, at 4:36 PM, one minute later, Mr. Gitman logged out of Amazon Web Services because he understood the technical problems were now being managed by Matt Stauffer of Tighten. Except for his efforts to comply with the Court's Order and counsel's demands, Mr. Gitman has not been on the server since that time.

Please let us know if you have any further issues.  We continue to believe Mr. Gitman is in full compliance.
Best regards,
Mark

**大成 DENTONS**    **Mark D. Meredith**

D +1 2127686852   |   US Internal 16852
mark.meredith@dentons.com
Website

Dentons US LLP

大成 Salans FMC SNR Denton McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**大成 DENTONS**    **Mark D. Meredith**

D +1 2127686852   |   US Internal 16852
mark.meredith@dentons.com
Website

Dentons US LLP

大成 Salans FMC SNR Denton McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Barry Guaglardi [mailto:bguaglardi@adgmlaw.com]
**Sent:** Tuesday, June 27, 2017 7:51 PM
**To:** Meredith, Mark D.
**Cc:** Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer
**Subject:** Re: Gitman's continued violation of the OSC

Mark



**EXHIBIT F**

| DATE | TRANSACTION TYPE | NAME | MEMO/DESCRIPTION |
|---|---|---|---|
| ####### | Expense | UpCounsel | UPCOUNSEL.COM STRIPE.COM CA 06/20 |
| ####### | Expense | UpCounsel | UPCOUNSEL.COM 855-879-3076 CA 06/20 |
| ####### | Expense | Harvard Business Services | HARVARD BUSINESS SERV 302-645-74 00 DE 06/18 |
| ####### | Expense | Intuit | INTUIT *QB ONLINE 800-286-6800 C A 06/08 |
| ####### | Expense | Time Doctor | TIME DOCTOR LLC 877-568-4807 NV 06/20 |
| ####### | Expense | Delaware Division of Corporations | DELAWARE DIV OF CORP 302-7393077 DE 06/20 |
| ####### | Expense | Ukraine International Airlines | FLYUIA V2BK25 GATWICK AIRPO 06/05 |

| SPLIT | AMOUNT | NOTE |
|---|---|---|
| ChannelReply Checking -7775 | $ 2,829.75 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 1,349.25 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 50.00 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 38.11 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 9.99 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 400.00 | Payment for ChannelReply, Inc |
| ChannelReply Checking -7775 | $ 1,096.06 | Payment for Unauthorized Travel |
| | $ 5,773.16 | TOTAL DUE BACK TO COOPER SQUARE VENTURES, LLC |

**EXHIBIT G**

**Evan Ostrer**

| | |
|---|---|
| **From:** | Barry Guaglardi |
| **Sent:** | Tuesday, June 27, 2017 7:51 PM |
| **To:** | Meredith, Mark D. |
| **Cc:** | Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer |
| **Subject:** | Re: Gitman's continued violation of the OSC |

Mark

As of June 27, 2017 at 12pm EST the following compliance issues are still outstanding;

1. ChannelReply.com domain is still held by ChannelReply, Inc and not Cooper Square Ventures, LLC.  The CR domain must immediately be transferred back into the CSV Godaddy account and we need proof of same.

2. The approximate $6,000 that was deposited from the Cooper Square Ventures Stripe account into ChannelReply, Inc Chase Bank account has not been redeposited back into the Cooper Square Ventures Bank of America bank account. This must be done immediately and we need proof of same.

3. No explanation has been given as to why Mr. Gitman has created a new cloudfair server on Friday June 23, 2017 and why the server is still live. This server must immediately be terminated and we need proof of same.

If we do not receive confirmation by tomorrow at noon that these issues have been addressed, we will be notifying the Court of your client's violation.

To contend that your client is acting in good faith by curing, in part, his violations of law only after being ordered on three separate occasions by the Court, and having been found to have violated the Court's orders, is not productive.

Our efforts to allow your client the opportunity to correct his malfeasance have only partially resolved the issues. His continued willful disregard of the Court's orders will no longer be tolerated. As Judge Stanton clearly advised your client, the orders of the Court are not a suggestion but, to the contrary, a direction that must be followed or consequences will follow.

Please confirm whether your client has cured the above violations. We will wait until noon tomorrow before notifying the Court. It is our hope that your client recognizes the need to take the Court's orders seriously and, I'm that context, fully resolves the above issues.

I await your confirmation.

Thank you.

Barry Guaglardi



**EXHIBIT H**

**Evan Ostrer**

| | |
|---|---|
| **From:** | Meredith, Mark D. <mark.meredith@dentons.com> |
| **Sent:** | Wednesday, June 28, 2017 2:11 PM |
| **To:** | Barry Guaglardi |
| **Cc:** | Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer |
| **Subject:** | RE: Gitman's continued violation of the OSC |
| **Attachments:** | ChanelReply AWS S3 channelreply-cloudtrail Bucket Delete Log.txt; ChanelReply AWS S3 channelreply-cloudtrail Bucket Delete.png |

Barry,

We continue to disagree with your mischaracterizations of our client's effort to comply as being in willful disregard of the Court's Orders. Mr. Gitman has worked diligently toward resolving any and all compliance issues. Indeed, we are growing concerned that those compliance issues are becoming somewhat of a moving target rather than a good faith effort on your client's part to restore the companies to the same status as of May 26th, as was the Court's directive. Also, the timing of your requests in the late afternoon or evening, coupled with a demand for a response by noon the next day, does not seem to be in keeping with Judge Stanton's admonishment for both sides to make good faith efforts toward resolution.

Nevertheless, we share a sense of urgency toward resolution, which is why we have repeatedly suggested a screen share with our respective clients on their computers to work out any technical issues. Thus far, you have declined our offers for reasons that remain unclear to us.

To respond to your specific points in our continued effort to resolve the compliance issues.

1. ChannelReply.com: As stated in my email to you, dated June 26, 2017 at 5:15 p.m., in the attachment outlining each of the 21 accounts you inquired about, many of which were not previously owned by Mr. Dardashtian, Mr. Gitman is unable to update the WHOIS attributes, as he is no longer the GoDaddy account owner. This ownership was switched at Mr. Dardashtian's request to Mr. Dardashtian. Mr. Dardashtian, as account owner, has the access to make whatever changes he needs. Nonetheless, in a show of good faith, if Mr. Dardashtian would like Mr. Gitman to switch the accounts as described, Mr. Dardashtian would need to restore Mr. Gitman's ownership of the account for the limited purpose of making the desired changes. As a practical matter, it may be easier for Mr. Dardashtian to enlist the technical help of the new consultants hired in order to bring about the desired change. Please let us know how you would like to proceed.

2. Regarding the $5,773.16 you claim remains due to CSV, we respectfully disagree. Those monies were all used in a good faith effort to protect the underlying business ventures. Further, the Court's Order was to restore all aspects of the various businesses to May 26th status. The CSV bank account had approximately $73,000 on May 26th, and now has roughly $83,000. It is not clear how Mr. Gitman is not in compliance. There is more money in the account now than there was as of May 26th. Moreover, any monetary amounts remaining in dispute can be litigated between the parties.

3. Mr. Gitman has removed the Amazon Web Services S3 Bucket. It is no longer live. I have attached the logs showing this deletion and a screenshot showing the absence of the channelreply-cloudtrail bucket. These demonstrate plainly the deletion of the ChannelReply AWS S3 channelreply-cloudtrail bucket. Although this issue does not appear to us to be in violation of the Court's Order, we understand your contention that it was not in existence on May 26th, and so should be taken down, and Mr. Gitman has done so. The explanation for Mr. Gitman's creation of the server is simple: On Friday, June 23rd, Mr. Gitman was notified via email alerts that ChannelReply Amazon integration was down. Concerned for the business, of which Mr. Gitman still owns 50%, Mr. Gitman enabled CloudTrail to monitor the situation. He did not touch any code and did not interfere

with the business in any way.  It was purely a device to monitor and observe error messages.  The CloudTrail logs revealed that Mr. Dardashtian logged into Amazon Web Services and deleted access keys needed for ChannelReply to operate. Shortly thereafter, a Tighten consultant deployed code updating the access keys needed for ChannelReply to operate.  Mr. Gitman then received word at 4:35 PM that Tighten would be managing the ChannelReply application.  Accordingly, at 4:36 PM, one minute later, Mr. Gitman logged out of Amazon Web Services because he understood the technical problems were now being managed by Matt Stauffer of Tighten. Except for his efforts to comply with the Court's Order and counsel's demands, Mr. Gitman has not been on the server since that time.

Please let us know if you have any further issues.  We continue to believe Mr. Gitman is in full compliance. Best regards,
Mark

**大成 DENTONS**   **Mark D. Meredith**

D +1 2127686852   |   US Internal 16852
mark.meredith@dentons.com
Website

Dentons US LLP

大成 Salans FMC SNR Denton McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**大成 DENTONS**   **Mark D. Meredith**

D +1 2127686852   |   US Internal 16852
mark.meredith@dentons.com
Website

Dentons US LLP

大成 Salans FMC SNR Denton McKenna Long

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Barry Guaglardi [mailto:bguaglardi@adgmlaw.com]
**Sent:** Tuesday, June 27, 2017 7:51 PM
**To:** Meredith, Mark D.
**Cc:** Ditlow, Lindsay F.; Cousin, Brian S.; Evan Ostrer
**Subject:** Re: Gitman's continued violation of the OSC

Mark