UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNELREPLY, LLC,<br>　　　　　　Plaintiffs,<br><br>　-against-<br><br><br>DAVID GITMAN, JEREMY FALK, SUMMIT ROCK HOLDINGS, LLC, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKSII GLUKHAREV and CHANNELREPLY, INC.,<br>　　　　　　Defendants. | Case No. 17 CV 4327 (LLS)<br><br><br><br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GITMAN DEFENDANTS' MOTION TO DISMISS**

 

**DENTONS US LLP**
Brian S. Cousin, Esq.
Lindsay F. Ditlow, Esq.
Mark D. Meredith, Esq.
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax:  (212) 768-6800

*Attorneys for Defendants David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC and ChannelReply, Inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    DARDASHTIAN HAS NO AUTHORITY TO BRING THIS ACTION ON BEHALF OF PLAINTIFF ENTITIES UNDER THE OPERATING AGREEMENTS.................................................................................................... 3

    II.    IN ANY EVENT, DARDASHTIAN FAILED TO ADEQUATELY PLEAD DEMAND FUTILITY AND, THEREFORE, THE PURPORTED DERIVATIVE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW. ....................... 7

    III.    PLAINTIFFS FAIL TO SEGREGATE THEIR INDIVIDUAL AND DERIVATIVE CLAIMS AND THEREFORE THE COMPLAINT SHOULD BE DISMISSED. ................................................................................................ 9

    IV.    ALL CLAIMS BELONGING TO, OR OWNED BY, THE PLAINTIFF ENTITIES SHOULD BE DISMISSED, INCLUDING ALL FEDERAL CAUSES OF ACTION. ........................................................................................ 10

    V.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS AND DISMISS ALL REMAINING CLAIMS. ..................................................................................... 11

CONCLUSION ............................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abrams v. Donati*,
    66 N.Y.2d 951 (N.Y. 1985) ..................................................................................................9

*Albany-Plattsburgh United Corp. v. Bell*,
    307 A.D.2d 416 (3d Dep't 2003) ........................................................................................10

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir.2007) ..................................................................................................10

*Barmash v. Pearlman*,
    2013 N.Y. Slip Op 32460(U) (N.Y. Sup. Ct., N.Y. Co. Oct. 11, 2013) ................................8

*Barr* v. *Wackman*,
    368 N.Y.S.2d 497 (N.Y. 1975) .............................................................................................8

*Beal Sav. Bank v. Sommer*,
    8 N.Y.3d 318 (N.Y. 2007) ....................................................................................................3

*Bell Alt. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................10

*Elfenbein* v. *Gulf & Western Industries, Inc.*,
    590 F.2d 445 (2d Cir. 1978) .................................................................................................8

*Greenberg v. Falco Constr. Corp.*,
    958 N.Y.S.2d 307 (N.Y. Sup. Ct., Kings Co. 2010) .......................................................9, 10

*Grusd v Arccos Golf LLC*,
    2014 N.Y. Misc. LEXIS 2543 (N.Y. Sup. Ct., N.Y. Co. June 3, 2014) ..............................11

*Hoeffner v. Orrick, Herrington & Sutcliffe LLP*,
    878 N.Y.S.2d 717 (1st Dep't 2009) ......................................................................................4

*Lewis* v. *Graves*,
    701 F.2d 245 (2d Cir. 1983) .................................................................................................8

*Marx v. Akers*,
    88 N.Y.2d 189 (N.Y. 1996) ..............................................................................................7, 9

*Nama Holdings, LLC v. Greenberg Traurig, LLP*,
    907 N.Y.S.2d 102 (N.Y. Sup. Ct., N.Y. Co. 2008) .........................................................6, 12

*RCM Sec. Fund, Inc. v. Stanton*,
　928 F.2d 1318 (2d Cir. 1991) ...................................................................................7

*Stoner v. Walsh*,
　772 F. Supp. 790 (S.D.N.Y. 1991) ...........................................................................8

*Tzolis v. Wolff*,
　10 N.Y.3d 100 (N.Y. 2008) ...................................................................................5, 6

*Zacharius v. Kensington Publ. Corp.*,
　984 N.Y.S.2d 635 (N.Y. Sup. Ct., N.Y. Co. 2014) ..................................................7

**Statutes**

28 U.S.C. § 1367(c) ..............................................................................................................11

NY Bus. Corp. Law § 626(c) .................................................................................................7

**Rules**

Federal Rules of Civil Procedure
　12(b)(1) ........................................................................................................1, 3, 11
　12(b)(6) ..................................................................................................1, 3, 10, 11
　23.1 ..........................................................................................................................7, 8

Defendants David Gitman ("Gitman"), Accel Commerce, LLC, Dalva Ventures, LLC, and ChannelReply, Inc.[1] (together, "Defendants"), by their attorneys Dentons US LLP, respectfully submit this reply memorandum of law in further support of their motion to dismiss plaintiffs' Verified Complaint (the "Complaint" or "Cplt."), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons stated below, plaintiffs' Complaint should be dismissed with prejudice and nothing in Plaintiffs' Memorandum of Fact and Law in Opposition to Defendants' Motion to Dismiss ("Opposition") should convince this Court otherwise.

## PRELIMINARY STATEMENT

Defendants move to dismiss the Complaint on the grounds that plaintiff Michael Dardashtian ("Dardashtian") acted without authority when, without approval of co-Member and co-Manager Gitman, he purportedly brought this action on behalf of entities Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply, LLC ("CR LLC") (together, the "Plaintiff Entities"). The plain language of the various operating agreements all specifically prohibit Dardashtian's conduct. Moreover, Dardashtian failed to allege in the Complaint that he made a demand that an action should be commenced on behalf of the Plaintiff Entities, or that such a demand would be futile. In addition, Dardashtian failed to segregate his own claims from those that he purportedly brought on behalf of the Plaintiff Entities, thus providing another independent basis for dismissing the Complaint.

Plaintiffs' Opposition does not sufficiently explain why the Complaint should not be dismissed in light of the arguments set forth in the Defendants' motion. Plaintiffs offer no defense whatsoever to Dardashtian's blatant breach of contract in bringing this action on behalf of the Plaintiff Entities. Instead, Plaintiffs' Opposition focuses on the unremarkable -- and well-

---

[1] Counsel notes that the correct spelling of both defendant ChannelReply, Inc. ("CR Inc.") and plaintiff ChannelReply, LLC ("CR LLC") has no space between the words "Channel" and "Reply".

1

settled -- proposition that New York law permits derivative actions in the context of limited liability companies ("LLCs").  Nowhere, however, do plaintiffs' cite a single case or a legal authority for the proposition that an LLC member or manager can bring an action, derivatively or otherwise, on behalf of the LLC where, as here, the relevant operating agreements expressly prohibit such an action.

In their Opposition, plaintiffs scour the various agreements to find a provision that would permit Dardashtian to bring his derivative action without adequately pleading demand futility, but with no success.  The operating agreements, negotiated at arm's length, state plainly that consent of *all* managers is required before *any* action is taken.  This was no doubt intentional: neither Gitman nor Dardashtian wanted to relinquish control to the other 50% co-owner.  Plaintiffs' Opposition refers to various sections of the CSV Operating Agreement, such as: the remedies clause, Section 17.11; the "no waiver of liability" clause, Section 8.7; and the indemnification clause, Section 8.8.  However, none of these provisions even remotely states or implies that a manager or member can act contrary to the plain terms of the operating agreement.

Plaintiffs' Complaint therefore fails as a matter of law.  Plaintiffs' protestations notwithstanding, no amount of numbered paragraphs or attached exhibits can save plaintiffs' from the plain meaning of the operating agreements.  Nor have plaintiffs met the pleading requirements for demand futility, or appropriately segregated Dardashtian's purported individual claims from his purported derivative claims on behalf of the Plaintiff Entities.  Since the only federal claims are being asserted derivatively on behalf of the Plaintiff Entities, once the derivative claims are dismissed, no federal claims will remain in the case.  Upon dismissal of the federal claims from the case, the Court should decline to retain supplemental jurisdiction over any remaining state law claims that it does not otherwise dismiss on the merits.  Plaintiffs are

then free to seek appropriate redress in New York State Supreme Court, as expressly contemplated in the agreements.  *See* CSV Operating Agreement, Section 17.8.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Complaint should be dismissed with prejudice in its entirety.

## ARGUMENT

### I. DARDASHTIAN HAS NO AUTHORITY TO BRING THIS ACTION ON BEHALF OF PLAINTIFF ENTITIES UNDER THE OPERATING AGREEMENTS.

Plaintiffs simply cannot escape the plain language of the operating agreements: "Whenever Management shall be required to take *any* action, make *any* decision or exercise *any* discretion and there shall be more than one Manager, then except as other otherwise provided in this Agreement, the action, decision or exercise of discretion *shall require* the approval of all of the persons appointed as Manager."  Operating Agreement of CSV, Section 8.1 (italicized emphasis added); NDAP Operating Agreement, Section 7.3(a).[2]  Each of the operating agreements clearly spells out the parties' agreement that Dardashtian and Gitman each needed the other's consent and approval to bring an action on behalf of one of the companies they co-owned and co-managed.  This was an arm's length, bargained for exchange.  There is no "otherwise provided" provision that saves Dardashtian's extra-contractual actions from the plain language of the agreement.  The agreements are clear on their face and will be construed as such by New York courts.  *See, e.g.*, *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324 (N.Y. 2007) (citation omitted) (noting that construction of unambiguous contracts is a matter of law, and the parties' intentions are gathered from the "four corners of the instrument and should be enforced

---

[2] The Operating Agreement for plaintiff CR LLC contains the identical language at its Section 8.1.  Meredith Decl., Exh. 3.  Plaintiffs correctly point out that the CR LLC Operating Agreement is unsigned.  *See* Opposition at 5.  For purposes of this Motion to Dismiss only, defendants assume that Plaintiffs are operating under the unsigned CR LLC Operating Agreement or the CSV Operating Agreement.

according to its terms"); *see also Hoeffner v. Orrick, Herrington & Sutcliffe LLP*, 878 N.Y.S.2d 717, 719 (1st Dep't 2009) (construing unambiguous contract terms).  Under the plain meaning of the controlling contracts, the claims purportedly brought on behalf of the Plaintiff Entities all fail as a matter of law.

No doubt recognizing this, plaintiffs offer a tortured reading of the agreements and virtually ignore their plain language, and instead focus first on the so-called "clear underlying intent" of the operating agreements, and second on the undisputed -- and largely irrelevant -- question of whether members of an LLC may bring a derivative action under New York law. Regarding plaintiffs' first attempt to defend Dardashtian's breach of the operating agreements, plaintiffs cite to other, immaterial provisions in the various agreements in an effort to resuscitate their claims. The effort fails. For example, plaintiffs contend that the remedies clause of the CSV Operating Agreement provides Dardashtian with authority to sue on the entities' behalf because "any remedies provided in the Agreement are not to exclude all other remedies available at law or equity which members and managers may avail themselves of and pursue to the fullest extent of the law." Opposition at 5. This is a nonsensical argument. This language says nothing about Dardashtian's authority to ignore the edict that any "action, decision or exercise of discretion" by him "*shall require* the approval of <u>all</u> of the persons appointed as Manager." Operating Agreement of CSV, Section 8.1 (italics added). Nor does it even purport to trump any other provision of the agreement. It merely states that both Dardashtian and Gitman could avail themselves of remedies available "to the fullest extent of the law," which would still prohibit Dardashtian's blatant breach of contract in bringing a purported derivative action on behalf of the Plaintiff Entities without the consent of Gitman.

4

Similarly, plaintiffs' reference to Section 8.7 of the CSV Operating Agreement is also unavailing. Opposition at 5. That provision simply states that managers who engage in wrongful conduct may be held liable. It says nothing about permitting one manager to bring an action on behalf of the entity without following the procedures set forth therein. The same is true of Section 8.8 as well, which exempts managers from indemnification for actions brought "by or in the right of the Company." This provision does not permit one manager to bring an action "in the right of the Company" without the consent of the other. It merely acknowledges the somewhat pedestrian fact that an action may be brought "by or in the right of the Company."

Failing to find any support in the agreements themselves, plaintiffs next turn to derivative actions in the context of an LLC. Opposition at 5-8. The effort is equally unpersuasive. Plaintiffs cite a number of cases standing for the proposition that New York courts recognize that individuals may bring actions derivatively. Opposition at 6-7. Since *Tzolis v. Wolff*, 10 N.Y.3d 100, 109 (N.Y. 2008), this has been true in the context of LLCs as well. Defendants do not dispute this. However, defendants do dispute that such an action is a matter of right regardless of what the LLC's operating agreement says. Plaintiffs gloss over an important aspect of *Tzolis*. It was judge-made law. Until *Tzolis*, there had been no ruling by the New York Court of Appeals regarding derivative actions in the context of an LLC. As the *Tzolis* Court appreciated, it was being asked to recognize derivative actions on behalf of LLCs "as to which no statutory provision for such an action exist[ed]." *Tzolis*, 10 N.Y.3d at 105. The Court of Appeals, not surprisingly, concluded that such a derivative action was permissible based upon limited partnership and corporate law. However, the *Tzolis* Court, unlike here, was not faced with operating agreements that prohibited such unilateral actions. To the contrary, in the *Tzolis* decision, the Court of Appeals explicitly noted that "the right to sue derivatively has never been

5

unfettered." *Id*. at 108.  "What limitations on the right of LLC members to sue derivatively may exist is a question not before us today.  We do not, however hold or suggest that there are none." *Id*. at 109.  The Court of Appeals was voicing concern about what has now occurred here.  In the present case before this Court, no authority exists.  Plaintiffs, in bringing an action that plainly violates the controlling operating agreements, is asking this Court to take the radical step of ruling that a member of an LLC, as a matter of right, always retains the ability to bring a derivative action on behalf of the entity irrespective of the relevant LLC operating agreement.  The contract language would be trumped by the court-made "right" to bring a derivative action.

There is no statutory authority in the LLC context in New York permitting this kind of Draconian response to contracts.  That New York law now *allows* derivative actions to be brought on behalf of an LLC does not mean that New York law now *requires* all LLCs to allow derivative actions.  *See, e.g., Nama Holdings, LLC v. Greenberg Traurig, LLP*, 907 N.Y.S.2d 102 (N.Y. Sup. Ct., N.Y. Co. 2008) (recognizing that where an operating agreement expressly prohibits a member of a Nevada limited liability company from bringing a derivative action, then that action would be properly precluded), *modified and otherwise aff'd*, 880 N.Y.S.2d 34, 35 (1st Dep't 2008) (relying on the plain meaning of the company's operating agreement).  Plaintiffs' Opposition, without any support in the case law or statutory framework, argues essentially that the members of an LLC do not have the power to enter into an operating agreement which restricts the ability of one member to bring a derivative claim on behalf of the LLC.  Thus, plaintiffs invite this Court to ignore the contract language between the parties and make a judicial leap not contemplated by statutory authority.

Accordingly, Plaintiffs' claims on behalf of the entities fail as a matter of law.

6

## II. IN ANY EVENT, DARDASHTIAN FAILED TO ADEQUATELY PLEAD DEMAND FUTILITY AND, THEREFORE, THE PURPORTED DERIVATIVE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW.

None of the Plaintiff Entities – that is, CSV, NDAP and CR LLC – belongs in this lawsuit. In addition to his failure to abide by the strictures of the operating agreements, Dardashtian also made no effort to demand from Gitman that an action be brought on behalf of the Plaintiff Entities. Nor did plaintiffs include any reference to, or allegations of, demand futility in their Complaint. Similar to his flouting of the controlling contract language, Dardashtian has again acted without constraint of procedure or law and brought an unauthorized action purportedly on behalf of the Plaintiff Entities. The failure is lethal to plaintiffs' Complaint.

Borrowing from the New York Business Corporation statute, New York law requires that a derivative action "set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." *Zacharius v. Kensington Publ. Corp.*, 984 N.Y.S.2d 635, 635 (N.Y. Sup. Ct., N.Y. Co. 2014) (quoting NY Bus. Corp. Law § 626(c)). The Court of Appeals in *Marx v. Akers*, 88 N.Y.2d 189, 200 (N.Y. 1996), further stated that "[d]emand is excused because of futility when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transactions . . . or is controlled by a self-interested director." None of those requirements is met here.

Plaintiffs' reliance on Fed. R. Civ. P. 23.1 is misplaced. That federal rule is a "procedural requirement empowering federal courts to determine from the pleadings whether the demand requirement has been met." *RCM Sec. Fund, Inc. v. Stanton*, 928 F.2d 1318, 1329 (2d Cir. 1991). The rule requires first that plaintiff "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation of association."

7

The Complaint does not demonstrate this "fair and adequate representation" to enforce the right of the entities. Indeed, it remains wholly unclear that Dardashtian somehow represents the Plaintiff Entities' interests at all vis-à-vis Gitman, other than the happenstance that Dardashtian brought this current action -- with or without authority -- on both his own behalf and purportedly on theirs. *See, e.g., Barmash v. Pearlman*, 2013 N.Y. Slip Op 32460(U) (N.Y. Sup. Ct., N.Y. Co. Oct. 11, 2013) (noting conflict of interest between a majority shareholder and corporation itself and disqualifying counsel for representing both).

Second, and more important, Fed. R. Civ. P. 23.1 requires that a plaintiff "state with particularity (A) any effort by the plaintiff to obtain the desired action … from members; and (B) the reasons for not obtaining the action or not making the effort." Plaintiffs fail on both counts. The propriety of excusing demand, or the adequacy of the demand, are both creatures of state law. *See Stoner v. Walsh*, 772 F. Supp. 790, 795 (S.D.N.Y. 1991). Under New York law, a demand needs to adequately apprise directors (or members in the case of an LLC) of the potential cause of action so that they can dispassionately discharge their duty regarding authorization of actions that "in their *considered* opinion . . . [are] in the best interests of the corporation." *Barr* v. *Wackman*, 368 N.Y.S.2d 497, 505 (N.Y. 1975) (emphasis in original). *See also Lewis* v. *Graves*, 701 F.2d 245, 247 (2d Cir. 1983) (requirement intended "'to give the derivative corporation itself the opportunity to take over a suit which was brought on its behalf in the first place, and thus to allow the directors the chance to occupy their normal status as conductors of the corporation's affairs.'") *(*quoting *Elfenbein* v. *Gulf & Western Industries, Inc.*, 590 F.2d 445, 450 (2d Cir. 1978)). Here, while it is true that plaintiffs' Complaint is lengthy and full of allegations against Gitman, these allegations do not sufficiently allege particular instances of demand with respect to the various claims. For example, Gitman's supposed "rebuffing" of

Dardashtian's demand referenced by in plaintiffs' Opposition at page 8 amounts to Gitman's negotiation regarding the sale of NDAP, a sale that Dardashtian has now agreed to and has, in fact, been completed.

Nor does the Complaint even attempt to allege demand futility. Instead, plaintiffs simply makes allegations of wrongdoing against Gitman, leaving it for the Court and the defendants to decipher whether or not plaintiffs alleged futility. This is insufficient under New York law. *See Marx*, 88 N.Y.2d at 198. For a demand to be futile, a complaint must allege "with particularity that (1) a majority of the directors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction." *Id*. None of these facts have been properly alleged in the Complaint. Therefore, plaintiffs' Complaint should be dismissed on this basis as well.

### III. PLAINTIFFS FAIL TO SEGREGATE THEIR INDIVIDUAL AND DERIVATIVE CLAIMS AND THEREFORE THE COMPLAINT SHOULD BE DISMISSED.

Plaintiffs fail to adequately segregate the individualized claims from those brought purportedly on behalf of the Plaintiff Entities. Under New York law, this failure provides another basis for dismissal. *See, e.g., Abrams v. Donati*, 66 N.Y.2d 951, 953 (N.Y. 1985) (holding that a complaint which has allegations which confuse a shareholder's derivative and individual rights will be dismissed).

Throughout most of the Complaint, plaintiffs make no distinction whatsoever between counts or allegations brought by Dardashtian individually and those purportedly brought on behalf of the Plaintiff Entities. Indeed, Counts 1-4, 7-14, and 18 all conflate Dardashtian's individual actions and purported derivative actions. This is grounds for dismissal. In *Greenberg v. Falco Constr. Corp.*, 958 N.Y.S.2d 307 (N.Y. Sup. Ct., Kings Co. 2010), for example, the

court noted that "[a]lthough a complaint may contain both derivative claims, brought on behalf of a corporation, and individual claims, the two claims must not be intermingled within the same causes of action, but instead must be pleaded separately."  In determining whether a claim is derivative or individual, "the pertinent inquiry is whether the thrust of the plaintiff's action is to vindicate his personal rights as an individual and not as a stockholder on behalf of the corporation."  *Id*. (quoting *Albany-Plattsburgh United Corp. v. Bell*, 307 A.D.2d 416, 419 (3d Dep't 2003)).  Here, the plaintiffs fail to allege adequately and with the requisite particularity the various individual and purportedly derivative claims to provide the required clarity.  *Cf. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (discussing pleading standards).

## IV.  ALL CLAIMS BELONGING TO, OR OWNED BY, THE PLAINTIFF ENTITIES SHOULD BE DISMISSED, INCLUDING ALL FEDERAL CAUSES OF ACTION.

Once the Plaintiff Entities are dismissed from this action, as is warranted under the operating agreements and/or demand futility arguments set forth above, and any remaining claims in Counts 1-4, 7-14 and 18 are dismissed on the additional grounds that plaintiffs failed to adequately plead and segregate individual and purported derivative claims, the Court should dismiss all trade secret, trade name, contract, misappropriation, conversion and proprietary/confidential information-related claims to the extent those claims belong to the Plaintiff Entities.  This is because those claims are derived from, and based upon, company ownership.  Dardashtian, individually, lacks standing to bring claims seeking those remedies.  Fed. R. Civ. P. 12(b)(6).

Trade secrets and confidential and proprietary information, for example, belong not to Dardashtian individually, but instead to the Plaintiff Entities.  This is clear from the relevant provisions in the operating agreements.  *See* CSV Operating Agreement, § 12.2(a)-(b); NDAP

Operating Agreement, § 6.5(c); and CR LLC Operating Agreement, § 12.2(a)-(b). Dardashtian has no individual claim based upon trade secrets, trade names, confidential and proprietary information, False Designation/Unfair Competition, or Computer Fraud. *See Grusd v Arccos Golf LLC*, 2014 N.Y. Misc. LEXIS 2543, at *15-21 (N.Y. Sup. Ct., N.Y. Co. June 3, 2014).

Accordingly, all of the remaining claims belonging to the Plaintiff Entities should be dismissed, including all federal claims in the Complaint.

## V. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS AND DISMISS ALL REMAINING CLAIMS.

Under Fed. R. 12(b)(1) and pursuant to 28 U.S.C. § 1367(c), the Court should dismiss the entire action for lack of federal subject matter jurisdiction. The Court should exercise its discretion and decline to assert supplemental jurisdiction over any remaining state law claims when it "has dismissed all claims over which it has original jurisdiction." In any event, the remaining state law claims all fail to meet the minimum pleading standards, and should be dismissed as a matter of law for all of the reasons stated in defendants' moving brief.

Accordingly, the Complaint should be dismissed in its entirety with prejudice.

## CONCLUSION

For all the reasons set forth above and in defendants' moving brief, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, and ChannelReply, Inc. respectfully submit that plaintiffs' Verified Complaint should be dismissed in its entirety with prejudice.

Date: August 25, 2017            DENTONS US LLP

                                 By: */s/ Brian S. Cousin*_____
                                     Brian S. Cousin, Esq.
                                     brian.cousin@dentons.com
                                     Lindsay F. Ditlow, Esq.

11

              lindsay.ditlow@dentons.com
              Mark D. Meredith, Esq.
              mark.meredith@dentons.com
              1221 Avenue of the Americas
              New York, NY  10020-1089
               (212) 768-6700
              *Attorneys for Defendants*
              *David Gitman, Accel Commerce, LLC, Dalva*
              *Ventures, LLC, and ChannelReply, Inc.*