# ARTURI, D'ARGENIO, GUAGLARDI & MELITI, L.L.P.

*Counselors at Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI
ANTHONY X. ARTURI, JR ❖
MICHAEL P. MELITI ▲

OF COUNSEL:

ANTHONY X. ARTURI
RINALDO M. D'ARGENIO ▲

WEBSITE: WWW.ADGMLAW.COM

MACK CENTRE I
365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
845-576-0600
FACSIMILE: 845-576-0601

JASON S. NUNNERMACKER ◆
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN

▲ NY & NJ BAR
❖ NY, NJ & PA BAR
◆ NJ & RI BAR

September 20, 2017

**VIA E-FILE**
Hon. James C. Francis, U.S.M.J.
United States Courthouse
Southern District of New York
500 Pearl Street,
New York, NY 10007

Re:     **Michael Dardashtian, et al. v. David Gitman, et al.**
        **17-cv-4327**

Dear Judge Francis

We have conferred with counsel for defendants, Gitman ("Gitman"), Accel Commerce, LLC ("Accel"), Dalva Ventures, LLC ("Dalva") and Channel Reply, Inc.'s ("CR, Inc.") and counsel for defendants, Jeremy Falk ("Falk") and Summit Rock Holdings, LLC ("Summit Rock") (Falk and Summit Rock are collectively referred to herein as the "Falk Defendants") in connection with the Court's request for a Joint Letter updating the Court on the status of the issues related to the referral by Judge Stanton to Your Honor on June 21, 2017.

The purpose of the referral as set forth in the June 21, 2017 Order of Judge Stanton, which June 21, 2017 Order was more fully placed on the record by Judge Stanton, was to insure completeness of defendants, Gitman, Accel, Dalva and CR, Inc.'s compliance with the Court's Orders dated June 8, 2017, June 9, 2017 and June 19, 2017 Orders.

While we conferred with counsel, and were told we would receive their proposed Joint Letter for our review, we did not receive same yesterday until after 10:00 PM. We sent them our proposed letter earlier that day and they elected not to incorporate our concerns into their letter. Additionally, counsel for Gitman added different issues in their letter than those discussed during our call. Rather than submit our letter to the Court yesterday as directed, we awaited their response.

Counsel for Gitman called me after 10:00 PM last night and I indicated to him that I would not have an opportunity to review his letter until today and that he should review my letter submitted earlier yesterday and incorporate our issues. Counsel for Gitman elected not to do so. As a result, we are submitting the issues we believe remain outstanding as same relate to the above orders.

1. <u>Channel Reply, Inc.</u>- Pursuant to the recommendation of Judge Stanton, Defendants undertook preliminary action to complete dissolution of Defendant Channel Reply, Inc., however, to the best of my knowledge, we have been provided with no proof of the actual formal dissolution of the entity;

2. <u>Channel Reply, the software solution</u>- There was a suggestion that Defendant Gitman may have taken actions to protect via trademark or otherwise the tradename "ChannelReply" in some form or another and we have not, to the best of my knowledge, received written confirmation or assurance that no action has been taken by any Defendant to protect via trademark or otherwise Plaintiffs' intellectual property, the name "ChannelReply". This is of continued concern as Defendants are not permitted to do so under the Court's order;

3. <u>Sale of NDAP; Need for Continued Restraints-</u> On July 28, 2017, Plaintiff, Michael Dardashtian ("Dardashtian") consummated the sale of NDAP, with Defendant Gitman's knowledge and consent. As a result of that sale, there became the issue of whether Defendant Summit Rock and its sole principal, Defendant Falk, would receive a commission. That side issue, that is, the negotiation of a settlement agreement between Defendants Falk and Summit Rock <u>on the one hand</u> and Plaintiffs, Dardashtian, Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and Channel Reply, LLC ("CR, LLC") (collectively "Plaintiffs") and Defendants, Gitman, Accel, Dalva and CR, Inc. (collectively "Gitman Defendants") <u>on the other hand</u>, has been the subject of multiple drafts of a settlement agreement exchanged between the Plaintiffs, the Gitman Defendants and the Falk Defendants and has led to a larger issue relating to the above orders of the Court.

The Plaintiffs and the Falk Defendants established language that was mutually acceptable and it was agreed as part of the proposed settlement agreement. However, as part of the settlement, the Falk Defendants require that Defendant Gitman execute the proposed settlement agreement. Without getting into the substance of the settlement agreement at this juncture, the settlement agreement does contain the imposition of certain restrictions and restrictive covenants on the Falk Defendants.

Defendant Gitman, who is a 50% owner of Plaintiff Companies, disagrees with certain language in the proposed settlement agreement, which language ultimately provides that ChannelReply is owned by Plaintiff CSV.

During conversation among counsel, it became clear that the reason Defendant Gitman has taken this position and seeks to eliminate this language which characterizes that the ChannelReply software is owned by Plaintiff CSV is because he intends to later argue in this matter that Defendant Konstantyn Bagaev ("Bagaev") is also a 5% owner of ChannelReply through his "sweat equity".

Bagaev was one of ChannelReply's developers who was and currently still is an independent contractor of Plaintiffs that Defendant Gitman sought to involve in misappropriating and transferring the ChannelReply intellectual property to Defendant CR, Inc. until such time as this Court restrained such activity. By Defendant Gitman asserting this position at this juncture, Defendant Gitman has clearly stated that he intends to seek to intentionally dilute both himself and Plaintiff Dardashtian's ownership interest in ChannelReply (or its owner CSV) below 50% to then attempt to seek majority control by presumably aligning himself with Defendant Bagaev

yet a second time. This is exactly what Defendant Gitman sought to do prior to the entry of the above orders of this Court in attempting, through Defendant CR, Inc. and by soliciting Defendant Bagaev, to misappropriate the Plaintiff's ChannelReply intellectual property, which is what the restraints were designed to avoid. Absent continued restraints, Defendant Gitman will have the ability do the same thing, only this time by dilution within the Plaintiff Companies, rather than through a transfer to Defendant CR, Inc. which he was recommended to vaporize by Judge Stanton.

The relevance of the foregoing is that paragraph (h) of the June 8, 2017 Order provides:

"Restraining and enjoining Defendant's Gitman, Accel…, Dalva… and/or Channel Reply, Inc., their owners, members, officers, directors, managers, employees, subcontractors, agents, transferees and representatives, from utilizing, sharing, selling, transferring, …or otherwise affecting in any manner the proprietary and/or confidential information and code that was developed by CSV's developers, Konstantyn Bagaev and Oleksii Glukarev, for the sole benefit of Plaintiff's CSV, ChannelReply and/or NDAP"

Despite this restraint, it has been made clear through our telephone conference with Defendant Gitman's counsel, regarding the issues before Your Honor that Defendant Gitman directly intends to seek to sell and/or transfer some of his ownership interest in ChannelReply, which Plaintiffs contend is owned by Plaintiff CSV, to Defendant Bagaev. Defendant Gitman is seeking to do this despite the fact that the above restraints clearly indicated that the ChannelReply code was developed by Bagaev as a *developer* for CSV and for the sole benefit of Plaintiffs.

In essence, Defendant Gitman is seeking to undermine the above settlement which was the product of substantial negotiation between the Plaintiffs and the Falk Defendants, and which has resulted in a compromise to Plaintiffs, in order to further his strategy to create yet another dispute within this litigation as to the ownership of the ChannelReply intellectual property. These strategic arguments are being advanced by Defendant Gitman through his counsel even though counsel for Gitman (1) does not represent Defendant Bagaev and (2) despite the fact that Defendant Gitman is only diluted under 50% by his own argument.

This Court has not been requested to rule upon the distribution of any monies resulting from the NDAP sale and there is no basis for Defendant Gitman's request for same.

4. Continued Removal of Gitman as Manager-

For all of the reasons placed on the record by Judge Ramos and Judge Stanton, the Court took the measure of removing Gitman as a manager of Plaintiff Companies. The reasons are various and include but are not limited to outright misappropriation, theft of computer data and locking out Plaintiff Dardashtian from virtually every one of Plaintiff Companies' accounts. Even after the removal, Defendant Gitman attempted to interfere with Plaintiff Companies' business operation. Only since the removal and Plaintiff Dardashtian's management along with the companies accountant as a co-manager has the Plaintiff Companies operated smoothly. Defendant Gitman's intentions are clear, even as set forth in paragraph number 3 above, that he will seek to continue to attempt to undermine the Plaintiffs and create interference if given the opportunity. Plaintiffs object to Defendant Gitman being reinserted as a manager of Plaintiff Companies, especially in light of his failure to act in the best interests of the Plaintiff Companies.

There is no basis whatsoever for his being permitted to do so. The only reason there have been minimal complaints thus far by Plaintiff about Defendant Gitman is due to the extraordinary measures taken by Plaintiff and granted by this Court to compel his removal and compliance with this Court's orders after numerous violations.

Based upon the foregoing, the restraints imposed by the Court should remain in effect until such time as Defendant Gitman complies and/or redresses the issues identified above.

Respectfully Submitted,

**ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP**

Barry S. Guaglardi, Esq.

BSG:st

Cc:     Lindsay Ditlow, Esq. (via E-File)
        Brian Cousin, Esq. (via E-File)
        Mark D. Meredith, Esq. (via E-File)
        Edward P. Gilbert, Esq. (via E-File)