# MorrisonCohen LLP

Edward P. Gilbert
Partner
(212) 735-8675
egilbert@morrisoncohen.com

November 15, 2017

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    <u>Dardashtian v. Gitman, *et al.*, Case No. 17 Civ 04327</u>

Dear Magistrate Judge Lehrburger:

      This Firm represents defendants Jeremy Falk and Summit Rock Holdings, LLC ("Summit Rock") in the above-referenced action. I write to request the Court's assistance to address the only remaining outstanding issue relating to my clients' continued involvement in this action. As explained more fully below, my clients have executed a settlement agreement with plaintiffs; however, in order to consummate the settlement agreement, one remaining issue needs to be documented between plaintiffs and the remaining defendants concerning ownership of one of the plaintiff entities, Cooper Square Ventures, LLC ("CSV"). Despite plaintiffs' counsel's assurance to Magistrate Judge Francis on two separate occasions that this issue would be concluded more than a month ago, this issue has not been finalized in a document.

### RELEVANT BACKGROUND

      Plaintiff Michael Dardashtian ("Dardashtian") commenced this action individually and on behalf of plaintiffs CSV, NDAP, LLC ("NDAP") and Channel Reply, LLC ("CR LLC") on June 8, 2017. Plaintiffs' 19-count complaint alleges an array of claims against defendants David Gitman ("Gitman"), Accel Commerce, LLC, Dalva Ventures, LLC, Konstantyn Bagaiev, Olekskii Glukharev and Channel Reply, Inc. At its core, this case is about a dispute between Dardashtian and Gitman concerning their respective ownership interests in plaintiffs CSV, NDAP and CR LLC.

      The alleged claims against my clients are much narrower and arise from a Services Agreement, dated March 3, 2017, by which Summit Rock, a limited liability company for which Mr. Falk is the sole member, was to provide financial and transaction-related consulting services to CSV and NDAP in connection with the proposed sale of NDAP and/or NDAP's assets. Pursuant to the Services Agreement, Summit Rock was to be paid a fee of $110,000 plus a percentage of the purchase price should the proposed sale of NDAP closed. In their Complaint, Plaintiffs allege that, *inter alia*, Falk and Summit Rock breached their fiduciary duties to CSV by forming a competing business that used CSV's resources and proprietary information. My clients deny these allegations.

### THE SETTLEMENT AND MAGISTRATE FRANCIS' INVOLVEMENT

      After lengthy negotiations, in August 2017, my clients and plaintiffs agreed to the terms of a settlement that released my clients from this action. Because Messrs. Dardashtian and Gitman

Hon. Robert W. Lehrburger
November 15, 2017
Page 2

dispute their respective ownerships interests in the plaintiff entities,[1] Mr. Falk and Summit Rock demanded that both Dardashtian and Gitman execute the settlement agreement on behalf of plaintiffs and the settlement agreement was drafted in accord with that demand. The settlement agreement was executed by Mr. Falk, individually and on behalf of Summit Rock, and Mr. Dardashtian, on behalf of plaintiffs, on August 29, 2017 and August 30, 2017, respectively.

However, the settlement agreement still has not been executed by Mr. Gitman on behalf of the plaintiff entities. In September 2017, the parties appeared before Magistrate Judge Francis at his request to discuss, among other things, overall settlement of the entire dispute as well as plaintiffs' settlement with Mr. Falk and Summit Rock. During that conference before Magistrate Judge Francis, the side issue relating to the ownership of CSV was raised by Mr. Gitman. Mr. Gitman's counsel presented two options to resolve the ownership dispute holding up the settlement agreement with my clients: (1) modify the settlement agreement (with a simple one sentence revision in a whereas clause); or (2) execute a side letter/agreement by which Mr. Gitman would reserve his right to later challenge the ownership of CSV.

On a subsequent October 2017 conference call with Magistrate Judge Francis, plaintiffs' counsel stated that completing the settlement agreement would not be an issue and further stated that plaintiffs' settlement with Mr. Falk and Summit Rock would be dealt with expeditiously.

On Friday, October 20, 2017, plaintiffs' counsel told me that he was drafting a side letter to resolve the ownership issue between Gitman and Dardashtian. He asked that my clients remain patient and stated that he would circulate a draft of the proposed side letter agreement by the end of the following week or October 27, 2017. Since that date, not only has a side letter agreement not been circulated, but plaintiffs' counsel has failed to respond to numerous inquiries made me by (via email and telephone) to resolve this outstanding issue. Moreover, Mr. Gitman's counsel has informed me that they have not received any drafts from plaintiffs' counsel.

I respectfully ask Your Honor to intervene in an effort to conclude the issue of settlement for my clients. As noted above, Magistrate Judge Francis was previously assured that this final issue surrounding my clients' settlement would be concluded expeditiously. I believe that a telephone conference with the Court would help bring the parties closer to documenting and finalizing the remaining issue with respect to settlement.

Respectfully submitted,

*Edward P. Gilbert*

Edward P. Gilbert

cc:   All counsel via ECF

---

[1] Plaintiff Dardashtian alleges that the corporate plaintiffs are owned by Mr. Dardashtian and Mr. Gitman equally -- a 50/50 split. However, my understanding is that Mr. Gitman disagrees and alleges the ownership interests are not 50/50.