# ARTURI, D'ARGENIO, GUAGLARDI & MELITI, L.L.P.

*Counselors at Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

OF COUNSEL:
ANTHONY X. ARTURI, JR. ✢
RINALDO M. D'ARGENIO ▲
ANTHONY X. ARTURI

WEBSITE:
WWW.ADGMLAW.COM

MACK CENTRE I
365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN •

• NJ BAR
▲ NJ & NY BAR
✢ NJ, NY & PA BAR
♦ NJ & RI BAR

February 2, 2018

**VIA E-FILE**
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
      **17-cv-4327**

Dear Judge Lehrburger:

The undersigned represents the Plaintiffs in the above matter. We write to respectfully request an adjournment of the settlement conference, presently scheduled for February 12, 2018. We further write regarding the designation of certain materials produced by Defendants' counsel marked as confidential, which we believe should be de-designated for purposes of discovery.

**Settlement Conference**

Following the parties' telephone conference with Your Honor on December 7, 2017, it was agreed to that Defendants would produce all such documentation that Defendants' will rely upon at trial so that we may review same *at least* two weeks prior to the settlement conference scheduled on February 12th. The purpose was to allow Plaintiffs to review Defendants discovery and at minimum, documents which tend to support their claims and defenses for purposes of having a more meaningful settlement conference than our prior conference previously held before Judge Francis.

On January 3, 2017, not having received any documents, we reiterated our request for all documents that Defendants' intend to rely upon at trial so that we may review same before the settlement conference.

On January 25, 2018, we received 486 pages from Defendants' purported to be those documents which support Defendants' counterclaims. Upon review of those documents, which comprised primarily of tax returns that Plaintiffs' already have, it appears that nothing contained therein would assist our client in changing his settlement position that he had when we last appeared

1

before Judge Francis. The documents produced also do not appear to substantiate most, if not all, of Defendants' defenses and counterclaims in this action.

On January 31, 2018, we inquired with Defendants whether the foregoing documents are all documents in Defendants' possession, custody and/or control to support Defendants claims and defenses in this action. We further outlined multiple allegations contained in Defendants' pleadings which we do not believe were supported by any of the documents contained in Defendants' January 25th production. We have not yet received a response to our inquiry.

Unless we receive additional documents from Defendants, or confirmation that no further documents exist, we will not be in a position to engage in a meaningful settlement discussion by February 12th. Should Defendants produce additional documentation in advance of the settlement conference, we will need additional time to review same.

We respectfully request that this matter be re-scheduled to a later date in February, early March, so that we can better assess our client's position for purposes of engaging in a productive settlement conference. It is our goal to engage in a good faith and meaningful settlement conference and be respectful of Your Honor's time.

Further, in the event Your Honor determines to proceed with the settlement conference on February 12th, it is respectfully requested that our client, Michael Dardashtian be permitted to appear, as needed, by telephone during the course of the conference.

**Documents Designated Confidential**

All of the 486 pages produced by Defendants were marked "Confidential-For Settlement Purposes Only" which we do not believe comports with the federal rules. While such documents were produced by Defendants strictly for purposes of the settlement conference, most of the discovery produced does not appear to contain any confidential information. Though this matter does involve Plaintiff companies' confidential and proprietary information, we do not believe Defendants' production should be precluded for discoverable purposes during the course of this litigation, especially before the parties have agreed to a discovery protocol, confidentiality agreement or upon entry of a protective order. Defendants should at minimum identify those documents which they believe in good faith warrant such confidentiality, as opposed to restricting the use of *all* produced documents in conclusory fashion.

On January 31, 2018, we inquired with Defendants as to the reason for marking each of the 486 documents confidential and requested to de-designate such materials, or for Defendants to provide a reason for the designation. We have not yet received a response.

For these reasons, we respectfully request permission to address the foregoing with Your Honor under seal to determine whether such confidentiality designations are appropriate should we not receive a response by Defendants in the immediate future. With Your Honor's permission, we will address the underlying reasons we believe the documents should be de-designated by way of that separate transmittal.

Thank you for Your Honor's courtesies and consideration of this matter.

                                  Respectfully Submitted,
            ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP

                                      Barry S. Guaglardi, Esq.

Cc:    Lindsay Ditlow, Esq. (via ECF)
        Brian Cousin, Esq. (via ECF)