大成 **DENTONS**

**Mark D. Meredith**
Senior Attorney

mark.meredith@dentons.com
D   +1 2127686852

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

April 19, 2018

VIA E-MAIL (Lehrburger_NYSDChambers@nysd.uscourts.gov)

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:  Dardashtian, et al. v. Gitman, et al., Case No.:  17-cv-4327 (LLS)(RWL)**

Dear Judge Lehrburger:

We represent Defendants David Gitman ("Gitman"), Accel Commerce, LLC ("Accel"), Dalva Ventures, LLC ("Dalva"), and ChannelReply, Inc. ("CR Inc.") (collectively, the "Defendants").  Gitman, both individually and on behalf of Cooper Square Ventures, LLC ("CSV") and NDAP, LLC ("NDAP"), also has counterclaims against plaintiff/counterclaim defendant Michael Dardashtian ("Dardashtian").  We write in response to Defendants' correspondence earlier today.  First, we continue to believe that the May 9th Settlement Conference can be a productive meeting and oppose any further delay.  Second, the parties exchanged discovery responses and objections, by agreement, on April 6, 2018.  It is not accurate to suggest or imply that Plaintiffs and Counterclaim Defendant produced responses or objections in a timely fashion and Defendants somehow failed to do the same.  Plaintiffs and Counterclaim Defendant received our client's discovery responses and objections within the same hour of serving theirs.  Third, we received Plaintiffs' documents, marked Attorney's Eyes Only, by UPS overnight delivery this morning, with a cover letter dated April 18.  Counsel's correspondence suggests that they were served "on or about" April 17th, but this Court should be aware that we have not had any opportunity to review the documents that were produced this late morning.  Moreover, we note that these documents were produced prior to any agreement concerning a protective order that will govern production of discovery materials.

Fourth, after having spoken with Plaintiffs' counsel earlier today, we may be willing to begin producing documents on a rolling basis on the same "Attorney's Eyes Only" basis that Plaintiffs have adopted until a protective order can be negotiated and Ordered by the Court.  Subject to our client's approval, we should be able to review and produce documents as early as Monday, giving Plaintiffs' counsel ample time to review documents prior to the May 9th Settlement Conference.  Given this timing, we see no reason for any delay.  We are willing to try to accelerate production in a good faith effort to participate in a meaningful and productive Settlement Conference with the Court. We believe that Plaintiffs already have nearly all documents relating to a valuation of the Company in their custody or control, and that would be required for any kind of protocol on accounting, but nevertheless are willing to produce our client's documents, subject to our client's approval.  We consider it unusual to produce documents before a protective order is in place or before Electronically Stored Information ("ESI") search terms are agreed upon, but recognize that counsel for Plaintiffs has stated that his clients need documents to assess settlement.   Plaintiffs have taken the equally unusual position very recently that they require production of documents from our clients prior to agreeing to ESI search terms.  Again, while we view this as an usual position to take, we appreciate Plaintiffs' position that they feel the need to exchange some documents prior to May 9th for settlement purposes.

大成 **DENTONS**

Hon. Lehrburger
April 19, 2018
Page 2

大成 Salans FMC SNR Denton McKenna Long
dentons com

We are also prepared to provide the Court with our proposed protocol for an accounting valuation, which we have discussed briefly with Plaintiffs' counsel. The parties have not yet come to an agreement on the protocol, however. Nonetheless, we will provide the Court with our suggested protocol as per the Court's directive.

Regarding a conference call, we would welcome the opportunity to speak with the Court to the extent the Court would find it helpful. While Mr. Cousin and Ms. Ditlow are out of town tomorrow at meetings, they may well be available for a conference call Friday. We are also available early next week at the Court's convenience.

Respectfully submitted,

Brian S. Cousin
Lindsay F. Ditlow
Mark D. Meredith

107179805\V-2