大成 DENTONS

Lindsay F. Ditlow
Counsel

Lindsay.ditlow@dentons.com
D +1 212 398-5782

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

大成 Salans FMC SNR Denton McKenna Long
dentons.com

March 7, 2019

<u>VIA ECF</u>

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Dardashtian, et al. v. Gitman, et al., Case No.: 17-cv-4327 (LLS)(RWL)**

Dear Judge Lehrburger:

    We represent defendant David Gitman ("Gitman") in the above-referenced matter. We write in response to the letter submitted on behalf of plaintiff Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply LLC ("CR") (together, the "Companies") on March 4, 2019 (the "Letter"), and in accordance with the Court's Order of March 5, 2019, to address Dardashtian's letter motion to compel Gitman to cooperate with and authorize a release of CR funds for payment of $100,000 in legal fees to Guaglardi & Meliti, LLP and payment of $100,000 in legal fees to Dentons US LLP. For the reasons set forth below, Gitman does not believe he is in a position to authorize this release of funds and, therefore, takes no position with respect thereto.

    Since Judge Stanton's Order of June 19, 2017, Gitman has been removed as a manager of the Companies. In removing Gitman as a manager of the Companies, Judge Stanton stripped Gitman of any day-to-day responsibilities for the Companies and replaced him with Joel Liebman, C.P.A., who also functions as the Companies' accountant. As Gitman is no longer a manager of the Companies, and has not been asked and/or required to approve any company expense since June 19, 2017, Gitman does not believe his approval of Dardashtian's current request for the payment of legal fees is necessary and, therefore, he takes no position on this issue. Moreover, Mr. Liebman is a long-time family friend of the Dardashtian family and Gitman has reason to believe that Mr. Liebman favors Dardashtian's interest over his in connection with the Companies. Therefore, at this time, and until Gitman is either reinstated as a manager, or a neutral manager is in place, Gitman is unable to gauge the Companies' operations, profitability, and, in turn, the appropriateness of Dardashtian's request for the release of $200,000.

    Additionally, as set forth in detail in the counterclaims filed against Dardashtian in this matter, Gitman believes Dardashtian has improperly taken numerous distributions and personal expenses against the Companies while Gitman went unpaid for the work he did to build and operate CR for years. Accordingly, Gitman maintains that until an accounting is completed and Dardashtian pays back any expenses and distributions that were made to him, which are determined to be improper, the

大成 DENTONS

Hon. Robert W. Lehrburger, U.S.M.J.
March 7, 2019
Page 2

大成 Salans FMC SNR Denton McKenna Long
dentons.com

appropriateness of Dardashtian's request for the release of funds cannot be fully considered by Gitman. Furthermore, as set forth in the counterclaims, Gitman believes Dardashtian breached his duty of loyalty and fiduciary duties to the Companies and, therefore, the Companies should not pay any portion of Dardashtian's personal legal expenses.

Moreover, the Letter includes a false statement with regards to Gitman's alleged bad faith delay in responding to Dardashtian's request. There has been no bad faith or unreasonable delay by Gitman. In order to understand the tax implications and ensure that the procedure being proposed by Mr. Liebman was proper, it was necessary for Gitman to communicate with Mr. Liebman. However, prior attempts by Gitman to communicate with Mr. Liebman were met with resistance. Indeed, it was only last week that Dardashtian's counsel coordinated a discussion between Gitman's counsel and Mr. Liebman.

Based on the foregoing, and because Gitman is no longer a manager and, therefore, does not believe he is in a position to approve the proposed payment of legal expenses, Gitman does not believe he is in a position to authorize this release of funds to counsel and, therefore, takes no position. Accordingly, Gitman expressly reserves and does not waive any of his rights in connection with this request.

Respectfully submitted,

*Lindsay F. Ditlow /Kao*

Brian S. Cousin
Lindsay F. Ditlow