USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/19

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

MICHAEL DARDASHTIAN, individually and on
behalf of COOPER SQUARE VENTURES, LLC
NDAP, LLC and CHANNEL REPLY, LLC

        Plaintiffs,

-against-

DAVID GITMAN, JEREMY FALK, SUMMIT
ROCK HOLDINGS, LLC, ACCEL
COMMERCE, LLC, DALVA VENTURES, LLC,
KONSTANTYN BAGAIEV, OLESKSII
GLUKHAREV and CHANNELREPLY, INC.

        Defendants.

Case No. 17 CV 4327 (LLS) (RWL)

DAVID GITMAN, individually, and on behalf of
COOPER SQUARE VENTURES, LLC, and
NDAP, LLC

        Counterclaim Plaintiffs,

-against-

MICHAEL DARDASHTIAN

        Counterclaim Defendant.

## DISCOVERY CONFIDENTIALITY ORDER BY CONSENT

WHEREAS, Plaintiffs and Counterclaim Defendant Michael Dardashtian ("Dardashtian"), Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and Channel Reply, LLC ("CR LLC") (CSV, NDAP and CR LLC are collectively "Plaintiff Companies")(Dardashtian and Plaintiff Companies are collectively, "Plaintiffs") and Defendants David Gitman ("Gitman"), Accel Commerce, LLC ("Accel"), Dalva Ventures, LLC ("Dalva"),

and Channel Reply, Inc. ("CR Inc.") (collectively, the "Defendants") have each been requested to respond to discovery requests; and

WHEREAS, it appearing that discovery in the above-captioned action (the "Litigation") is likely to involve the disclosure of confidential, proprietary and/or trade secret information, it is ORDERED as follows:

1.  This Discovery Confidentiality Order by Consent (the "Confidentiality Order") governs the use and handling of documents, things, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity in this Litigation.

2.  Any party to this Litigation and any third-party covered by this Order shall have the right to designate as "Confidential" and subject to this Order, any Material: (a) that contains trade secrets, codes, source codes, software programs, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, including information reasonably believed to be confidential, proprietary and/or a trade secret; or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under the FRCP and this Confidentiality Order. Any party to this Litigation or any third party covered by this Order, who produces or discloses any confidential material, including any material believed to be confidential, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). In the event that a

party seeks to designate documents or things as "Confidential", they shall note that in the covering transmittal of such information.

3. Any party to this Litigation and third-party covered by this Order shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order, any Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this Litigation or third party who is covered by this Order, who produces or discloses any "Attorneys' Eyes Only" Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). In the event that a party or third party seeks to designate documents or things as "Attorney's Eyes Only", they shall note that in the covering transmittal of such information.

4. All "Confidential" Material shall be used by the receiving party solely for purposes of the prosecution or defense of this Litigation, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of "Confidential" material, provided that such advice and opinions shall not reveal the content of such "Confidential" material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. "Confidential" Material and the contents of "Confidential" Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel and staff (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement agreeing to be bound by the terms of this Order;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing in (a) and/or (b);

   d. The Court and court personnel;

   e. Any deponent may be shown or examined on any information, document or thing designated "Confidential" if (i) it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, if counsel showing or examining on the information, document or thing designated as "Confidential" has a good faith basis to believe one of the above-listed conditions applies, or if the producing party consents to such disclosure; (ii) in addition, the deponent may be requested to sign the attached Certification of Confidentiality, and, if executed, may be shown the "Confidential" material; (iii) if a controversy arises, and the parties and their counsel are unable to resolve the dispute after a meet and confer, then the parties agree to follow the procedures set forth in Paragraph 10(b) below.

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation

support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives and employees who are required to participate in decisions with reference to this lawsuit or otherwise required to provide testimony.

6. "Confidential" Material shall be used only by individuals permitted access to it under Paragraph 5. "Confidential" Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of "Confidential" material of a party to this action, such party shall have until twenty (20) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "Confidential", which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f) and (g) above and the deponent during these twenty (20) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f) and (g) above during said twenty (20) days. Upon being informed that certain portions of a deposition are to be designated as "Confidential", all parties shall immediately cause each copy of the

transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

8. Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court. Any deponent may be shown or examined on any information, document or thing designated as "Attorney's Eyes Only" if it appears the witness authored or received a copy of it, or if agreed upon in writing between counsel for both parties;

9. If counsel for a party receiving documents or information designated as "Confidential" or "Attorneys' Eyes Only" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    (a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The objecting and producing party shall confer in good faith to resolve any such dispute. If the parties are unable to resolve the dispute, the objecting party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the designating party.

    (b) If a dispute as to a "Confidential" or "Attorneys' Eyes Only" designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall carry the burden of demonstrating the basis for such designation. A challenge to the designation shall follow the procedures set forth in the applicable Local, Federal and Judge's Individual Rules.

The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute, including filing the documents or information under seal, as appropriate.

10. All requests to seal documents filed with the Court shall comply with the FRCP, and the parties hereto hereby jointly request that all material marked "Confidential" and/or "Attorney's Eyes Only" be sealed from the public record, and will make application to the Court for such relief. No party shall file "Confidential" or "Attorney's Eyes Only" documents or things on the Court Docket unless ordered to do so by the Court.

11. If the need arises during trial or at any hearing before the Court for any party to disclose "Confidential" or "Attorneys' Eyes Only" Material, it may do so only after giving notice to the producing party and as directed by the Court.

12. To the extent consistent with applicable law, the inadvertent, unintentional or mistaken disclosure of "Confidential" and/or "Attorney's Eyes Only" material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent, unintentional or mistaken disclosure may be rectified by notifying, in writing, counsel for all parties to whom the "Confidential" and/or "Attorney's Eyes Only" material was disclosed that the material should have been designated "Confidential" and/or "Attorney's Eyes Only" within a reasonable time after such inadvertent or unintentional disclosure. Such notice shall constitute a designation of the information, document or thing as "Confidential" and/or "Attorney's Eyes Only" under this Discovery Confidentiality Order. In a deposition or at trial,

there is a presumption that counsel is acting in good faith. If any attorney for a party in this Litigation inadvertently, unintentionally or mistakenly violates this Confidentiality Order, and such violation is noticed by opposing counsel, the opposing counsel agrees to promptly notify the attorney committing the violation and provide a reasonable opportunity to cure the violation to the extent reasonably curable.

13. When the inadvertent, unintentional or mistaken disclosure of any Material protected by privilege or work-product immunity or other applicable privilege or protection is discovered by the producing party and brought to the attention of the receiving party, the receiving party shall return the Material to the producing party or destroy or delete the Material, on the request of the producing party. The receiving party shall take all reasonable steps to delete or otherwise permanently remove the Materials from any systems used to house documents, including document review databases, e-rooms, or any other locations that store the document. The receiving party may make no use of the inadvertently disclosed Material in this Litigation or any other matter, or disclose the Material's contents to anyone who was not already aware of its contents. Such inadvertent, unintentional or mistaken disclosure of such Material protected by privilege or work-product protection or other applicable privilege or protection shall not by itself constitute a waiver by the producing party of any claims of privilege, work product protection or other protection.. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent, unintentional or mistaken disclosure This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source

other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be "Confidential" material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless and until modified by an Order of this Court or by the written stipulation of the parties filed with the Court. The Court expressly retains jurisdiction of this action for enforcement of the provisions of this Confidentiality Order following the final resolution of this Litigation.

17. Upon final conclusion of this litigation, within sixty (60) days after the final termination of this Litigation, including appeals, each party or other individual subject to the terms hereof shall use reasonable efforts to either return to the originating source all originals and unmarked copies of documents and things containing "Confidential" and/or "Attorney's Eyes Only" Material or to destroy such "Attorney's Eyes Only" and/or "Confidential" Material and certify that fact.; provided, however, that counsel may retain complete copies of all deposition and trial transcripts and pleadings including any exhibits attached thereto, correspondence, expert reports and attorney work product that contain or refer to "Attorney's Eyes Only" and/or "Confidential" Material for archival purposes, subject to the provisions of this Discovery Confidentiality Order which shall survive the final disposition of this Litigation. To the extent a party requests the return of "Confidential" and/or "Attorney's Eyes Only" Material

from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief. Nothing herein shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

18. Nothing in this Order shall affect a party's use or disclosure of its own documents in any way. The use by a party of its own "Confidential" or "Attorney's Eyes Only" documents as part of the confidential proceedings among the parties or party depositions does not alter the confidentiality of the documents in question with respect to third parties.

SO ORDERED:

Dated: New York, New York
~~May, 2018~~, September 11, 2019

_____
Honorable Robert W. Lehrburger, U.S.M.J.

APPROVED AS TO FORM AND ENTRY:

| ARTURI, D'ARGENIO, GUAGLARDI & MELITI, LLP | DENTONS US LLP |
|---|---|
| Attorneys for Plaintiffs | Attorneys for Defendants |
| Barry S. Guaglardi, Esq. Evan Ostrer, Esq | Brian S. Cousin, Esq. |
| Mack Centre 1 | Mark D. Meredith, Esq. |
| 365 W. Passaic Street, Suite 130 | 1221 Avenue of the Americas |
| Rochelle Park, New Jersey 07662 | New York, New York 10020 |
| (201) 947-4100 | (212) 768-6700 |
| bguaglardi@adgmlaw.com | mark.meredith@dentons.com |

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNEL REPLY, LLC<br><br>Plaintiffs,<br><br>-against-<br><br>DAVID GITMAN, JEREMY FALK, SUMMIT ROCK HOLDINGS, LLC, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKSII GLUKHAREV and CHANNELREPLY, INC.<br><br>Defendants.<br><br>DAVID GITMAN, individually, and on behalf of COOPER SQUARE VENTURES, LLC, and NDAP, LLC<br>Counterclaim Plaintiffs,<br><br>-against-<br><br>MICHAEL DARDASHTIAN<br><br>Counterclaim Defendant. | Case No. 17 CV 4327 (LLS) (RWL) |

## CERTIFICATION OF CONFIDENTIALITY

I hereby certify my understanding that Material designated "Confidential" or "Attorney's Eyes Only" is being provided to me pursuant to the terms and restrictions of the attached Discovery Confidentiality Order by Consent in this action by the United States District Court for the Southern District of New York, on May ____, 2018 (the "Order"). I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction

of the United States District Court for the Southern District of New York for the purposes of enforcement of this Order.

Dated: _____     Signature: _____

Name: _____