# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9087
BGUAGLARDI@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. DANIELE ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

October 12, 2019

**VIA EMAIL (Lehrburger_NYSDChambers@nysd.uscourts.gov)**
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re: **Michael Dardashtian, et al. v. David Gitman, et al.**
**17-cv-4327**

Dear Judge Lehrburger:

Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies"). We write in response to Dentons' Motion to Withdraw as counsel for the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC and Channel Reply, Inc. (hereinafter "Defendants" or "Defendant Companies") which was filed on September 27, 2019 ("Dentons' Motion").

Plaintiffs do not oppose Dentons' Motion, however, in the event that the Court is inclined to grant Denton's requested relief, we respectfully request that the Court require that Dentons meet certain conditions prior to its withdrawal. See Mario Valente Collezioni, Ltd. v. Semeraro, 2004 U.S. Dist. LEXIS 8274 at 3 (S.D.N.Y. 2004) ("[A] court may establish conditions before permitting withdrawal" quoting Oscar de la Renta, Ltd. v. Strelitz, Ltd., 1993 U.S. Dist. LEXIS 7572 (S.D.N.Y. 1993).

1

We have recently been made aware that certain discovery may be within Dentons' custody and control, as briefly described below, which should be produced by Dentons to counsel for Plaintiffs, prior to Dentons withdrawal as counsel for Defendants, as the absence of such production by Dentons may have a material adverse effect on and may otherwise delay this proceeding after such withdrawal.

One of Plaintiff ChannelReply's foreign developers, Konstantyn Bagaiev ("Bagaiev"), recently produced to Plaintiff Dardashtian text messages via Skype, sent by and between Mr. Bagaiev and Mr. Gitman, one page of which is attached to this letter. These communications, not produced by Mr. Gitman in accordance with his discovery obligations, demonstrate that Mr. Gitman, while a 50% owner of the Plaintiff Companies, induced Mr. Bagaiev and, upon information and belief, the Plaintiff Companies' other developer, Oleskii Glukharev, to resign from the Plaintiff Companies as the lead and assistant developers. Mr. Gitman was formerly a co-manager of Plaintiff Companies with Plaintiff Dardashtian until the Court removed Mr. Gitman from such status.

These written communications reveal that Dentons may have known about and/or participated in the drafting/editing of Mr. Bagaiev's, and possibly Mr. Glukharev's resignation letters as did Mr. Gitman. These actions set forth in this Skype conversation were undertaken by Mr. Gitman during the course of this litigation during the time that Mr. Gitman maintained a 50% ownership interest in the Plaintiff Companies, and therefore were in breach of his fiduciary duties to the Plaintiffs. Therefore, such written communications exchanged between Mr. Gitman and Mr. Bagaiev, and which also may involve Mr. Glukharev and Dentons should not be deemed attorney client privileged communications and should be produced, to the extent they exist, particularly when they may involve Mr. Gitman conspiring to injure Plaintiffs.

Mr. Bagaiev's and Mr. Glukharev's abrupt resignations left the Plaintiff Companies without a developer to monitor ChannelReply and forced ChannelReply to hire replacement developers from a United States-based company, at a significantly higher cost. While Plaintiff Dardashtian was ultimately successful in re-negotiating Mr. Bagaiev's return to work (Mr. Glukharev did not return) for Plaintiff Companies, for weeks, the Plaintiff Companies were subject to substantial increased costs associated with the replacement developer familiarizing itself with the ChannelReply software. The Plaintiff Companies were also placed at risk during this time until Plaintiff Dardashtian secured the replacement developer. This discovery is highly material to Plaintiffs' breach of fiduciary duty claims against Mr. Gitman and to certain damages incurred by Plaintiff Companies as a result of Mr. Gitman's actions.

As Defendant Gitman has not produced such discovery (eg. certain communications between him and either of the developers) to date, and the specific documents (eg. the resignations letters, all drafts and communications concerning same) in issue may have been drafted, edited and/or discussed by Dentons with Mr. Gitman, it is respectfully requested that Dentons be required to produce all discovery in Dentons' possession. Such discovery should include all drafts and all written and electronic communications, including those with Mr.

Gitman and/or the developers, relating specifically to Dentons' knowledge concerning the resignation letters for Mr. Bagaiev and/or Mr. Glukharev, as a condition of the Court granting Dentons' Motion.

Providing this discovery as a condition of Denton's withdrawal may obviate the need for future motion practice in seeking to obtain such information, and the resulting prejudice to Plaintiffs if the discovery is not produced.

Thank you for Your Honor's consideration of this request.

Respectfully Submitted,<br>
**GUAGLIARDI & MELITI, LLP**<br><br>
Barry S. Guaglardi

Cc: Brian S. Cousin, Esq.
    Lindsay F. Ditlow, Esq.

3

# David Gitman

Last seen days ago | Gallery | Find

Skype | SMS

Skype [2]

**Tuesday, June 20, 2017**

4:36 PM
Aleksey shraed his documetn with you

42.6 KB
File
This file is no longer available for download.
Learn more

David, 4:39 PM ☺
One moemtn

David, 5:09 PM
Can you review this? https://docs.google.com/document/d/1dkw6F1RpEM9n6A7Jfb2Oioie-IAfnSbWMp9DzKkB_XI/edit

5:11 PM
Not sure what can I add or change. Probably you should show this to dentons

David, 5:11 PM ☺
Of course

David, 8:14 PM
If you make a Google doc and share it with me I'll be happy to help edit it ☺

David, 10:37 PM
Lindsay asked me to send you an email to send mike the resignation letter ☺

**Wednesday, June 21, 2017**

12:44 AM
I need to send email to Mike?

David, 12:45 AM ☺
Yes.

The lawyers want it to come from you not them. Otherwise Mike might argue that we are conspiring ☺

**Thursday, June 22, 2017**

5:21 PM
Call 35s

5:30 PM
Call 8m 30s

Saturday, June 24, 2017