# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

| | | |
|---|---|---|
| BARRY S. GUAGLARDI ▲<br>MICHAEL P. MELITI ▲ | 365 WEST PASSAIC STREET, SUITE 130<br>ROCHELLE PARK, NJ 07662<br>TELEPHONE: 201-947-4100<br>FACSIMILE: 201-947-1010<br>FACSIMILE: 201-843-5302<br><br>111 MAIN STREET<br>P.O. BOX 509<br>CHESTER, NY 10918<br>TELEPHONE: 845-576-0600<br>FACSIMILE: 845-576-0601<br><br>DIRECT DIAL: 201-374-9092<br>EOSTRER@ADGMLAW.COM<br>WEBSITE: WWW.ADGMLAW.COM | JASON S. NUNNERMACKER ♦<br>FRANCES OLIVERI ▲<br>KRISTEN E. DANIELE ▲<br>EVAN A. OSTRER ▲<br>MYLES M. MISSIRIAN ♦<br><br>♦  NJ BAR<br>▲  NJ & NY BAR |

November 22, 2019

**VIA EMAIL (Lehrburger_NYSDChambers@nysd.uscourts.gov)**
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
      **17-cv-4327**

Dear Judge Lehrburger:

Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies"). We write with respect to Your Honor's Order of October 24, 2019, finding that Dentons will be deemed withdrawn from this action effective November 23rd, upon Dentons compliance with certain conditions imposed by Your Honor by no later than November 22, 2019. (See Dkt. 117).

Yesterday, we were provided with a Certification of Edward J. Reich, Esq., counsel for Dentons, in connection with Dentons' motion to withdraw ("Dentons' Certification"). A copy of Dentons' Certication dated November 20, 2019 is annexed hereto as **Exhibit A**.[1]

By Order dated October 24, 2019, Your Honor made clear that Dentons' motion to withdraw is granted subject to producing to Plaintiffs "additional responsive discovery that it has

---

[1] Dentons' Certification was sent to Plaintiffs via email but was not filed with the Court. Given Your Honor's deadline of today, the infirmities contained in Dentons' Certification is accordingly addressed herein.

1

in its possession and a certification that it has produced all responsive discovery in its possession." (See Dkt. 117) It is respectfully submitted that Dentons' Certification is insufficient and not in compliance with Your Honor's Order.

Since Your Honor's Order, Dentons has not produced any further discovery. Dentons' Certification lacks an explanation as to why outstanding e-discovery cannot be produced, or a certification as to why outstanding e-discovery no longer exists, or a certification that the outstanding e-discovery does not exist. Dentons' Certification does not certify whether Dentons took any steps to ensure that it has produced all discovery in its possession. Rather, Dentons only certifies that "[b]ased on information provided by the ***Cousin Group***, Dentons is ***not aware*** of additional responsive documents in its possession that are subject to production" (emphasis added). (See Dentons' Certification at para 4).

There is no indication in Dentons' Certification that there was any effort to ensure full compliance with Your Honor's Order beyond a mere inquiry of the "Cousin Group." (See Dentons' Certification para 4). Dentons handled all e-discovery on behalf of Defendants for the duration of this litigation and retained a technical support team to assist with its e-discovery production. Dentons' Certification is silent as to whether Dentons even inquired with their technical support staff to ascertain why certain data appears to be missing from their discovery production.

The primary benefit derived from the substantial costs associated with e-discovery is to enable the parties to both detect and ensure that all discoverable data is produced from the parties' respective servers. The e-discovery produced by Dentons thus far demonstrates the existence of attachments to emails exchanged between Defendant Gitman and third parties that were not produced, and links to documents that Gitman sent and received that were also not produced ("Missing Data"). These documents are directly relevant to Plaintiffs' claims of Defendant's misconduct to the Plaintiff Companies while Defendant Gitman is still a 50% owner. Plaintiffs did not agree to this costly e-discovery exercise only to later spend more funds trying to obtain withheld or missing discovery that was detected through the e-discovery process.

By letter dated September 6, 2019, the undersigned sent to Dentons a deficiency letter concerning Gitman's e-discovery production ("Deficiency Letter"). A true copy of the Deficiency Letter is annexed hereto as **Exhibit B**. The Deficiency Letter addresses the existence of the Missing Data referenced in Gitman's emails, that were not included in Dentons' e-discovery production. The Deficiency Letter provided Dentons with bates stamp numbers for some of the emails identifying the Missing Data for reference. Dentons never responded to the Deficiency letter and/or certified that the Missing Data does not exist.

As previously addressed with this Court, the Missing Data includes, but is not limited to, (a) agreements and formation documents that Mr. Gitman prepared to establish his competing businesses, including Channel Reply Inc. (b) side agreements prepared by Mr. Gitman and sent to Plaintiffs' developers to resign from Plaintiff Companies and work for Mr. Gitman's

2

competing businesses, including Channel Reply, Inc. (c) financial records sent via *Google Drive* for the Plaintiff Companies and Defendants' competing businesses, and (4) correspondence between Gitman and the Plaintiffs' developers through the use of other servers, including *Whatsapp* and *Skype*.

By written correspondence to the Court dated October 12, 2019, Plaintiffs also produced correspondence between Gitman and one of the Plaintiffs' developers via *Skype*, that was also not contained Gitman's e-discovery production. If not for one of the Plaintiffs' developers producing *Skype* communications between Gitman and the developer, Plaintiffs would not have known of its existence. Said correspondence nonetheless contained a link to a resignation letter prepared by Gitman and/or his former counsel, Ms. Ditlow, on behalf of one of the Plaintiffs' developers to resign from the Plaintiff Companies. For this reason, Your Honor required Dentons to produce all drafts and written and electronic communications between and amongst Gitman, the two developers and/or Dentons. (See Dkt. 117 p. 2). Notably, Dentons' Certification is silent as to whether they searched Dentons' server to locate the Missing Data, even though it appears Ms. Ditlow may have been directly involved with the drafting of the resignation letter.

At minimum, as evidence suggests that additional e-discovery does exist, permitting such withdrawal in the absence of Dentons' full compliance with Your Honor's Order will cause Plaintiffs' additional burden and expense and will further delay this proceeding. Dentons' withdrawal will require Gitman's replacement counsel to supplement e-discovery to produce Missing Data that otherwise should have been produced by Dentons already, thereby needlessly delaying this matter further. Addressing this issue after Dentons' withdrawal will also only harm Plaintiffs, who will have to file motions to compel Defendant Gitman's compliance, subpoena Defendants' former counsel, and/or seek the appropriate remedy at additional cost and expense. Discovery should have been completed approximately a year ago but for Gitman's failure to comply with the prior scheduling orders of this Court. Permitting Dentons' withdrawal because it is currently "unaware" if additional discovery exists is an unfair imposition when Dentons, who handled all e-discovery on Defendants' behalf to date, can either confirm and produce or otherwise deny the existence of the Missing Data. Absent confirmation from Dentons that a good faith effort was made to locate the Missing Data and the Missing Data is not within their possession or control, Plaintiffs are left to assume that Defendants' engaged in the spoliation of evidence and will seek permission from the Court to file an application seeking all appropriate remedies.

To the extent that Your Honor permits Dentons' withdrawal in the absence of Dentons' full compliance with Your Honor's Order, it is respectfully requested that the Court consider imposing an appropriate sanction against Mr. Gitman for his non-compliance with discovery to date. Plaintiffs' likewise seek permission from Your Honor to later move for any future attorneys' fees and costs in trying to obtain the foregoing Missing Data from non-party sources.

Thank you for Your Honor's attention to this matter.

Respectfully Submitted,
**GUAGLARDI & MELITI, LLP**

*/s/ Evan Ostrer*
Evan Ostrer

Cc: All counsel of record (via ECF)
Brendan Zahner, Dentons (via electronic mail)