# EXHIBIT B

## GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

**Via Electronic Mail and Overnight Mail**                September 6, 2019
Mark D. Meredith, Esq.
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

RE:   **Dardashtian v. Gitman**

Dear Mr. Meredith:

I am writing with regards to my prior letters to your firm concerning discovery for which we have not received a response for over a month. Please also accept this correspondence to address certain deficiencies contained in your discovery production, which fails to include certain attachments that are identified in your client's emails, and/or are otherwise acknowledged by Mr. Gitman to exist. Such records were previously requested in Plaintiffs' First Request for Discovery ("Plaintiffs' Requests") dated February 18, 2018, a copy of which is attached hereto for your reference. Such records were likewise to be produced by your client pursuant the parties' ESI Protocol.

The following documents are confirmed to exist by your client and were otherwise not contained in your production:

1. **All Corporate Documents Related to Defendant Companies**

As set forth in Plaintiffs' Requests, Plaintiffs demanded all "formation documents, including certificates of filing, incorporation and/or dissolution for all limited liability companies or other business entities in which Mr. Gitman is and/or was an owner, member, manager, officer, director, and/or shareholder from January 1, 2011 through the present," which includes all Plaintiff Companies and/or Defendant Companies in this action [See Plaintiffs' Requests at #3].

Contained within your ESI production are emails exchanged by and between your client and third parties which confirms the existence of such records that were otherwise omitted from your production. GITMAN 277538 confirms that Mr. Gitman submitted a change of address request for Channel Reply Inc. GITMAN 272827 and GITMAN 273331 confirms that formation documents, certificates of filing exist(s) for Channel Reply, Inc.

Please immediately produce all formation documents, including certificates of filing, incorporation and dissolution for all of the above referenced entities.

2. **Agreements Entered into By David Gitman**

Plaintiffs demanded all "agreements entered into between any of the Defendant Companies and David Gitman" [See Plaintiffs' Requests at #15]. Plaintiffs also demanded all "agreements entered into between Defendants, or any one of them, and any third party relating in any way to ChannelReply" [See Plaintiffs' Requests at #17].

No such documents were provided.

3. **Agreements Between David Gitman and Developers Konstantyn Bagaiev and Olesksii Glukharev**

Plaintiffs demanded all "documents that mention, discuss, refer to or relate to any agreement by and between [among] the Plaintiffs, or any one of them, the Defendants, or any one of them and the Developers, or any one of them. [See Plaintiffs Requests at #18].

GITMAN 0273270, GITMAN 0273269 and GITMAN 273270 confirms that agreements were sent by David Gitman to the Developers, or were otherwise prepared in within Mr. Gitman's custody and/or control. No such documents were provided.

4. **Communications**

Plaintiffs demanded all "documents which identify Defendants and the Developers, or either one of them." Plaintiffs also demanded all "documents and communications between and among Defendants." Plaintiffs further demanded all "documents, agreements and other communications exchanged by and between David Gitman and Mary Faith Anden relating to Plaintiffs, Defendants and/or Channel Reply." [See Plaintiffs' Requests at #10, #11, #19].

Emails sent by Mr. Gitman confirm that other forms of communication were also utilized by Mr. Gitman, including Whatsapp to communicate with Defendants and third parties as it relates to the subject matter of this litigation. See e.g. GITMAN 271845, GITMAN 275725, GITMAN 276197. No communications from such sources, including Whatsapp, were provided. In addition, all documents exchanged by and between Mr. Gitman and Mary Faith Anden stored on Google software that are referenced in the discovery that you provided were also not produced.

Please produce all documents exchanged by and among Defendants, the Developers, Mary Faith Anden, and all records prepared and exchanged by and between Defendants and Mary Faith Anden, pursuant to this request.

## 5. Financial Records

Plaintiffs demanded all "documents, financial records, including income and expense statements, invoices, accounts receivable, accounts payable, QuickBooks, journals and ledgers relating to all businesses engaged in by Defendant ChannelReply, Inc. from the date of its formation through the present." [Plaintiffs' Requests at #24]. Plaintiffs also demanded all "banking records for the Defendant Companies since their inception." [See Plaintiffs' Requests at #13].

GITMAN 276125 confirms that Quickbooks, sales reports were generated by Mary Faith Anden in connection with Channel Reply that were not contained within your production and which exists on a Google Drive Account and/or other related software utilized by Mr. Gitman and Ms. Anden. GITMAN 273167 confirms that Ms. Anden generated reports of expenses of the members of the Plaintiff Companies, which includes our client, Michael Dardashtian. Quickbook reports were also generated relating to the income, expenses, and reconciliations of the Plaintiff Companies and Defendant Companies, see e.g.GITMAN 273508; GITMAN 272429. Bank records, including the transfer of funds from the Plaintiff Companies are confirmed to exist, see GITMAN 273982, GITMAN 273512, GITMAN 276360. Likewise, the creation of a Channel Reply Inc. bank account is confirmed by your client to exist, see GITMAN 273407.

None of these documents were produced that were otherwise referred to in the discovery that you provided. Please produce all of the foregoing.

## 6. Dalva Ventures

Plaintiffs demanded all "documents that identify, mention, discuss, describe, refer to or relate to Defendant, Dalva Ventures, LLC." [See Plaintiffs' Requests at #6]. Records relating to the formation and existence of Dalva Ventures, LLC is confirmed to exist through various emails sent by and among Mr. Gitman, the Defendants and third parties. See e.g. GITMAN 276351, GITMAN 272858.

None of these documents were provided.

## 7. Accel Commerce

Plaintiffs demanded all documents "that identify, mention, discuss, describe, refer to or relate to Defendant, Accel Commerce, LLC." [See Plaintiffs' Requests at #5]. Records relating to the formation and existence of Accel Commerce, including Operating Agreements and non-disclosure agreements by and between Mr. Gitman and Jeremy Falk and proposed agreements with the Developers are known to exist. See e.g. GITMAN 277223, GITMAN 277661, GITMAN 270293, GITMAN 277338. See also confirmation of profit and loss statements and

payroll reports regarding Accel at GITMAN 271891 and GITMAN 272348. See also bank transfers at GITMAN 273982.

We have tried on multiple occasions to resolve all discovery issues with you so that we can proceed with depositions and have requested that you provide us with dates for the availability of your clients. You advised us that he is not prepared yet prepared to proceed with the taking of his deposition. We are currently not operating within the scheduled deadlines of Judge Lehrburger's discovery schedule despite our efforts to do so. Kindly respond to us immediately otherwise we will have to address the foregoing with Judge Lehrburger directly.

Thank you.

Very truly yours,
GUAGLARDI & MELITI, LLP

Evan Ostrer