大成 **DENTONS**

**Edward J. Reich**
US General Counsel

edward.reich@dentons.com
D    +1 212 768 6989

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

December 4, 2019

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    *Dardashtian, et al. v. Gitman, et al., Case No. 17 CV 4327 (LLS)(RWL)*

Dear Magistrate Judge Lehrburger:

       I am the General Counsel of Dentons US LLP ("Dentons") and write in response to the Plaintiffs' November 22, 2019 letter. (Dkt. 121).  I am also copying Brian Cousin, who was lead counsel for defendants Accel Commerce, LLC, Channel Reply, Inc., Dalva Ventures, LLC, David Gitman and counterclaim plaintiffs David Gitman, individually and on behalf of Cooper Square Ventures, LLC and NDAP, LLC (the "Gitman Parties") while he was at Dentons.  Mr. Cousin, along with his team, including Lindsay Ditlow and Mark Meredith (the "Cousin Group"), joined McDermott in early October.  No lawyers currently at Dentons worked on the Gitman matter or have personal knowledge concerning discovery in the matter.

       On October 24, 2019, Your Honor issued an Order regarding the motions to withdraw as counsel filed by attorneys for the Gitman Parties.  (ECF No. 117).  Specifically, the Court granted the motions of the Cousin Group attorneys, all formerly with Dentons.  With respect to Dentons, Your Honor granted the motion to withdraw subject to compliance with the Order that "Dentons shall produce to Plaintiffs any additional responsive discovery it has in its possession and a certification that it has produced all responsive discovery in its possession."  ECF No. 117 at 2.

Hamilton Harrison & Mathews ▶ Mardemootoo Balgobin ▶ HPRP ▶ Zain & Co. ▶ Delany Law ▶ Dinner Martin ▶ Maclay Murray & Spens ▶
Gallo Barrios Pickmann ▶ Muñoz ▶ Cardenas & Cardenas ▶ Lopez Velarde ▶ Rodyk ▶ Boekel ▶ OPF Partners ▶ 大成

大成 Salans FMC SNR Denton McKenna Long
dentons.com

We did not understand your Order to have determined that there was additional discovery to produce.  Because no lawyers currently at Dentons have knowledge of these issues, we inquired of the Cousin Group.  We were told that they are unaware of any such additional responsive documents.  Accordingly, I served a declaration stating as much.

After receipt of Plaintiffs' November 22 letter, we again contacted the Cousin Group, who advised that discovery was conducted in this matter following an ESI protocol that was negotiated and agreed upon by counsel regarding the specific custodians and search terms to be used, and that all responsive, non-privileged documents found according to this protocol (hundreds of thousands of pages) were then produced.

Plaintiffs appear to be claiming that they recently discovered material produced by another party that leads them to suspect for the first time that Dentons' own servers, which were not subject to the ESI protocol, may contain "discovery," and make the unsupported and conclusory claim that such material should not be considered privileged.  (Dkt 113, p. 2).  Again, we inquired of the Cousin Group who relayed that they have no recollection of a document request or subpoena directed at the supposed and heretofore unknown and unsuspected material (if it in fact exists) on Dentons' servers; therefore, it would not be "responsive" to any outstanding discovery request as contemplated by the Court's order.  Likewise, the existing ESI protocol did not call for any such searches of Dentons' servers to be conducted.

To the extent that the Court deems a further review necessary to determine whether there has been compliance with earlier discovery demands, and notwithstanding our firm's right to assert an attorneys' lien over the file, we have no objection to turning over the discovery database to Mr. Cousin or the Gitman Parties' new counsel so that they can review the materials to determine whether any additional documents need to be produced.

Plaintiffs are now further arguing that a recently arisen discovery dispute, reflected in a "Deficiency Letter" they attached as exhibit B should also be resolved by Dentons.  (Dkt 121).  As noted above, with the departure of the Cousin Group, no attorneys at Dentons are familiar with this matter, and subsequent to the Court's Order, the Gitman Parties have secured new counsel, attorney Peter Sims, together with several other attorneys of the law firm of Sims & DePaola LLP, who have made Notices of Appearance on behalf of the Gitman Parties.

In light of the appearance of new counsel for the Gitman Parties, we respectfully request that the Court deny Plaintiffs' request to have Dentons resolve the recent discovery dispute and to conduct searches of its own servers not required under the ESI protocol and, should the Court desire, direct that either the Cousin Group or new counsel take possession of the discovery database and respond to the Deficiency Letter.

To the extent the Court would find it helpful to have a telephone conference with the parties' counsel, we are available to participate on such a call at the Court's convenience.

Respectfully Submitted,

/s/ Edward J. Reich

Cc:     Brian Cousin (via email)
        Lindsay Ditlow (via email)
        Mark Meredith (via email)