# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM
WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. DANIELE ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

January 15, 2020

**VIA EMAIL** (Lehrburger_NYSDChambers@nysd.uscourts.gov)
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
      **17-cv-4327**

Dear Judge Lehrburger:

Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies").

In accordance with Your Honor's directives, we write as a result of our inability to obtain Defendants' compliance with Your Honor's Order of December 5, 2019. As we have been unable to obtain Defendants' response as to modifying the existing scheduling order given new counsel's appearance, it is respectfully requested that Your Honor enter Plaintiffs' proposed scheduling Order supplied herewith so that this matter can proceed without further delay.

On November 22, 2019, Plaintiffs requested that the Court consider imposing the appropriate sanction against Defendants for their ongoing non-compliance with discovery. After imposing deadlines and for the parties to submit a joint scheduling order, Your Honor afforded Defendants an opportunity through new counsel to resolve all outstanding issues by December 31, 2019. However, same has not occurred which we will address by motion with permission of the Court.

1

By Order dated December 5, 2019, Your Honor made clear that by December 31, 2019, Dentons shall file a certification with the Court that it has provided Defendants' new counsel with the "complete, fully-accessible document database- not merely documents produced, but all documents received or collected from Defendants. Upon filing of the certification, Dentons will be deemed withdrawn from the case." Your Honor further ordered for Plaintiffs' counsel and Defendants' new counsel to meet and confer regarding the outstanding discovery that Plaintiffs seek, and if the issue could not be resolved to bring the issue to the Court's attention after December 31, 2019.

On December 23, 2019, Dentons filed proof of service with the Court and certified that Dentons had produced all discovery within Dentons control to Defendants' new counsel. On December 23, 2019, in accordance with Your Honor's Order, the undersigned contacted Defendants' new counsel, Sang Joon Sim, Esq., in an effort to meet and confer regarding the outstanding discovery. Defendants' new counsel advised that he had only received discovery that day, and would respond to Plaintiffs requests for all outstanding discovery and propose dates for a joint scheduling order by the following week.

Immediately following counsel's telephone call on December 23, 2019, the undersigned sent an email to Mr. Sim confirming same and outlined the outstanding discovery in good faith so that Defendants' new counsel could appropriately respond. A true copy of Plaintiffs' correspondence to Mr. Sim (copying all other new counsel of record) dated December 23, 2019 is attached hereto.

None of Defendants' new counsel have thus far provided responses to Plaintiffs' outstanding discovery demand during the week of January 3rd despite their agreement to do so. Accordingly, the undersigned followed up by written correspondence on January 10th to advise of Plaintiffs intention to write to Your Honor and to seek the appropriate remedies for Defendants' ongoing failure to comply with Your Honor's Order. Mr. Sim advised that he had been "ill" and asked that he be provided until January 15th to provide all outstanding discovery and to propose new dates for a joint amended scheduling order. As of the present, we have not received any response from counsel for Defendants with regards to the foregoing.

It was our hope that through Defendants' new counsel, all outstanding discovery issues would be resolved in accordance with Your Honor's Order so that this matter can proceed without further delay. It is apparent that Defendants will continue to delay this proceeding despite the multiple courtesies extended to the Defendants by Plaintiffs and this Court.

Plaintiffs are without the benefit of outstanding discovery related to Defendants counterclaims and have long awaited same to take Mr. Gitman's deposition and proceed with dispositive motions. Plaintiffs therefore respectfully request that Plaintiffs' proposed amended scheduling order be entered by the Court, and for permission to file a motion for all appropriate remedies for Defendants' non-compliance in accordance with the Court's prior order of September 27, 2019.

      By copy hereof, we are providing this correspondence to counsel for Defendants in hopes that counsel will consent to the form of the attached amended scheduling order.

      Thank you for Your Honor's consideration of this matter.

                                  Respectfully Submitted,
                                  **GUAGLARDI & MELITI, LLP**

                                      Evan Ostrer

Cc:    All counsel of record (via ECF)