# SIM & DEPAOLA, LLP

Attorneys-at-Law
42-40 Bell Boulevard
Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

January 17, 2020

**VIA ECF and EMAIL**
Hon. Robert W. Lehrburger, U.S.M.J.
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

                    **Re:**         **Michael Dardashian, et al. v. David Gitman, et al.**
                                **17-cv-4327-LLS-RWL**

Dear Judge Lehrburger:

      By way of background, we were recently retained to represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, and Channel Reply, Inc. (collectively hereinafter referred to as "Defendants") in the instant matter.

      Please accept this letter correspondence on behalf of Defendants, to address some of the facts that were presented to this Court by the Plaintiffs in their letter dated January 15 and January 16, 2020.

      Pursuant to this Court's Order, Defendants' former counsel, Dentons, delivered electronic data files to our office on December 23, 2019. The electronic data contained large number of raw data files that had to be broken down and organized in order to address the outstanding discovery sought by the Plaintiffs.

      During my initial discussions with Plaintiffs' counsel on December 23, 2019, we advised that we had recently received the data files and we will begin processing the data. Since we just received the file, we could not specify a precise date by which we will be able to respond to their discovery demands due to the sheer size of the data. However, we assured counsel for the Plaintiffs that we will work expeditiously to provide the necessary discovery but we will need some time to complete our task. We agreed to discuss our progress in January of 2020.

      It is understood that the Plaintiffs' counsel attempted to contact the undersigned on January 10, 2020. On the same date, I prepared an email advising the Plaintiffs that due to an illness, I was out of the office but would contact them when I returned to the office. Within a couple of days, upon my return to the office, I contacted Plaintiffs' counsel and advised that we

were still working on the discovery items and hoped to have the discovery to them by mid-January. We did not provide a date certain as to when the discovery would be provided due to the fact that we were dealing with very large electronic data files that required organizing. Thus, Plaintiffs' counsels' assertion that we had agreed to provide the discovery by January 2 or January 15 is false. It is understood that Plaintiffs' counsel is under the belief that we were in violation of this Court's order by failing to provide discovery by December 31, 2019. However, the Court order provided that Dentons was to turn over their electronic discovery file to our office by the end of December. As to our office's obligation to provide the outstanding discovery, it was understood that this was the point that we were supposed to meet and confer to resolve this issue. In accordance with the Court's Order, we communicated our efforts and provided the outstanding discovery on January 13, 2020.

With respect to the discussion regarding a revised scheduling order, it was during our January 12, 2020 discussion that the topic of a revised scheduling order was raised and not during our discussion on December 23, 2019. To this end, we had agreed that a revised scheduling order would have to be requested. With this said, we support the Plaintiffs' proposed scheduling order.

This letter correspondence is being submitted in support of the proposed scheduling order and to advise the Court that contrary to the assertions made by Plaintiffs' counsel, our office acted in good faith in providing outstanding discovery to Plaintiffs.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.