# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

May 26, 2020

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
         **17-cv-4327**

Dear Judge Lehrburger:

     Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies"). We write in response to Defendants' May 21, 2020 Notice of Rejection of Plaintiffs' First Amended Complaint filed on May 1, 2020 ("Notice of Rejection").

     As Defendants' purported "Rejection" is of an amended pleading filed in accordance with this Court's Scheduling Order, which was entered on notice to and with the consent of counsel for Defendants, and given that Defendant's Rejection is devoid of any legal authority, we ask that the Court entirely disregard such Rejection.

     In support of Defendants' Notice of Rejection, Defendants incorrectly argue, in substance, that Plaintiffs' First Amended Complaint should be rejected because (1) the Court has rejected Plaintiffs' Amended Complaint, which is not true; (2) Plaintiffs failed to obtain either Leave of Court or consent of Defendants prior to filing same, which is similarly untrue and otherwise misleading to the Court; and (3) Plaintiffs' First Amended Complaint filed on May 1, 2020 materially differs from the version filed by Plaintiffs on April 30, 2020, which is also untrue. Defendants' Notice of Rejection is without merit in all respects.

1

**I.    Plaintiffs' First Amended Complaint Was Filed on Consent of All Parties and in Accordance with the Court's January 21, 2020 Scheduling Order, as modified by the Court's March 3, 2020 Scheduling Order**

As Your Honor may recall, the Court's most recent scheduling order entered January 21, 2020, provided for a deadline for the parties to file their **amended pleadings** by March 31, 2020 ("Scheduling Order"). The schedule set forth in the Scheduling Order was on **consent** of all parties, as confirmed by Defendants' counsel's own correspondence to Your Honor dated January 17, 2020. The deadline for the parties to file their respective amended pleadings was specifically stated to follow the completion of the parties' depositions, which the parties' have since completed *via* Zoom in compliance with the Court's instruction.

On March 3, 2020, Your Honor granted a 30 day extension for all deadlines set forth in the Scheduling Order due to the current pandemic, which includes the deadline for the parties to file their amended pleadings by April 30, 2020 (March 3, 2020 Order).

The fact that Defendants elected not to file an amended pleading of their own does not render Plaintiffs' First Amended Complaint defective under any circumstance.

**II.    Plaintiffs' First Amended Complaint Was Timely Filed**

On April 30, 2020, Plaintiffs' filed their First Amended Complaint in accordance with Your Honor's March 3, 2020 Order. On ECF, when filing Plaintiffs' First Amended Complaint, the undersigned checked off the box selecting only the remaining parties in the litigation as Defendants for whom the Plaintiffs' First Amended Complaint is against, specifically excluding former Defendants, Jeremy Falk and Summit Rock Holdings, LLC, who were dismissed from this action by way of Stipulation and Order of Dismissal on January 10, 2018.

On May 1, 2020, ECF issued a deficiency notice in substance stating that Summit Rock Holdings, LLC and (Accel Commerce, LLC which was inadvertently referenced twice in the caption) were not selected on CM ECF as Defendants, and Plaintiffs' First Amended Complaint needed to be re-filed by selecting Summit Rock Holdings, LLC to CM ECF. Immediately upon the issuance of the ECF deficiency notice, the undersigned contacted ECF's help desk (who were working remotely due to the pandemic) to address same as Summit Rock Holdings, LLC (in addition to Jeremy Falk) was previously dismissed from the action as indicated above.

Accordingly, ECF clarified that Summit Rock Holdings, LLC did not need to be selected as a Defendant on CM ECF in order to file the Plaintiffs' First Amended Complaint, but rather, that

the pleading would be accepted as filed upon the removal of Summit Rock Holdings, LLC from the caption.

On May 1, 2020, the undersigned corrected the infirmity by removing Summit Rock Holdings, LLC from the caption (and removed the duplicated Accel Commerce, LLC from the caption) and re-filed Plaintiffs' First Amended Complaint with the clarification of ECF's Help Desk. But for an inadvertent electronic filing error, ECF would not have issued a notice in the first instance.

Thereafter, in an abundance of caution, the undersigned contacted Your Honor's courtroom deputy to advise of the filing error. Your Honor's courtroom deputy advised in substance that the Plaintiffs' First Amended Complaint was timely filed and deemed accepted by the Court, and that ECF would correct the docket sheet, which ECF it did by removing the filing error on notice to all counsel on ECF.

The Plaintiffs' First Amended Complaint was timely filed on consent, in accordance with the Orders of this Court and FRCP 15. It was only re-filed after April 30, 2020 in the first instance as a result of ECF's notification on May 1st.

Defendants' argument, especially during the ongoing pandemic and when ECF is working remotely, is without merit and appears in bad faith.

### III. Plaintiffs' First Amended Complaint Does Not Materially Differ from the Version Filed on April 30, 2020

Lastly, Defendants argue that Plaintiffs' First Amended Complaint should be rejected because it *materially* differs from the version filed on April 30, 2020. Aside from correcting the caption per ECF's notification so that same could be filed electronically, both versions of Plaintiffs' First Amended Complaint are the same. Notably, Defendants do not state with any specificity the material differences between both versions because there are none.

It is respectfully submitted that Defendants' Rejection to Plaintiffs' First Amended Complaint is without merit. It has been timely filed on consent of the parties, in accordance with Your Honor's Scheduling Order, and has already been accepted by the Court.

If Your Honor requires anything further, kindly so advise.

Thank you for Your Honor's consideration of the foregoing.

Respectfully Submitted,

GUAGLARDI & MELITI, LLP

*Evan Ostrer*

Cc: All counsel of record (via ECF)