## GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

June 4, 2020

**VIA EMAIL** (Lehrburger_NYSDChambers@nysd.uscourts.gov)
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
       **17-cv-4327**

Dear Judge Lehrburger:

     Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures ("CSV") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies"). We are compelled to write to object to Defendants' *belated* request to Your Honor on June 2, 2020, seeking a 45 day extension to serve an expert report outside of the already extended and agreed upon deadlines set forth in the Amended Scheduling Order(s) of this Court.

     In accordance with the March 3, 2020 Order of this Court, expert reports were to be exchanged by no later than May 30, 2020. Plaintiffs timely served their expert report to Defendants on May 30, 2020. Defendants did not seek an extension prior to the Court's deadline or even advise Plaintiffs of the need for an extension prior to Plaintiffs' service of their expert report upon Defendants.

     Defendants' reason for not serving their report in timely fashion, or even seeking an extension before the deadline, is illusory. In substance, Defendants contend that the extension is

1

necessary due to Plaintiffs' recent filing of an Amended Complaint regarding the "redemption issue." That argument is simply untrue, and for Defendants to suggest this as a basis for retaining a valuation expert at this late stage of the litigation, approximately three (3) years into the case is disingenuous. Defendants fail to explain why they did not seek an extension for over a month since the Amended Complaint was filed nonetheless.

While Plaintiffs' Amended Complaint seeks to *compel* the Redemption or equitable buyout of Defendant Gitman's interests, the value of the Plaintiff Companies has been at issue since the inception of this litigaiton. This issue, that is, the value of CSV/ChannelReply, has been addressed by Defendants and by Plaintiffs directly with this Court on numerous occasions, and which have nothing to do with the "redemption issue."

On October 6, 2017, it was Defendants' former counsel, Dentons, who proposed to Judge Francis the parties' stipulation to a simultaneous *exchange* of expert reports on a date certain following the close of fact discovery. Dentons likewise cooperated with this firm for the preparation of a non-disclsoure agreement to negotiate with a potential purchaser for the sale of part of the Plaintiff Companies' assets.

On December 13, 2017, Defendants filed a counterclaim, seeking an accounting of the Plaintiff Companies including Plaintiff ChannelReply. Defendants' Eighth Counterclaim seeks all financial records of the Plaintiff Companies pursuant to NY LLC 1102, and Defendants Ninth Counterclaim likewise seeks a declaration that the ownership interests in ChannelReply are owned by CSV (50%), Gitman (42.5%), Bagaiev (5%) and Glukarev (2.5%). In other words, Gitman contends in conclusory fashion that CSV is only a part owner of ChannelReply, and incredibly, that Dardashtian only owns a limited interest of 25% in CSV, contrary to the CSV Operating Agreement, and also contrary to the Plaintiff Companies' tax and financial records.

Dating back to February 28, 2018, Defendants also served discovery demands seeking any valuations performed by third parties in an effort to sell, in whole or in part, any of the Plaintiff Companies.

For approximately two (2) years since, the parties attended multiple Court conferences and counsel meetings to negotiate the Redemption/buyout of Defendant Gitman's interests, where the issue of value was raised throughout the negotiations.

All of the foregoing are valuation issues raised by Defendants that have nothing to do with the "redemption issue." It was Defendants who likewise used the valuation issue to discontinue settlement discussions for the buyout of Defendant Gitman's interests, contending it was less than fair value.

Lastly, it was the Defendeants who recently objected to the Plaintiffs' timely filing of an Amended Complaint due to an ECF *filing error*, requiring Plaintiffs to oppose Defendants' "rejection," which demonstrates the bad faith delay tactics that Mr. Gitman has employed throughout this proceeding causing Plaintiffs unnecessary counsel fees. Historically, Mr.

Gitman's bad faith delay tactics and objections are followed by requests for extensions and courtesies from Plaintiffs and this Court. As of the present, Mr. Gitman has still yet to respond to Plaintiffs' post-deposition requests for outstanding discovery.

      Plaintiffs are seeking to bring this matter to a final resolution and Mr. Gitman has stalled and delayed those efforts in every way possible.

      For these reasons, it is respectfully submitted that Plaintiffs should not be prejudiced by Mr. Gitman's knowing election to wait and see what Plaintiffs' valuation expert's report discloses and then be rewarded with an extension to submit his own.

      Thank you for Your Honor's consideration of this correspondence.

                        Respectfully Submitted,
                          **GUAGLARDI & MELITI, LLP**

                          Evan Ostrer

Cc:    All counsel of record (via ECF)