# SIM & DEPAOLA, LLP

*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel:  (718) 281-0400
Fax:  (718) 631-2700

June 6, 2020

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Michael Dardashtian, et al. v. David Gitman, et al.*
Docket No. 17-cv-4327 (LLS) (RWL)

Hon. Robert W. Lehrburger:

By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

This letter is submitted in further support of Defendants' application for leave and an extension of time to serve an Expert Report upon Plaintiffs.

In addition, Defendants are hereby making another letter application for a determination that the April 30, 2020 amended complaint would be the controlling pleading in this case and not the untimely filed amended complaint on May 1, 2010.

In this respect, Plaintiffs originally filed their amended complaint on April 30, 2020, which was timely. However, the Court rejected said complaint on technical grounds and ordered the Plaintiff to re-file after correcting the technical issue. The Court also provided that the Plaintiffs should obtain consent or seek leave of Court to re-file. It is understood that the Plaintiffs re-filed a new version of the complaint on May 1, 2020, for the first-time adding Count 20 (redemption) and 21 (judicial dissolution).  To be clear, the April 30 version did not contain Count 20 and 21, namely the causes of action for a redemption and judicial dissolution.  These two causes of action were set forth for the first time in Plaintiffs' May 1, 2020 filing, which was after the April 30, 2020 deadline.  Thus, it was filed late and the Defendants hereby rejects the May 1, 2020 version of the amended complaint.  Notably, the Plaintiffs never sought leave to file the late May 1, 2020 version of the Amended Complaint with the Court.  As such, it is Defendants understanding that the timely filed April 30, 2020 version is the controlling pleading in this case.

With this said, Defendants believes that the controlling pleading was the amended complaint that was filed on April 30, 2020.  If this is the case, then it would obviate the need for the Defendants to seek leave to submit an expert report.  On the other hand, if the May 1, 2020 is deemed the controlling pleading in this case, then Defendants respectfully request leave to prepare and submit a valuation report in the event the matter goes to a fair market value hearing before this Court.

It is submitted that the Defendants have been acting in good faith.  It is understood that pursuant to the scheduling order, the time to file expert report was May 30, 2020.  However, this was a Saturday and on Monday, June 1, 2020, we reached out to the Plaintiffs' counsel to discuss and confer on this issue in good faith.  We spoke the next day on Tuesday, June 2, 2020 by which we requested consent to prepare a valuation report.  This request for consent was denied by the Plaintiffs and thus, we immediately filed an application seeking leave to file a late expert report once we learned of Plaintiffs position on the issue.  Therefore, the Defendants attempted to resolve this issue in good faith considering the issue that remains as to which version of the amended pleading is controlling in this matter.

As such, it is submitted that the Defendants have acted in good faith and respectfully request this Court for leave to file a valuation report in order to permit the Court to make a fair determination as to the market value of the company at issue in the event that this Court finds that the May 1, 2020 untimely amended complaint is controlling pleading in this case.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com