# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel:  (718) 281-0400
Fax:  (718) 631-2700

June 9, 2020

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Michael Dardashtian, et al. v. David Gitman, et al.*
Docket No. 17-cv-4327 (LLS) (RWL)

Hon. Robert W. Lehrburger:

By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

We submit this letter application for reconsideration and reargument of this Court's decision dated June 8, 2020 denying Defendants' request for an extension to file an expert report in this case.

By way of background, our firm substituted Dentons in late 2019.  It is understood that through communications with our client, that Dentons hired a forensic accountant to review the books of the company.  My office reached out to the account in January 2020, Mr. Shulman, to ensure that he would be available and willing to provide expert testimony in this case if we needed him.  Mr. Shulman provided that he was amendable to providing an expert report as well as expert testimony in this case.  Mr. Shulman also advised that he would need about two weeks to complete a valuation report since he performed the initial accounting work in the early stages of this case.

Upon receiving the April 30, 2020 and the subsequent May 1, 20202, re-filed amended complaint, our office made a comparison between the two documents and mistakenly believed that Counts 20 and 21 were not included in the April 30 version. This misunderstanding was only realized after we filed our reply submission on June 6 and had a discussion with Plaintiffs attorney. Despite our misunderstanding, to err on the side of caution, we decided that we will need a valuation report just in case and communicated this point with the client on May 2, 2020. The Client indicated that he would speak directly with Mr. Shulman regarding the engagement.  On

May 4, 2020, the client contacted us to advise that Ms. Shulman would complete the task for a payment of $5,000,00, with half due upfront and the remainder to be paid once the task was completed and that he would begin the work immediately. The client wire transferred the initial payment to Shulman & Associates in the amount of $2,500.00 as per their agreement on May 13, 2020. A copy of the wire transfer is annexed hereto as Exhibit A. Thus, the Defendants did retain an expert on May 4, 2020 to prepare a valuation report.

Mr. Schulman had requested additional documents on May 4, 2020. As a result of this discussion with Mr. Schulman, Mr. Gitman requested documents, including tax returns and financials from Joel, the interim manager of the Company in an email dated May 4, 2020. On May 5, 2020, Plaintiffs' counsel wrote an email that Mr, Gitman has access to all of the documents he requested from Joel. Following this email, I spoke to the client about the contents of the email that was received from Plaintiffs' counsel. On May 6, 2020, the client reiterated that he did not have the documents he requested, namely tax returns. Thus, our office responded to Plaintiffs' counsel that our client did not receive the tax returns. On May 19, 2020, Joel sent the tax returns that were requested by providing that "it took time to compile the information as Covid has made it complicated to re-enter the office/staff protocol, etc.". Once received, we forwarded the documents to Mr. Shulman and asked how the valuation was proceeding. We were told that it was proceeding fine and had discussions in regard to the status.

Surprisingly, starting May 27, Mr. Shulman contacted Mr. Gitman directly and indicated that he would need a payment many times the multiple of what was agreed upon to finalize the valuation report. From May 27 to May 29, the client and Mr. Shulman engaged in a dispute that severed their relationship by which the client accused Mr. Shulman of altering the fee due to his revelation that the company is holding significant funds. Hoping that cooler heads would prevail, my office attempted to contact Mr. Shulman in hopes of resolving this dispute. As such, I waited until Monday, June 1, 2020 in hopes of resolving the issue with Mr. Shulman. However, contact was not made.

On Monday, June 1, 2020, after failing to speak to Mr. Shulman, I contacted the Plaintiffs' attorneys and we talked on June 2, 2020, After our discussion, Plaintiffs' counsel advised that they would need to speak to the client with respect to consent to file a late expert report. Thereafter and after speaking to their client, Plaintiffs' counsel advised that they could not consent to an extension of time. Immediately thereafter, I filed a letter requesting an extension.

As such, the Defendants did engage in meaningful and good faith efforts to have a valuation report filed timely but due to factors outside our control, it failed.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: * ** (B) on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect" is an equitable concept that takes into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *see also In re American Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) ("[T]he ultimate determination

[of excusable neglect] depends upon a careful review of all relevant circumstances." (quotations and citation omitted)).

The Second Circuit "focuses closely on the third Pioneer factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Padilla*, 721 F.3d at 83; *see also New York Times Co. v. United States Dep't of Homeland Sec.*, 959 F. Supp. 2d 449, 458 (S.D.N.Y. 2013) ("The Second Circuit has found that the third factor- the reason for the delay, including whether it was within the movant's reasonable control- is the most important." (citing cases)). "[T]he other three [factors] are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004).

It is submitted that although the Defendants were mistaken as to the contents of the April 30 amended complaint, the delay was also caused by the breakdown of relations with the expert that was retained in the case. Despite best efforts, the expert demanded additional and exorbitant compensation for their work and thus, it was outside our control. Further, it was also outside our control when we attempted to resolve this issue but was unable to communicate with the expert.

Further, we can assure the Court that we continue to be diligent by having identified another expert that indicated that they could complete a report within three weeks.

Reconsideration may be granted to prevent manifest injustice or review the court's decision in light of the availability of new evidence. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

It is respectfully submitted that the Defendants have acted in good faith and respectfully request this Court to reconsider its denial of Defendants' application for leave to file a valuation report in order to prevent injustice resulting from a one-sided presentation of fair value. Rather, the Defendants respectfully seeks leave of this Court in order to permit this Court to make a fair determination based on the merits as to the market value of the company to prevent manifest injustice for the reasons set forth in this application.

As set forth in this application, it is hoped that the additional details of what transpired during the month of May helps this Court understand that the Defendants had good cause and they did not simply ignore the deadline. The Defendants worked expeditiously to address the redemption cause of action set forth in the amended complaint in good faith despite believing that there were discrepancies in the filed versions. However, due to circumstances and dispute with the expert, our ability to serve an expert report timely was stymied. As such, Defendants respectfully seeks reconsideration to permit the Defendants leave to extend the time to file an expert report to address the redemption cause of action set forth in the amended complaint in the interests of justice.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com