## GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

**VIA ECF**

June 11, 2020

Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
      **17-cv-4327**

Dear Judge Lehrburger:

Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures a/k/a Cooper Square, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies").

In addition to our below opposition to Defendants' letter application, we respectfully ask the Court to recognize that Plaintiffs' efforts to adhere to and otherwise comply with their procedural obligations in this case have been completely undermined and overshadowed by Defendant Gitman's continued bad faith strategy to delay, obfuscate and defend his non-compliance with frivolous motion practice which has caused Plaintiffs to expend substantial and unnecessary monies in counsel fees for which Defendants should be held responsible.

For the reasons set forth below, Defendants have not met their burden of demonstrating that their failure to timely serve their expert report was the result of excusable neglect for this Court to revisit its June 8th Order. See e.g. Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., 2019 U.S. Dist. LEXIS 161216 (SDNY 2019); citing U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97 (S.D.N.Y. 1998) ( a party "may not address facts, issues or arguments not previously presented to the Court…").

I.   Defendants Have Failed to Establish Excusable Neglect

Defendants' analysis of the Pioneer factors are misplaced. It is the rare case where mere inadvertence, ignorance of the rules or mistakes construing the rules will be excused under Rule 6(b). Pioneer, 507 U.S. at 392; Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997). Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355 (2d Cir. 2003) ("The equities will

1

rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule"). The Second Circuit has made clear that these factors are not to be weighed equally. Where the time limitation is entirely clear, and the moving party's only basis for delay is mistake or inadvertence that was entirely within his control, "a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Canfield, 127 F.3d at 251 (Emphasis added).

Courts in this Circuit have also found that a party cannot show excusable neglect for an untimely filing unless the party provides a reason for the delay that is attributable to something other than that party's own inadvertence or mistake. See also, Knox v. Palestine Liberation Organization, 229 F.R.D. 65, 69 (S.D.N.Y. 2005) ("While the approximately four-day delay caused by Defendants' neglect [in failing to object to magistrate judge's report] did not prejudice Plaintiffs, impact judicial proceedings, or necessarily evince bad faith conduct, application of the third Pioneer factor counsels against granting the motion.").

Here, Defendants contend that their reason for needing an expert report and extension for submitting same was somehow the result of Plaintiffs' filing of their Amended Complaint. This excuse is baseless as the value of the Plaintiff Companies has been an issue throughout the litigation, as this Court recognized in its June 8, 2020 Order. Scheduling orders have been entered by the Court with consent of counsel for the exchange of expert reports by a date certain, both prior to and since Defendants' new counsel's retention last year. Defendants' knowing election to wait until a month before the deadline to allegedly secure an expert report, even if true, is inexcusable, and only further illustrates Defendants' strategic delays and willful disregard of this Court's orders. Defendants apparently forgot that the Parties stipulated and agreed to file their amended pleadings by a date certain.

Defendants' obvious failure to look for, meet with, find and/or otherwise retain an *affordable* expert at any time within the **three-years** since this matter has commenced until May, 2020, if in fact that is what happened, is not excusable neglect as it was *not* outside of Defendants' control. See e.g. Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (holding that district court did not abuse its discretion in denying a Rule 6(b)(2) motion where "appellants' failure to request an extension of time to respond prior to the return date was the result of inadvertence").

II. Defendants' "Financial" Issues With Their Expert in May 2020 Do Not Warrant Re-argument

Contrary to the standard on motions for reconsideration as set forth above, Defendants improperly argue for the first time in the instant application that Defendants' (1) "expert demanded additional and exorbitant compensation for their work and thus, it was outside [Defendants' control];" and (2) "attempted to resolve this issue but was unable to communicate with the expert." Defendants knowing election to stay silent on this issue until Defendants belatedly determined that they may need a valuation report "just in case," and after the deadline, is not excusable neglect. Defendant Gitman's internal conflict with his alleged expert over fees at the *11th hour* is not dissimilar to the delays he caused Plaintiffs and the Court to endure relating to his internal conflicts over fees and strategy with his former counsel, which previously caused an 8 month delay while he refused to supply discovery in accordance with this Court's orders, and additional delays thereafter while he sought new counsel. Defendant Gitman's self-created problems are not the result of circumstances beyond the control of Defendants and do not form the basis for a motion for reconsideration. They are just the opposite.

Defendants also vaguely suggest that their supposed expert, who they apparently have not entered into a financial agreement with, may have required additional documents. This argument is also illusory. Neither Dentons, nor Gitman's current counsel have requested an extension of the discovery schedule due to their inability to obtain any records for their supposed expert's review. To the contrary, Defendants, by and through Defendant Gitman, have always had full and complete access to all financial records of the Plaintiff Companies, and Dentons and Defendants previously represented during conferences with the Court that Defendants had retained a forensic accountant/valuation expert. In fact, Defendants stipulated and agreed that Plaintiffs were relieved from the continuing obligation to host electronic data for Defendants' review as of September 30, 2019. (See September 27, 2019 Amended Scheduling Order).

Defendants could have prepared and completed their expert report at any time prior to the Court's deadlines and extended deadlines, *all of which were consented to by Defendants*, but Defendant Gitman chose not to. In fact, Defendants' position that they first sought a valuation report on May 2, 2020, "to err on the side of caution" is incredible and presents a legal fiction. If Defendants were truly concerned with a "one-sided presentation of fair value" it is incomprehensible why Defendants have done nothing about timely obtaining an expert report until May 2, 2020, and chose not to address such "issues" with the Court and/or Plaintiffs' until after the agreed upon and Court ordered deadline elapsed. It is respectfully submitted that if Defendants were being "cautious," Defendants would and should have secured an expert report well in advance of the deadline, and within the past three years.

All four of the Pioneer factors weigh against granting Defendants the requested relief: (1) Plaintiffs have and continue to be prejudiced by Defendants non-compliance with the Court's Orders and Scheduling Orders which were consented to by Defendants, incurring substantial and unnecessary legal fees; (2) Defendants have known that the value of the Plaintiff companies were an issue since the outset of the Action, which is the reason that the expert reports were included in the Scheduling Order in the first instance; (3) Defendants offer no intelligible reason for the delay, other than that Defendants knowingly elected to wait until after the deadline passed, gain the opportunity to review Plaintiffs' expert report, and then boldly expect the Plaintiffs and the Court to accommodate yet another delay which was wholly within the reasonable control of Defendants; (4) It cannot be more clear that Defendant Gitman has operated in bad faith throughout this Action, and with respect to the issue at hand.

Plaintiffs have been and continue to bring this matter to a final resolution while Defendant Gitman has continuously stalled and delayed Plaintiffs' efforts in every way possible. It is respectfully submitted that Defendants should not be rewarded for their ongoing bad faith and disregard of this Court's Orders and Defendants' application should respectfully be denied, with an award of counsel fees to Plaintiffs.

Thank you for Your Honor's consideration of this Opposition.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc:   All counsel of record (via ECF)

3