## GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. DANIELE ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

DIRECT DIAL: 201-374-9087
BGUAGLARDI@ADGMLAW.COM
WEBSITE: WWW.ADGMLAW.COM

**VIA ECF**

Honorable Louis Stanton, U.S.D.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

June 22, 2020

Re: **Michael Dardashtian, et al. v. David Gitman, et al.**
     **17-cv-4327**

Dear Judge Stanton:

Kindly accept the within opposition to Defendants' objection to Magistrate Judge Lehrburger's ("Judge Lehrburger") Order(s) dated June 8, 2020 and June 12, 2020 pursuant to Fed. R. Civ. P. 72, on behalf of the Plaintiffs, Michael Dardashtian ("Plaintiff Dardashtian"), individually and on behalf of Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply, LLC ("Plaintiff Companies").

In sum, Defendants *third* request for the same relief seeks a post-deadline extension to serve an expert report due to their failure to timely comply with discovery and the Scheduling Orders of the Court in the first instance. Rather than seek an extension before the deadline elapsed (or advise Plaintiffs of the need for one), Defendants made a knowing election to allow Plaintiffs to serve their expert report in timely fashion, to see what Plaintiffs' valuation expert's report discloses, and then seek permission after the deadline for an extension to submit a report of their own. Defendants could have prepared and completed their expert report at any time prior to the Court's deadlines and extended deadlines, a*ll of which were consented to by Defendants*, but Defendant Gitman chose not to. It is respectfully submitted that Defendants' voluntary election not to retain or timely produce an expert report does not support a disturbance of Judge Lehrburger's Order. Plaintiffs are seeking to bring this matter to a final resolution and Defendant Gitman has stalled and delayed those efforts in every possible way, as further demonstrated in Defendants' instant application.

For the reasons set forth below, Defendants' request (1) fails to meet the "clearly erroneous" standard, (2) fails to accurately cite to the record, and (3) is nothing short of a mere regurgitation of the same arguments advanced by Defendants in their first two applications seeking the same relief. Defendants' application should respectfully be denied in its entirety.

*I.  Judge Lehrburger's Orders of June 8, 2020 and June 12, 2020 Were Not Erroneous and Should Not Be Overturned*

The Southern District has long recognized that "[p]retrial discovery motions are considered nondispositive and are reviewed for clear error." City of N.Y. v. FedEx Ground Package Sys., Inc., No.13 Civ. 9173 (ER), 2017 WL 633445, at *3 (S.D.N.Y. Feb. 14, 2017). "An order is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" Lifeguard Licensing Corp. v. Ann Arbor TShirt Co., LLC, No. 15 Civ. 8459 (LGS), 2017 WL 3142072, at *1 (S.D.N.Y. July 24, 2017) (quoting Frydman v. Verschleiser, No. 14 Civ. 5903 (JGK), 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017); accord, e.g., Easley v. Cromartie, 532 U.S. 234, 242 (2001). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (citing Frydman, 2017 WL 1155919, at *2). "This is a highly deferential standard, and '[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden.'" FedEx Ground Package Sys., 2017 WL 633445, at *3 (citing U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); see also Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc., No. 15 Civ. 1259 (JPO), 2017 WL 3309724, at *7 (S.D.N.Y. Aug. 2, 2017) ("[M]agistrate judges are given 'broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.'" (quoting Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., 301 F.R.D. 47, 50 (S.D.N.Y. 2014).

Judge Lehrburger's So-Ordered denial of Defendants' applications for the same relief recognized that a,

> "[C]orporate valuation has been at issue in this case from the start. Defendants have no legitimate excuse as to why they did not previously seek out and retain a valuation expert. Moreover, the excuse offered, that an eleventh-hour attempt to retain an expert was unsuccessful, was not raised in the prior letter briefing and in any event, does not establish excusable neglect," citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993); In re American Express Financial Advisors Securities Litigation, 672 F.3d 113 (2d Cir. 2011).

Here, Defendants do not explain how Judge Lehrburger's Order, which holds all parties responsible to comply with the Scheduling Order(s) of the Court, Orders which Defendants consented to, in any way meets the "clearly erroneous" standard. Judge Lehrburger did not fail to apply or misapply relevant statutes, case law, or rules of procedure. None of Defendant Gitman's self-created problems justify a disturbance of Judge Lehrburger's Order(s), or justify permitting Defendants to continue to disregard the Court's Orders and intentionally obfuscate and unnecessarily delay this proceeding by seeking strategic advantage.

Defendants offer the Court a host of inconsistent excuses, all of which fail to provide any definite and firm conviction that a mistake was made by Judge Lehrburger's Order(s), including Defendants' primary contention that a "corporate valuation has not been at issue in this case *until*

the Plaintiffs filed their amended complaint setting forth new causes of action…" which is simply untrue.[1] (Sim Obj. at p. 1) (Emphasis added).

As this Court is aware, on October 30, 2017, the matter was re-designated to Judge Lehrburger for all remaining non-dispositive motions and disputes among the parties. However, even *prior to* Judge Lehrburger's involvement, the issue of retaining a valuation expert existed, despite Defendants advising this Court to the contrary. By email dated **October 18, 2017,** Defendants' former counsel sought documents for review for valuation purposes by Defendants' proffered expert, Mr. Shulman, who is the same expert that Defendants *now* say they first sought to retain, almost three-years later because Plaintiffs' filed their First Amended Complaint. Notably, in that 2017 email, Defendants' counsel stated that Mr. Gitman was prepared to engage Mr. Shulman to "do a review of the books and records of CSV and its related entities and **provide a valuation of the company.**" (Emphasis added). A true copy of Lindsay Ditlow's email dated 10/18/17 is attached as Exhibit A. If valuation was truly not an issue until after Plaintiffs' First Amended Complaint was filed on May 1, 2020, why did Defendants identify the same valuation expert in 2017?

Additionally, the parties have appeared for multiple in person and telephone conferences before Judge Lehrburger where various methodologies for a valuation of the Plaintiff Companies were addressed by Defendants. Defendants' "eleventh-hour" fee dispute with the expert they identified as their valuation expert in 2017 is not a basis to disregard the Court's Orders.

Plaintiffs have expended considerable time and money since October, 2017 addressing each and every request made by Defendants in hopes that the parties could resolve most, if not all of their disputes before the Magistrate. Defendants never complained to this Court or the Magistrate, *until now*, that they were unable to complete a valuation report for any reason. Defendants have had continuing access to all of Plaintiff Companies' records at all times relevant herein, and their attempt to blame Plaintiffs, or their own expert, for their lack of diligence is illusory. Importantly, as of September 30, 2019, Defendants further stipulated and agreed to relieve Plaintiffs' from continuing to host electronic discovery because Plaintiffs produced all electronic discovery. Plaintiffs clearly have nothing to do with Defendants' own strategic or disregard of the Scheduling Order(s) of the Court.

Now that Defendants have completed their deposition of Plaintiffs' expert on June 22, 2020, Plaintiffs respectfully request that a pre-motion telephone conference be scheduled for purposes of filing dispositive motions, and for permission for Plaintiffs to file an application for counsel fees for Defendants' 3rd bad faith application to this Court seeking the same relief.

Thank you for Your Honor's consideration of the foregoing.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc:   All Counsel of Record (via ECF)

---

[1] Plaintiffs' First Amended Complaint was filed on May 1, 2020, a month before the May 30, 2020 deadline for expert reports to be exchanged. Defendants cannot explain why they elected not to seek an extension before the deadline elapsed or to submit their expert report during this time.

3