# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel:  (718) 281-0400
Fax:  (718) 631-2700

June 24, 2020

**VIA ECF**
Honorable Louis L. Stanton, United States District Judge.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Michael Dardashtian, et al. v. David Gitman, et al.*
                 Docket No. 17-cv-4327 (LLS) (RWL)
                 Objection to Magistrate Judge Ruling

Dear Hon. Louis L Stanton:

      Please kindly accept the within Reply to Plaintiffs' opposition to Defendants' objection to Magistrate Judge Lehrburger's Orders dated June 8, 2020 and June 12, 2020.

      It is respectfully submitted that the need for a valuation report arose once the Plaintiffs filed their amended complaint on April 30, 2020.  It is important to note that the original causes of action asserted by the Plaintiffs did not require a valuation expert.  Rather, it was only when Plaintiffs asserted claims in their amended complaint for a redemption and a judicial dissolution that a need for a valuation report arise.  As such, it is submitted that the Magistrate Judge's ruling that a "corporate valuation has been at issue in this case from the start" was clear error.

      The Defendants have acted in good faith and have extended professional courtesies to Plaintiffs' counsel.  With respect to the current issue before this Court, it is submitted that the Defendants have acted diligently and in good faith.  The reason for the need for additional time to submit an expert report arose due to the newly asserted causes of action that was set forth in Plaintiffs' amended complaint.  Notably, the Plaintiffs, in their opposition, do not address how any of the original causes of action required a valuation expert since the value of the company was not at issue from the start of the case.  The only time a valuation would have been useful would have been for settlement purposes if the parties were discussing a buyout.  However, it became quite clear to the Defendants that a settlement could never be achieved due to the numerous conditions that the Plaintiffs were proposing.  By way of example, the Plaintiffs demanded that the Defendants accept any settlements to be paid over time.  However, the Plaintiffs also conditioned this payment by forcing the Defendants to accept all of the post-settlement business risks.  In this respect, the purported settlement offer provided that if the

business falters or fails, then any payment obligations would be extinguished with no further obligations to pay the defendants. This is an example of many conditions imposed by Plaintiffs that were unacceptable to the Defendants. Thus, a settlement under these terms and conditions would have been unlikely because the Defendants believed the conditions were inherently unfair.

With this said, the original causes of action asserted by the Plaintiffs dd not require a valuation expert. Rather, it was only when Plaintiffs asserted claims in their amended complaint for a redemption and a judicial dissolution did a need for a valuation report and expert arise. As such, it is respectfully submitted that the Magistrate Judge's ruling that a "corporate valuation has been at issue in this case from the start" is incorrect and thus, it is clear error.

The Defendants acted in good faith.in retaining an expert in trying to timely submit a valuation report. Upon receipt of the amended complaint, the Defendants immediately contacted the expert to prepare a valuation report. However, due to circumstances that were outside the control of the Defendants, the expert report was not completed.

Subsequent to the filing of this motion, the expert submitted an invoice for the work they performed in this case that is dated June 22, 2020, which is being submitted as an Exhibit hereto. The invoice could not be submitted earlier because we did not receive it until June 22, 2020. The invoice also demonstrates that immediately following the receipt of the amended complaint, they were retained to prepare a valuation report, which corroborates the account of events that unfolded in May. The invoice also confirms that they performed all research and accounting work to support a valuation report using the accepted Guideline Public Company Method of valuation. The invoice also demonstrates that a substantial portion of the work began after receiving the tax returns from Joel Liebman, the interim manager and accountant for CSV, who had indicated that the delay in furnishing the documents requested was a result of Covid. Once all the documents were received, the expert started preparing SaaS comparable studies to support a valuation report. The invoice also demonstrates that the expert continued working until May 26, 2020. Following May 26, 2020, the expert and the Defendants engaged in a dispute over the fees that the expert requested to complete the valuation report. It is important to note that Mr. Gitman was quoted a price of $5,000.00 to complete the valuation report. In this respect, Mr. Gitman wire transferred the initial payment of $2,500 to the expert. However, the expert suddenly demanded multiples of this amount stating that based on his work on the valuation, the company had significant value and thus, would require significantly more to complete the valuation report. This dispute over the changed fee continued for the next few days. It was hoped that cooler heads would prevail. However, once it became apparent that cooler heads would not prevail, this office reached out to the Plaintiffs on Monday, June 1, 2020[1] to discuss the need for additional time to submit an expert report.

With this said, the Defendants reached out to the Plaintiffs on June 1, 2020 in order to confer on this issue. We spoke on June 2, 2020. After our discussion, Plaintiffs' counsel advised that they would need to speak to the client with respect to consent to file a late expert report.

---

[1] Contrary to the assertion made by the Plaintiffs, June 1, 2020 was the due date and not May 30, 2020, since May 30, 2020 was a Saturday. Fed.R.Civ.P. 6.

Thereafter and after speaking to their client, Plaintiffs' counsel advised that they could not consent to an extension of time. Immediately thereafter, we filed a letter application requesting an extension since the Defendants needed additional time to submit a valuation report. Therefore, it is respectfully submitted that the Defendants did engage in meaningful and good faith efforts to have a valuation report filed timely. However, due to factors outside of their control, the effort was thwarted.

It is respectfully submitted that the Defendants have acted diligently and in good faith and respectfully request this Court to reverse the denial of Defendants' application for leave to file a valuation report in order to prevent injustice resulting from a one-sided presentation of fair value that would result in an unjust windfall to the Plaintiffs. Rather, the Defendants respectfully seeks leave of this Court to be given an opportunity to present a valuation expert in order to permit this Court to make a fair determination based on the merits as to the market value of the company to prevent manifest injustice for the reasons set forth in this application.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com