ORIGINAL

**MEMO ENDORSED**

# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

June 19, 2020

**VIA ECF**
Honorable Louis L. Stanton, United States District Judge.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> A review of the materials confirms that valuation has been at issue long before service of the May 30, 2020 amended complaint. Magistrate Judge Lehrburger's ruling was well within his jurisdiction, was not an error of fact or law, and will not be disturbed.
>
> Louis L. Stanton
> June 25, 2020

Re:   *Michael Dardashtian, et al. v. David Gitman, et al.*
      Docket No. 17-cv-4327 (LLS) (RWL)
      Objection to Magistrate Judge Ruling

Dear Hon. Louis L Stanton:

By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

We submit this objection to Magistrate pursuant to Fed. R. Civ. P. 72 and seek review by this Court of Magistrate Judge's rulings dated June 8, 2020 (application to extend the time to file an expert report) and June 12, 2020 (reconsideration of the June 8, 2020 ruling). It is understood that Magistrate Judge Lehrburger denied both of Defendants' applications by ruling that "corporate valuation has been at issue in this case from the start. Defendants have no legitimate excuse as to why they did not previously seek out and retain a valuation expert." However, it is submitted that a corporate valuation has not been at issue in this case until the Plaintiffs filed their amended complaint setting forth new causes of action seeking a redemption and judicial dissolution of the entity. The original complaint set forth causes of action as follows:

1. Injunctive relief against all defendants. (dismissed)
2. Breach of Fiduciary Duty as to Gitman.
3. Breach of Fiduciary Duty as to Falk. (dismissed)
4. Aiding and Abetting Breach of Fiduciary Duties as to all Defendants (dismissed as to Falk and Summit Rock)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/20

5. Violations of 18 USC 1832 and 18 USC 1836 Against Gitman, Falk, Bagaiev, Gluharev, Accel Commerce, Dalva Ventures, and Defendant Channel Reply, Inc. (Dismissed as to Falk and Summit Rock)
6. Injunctive Relief Pursuant to 18 USC 1836(b)(3) against Gitman, Falk, Bagaiev, Gluharev, Accel Commerce, Dalva Ventures, and Defendant Channel Reply, Inc. (Dismissed as to Falk and Summit Rock)
7. Breach of Contract against Gitman.
8. Unjust Enrichment against all defendants (Dismissed as to Falk and Summit Rock)
9. Breach of Covenant of Good Faith and Fair Dealing against Gitman.
10. Conversion
11. Civil Conspiracy as to Falk, Accel Commerce, Bagaiev, Glukharev, Dalva Ventures, and Channel Reply, Inc. as to Gitman's Conversion (Dismissed as to Falk and Summit Rock)
12. False Designation/Unfair Competition 15 U.S.C. 1125 against Gitman and Defendant Channel Reply, Inc.
13. Computer Fraud 18 USC §1030 (Dismissed)
14. Civil Conspiracy as to Falk, Accel Commerce, Bagaiev, Glukharev, Dalva Ventures, and Channel Reply, Inc. as to Gitman's violation of 18 USC 1030 (Dismissed as to Falk and Summit Rock)
15. Tortious Interference with Prospective Business Advantage Against Gitman, Falk, Accel Commerce, Bagaiev, Gluharev, Dalva Ventures, and Channel Reply, Inc. (Dismissed as to Falk and Summit Rock)
16. Defamation Per Se.
17. Identity Theft: NY CLS Bus 380-S Against Gitman (Dismissed)
18. Unfair Competition as to all Defendants under New York State law (Dismissed as to Falk and Summit Rock)
19. Misappropriation of Trade Secrets Under New York State Law.

It is submitted that none of the causes of action set forth in the originally filed complaint made a corporate valuation necessary. Rather, it was the amended complaint that was filed on May 30, 2020 that made a corporate valuation necessary in the case. In this respect, the amended complaint set forth Count 20 and 21, namely: (i) Declaratory Judgment pursuant to NY CPLR 3001 compelling the redemption of defendant Gitman's membership interests in plaintiff companies pursuant to section 11.5 of the CSV Operating Agreement; and (ii) Judicial Dissolution of CSV and its wholly owned companies pursuant to NY CLS LLC §702 and sections 4.2 and 16 of the CSV Operating Agreement, and ordering plaintiff Dardashtian and/or plaintiff CSV to be permitted to equitably buy-out all of Defendant Gitman's right, title and membership interests in the plaintiff companies CSV, NDAP, LLC and Channelreply. Therefore, as a result of the new causes of action set forth in the amended complaint, the need for a valuation expert became apparent. However, prior to these causes of action being asserted, the need for a valuation expert for trial was not necessary. As such, it is submitted that the Magistrate Judge's ruling that a corporate valuation was necessary from the start of the case is clear error.

Defendants submitted a letter application seeking an extension of time to submit an expert report in this case. Following the denial of Defendants' application for an extension of time to file an expert report in this case, the Defendants filed an application for reconsideration on June 9, 2020. In the application for reconsideration, the Defendants provided efforts that they made to secure an expert report. However, the effort was stymied due to the expert's request for additional fees that were beyond the scope of our agreement.

In this respect, David Gitman contacted Mr. Schulman on May 2, 2020 and came to an agreement by which Mr. Shulman agreed to prepare a report. Mr. Shulman had requested additional documents on May 4, 2020 and in turn, Mr. Gitman requested documents, including tax returns and financials from Joel, the interim manager of the Company in an email dated May 4, 2020. On May 5, 2020, Plaintiffs' counsel wrote an email that Mr. Gitman has access to all of the documents he requested from Joel. Following this email, I spoke to the client about the contents of the email that was received from Plaintiffs' counsel. On May 6, 2020, the client reiterated that he did not have the documents he requested, namely tax returns. Thus, our office responded to Plaintiffs' counsel that our client did not receive the tax returns. On May 19, 2020, Joel sent the tax returns that were requested by providing that "it took time to compile the information as Covid has made it complicated to re-enter the office/staff protocol, etc.". Once received, we forwarded the documents to Mr. Shulman and asked how the valuation was proceeding. We were told that it was proceeding fine and had discussions in regard to the status.

Surprisingly, starting May 27, Mr. Shulman contacted Mr. Gitman directly and indicated that he would need a payment many times the multiple of what was agreed upon to finalize the valuation report. From May 27 to May 29, the client and Mr. Shulman engaged in a dispute that severed their relationship by which the client accused Mr. Shulman of altering the fee due to his revelation that the company is holding significant funds. Hoping that cooler heads would prevail, my office attempted to contact Mr. Shulman in hopes of resolving this dispute. As such, I waited until Monday, June 1, 2020 in hopes of resolving the issue with Mr. Shulman. However, contact was not made.

On Monday, June 1, 2020, after failing to speak to Mr. Shulman, I contacted the Plaintiffs' attorneys and we talked on June 2, 2020, After our discussion, Plaintiffs' counsel advised that they would need to speak to the client with respect to consent to file a late expert report. Thereafter and after speaking to their client, Plaintiffs' counsel advised that they could not consent to an extension of time. Immediately thereafter, I filed a letter requesting an extension.

As such, the Defendants did engage in meaningful and good faith efforts to have a valuation report filed timely but due to factors outside our control, it failed.

It is respectfully submitted that the Defendants have acted in good faith and respectfully request this Court to reverse the denial of Defendants' application for leave to file a valuation report in order to prevent injustice resulting from a one-sided presentation of fair value. Rather, the Defendants respectfully seeks leave of this Court in order to permit this Court to make a fair determination based on the merits as to the market value of the company to prevent manifest injustice for the reasons set forth in this application.

A detailed timeline of events was provided to this Court for the Court to understand that due to the redemption cause of action, the Defendants required an extension of time to submit an expert report. In this respect, it is submitted that the Defendants have demonstrated that the delay was caused by excusable neglect, namely a dispute with an expert. The Defendants utilized good faith but due to factors outside of Defendants' control, a valuation report was not completed. The sequence of events demonstrate the Defendants acted in good faith. Despite the good faith efforts by the Defendants, there was a dispute with the expert that was outside the control of the Defendants. This delay was not a result of any so-called delay bad faith strategy deployed by the Defendants as asserted by the Plaintiffs in this case.

The Second Circuit "focuses closely on the third Pioneer factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Padilla*, 721 F.3d at 83; *see also New York Times Co. v. United States Dep't of Homeland Sec.*, 959 F. Supp. 2d 449, 458 (S.D.N.Y. 2013) ("The Second Circuit has found that the third factor- the reason for the delay, including whether it was within the movant's reasonable control- is the most important." (citing cases)). "[T]he other three [factors] are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004).

It is submitted that the delay was outside the control of the Defendants. In the interests of justice, we request an opportunity to submit an expert report in order to permit the Court to make a decision based on the merits of the case. Thus, we respectfully seek reversal of the Magistrate Judge's rulings.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com