# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*
BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

**VIA ECF**

June 29, 2020

Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re: **Michael Dardashtian, et al. v. David Gitman, et al.**
   **17-cv-4327**

Dear Judge Lehrburger:

Please accept this correspondence on behalf of Plaintiffs, Michael Dardashtian ("Dardashtian"), individually, and on behalf of Cooper Square Ventures a/k/a Cooper Square, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply ("CR") (collectively referred to as "Plaintiffs" or "Plaintiff Companies").

We write in connection with our receipt of Defendants' untimely service of a 63 page expert report from Justin Kuczmarski, of Valuation and Advisory, LLC on Friday, June 26, 2020, which submission was and is contrary to the (1) Scheduling Order(s) of this Court; (2) Your Honor's two Orders dated June 8, 2020 and June 12, 2020; and (3) Judge Stanton's Order dated June 25, 2020, which likewise denied Defendants' *third request* for the same relief.

Now, dissatisfied with three (3) decisions from this Court, Defendants have elected to submit their expert report to Plaintiffs anyway, but instead characterize the report as a "rebuttal" when it is not. Defendants never obtained permission to serve an expert "rebuttal" and are attempting to circumvent the Court's Order.

The reason why we are bringing this issue to the Court's attention now (as opposed to at the time of trial) is to avoid the unnecessary expense related to expert depositions (which is to be completed by July 1, 2020) and other litigation and trial issues that might be affected by Defendants attempting to submit an expert report notwithstanding the Court's Orders prohibiting same.

On June 22, 2020, Defendants completed the deposition of Plaintiffs' expert without advising **anyone** that Defendants would be submitting an expert report. In fact, Defendants, in their motion for reconsideration, advised Your Honor that they found an expert that could have

1

an expert report completed in "three weeks." Your Honor denied that request, yet Defendants took those three weeks to serve their expert report notwithstanding.

Plaintiffs anticipate that Defendants will next attempt to rely on (1) the Scheduling Order's *silence* with respect to the filing of "rebuttal" reports, (which may not necessarily constitute an exclusion of rebuttals), or Defendants will attempt to argue that (2) the "rebuttal" was served within 30 days of their receipt of Plaintiffs' expert disclosure and is therefore timely. However, neither of these anticipated excuses apply to the instant case. The Court's Scheduling Order contemplated all remaining expert discovery. Expert reports were to be exchanged by a date certain, May 30, 2020, and depositions of experts are to be completed by a date certain, July 1, 2020. The Court also ordered that dispositive motions are to be filed by a date certain, July 30, 2020.

Defendants' disguised expert report from their newest expert (1) was not served in compliance with the Scheduling Order(s) of this Court, which set a deadline for all expert discovery; (2) is not at all a "rebuttal" expert report as it exceeds what is necessary to rebut Plaintiffs' expert's opinion, see Fed. R. Civ. P. 26(a)(2)(D)(ii); see also United States v. Casamento, 887 F.2d 1141, 1172 (2d Cir. 1989) ("The function of rebuttal evidence is to explain or rebut evidence offered by the other party."); (3) offers expert opinions and illustrations (not simply rebuttal) on various issues including valuation; (4) the "rebuttal" was served without leave from or notice to the Court, or seeking modification of the Scheduling Order(s) that would permit time to serve same; (5) the newest expert was never identified by Defendants in any discovery responses or in any of the multiple applications filed with the Court this month; and (6) Defendants elected not to retain such expert to timely submit an expert report on valuation or otherwise. See Innis Arden Golf Club, 2009 U.S. Dist. LEXIS 125609, (quoting Fed. R. Civ. P. 37(c)(1))."If a party fails to provide information...as required by Rule 26(a) or (e), the party is not allowed to use that information... to supply evidence... at trial, unless the failure was substantially justified or is harmless..."; see also, Ironshore Ins. Ltd. v. Western Asset Mgmt. Co., No. 11 Civ. 5954(LTD)(JCF), (S.D.N.Y. May 15, 2013) (quoting S.W. v. City of New York, No. 2009 CV 1777, (E.D.N.Y. July 25, 2011)) (noting that the subject "rebuttal reports sought to 'explain, repel, counteract or disprove the evidence of the adverse party.").

Additionally, we are compelled to bring to the Court's attention, whether it is known by Defendant Gitman or not, that Defendants' newest expert may also have potential conflicts as the newest expert's parents are close friends with Plaintiff Michael Dardashtian's parents. Attached is a photograph taken approximately **one week ago** depicting Defendant's newest proposed expert along with Ben Dardashtian, Michael Dardashtian's father, socializing together, while Defendants' newest expert was likely still in the process of preparing his report.

Defendants are blatantly defying the Scheduling Order(s) of this Court, Your Honor's rulings and Judge Stanton's recent Order as well. Defendants' efforts to submit an expert report when such request has been denied several times, but mischaracterizing same as a "rebuttal" is illustrative of Defendants' conduct throughout these proceedings.

Allowing Defendants to engage in such a fashion, if permitted, will compel Plaintiffs to now seek an extension of the discovery schedule, so that it can properly address and seek to bar Defendants' expert report in a formal application to the Court, and/or to depose Defendants expert if permitted, thus extending the dispositive motion deadline, and unnecessarily delaying this proceeding further, as if the Court's three recent Orders never occurred. This will only

exacerbate the legal fees already incurred by Plaintiffs as a direct result of Defendants' bad faith misconduct already.

It is respectfully submitted that Defendants' actions have and continue to be defiant, malicious and egregious. At this juncture, Plaintiffs' should not be prejudiced and/or have to incur additional delay, cost and expense to address same for a *fourth* time.

We have not submitted Defendants' newest expert report at this juncture for the Court's review as we believe that the Court can adjudicate the issue based on the reasons set forth above. However, to the extent that this Court believes it to be necessary to review same, we propose that it is submitted with redactions as to certain financial and other expert opinion information related to valuation, as it would be prejudicial to Plaintiffs if presented to the Court in its current form, and contrary to the Court's Order(s).

If the Court cannot rule on the issue without a more formal application, Plaintiffs respectfully request permission at this time to file a motion seeking to bar the expert report and testimony of Defendants' newest expert, Justin Kuczmarski, of Valuation and Advisory, LLC.

Thank you for Your Honor's consideration.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc:   All counsel of record (via ECF)