```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL DARDASHTIAN, et al.,                               :
                                                           :      17 Civ. 04327 (LLS) (RWL)
                                      Plaintiffs,          :
                                                           :             ORDER
           - against -                                     :
                                                           :
DAVID GITMAN, et al.,                                      :
                                                           :
                                      Defendants.          :
-----------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiffs' application to bar the expert report and testimony of Defendants' proffered expert Justin Kuczmarski, of Valuation and Advisory, LLC. (Dkt. 159.) The Court has considered the application, along with Defendants' response (Dkt. 160), and the prior proceedings of this Court. The Court also has reviewed both the Kuczmarski report and the report of Plaintiffs' expert to which it purports to respond. Plaintiffs' application is granted.

Just weeks ago, Defendants sought permission to submit an expert report on valuation. That request was denied by this Court on June 8, 2020. This Court denied Defendants' request for reconsideration on June 12, 2020. And, District Judge Stanton rejected Defendants' objections on June 25, 2020. Expert discovery, including expert depositions, closed on July 1, 2020.

The day following Judge Stanton's order, Friday, June 26, 2020, Defendants apparently served on Plaintiffs a 63-page expert report from Mr. Kuczmarski. Defendants characterize the report as a rebuttal report. The report is styled as a rebuttal to Plaintiffs' expert valuation report, and it is couched throughout as rebuttal.

1

The scheduling orders in this case, however, do not contemplate any expert rebuttal reports. On October 10, 2017, Magistrate Judge Francis issued a scheduling order for the case. (Dkt. 68.) In relevant part, that scheduling order directed that "Expert reports shall be exchanged within 30 days of the completion of fact discovery," and "Expert depositions shall be completed within 30 days of the exchange of expert reports." (*Id.* ¶¶ 2f.-g.) The order did not provide for expert rebuttal reports.

Every subsequent scheduling order in the case maintained the same arrangement but with expert reports being exchanged approximately 45 days after the completion of fact discovery. In each instance, a 30-day spacing remained both between exchange of expert reports and completion of expert depositions, and between the end of expert discovery and filing of dispositive motions. For example, on January 20, 2020, the amended scheduling order provided that fact discovery would end on March 17, 2020, that expert reports would be exchanged by April 30, 2020, that expert depositions would be completed by June 1, 2020, and that dispositive motions would be filed by June 30, 2020. (Dkt. 133.) The last change to the schedule was made on March 17, 2020, when all remaining dates were extended by 30 days. (Dkt. 135.) Accordingly, fact discovery ended on April 15, 2020; expert reports had to be exchanged by May 30, 2020; expert depositions had to be completed by July 1, 2020; and dispositive motions must be filed by July 30, 2020.

The point of recounting this history is to show that the Court's orders never contemplated or permitted rebuttal experts or rebuttal expert reports. The short period of time (30 days) between the exchange of expert reports and completion of expert depositions further confirms that rebuttal expert testimony was never contemplated. Had

the Court intended exchange of rebuttal reports, the schedule would have provided significantly more time between exchange of reports and completion of expert depositions.

And, had Defendants desired to submit an expert rebuttal report, they could and should have sought leave from the Court and done so at a time when the schedule could be modified to accommodate expert rebuttals. Defendants did not do that. Indeed, they apparently did not even bring the subject up with Plaintiffs, instead springing the proffered rebuttal on Plaintiffs just five days before expert depositions were to be completed (and on a Friday no less).

As with their prior attempt to belatedly bring in expert testimony, Defendants' current attempt to do so transgresses the Court's orders. Moreover, allowing the rebuttal expert report would cause yet further delay in what has been a series of delays caused by Defendants and which have significantly extended the duration of this case.

Expert discovery has closed. Plaintiffs' application is granted. Defendants' expert rebuttal report is stricken. Of course, this ruling does not preclude Defendants from continuing to use Mr. Kuczmarski in a consulting capacity.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   July 3, 2020
         New York, New York

Copies transmitted to all counsel of record.