UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNEL REPLY,

Plaintiffs,

1:17 Civ.4327 (LLS)

-against-

DAVID GITMAN, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKII GLUKHAREV and CHANNEL REPLY, INC.,

Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF LAW**

Respectfully submitted,

/s/Sang J. Sim___________
SIM & DEPAOLA, LLP
By: Sang J. Sim, Esq
Attorneys for Defendants
42-40 Bell Blvd. Suite 201
Bayside, New York 11361
(718) 281-0400

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………….3

PRELIMINARY STATEMENT…………………………………………………….......4

STATEMENT OF FACTS……………………………………………………………….5

ARGUMENT……………………………………………………………………………….6

POINT I
DEFENDANTS TIMELY SERVED THEIR REBUTTAL REPORT…………….. ………...6

POINT II
THE REBUTTAL REPORT IS NOT DEFENDANTS EXPERT
VALUATION REPORT …………………………………………………………..…….8

# TABLE OF AUTHORITIES

CASES

*Bowers v. N. Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D. Fla. 1995)……………………….,..9

*Callahan v. A.E. V., Inc.*, 182 F.3d 237, 259 (3d Cir. 1999)………………………………….,…9

*Casey v. Seas Shipping Co.*, 178 F.2d 360, 362 (2d Cir.1949)…………………………………16

*Ebbert v. Nassau County*, No. CV 05-5445, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008)…………………………………………..11

*Flint Hills Res. LP v. Lovegreen Turbine Sves*., No. 04-C-4699, 2008 WL 4527816, *7 (D. Minn. Sept. 29, 2008)…………………………………………………10

*Innis Arden Golf Club*, 2009 WL 5873112, at *2 ………………………………………………11

*In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 276 (S.D.N.Y. 1998) ………………………………7

*Ironshore Ins. Ltd. v. Western Asset Mgmt. Co.*, 2013 WL 2051863, at *3 (S.D.N.Y. May 15, 2013)…………………………………………………………………..11

*Johnson v. Grays Harbor Cmty. Hosp.*, No. 06-C-5502, 2007 WL 4510313 (W.D. Wash. Dec. 18, 2007)…………………………………………….,…10

*Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Mar. Antalya.*, 248 F.R.D. 126, 159 (S.D.N.Y.2007) …………………………………………….. ….17

Lab Crafters, Inc. v. Flow Safe, Inc., 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007) ……………………………………………………..…14, 15

*See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir.2006)…………………..……16

*Mayou v. Ferguson*, 544 F. Supp. 2d 899, 901 (D.S.D. 2008)…………………………………..7

*Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009)……..…9

*S.E.C. v. Badian*, 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009)…………………………7

*Sofitel Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)….14., 15

*S. W. v. City of New York*, 2011 WL 3038776, at * 2(E.D.N. Y. July 25, 2011)……….…8, 9, 11

*T.C. Sys. Inc., v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 180 (N.D.N. Y. 2002)…,...8

*United States v. Casamento*, 887 F.2d 1141, 1172 (2d Cir. 1989)……………………………,…8

*United States v. Neary*, 733 F.2d 210, 219–20 (2d Cir.1984) ………………………………..…16

## PRELIMINARY STATEMENT

1. Defendants' counsel, Sim & DePaola, LLP, hereby submits this Memorandum of Law in support of Defendants' Objection to Magistrate Judge Lehrburger's decision and order dated July 3, 2020 precluding the Defendants from utilizing a rebuttal report pursuant to Fed.R.Civ.P. 72.

2. In this respect, Judge Lehrburger provided that he reviewed both the valuation report and the rebuttal report. However, the court did not hold that the rebuttal report was not a rebuttal to the Plaintiffs' valuation report. It is submitted that the rebuttal report is in fact purely a rebuttal since the rebuttal expert did not conduct a valuation of the company.

3. The Defendants sought leave to extend the time to file an expert valuation report. As this Court is aware, it was denied. Thus, the Defendants did not retain an expert to prepare a valuation report. To date, the Defendants have not submitted a valuation report.

4. However, since the Scheduling Order was silent as to rebuttal reports, it is submitted that the default provision in regard to rebuttal reports provided for in Fed.R.Civ.P. 26 would be controlling. Pursuant to Fed.R.Civ.P. 26, the Defendants timely filed their rebuttal report within 30 days following the service of the Plaintiffs' valuation report, which was before the Scheduling Order's close of expert discovery.

5. It is submitted that the Defendants timely filed the rebuttal report. Further, there were no court orders or scheduling orders governing the use of rebuttal experts or the submission of rebuttal reports. Case law as set forth below, provides that rebuttal reports will be permitted if the scheduling order is silent on this issue. As such, there was no basis to preclude the rebuttal report in this case. Therefore, we seek review of the Magistrate Judge's order.

## STATEMENT OF REVELANT FACTS

6. By way of background, Defendants sought leave for an extension of time to serve their expert valuation report. This application was denied on June 8, 2020. The Defendants then submitted an application for reconsideration of the denial of an extension to serve a valuation report. That application for reconsideration was denied June 12, 2020. As such, in order to avail themselves of all available remedies, Defendants made an application with this Court objecting to the Magistrate Judge's denial of the extension of time to serve Defendants' expert valuation report.

7. Following the receipt of Plaintiffs' valuation report, the Defendants prepared a rebuttal expert report. True and accurate copy of Plaintiffs' Valuation report and Defendants' Rebuttal Expert Report are annexed hereto as Exhibit A and B, respectively.

8. Following the service of the rebuttal report, the Plaintiffs submitted a letter to the Magistrate Judge, which is annexed hereto as Exhibit C. The Defendants submitted a letter in response asserting that the report served upon the Plaintiffs was strictly a rebuttal report and not an expert valuation report designed to circumvent this Court's ruling on the denial of an extension of time to submit a Defendants' expert valuation report. Further, the parties furnished the Magistrate Judge copies of both the initial valuation report and the Defendants' rebuttal report via email.

9. However, even though the Defendants' rebuttal report was truly a rebuttal report, the Magistrate Judge precluded the use of said rebuttal report by providing that the Scheduling order was silent on rebuttal based on the Court's prior ruling that the Defendants would not be granted an extension of time to submit a Defendants expert valuation report, the rebuttal report was precluded.

10. It is respectfully submitted that the denial of an extension of time to submit a Defendants expert valuation report should not preclude the Defendants from the use of a rebuttal expert and the rebuttal report in this case since the rebuttal report was served timely following receipt of Plaintiffs' expert valuation report. The rebuttal report sets forth specific deficiencies in Plaintiffs' expert report and does not raise new theories. A copy of both the Plaintiffs expert report and Defendants' rebuttal report is annexed hereto as Exhibit A and B, respectively for this Court's review.

## ARGUMENT

### POINT 1
### DEFENDANTS TIMELY SERVED THEIR REBUTTAL REPORT

11. As a threshold matter, the Defendants timely served a rebuttal expert report on June 26, 2020, which was within 30 days from the receipt of Plaintiffs' expert report and thus, was timely served and before the close of expert discovery.

12. The Federal Rule provides that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within thirty days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(C). The rule is a default that can only be avoided by court order or by stipulation of the parties. *In re Kreta Shipping, S.A.,* 181 F.R.D. 273, 276 (S.D.N.Y. 1998).

13. In this respect, Fed.R.Civ.P. 26(a)(2)(D) provides, in relevant part, as follows:

> *(D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> > (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

>       (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

14. Notably, the Scheduling Order is silent on the issue of rebuttal experts. This point is confirmed by Judge Lehrburger's finding that "the Court's orders never contemplated or permitted rebuttal experts or rebuttal expert reports."

15. Further, there were no court orders that limited or restricted the parties ability to utilize rebuttal expert reports or testimony. The Court has never issued an order prior to the submission of a rebuttal expert report precluding a rebuttal expert or a rebuttal expert report in this case. Rather, the Court denied Defendants' application to extend the time to submit an expert valuation report. The Defendants exhausted all remedies with this Court in hopes that this Court would grant their application to extend the time to submit an expert valuation report.

16. Thus, it is respectfully submitted that silence with respect to rebuttal reports in Scheduling Orders do not provide a basis to exclude rebuttal reports. Rather, it supports the opposition. *See, S.E.C. v. Badian,* 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009) (holding that since the Scheduling Order was silent on rebuttal reports, rebuttal reports would be permitted); *Mayou v. Ferguson,* 544 F. Supp. 2d 899, 901 (D.S.D. 2008) (holding that where a scheduling order is silent on the issue of rebuttal expert, the Plaintiff cannot be precluded from designating rebuttal experts).

17. Contrary to the assertion made by the Plaintiffs, the rebuttal expert report is not an attempt by the Defendants to submit an expert valuation report. Rather, the rebuttal report is exactly that, a rebuttal report that directly contradicts and rebuts the assertions

that is made in Plaintiffs expert report. The rebuttal report addresses the deficiencies contained in Plaintiffs' expert report as set forth in detail below.

## POINT II

## THE REBUTTAL REPORT IS NOT DEFENDANTS' EXPERT VALUATION REPORT

18. Defendants served a rebuttal expert report upon the Plaintiffs that addresses only the Plaintiffs' expert valuation report.

19. It is well settled that expert rebuttal evidence is allowed if it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also United States v. Casamento,* 887 F.2d 1141, 1172 (2d Cir. 1989) ("The function of rebuttal evidence is to explain or rebut evidence offered by the other party."); *S. W. v. City of New York,* 2011 WL 3038776, at * 2(E.D.N. Y. July 25, 2011) ("Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party.") (citation and internal quotation marks omitted). The scope of a rebuttal is limited to the "same subject matter" encompassed in the opposing party's expert report, Fed. R. Civ. P. 26(a)(2)(D)(ii), but district courts have been "reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language." *T.C. Sys. Inc., v. Town of Colonie, New York,* 213 F. Supp. 2d 171, 180 (N.D.N. Y. 2002); *see also S. W. v. City of New York,* 2011 WL 3038776, at *4 ("Even assuming that portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice to [defendant] by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set."). It is also acceptable for an expert to use new methodologies in a rebuttal "for the

purpose of rebutting or critiquing the opinions of Defendants' expert witness[.]" *Park W. Radiology v. CareCore Nat'l LLC,* 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009).

20. Contrary to the unfounded allegations made by the Plaintiffs, the Defendants are not circumventing the orders of the Court since the Court never made any rulings on the issue of rebuttal experts.

21. The Defendants are exercising their right to submit a rebuttal report in conformity with the Federal Rules of Civil Procedure. The Defendants rebuff any assertion that Defendants have acted in bad faith misconduct. Defendants have acted in good faith by submitting a rebuttal report in conformity with the requirements set forth in the Federal Rules of Civil Procedure.

22. The case law regarding the use of a rebuttal expert in the party's case-in-chief is paradoxical. Cases dealing with this question before Federal Rule of Civil Procedure 26 was amended to distinguish between rebuttal and regular experts tended to conclude that when the parties' discovery plans did not define "rebuttal expert," the fact that the parties labeled an expert as a rebuttal expert "during the discovery process [did] not preclude Plaintiffs from using it in their case-in-chief at trial." *Bowers v. N. Telecom, Inc.*, 905 F. Supp. 1004, 1008 (N.D. Fla. 1995); *see also Callahan v. A.E. V., Inc.*, 182 F.3d 237, 259 (3d Cir. 1999) ("The Federal Rules of Civil Procedure, and Rule 26(a)(2) governing the disclosure and discovery of expert witnesses in particular, make no distinction between the permissible uses of `regular' experts and `rebuttal' experts.") Although at least one case since the amendment to Rule 26 distinguishing between rebuttal and regular experts has applied this case law to allow the use of a rebuttal expert in the party's case-in-chief, *Flint Hills Res. LP v. Lovegreen Turbine Sves.*, No. 04-C-4699, 2008 WL 4527816, *7

(D. Minn. Sept. 29, 2008), we do not find its reasoning persuasive. Rather, we agree with the court in *Johnson v. Grays Harbor Cmty. Hosp.*, No. 06-C-5502, 2007 WL 4510313 (W.D. Wash. Dec. 18, 2007.) In that case, the court held that "[u]ntil and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to offer true `rebuttal' testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified." *Id.* at *2.

23. Rule 26(a)(2)(B)(I) of the Federal Rules of Civil Procedure provides that a written expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them[...]". "It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought*." Innis Arden Golf Club v. Pitney Bowes, Inc.,* No. 3:06CV1352 (JBA), 2009 WL 5873112, at *3 (D. Conn. Feb. 23, 2009) (*quoting Sandata Techs., Inc. v. Infocrossing, Inc.*, Nos. 05 Civ. 09546(LMM)(THK), 06 Civ. 01896(LMM)(THK), 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) (citation omitted)).

24. Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure, however, permits rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[...]." Generally, a rebuttal expert report should be used solely to explain or rebut opinions offered by the other party, and should not raise new arguments or theories. *Ebbert v. Nassau County*, No. CV 05-5445, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008) (string citation omitted) ("A rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.");

*Ironshore Ins. Ltd. v. Western Asset Mgmt. Co.,* No. 11 Civ. 5954(LTD)(JCF), 2013 WL 2051863, at *3 (S.D.N.Y. May 15, 2013) (*quoting S.W. v. City of New York*, No. 2009 CV 1777, 2011 WL 3038776, at *2 (E.D.N.Y. July 25, 2011)) (noting that the subject "rebuttal reports sought to 'explain, repel, counteract or disprove the evidence of the adverse party."). "If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information... to supply evidence. at trial, unless the failure was substantially justified or is harmless..." *Innis Arden Golf Club,* 2009 WL 5873112, at *2 (*quoting* Fed. R. Civ. P. 37(c)(1)).

25. In this case, it is submitted that the Defendants report is a rebuttal in both function and scope.  Copies of both Plaintiffs' expert report and Defendants rebuttal report are submitted as Exhibit C and D respectively,

26. As a threshold matter, the Defendant rebuttal expert report was prepared by Justin Kuczmarski ("Kuczmarski"). Kuczmarski provided that Withum Valuation Report fails to substantiate both key valuation components and documentation which violates compliance with professional standards.  As such, Kuczmarski goes into detail as to the Withum report's failure to comply with professional standards.  Further, Kuczmarski provided that the Wihum Valuation Report should have selected more than just one business valuation method.  In this respect, Kuczmarski provides that the business valuation method chosen by Withum, namely the direct capitalization valuation method, is not an appropriate valuation method for the subject company, which is a SaaS business company. Kuczmarski goes into detail as to why the sole method used by Withum is not appropriate in this case.  For instance, Kuczmarski provides that valuation theory and best practices undercut the usage and shun the direct capitalization method for either

early-stage businesses or businesses with high growth. Kuczmarski provides that the subject SaaS company was both an early stage business with high growth.

27. Further, Kuczmarski criticizes the Withum report for lacking valuation sanity checks from the use of other methods, particularly the leading market methods, which can be used to corroborate valuations. Sim Declaration Exhibit D ¶32 In this respect, Kuczmarski, provides, in relevant part, as follows:

> Theory and best practices clearly state that the 1) direct capitalization method is not a leading method overall, 2) not recommended for usage in fair value disputes, and 3) inappropriate for an a) early-stage/start-up business exhibiting b) high growth and c) owning significant technology.8 The last three sub-elements in factor # 3 each individually alone obviate the direct capitalization's usage for the Company. It is beyond debate that the Company possessed all three of these elements (intangible nature, start-up stage, and high-growth nature) for the applicable Valuation Dates. Thus, the direct capitalization method would not be reliable in capturing the value of the Company.

Sim Declaration Exhibit D ¶45

28. Further, Section II of the rebuttal report presents an in-depth discussion of the faults of the direct capitalization method used by Withim in valuing the subject company.

29. In this respect, Kuczmarski provides that there are other leading valuation methods that should have been used, such as the Guideline Public Company Method, the Guideline Merged and Acquired Method and the income approach method.

30. The Withum report provided that the Guideline Public Company Method, the Guideline Merged and Acquired Method were not used because comparable companies could not be identified. Kuczmarski rebuts this assertion by explaining that the company is a SaaS company and as such, there are over 300 comparable companies. Notably, Withum asserted that the company is a SaaS company but did not search for comparable SaaS

companies. Thus, Kuczmarski rebuts and criticizes Withum for its failure to utilize leading methods. Further, Withum provides that they didn't use the income method because there were no projections of the company available. Kuczmarski criticizes this assertion by stating that a CPA was appointed as an interim manager of the company, but Withum did not even speak to the CPA and thus, questions why, as forensic accountants, they could not formulate any projections considering that the company has been growing at a rate over 40 percent per annum. Further, even though Withum stated that it could not formulate any projections to use the income method, they did formulate projections to support the use of the unconventional direct capitalization method. As such, Kuczmarski criticizes the Withum report for its inconsistencies. It is well settled that rebuttal reports should seek to "'explain, repel, counteract or disprove the evidence of the adverse party." This is precisely what the rebuttal report does.

31. In addition, Kuczmarski questions the manner in which the Withum report formulated their value using the direct capitalization method. In this respect, Kuczmarski provides that the Withum report failed to account for an S-Corp premium. Sim Declaration Exhibit D ¶170. Further, Kuczmarski criticizes the use of a discount for lack of marketability in this case in which Michael Dardashtian has testified that he does not intend to sell the company but hold onto it.

32. Further, Kuczmarski questions Withum's valuation credentials in valuing SaaS companies to demonstrate that the Withum report is unreliable in determining fair value of the company. It is respectfully submitted that this is a rebuttal report and thus, should be permitted since it was served timely.

33. However, despite the fact that the Defendants timely served a rebuttal report, the Magistrate Judge held that the rebuttal report was precluded based on the prior applications and decisions of the Court on the issue.

34. We respectfully object since the rebuttal report was timely served and it is believed that the Defendants have a right to submit a rebuttal expert report in this case. It is submitted that since the scheduling order does not contain any restrictions on rebuttal reports and the Court has never precluded the filing of a rebuttal report, it is submitted that the Court's decision to preclude the rebuttal report is contrary to the law and in clear error that should be reversed.

35. Courts in the Second Circuit are directed to consider the following factors in determining whether to exclude expert testimony: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Sofitel Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (*citing Outley v. City of New* York, 837 F.2d 587, 590-91 (2d Cir. 1988)). "None of these factors are dispositive and each factor is to be balanced against the others in making the determination." *Lab Crafters, Inc. v. Flow Safe, Inc*., No. CV-03-4025 (SJF)(ETB), 2007 WL 7034303, at *6 (E.D.N.Y. Oct. 26, 2007) (*citing Sofitel*, 118 F.3d at 962).

36. In this case, it is submitted that there was no violation of a discovery order as it pertains to rebuttal expert reports. It was served before the close of expert discovery. The Defendants would also agree to permit the Plaintiffs to complete rebuttal expert deposition. Nonetheless, the rebuttal report was filed in a timely manner as a rebuttal

report. "Exclusion of expert testimony should be reserved for those rare cases where a party's conduct represents flagrant bad faith and callous disregard for the Federal Rules of Civil Procedure." *Lab Crafters,* 2007 WL 7034303, at *7. Here, it is not apparent that plaintiffs acted in bad faith in submitting their rebuttal expert report.

37. The bulk of Kuczmarski report is a direct rebuttal to the opinions of Withum. There areno new theories presented.  Rather, the report attempts to provide helpful background information as to why the methodology employed by Withum is unreliable.

38. Further, the Defendants did not act in bad faith in submitting a rebuttal report.  Thus, it is submitted that the factors weigh in favor of Defendants and the admission of Kuczmarski's opinion.

39. In addition, the Defendants have not delayed discovery in this case.  Defendants current attorneys have acted expeditiously and sought to complete discovery during the Covid pandemic.  Since being substituted, the Defendants have acted in good faith.  Any delays caused by the withdrawal of Defendants prior counsel was the sole fault of the attorneys since the Dentons attorneys indicated that they were changing firms and their new firm would not permit them to transfer this case to their new firm.  Thus, it is submitted that the Defendants have not acted in bad faith.

40. Moreover, the Plaintiffs attempt to establish value for the company by significantly understating the value of the company by using an unconventional method to achieve that end result.  Accordingly, the importance of Kuczmarski 's opinion weighs in favor of its admission. *See Scientific Components Corp.*, 2008 WL 4911440, at *4 (denying motion to strike where the rebuttal report was "important to plaintiff's case"); *Lab Crafters,* 2007

WL 7034303, at *7 (admission of rebuttal expert testimony warranted where it was of "grave importance to defendant's case.").

41. The third factor to consider is the prejudice suffered by defendant "as a result of having to prepare and meet new testimony." *Sofitel*, 118 F.3d at 962. Plaintiffs appear to be asserting that allowing the rebuttal report will delay the case since depositions would have to be conducted of the rebuttal expert. However, courts in the Second Circuit addressing this issue "have stated that any prejudice to the opposing party can be alleviated by allowing them to depose the expert prior to trial." *Lab Crafters,* 2007 WL 7034303, at *8; *see also Allen*, 2013 WL 211303, at *4 (citing multiple cases)("[P]rejudice from the introduction of a rebuttal report is commonly addressed by allowing the other party an opportunity to depose the expert."). Thus, any prejudice may be cured by Plaintiffs taking Kuczmarski 's deposition.

42. Finally, the issue of the possibility of continuance, it is important to note that no trial date has been set. Accordingly, this factor also weighs in favor of allowing the entirety of Kuczmarski rebuttal report and testimony.

43. To determine whether evidence is “rebuttal” evidence, a court must ask whether the rebuttal evidence is proffered to counter evidence that the defendant has offered, or whether it is simply a continuation of the plaintiffs case in-chief. *See Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir.2006) (finding that the district court acted within its discretion to deny the plaintiff's application to re-designate a rebuttal expert as a case-in-chief expert, two years after the defendant challenged the plaintiff's expert as improperly designated as a “rebuttal” expert when his opinions addressed an element of plaintiffs claim). If the adverse party has not raised an issue to which such evidence is

responsive, it is not “rebuttal” evidence. *See id.; United States v. Neary,* 733 F.2d 210, 219–20 (2d Cir.1984) (rejecting the introduction of certain evidence as improper rebuttal evidence); *Casey v. Seas Shipping Co.,* 178 F.2d 360, 362 (2d Cir.1949) ( “Assuming ... that the evidence was not admissible in rebuttal as of right, it might of course have been excluded.”).

44. Clearly, in this case, the rebuttal report is proffered to counter evidence that the Plaintiffs have offered. The evidence presented in the rebuttal report is responsive to the assertions made by the Plaintiffs expert and thus, should be deemed a rebuttal report.

45. Therefore, it is respectfully submitted that precluding the rebuttal report was contrary to the law and in clear error that should be reversed.

46. Contrary to the unfounded allegations made by the Plaintiffs, the Defendants are not circumventing the orders of the Court. Rather, the Defendants are merely exercising their right to submit a rebuttal report in conformity with the Federal Rules of Civil Procedure. The Defendants rebuff any assertion that Defendants have acted in bad faith misconduct. Defendants have acted in good faith by submitting a rebuttal report in conformity with the requirements set forth in the Federal Rules of Civil Procedure.

47. The Court in *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Mar. Antalya.,* 248 F.R.D. 126, 159 (S.D.N.Y.2007) provided that the Court is also mindful that the preclusion of evidence, let alone expert evidence, ‘ is a drastic remedy and will apply only in situations where the failure to disclose represents a flagrant bad faith and callous disregard of the rules.’

48. In this case, it is submitted that the Defendants have not engaged in any flagrant bad faith or callous disregard of the rules and thus, the Defendants rebuttal expert report should not have been precluded.

49. Alternatively, if the Defendants application is denied, then Defendants respectfully seeks leave to appeal from this interlocutory order.

Dated: Bayside, New York
July 10, 2020

Respectfully submitted,

/s/ Sang J. Sim________________
**SIM & DEPAOLA, LLP**
BY: Sang J. Sim, Esq.
*Attorneys for Defendant(s)*
42-40 Bell Boulevard Suite 201
Bayside, New York 11361
(718) 281-0400

TO: Guaglardi & Meliti, LLC
*Attorneys for Plaintiffs*
365 W Passaic St #130
Rochelle Park, NJ 07662
bguaglardi@adgmlaw.com
Tel: (201) 947-4100
Fax: (201) 947-1010

1:17 Civ.4327 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNEL REPLY,

Plaintiffs,

-against-

DAVID GITMAN, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKII GLUKHAREV and CHANNEL REPLY, INC.,

Defendants.

---

**MEMORANDUM OF LAW**

---

**SIM & DEPAOLA, LLP**
By: Sang J. Sim
Attorney for Defendant(s)

42-40 Bell Boulevard, Ste 201
Bayside, NY 11361
Tel. (718) 281-0400

---

To: Guaglardi & Meliti, LLC
365 W Passaic St #130
Rochelle Park, NJ 07662

Attorney(s) for Plaintiffs

---