## GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

<u>**VIA E-FILE**</u>                                            July 14, 2020
Honorable Louis Stanton, U.S.D.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re:   <u>**Michael Dardashtian, et al. v. David Gitman, et al.**</u>
      <u>**17-cv-4327**</u>

Dear Judge Stanton:

  We represent the Plaintiffs, Michael Dardashtian ("Plaintiff Dardashtian"), individually and on behalf of Cooper Square Ventures, LLC ("CSV"), NDAP, LLC ("NDAP") and ChannelReply ("Plaintiff Companies").

  We write in opposition to Defendants' *second* motion regarding expert reports pursuant to Fed.R.Civ.P. 72, seeking to re-open Judge Lehrburger's decision and order dated July 3, 2020 ("July 3rd Order"). By way of their instant application, Defendants, again, seek permission to utilize an expert report in this case.

  Plaintiffs' further cross-move herein for (1) an Order removing from the public docket a portion of Defendants' instant application, which includes the public filing of highly sensitive confidential records of the Plaintiff Companies, and portions of Defendants' Memorandum of Law which makes specific reference to such sensitive and confidential business records; and (2) sanctions against Defendants pursuant to Rule 11 for the reasons set forth herein.

**RELEVANT HISTORY**

  By Decision dated June 25, 2020, Your Honor denied the Defendants' *first* motion pursuant to Fed.R. Civ.P. 72, which first sought to re-open Judge Lehrburger's June 12, 2020 Decision denying Defendants' request to belatedly serve an expert report in this case ("June 25[th] Decision"). Your Honor made clear that Judge Lehrburger's Decision of June 12, 2020 was well

1

within Judge Lehrburger's "jurisdiction, was not an error of fact or law and will not be disturbed." (Id).

Absent from Defendants' *first* motion to this Court, or in any application prior to or since, is a request by Defendants' for permission to serve a "rebuttal," and/or modify the existing Scheduling Order(s) that would otherwise permit the parties to exchange "rebuttal" reports in this case.

On June 26, 2020, a day after Your Honor's June 25th Decision, Defendants' elected to serve an expert report anyway. On June 29, 2020, Plaintiffs had to address the same issue with Judge Lehrburger, and moved to strike same (Ostrer Dec. **Exhibit C**). Defendants opposed Plaintiffs' application and advanced the same argument that they advance here, namely that Defendants' expert report is only a "rebuttal" and therefore should be permitted (Id. At **Exhibit D**).

In connection with the July 3rd Order, Judge Lehrburger found that Defendants' service of their report "transgresses the Court's orders." (July 3rd Order at p. 3). Prior to the Court's decision, the Court granted Defendants the courtesy, to review both Defendants' expert report and Plaintiffs' expert valuation report *in camera*, before ruling upon Plaintiffs' application to strike Defendants' expert report. Judge Lehrburger ultimately granted Plaintiffs' application, striking Defendants' expert report and corresponding testimony, however reaffirmed that Defendants could continue to consult with such expert if they so choose. (Id at p. 3).

The record demonstrates that Judge Lehrburger's July 3rd Order is well-within Judge Lehrburger's jurisdiction, was not an error of fact or law and should not be disturbed. Defendants' instant application is entirely without merit, for it fails to accurately cite to the July 3rd Order, advances the same arguments that were previously advanced to Judge Lehrburger, and is serving to continuously delay this proceeding, yet again.

Defendants' instant application should be denied, and Plaintiffs' cross-motion should be granted for the reasons set forth below.

## **DEFENDANTS HAVE NOT MET THEIR BURDEN FOR RELIEF PURSUANT TO FED.R.CIV.P. 72**

The Second Circuit has long held that matters involving pretrial discovery generally are considered non-dispositive of the litigation and are subject to the more lenient "clearly erroneous" standard. Thomas E. Hoar, Inc. v. Sara Lee Corp. (2d Cir. 1990) 900 F.2d 522, cert. denied, 498 U.S. 846 (1990).

The Supreme Court has held that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., (1948) 333 U.S. 364, (quoted in Derthick v. Bassett-Walker Inc., 1992 U.S. Dist. LEXIS 14505, No. 90 Civ. 5427, (S.D.N.Y. Sept. 23, 1992)). "[A] party seeking to overturn a discovery ruling [therefore] generally bears a 'heavy burden.'" Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., (E.D.N.Y.1990) 753 F. Supp. 1078, 1099, aff'd, 938 F.2d 1574 (2d Cir.1991). "Pursuant to this

2

highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." <u>Derthick</u>, supra.

Here, Defendants argue that Judge Lehrburger "did not hold that the rebuttal report was not a rebuttal to the Plaintiffs' valuation report…" (See Def. Memo of Law at para 3). Defendants further argue that because the Scheduling Order was *silent* as to rebuttal reports, Fed.R.Civ.P. 26 is "controlling" and should permit Defendants 30 days to serve their rebuttal upon receipt of Plaintiffs' report.

Defendants arguments are again, misleading, as such arguments were fully briefed and were specifically addressed by Judge Lehrburger in the July 3rd Order (Ostrer Dec. at Exs. C and D).

Judge Lehrburger held,

"Defendants characterize the report as a rebuttal report. The report is styled as a rebuttal to Plaintiffs' expert valuation report, and it is couched throughout as rebuttal." (See July 3rd order at p. 1).

Defendants Motion is also a *second* attempt to reargue Defendants' prior argument made to Judge Lehrburger in connection with the July 3, 2020 Order. That does not serve as a basis to disturb the July 3rd Order. <u>Johnson v. Filion</u>, 232 F. Supp. 2d 98 (S.D.N.Y. 2002). Specifically, Defendants also argue, again, that the Scheduling Order(s) "silence" with respect to rebuttal reports allows Defendants to serve a rebuttal should they so choose. (Def. Memo of Law at para 4). This argument was previously raised by Defendants and was rejected by the Court.

Judge Lehrburger held,

"The scheduling orders in this case, however, do not contemplate any expert rebuttal reports. On October 10, 2017, Magistrate Judge Francis issued a scheduling order for the case. In relevant part, the scheduling order directed that 'Expert reports shall be exchanged within 30 days of the completion of fact discovery', and 'Expert depositions shall be completed within 30 days of the exchange of expert reports.' **The order did not provide for rebuttal reports.**" (Emphasis added).

Notwithstanding, whether Defendants' expert report is a "rebuttal" it is irrelevant, given the Court's consideration of the issue. Conveniently omitted in Defendants' instant application, is that Judge Lehrburger's July 3rd Order made clear that because of the "short period of time (30 days) between the exchange of expert reports and completion of expert depositions **further confirms that rebuttal expert testimony was never contemplated**." (Id at p. 2) (Emphasis added).

Defendants' contention that the "Magistrate Judge (improperly) precluded the use of said rebuttal report by providing that the Scheduling order was silent on rebuttal…" is incorrect. Judge Lehrburger held that *if* "rebuttal" reports were contemplated as Defendants' contend, the Scheduling Order(s) "would have provided significantly more time between exchange of reports and completion of expert depositions." (Id at p. 3).

3

In the July 3rd Order, Judge Lehrburger explicitly recounted the history of the Scheduling Orders (all of which Defendants consented to) to illustrate how "the Court's orders **never contemplated or permitted rebuttal experts or rebuttal expert reports**." (July 3rd Decision at p. 2) (Emphasis added).

Defendants' attempt to re-argue before Your Honor whether their expert report is a "rebuttal" is improper, as a "rebuttal" was *never* contemplated or agreed to. Defendants neither sought permission to serve a rebuttal, nor did they ever seek to amend the Scheduling Order(s) that would permit the parties to exchange rebuttal reports as well. As Judge Lehrburger noted in the July 3rd Order, "Defendants could and should have sought leave from the Court and done so at a time when the schedule could be modified to accommodate expert rebuttal." (Id at p. 3).

Defendants' continued defiance of the Court's Orders, along with Defendants' delay tactics are nothing new. Defendants' failure to properly cite applicable portions of Judge Lehrburger's decision, again, does not demonstrate that a mistake was made to disturb the Court's Order pursuant to Fed.R.Civ.P.72.

## SANCTIONS SHOULD BE IMPOSED FOR DEFENDANTS' VIOLATION OF THE DISCOVERTY CONFIDENTIALITY ORDER

By Order dated September 11, 2019, the parties entered into a discovery Confidentiality Order by Consent, wherein the parties jointly agreed that all material marked "Confidential" were to be sealed from the public record (See Discovery Confidentiality Order at Ostrer Dec., **Exhibit A** at para. 10) (the "Confidentiality Order"). The Confidentiality Order expressly states that "no party shall file "Confidential" documents or things on the Court Docket unless ordered to do so by the Court." (Id).

Plaintiffs' "Confidential" expert valuation report was conspicuously marked "Confidential" on each page, and was not prepared and supplied to Defendants for the world to see (Sim, Dec. Ex. A). Defendants' public filing of the value of the Plaintiff Companies, records utilized in support, analysis and financial data contained therein is contrary to Plaintiffs and Defendants best interests, as Plaintiff Dardashtian and Defendant Gitman are still co-owners of the Plaintiff Companies. The respective expert reports contain confidential, financial and proprietary information that is highly sensitive to the Plaintiff Companies, as further explained below, which was the reason why the parties consented to the Confidentiality Order in the first place.

In fact, the parties filed their expert reports to Judge Lerhburger *in camera*, in connection with the July 3rd Decision. In complete disregard of the Confidentiality Order, Defendants did not seek re-designation of the confidentiality of Plaintiffs' expert valuation report then, or obtain a Court Order to publicly file same here. It is respectfully submitted that the Confidentiality Order was not entered into so that the parties would later have to meet a higher burden to seal records, should a party improperly file confidential records in the public domain. Defendants' violation of the Confidentiality Order has now unnecessarily left the Plaintiffs to do just that.

4

In their instant application, Defendants' now mischaracterize their attempt to remedy their violation of the Confidentiality Order as an "agreement with Plaintiffs" which is also the furthest thing from the truth. Plaintiffs *only* agree that Defendants should not have publicly filed "Confidential" information in the first instance. Plaintiffs' initial request that Defendants' immediately take corrective action to remedy their breach of the Confidentiality Order was not an "agreement" or an acknowledgement that Defendants public filing was appropriate or acceptable under any circumstance.

On July 13, 2020, Defendants belatedly moved to seal their instant application after it was already filed on July 10, 2020, falsely stating that "after discussions with Plaintiffs' attorney, it was *agreed* that Exhibits A and B of [Defendants' Motion'] contains confidential information."

To the contrary, it was *after* the Defendants' instant application was already filed where Plaintiffs contacted Defendants in good faith and requested that Defendants take corrective action to remove the confidential information from the public docket. The instant application was filed on Friday, July 10, 2020 at 4:25 p.m. At 5:46 p.m. *that same day*, the undersigned wrote to Defendants' counsel in good faith to bring this matter to Defendants' attention (See Ostrer Dec., **Exhibit B**).

At 6:39 p.m. *that same day*, Defendants counsel returned the undersigned's phone call, and first **resisted** the removal of "Confidential" information from the docket, because, in substance, he did not believe that such information is confidential. Though Defendants never moved to re-designate the "Confidential" designation, or obtain a Court order, Defendants' counsel advised that he would "think about it over the weekend." Defense counsel also initially resisted the idea of seeking a sealing order and requested that the **undersigned prepare a proposed stipulation of sealing for Defendants to consider**, which was entirely inappropriate under the circumstances.

It was by text message on Sunday, July 13, 2020, where Defendants' counsel *first* advised that he intended to "contact the court to have the reports removed to file it under seal." While Defendants were prohibited from filing such documents in the first instance, Plaintiffs did not agree with Defendants' improper filing or belated attempt to mitigate against their breach of the Confidentiality Order. Defendants' actions are illustrative of Defendants' continuing willful disregard of the Court's Orders and Defendants' fiduciary obligations to the Plaintiff Companies.

Aside from Rule 37, the Court has inherent authority to sanction a party for its failure to comply with a protective order. Under its inherent authority, the Court may impose contempt sanctions for a violation of its order, "if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc., 369 F.3d 645, 655 (2d Cir.2004) (internal quotations and citations omitted). "[C]ivil contempt sanction[s] may. . . serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance," New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339 (2d Cir. 1989), but may not be purely punitive, Sunbeam Corp.

5

v. Golden Rule Appliance Co., 252 F.2d 467 (2d Cir. 1958) (citing United States v. United Mine Workers, 330 U.S. 258 (1947)).

Defendants' actions in publishing this private information in violation of the Confidentiality Agreement, if not willful, was reckless. Forcing Plaintiffs' hand to now engage in motion practice in an attempt to meet a higher burden of a sealing order, when the Confidentiality Order was already in place, should warrant the appropriate sanction.

It is submitted that in the absence of sanctions, Defendants will have no reason to discontinue their obfuscation, delay and disregard the Court's Orders which is apparent yet again by way of their instant application, which is also serving to cause the Plaintiff Companies' harm by the public disclosure of highly sensitive information.

### PUBLIC ACCESS TO DOCUMENTS CONTAINING THE PLAINTIFF COMPANIES' SENSITIVE PROPRIETARY, FINANCIAL, BUSINESS AND VALUATION INFORMATION DOES NOT ADVANCE THE PUBLIC INTEREST

It is respectfully submitted that Exhibits A and B to the Declaration of Sang Sim, Esq., and a portion of Point II of Defendants' Memorandum of Law (namely paragraphs 26- 32 which makes reference to certain methodologies for valuation of the Plaintiff Companies) should be removed from the public domain.

The expert reports directly concern the commercial practices of Plaintiff Companies and their value. Such documents further rely on internal business financial records and information arising from the Plaintiff Companies' business operations, including profit and loss statements, balance sheets, general ledgers, salary and expense details, tax records (which are confidential under U.S. Code 26 U.S.C. § 6103) and competitive vulnerabilities. (See Sim Dec., Ex. A and B).

At minimum, public access will demonstrate to and otherwise educate competitors of the Plaintiff Companies as to certain proprietary issues that may be extremely damaging to the Plaintiff Companies.

Rooted in both the common law and the First Amendment, there is a strong and well-established presumption of public access to judicial documents and proceedings. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Plaintiffs acknowledge that a Confidentiality Order does not overcome the right of public access to Court records, or the strong presumption of public access to it. The benefits of a Confidentiality Order depends and relies on the parties' full compliance with it.

However, the public's right of access is not absolute. Court documents may be sealed if findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986).

It is well settled that confidential "commercial information" of a business, including trade secrets, confidential research, internal business documents and information about a business's

6

operations has been recognized repeatedly as a proper subject for sealing. See e.g., Fed. R. Civ. P. 26(c)(1)(G); Louis Vuitton Malletier S.A. v. Sunny Merch. Corp. 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redactions of "confidential business information," including "internal business documents," "investigative reports," and "information about business operations" held "justified"). Notably, "[f]inancial records of a wholly owned business . . . and similar matters will weigh more heavily *against* access than conduct affecting a substantial portion of the public." United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995) (Emphasis added).

It is respectfully submitted that the public does not have a greater interest into the proprietary business information of the Plaintiff Companies than the Plaintiff Companies have as a wholly owned business engaged in the e-commerce industry. The Second Circuit has found that such financial information should weigh heavily against public access. United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995).

Plaintiffs do not seek for this matter to be sealed, or for Defendants' instant application to be sealed in its entirety. Plaintiffs respectfully request that Exhibits A and B to Defendants' instant application, and limited portions of Defendants' Memorandum of Law (paragraphs 26-32) be removed from the public docket.

## MONETARY SANCTIONS ARE APPROPRIATE FOR DEFENDANTS' BAD FAITH APPLICATIONS TO THIS COURT AND CONTINUING BAD FAITH OBFUSCATION AND DELAYS OF THIS PROCEEDING

Defendants have filed multiple bad faith applications seeking to serve an expert report despite their inexcusable failure to do so in accordance with the Scheduling Order(s) of this Court, virtually all of which they consented to and had the ability to clearly define. In each of Defendants' applications seeking the same relief, which has again resulted in needless counsel fees and delay of this proceeding, Defendants have again failed to properly cite to the record, made false accusations against Plaintiffs to the Court (which they later retracted), failed to properly cite to Judge Lehrburger's rulings in subsequent applications to Your Honor, and likewise fail to properly cite to the law to support the relief that they seek.

Plaintiffs have had to expend considerable time and attorneys' fees to address each meritless application filed by Defendants seeking the same relief. This type of behavior should not belong in this Court and Defendants, namely Defendant Gitman, since the outset snubbed his nose at this Court's Orders and proceeded on his own agenda. Only sanctions will potentially curb this type of behavior in the future. Judge Lehrburger further recognized that Defendants' attempt to submit rebuttals would just be another of a "series of delays caused by Defendants and which have significantly extended the duration of this case." (July 3rd Order at p. 3).

"Rule 11 permits sanctions against a litigant who submits a pleading or motion that, evaluated 'under an objective standard of reasonableness, . . . [has] no chance of success and [makes] no reasonable argument to extend, modify or reverse the law as it stands.'" Smith v. Westchester Cnty. Dep't of Corr., 577 F. App'x 17, 18 (2d Cir. 2014) (quoting Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc., 28 F.3d 259, 264 (2d Cir. 1994)) (affirming imposition of Rule 11 sanction for a frivolous motion for reconsideration); accord Maisonville v. F2 America, Inc., 902 F.2d 746, 748-49 (9th Cir. 1990) (affirming imposition of

Rule 11 sanctions for frivolous motion for reconsideration); <u>Miller v. Norfolk S. Ry. Co.</u>, 208 F. Supp. 2d 851, 853-54 (N.D. Ohio 2002) (imposing Rule 11 sanctions for frivolous motion for reconsideration that "presented no basis on which it could, or should[,] have been granted"); <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626-27 (S.D. Miss. 1990) (imposing Rule 11 sanction for frivolous motion for reconsideration that merely repeated arguments made in original motion).

Applying an objective standard, a reasonable person in Defendants' circumstances would know that the instant motion is baseless. Defendants' willful disregard of the Scheduling Order(s) of this Court that they helped craft and consented to, followed by their service of an expert report in willful disregard of Your Honor's June 25th Decision, followed by Defendants' motion for re-argument which is the same argument advanced in their original motion before Judge Lehrburger, warrants the appropriate sanction. Defendants' attempt to demonstrate that Judge Lehrburger was somehow mistaken by failing to accurately cite to this Court's July 3rd Order is just an example of why sanctions should be imposed.

Plaintiffs' prior opposition papers to Defendants' meritless applications sought counsel fees, and Defendants have responded by engaging in the same repetitious misconduct. It is respectfully submitted that significant monetary sanctions should be imposed because Defendants' conduct has been willful, continuing, and has unnecessarily delayed resolution of this case. See <u>Gurvey v. Cowan, Leibowitz & Latman, P.C.</u>, 2015 U.S. Dist. LEXIS 124920 (S.D.N.Y. 2015).

## KINDLY PERMIT THIS APPLICATION TO SERVE AS PLAINTIFFS' REQUEST TO REMOVE RECORDS FROM THE PUBLIC DOCKET

By Order dated July 13, 2020, this Court afforded the parties until July 17, 2020 to justify sealing particular portions of Defendants' Motion.

For the reasons set forth above, Plaintiffs respectfully request that this application serve as Plaintiffs' request in support of the removal from the public docket **Exhibit A** and **Exhibit B** to Defendants' instant application, along with the aforementioned paragraphs 26-32 contained in Defendants' memorandum of law, as it addresses the methodologies utilized for purposes of valuation of the Plaintiff Companies.

## CONCLUSION

For the foregoing reasons, Defendants Motion pursuant to Fed. R. Civ.P. 72 should be denied, and Plaintiffs' cross-motion should be granted in its entirety.

Thank you for Your Honor's consideration of the foregoing.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc:   All Counsel of Record (via ECF)

8