# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

June 30, 2020

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Michael Dardashtian, et al. v. David Gitman, et al.*
Docket No. 17-cv-4327 (LLS) (RWL)

Hon. Robert W. Lehrburger:

By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

We submit this letter in response to the letter that was submitted by the Plaintiffs on June 29, 2020.

As a threshold matter, the Defendants timely served a rebuttal expert report to the Plaintiffs on June 26, 2020, which is within 30 days from the receipt of Plaintiffs' expert report and thus, was timely served. Contrary to the assertion made by the Plaintiffs, the rebuttal expert report is not an attempt by the Defendants to submit an expert report. Rather, the rebuttal report is exactly that, a rebuttal report that directly contradicts and rebuts the assertions that is made in Plaintiffs expert report. The rebuttal report addresses the deficiencies contained in Plaintiffs' expert report. The fact that the rebuttal report is lengthy only highlights that the level of deficiencies and inconsistencies in the Plaintiffs' expert report is glaring. The Defendants would be pleased to provide an unredacted copy of the rebuttal report to the Court if the Court deems it useful.

Plaintiffs' assertion that a full version would be prejudicial if reviewed by the Court is nonsensical. The Plaintiffs merely assert that it would be prejudicial without even providing any details as to why it would be prejudicial. The Court will find, after reviewing the rebuttal report that the rebuttal expert's findings highlights the inaccuracies and inconsistencies in the Plaintiffs' expert report. The level of inaccuracies and inconsistencies in the report is extreme and

atrocious. Based on these inaccuracies and inconsistencies, a rebuttal expert was retained to prepare a rebuttal report. Contrary to the assertion made by the Plaintiffs, the rebuttal expert was not the valuation expert that was on standby awaiting leave of the Court. Since the Court denied Defendants request for leave, that expert was never retained.

With all due respect, the information contained in the rebuttal report is archetypal rebuttal testimony: it identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise. *Cf. TC Sys. Inc. v. Town of Colonie,* 213 F. Supp. 2d 171, 180 (N.D.N.Y 2002) (interpreting "same subject matter" in Rule 26(a)(2)(C)(ii) as allowing rebuttal experts to use a different methodology to analyze the same facts considered by the expert in chief).

It is well settled that expert rebuttal evidence is allowed if it "is intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also United States v. Casamento,* 887 F.2d 1141, 1172 (2d Cir. 1989) ("The function of rebuttal evidence is to explain or rebut evidence offered by the other party."); *S. W. v. City of New York,* 2011 WL 3038776, at * 2(E.D.N. Y. July 25, 2011) ("Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party.") (citation and internal quotation marks omitted). The scope of a rebuttal is limited to the "same subject matter" encompassed in the opposing party's expert report, Fed. R. Civ. P. 26(a)(2)(D)(ii), but district courts have been "reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language." *T.C. Sys. Inc., v. Town of Colonie, New York,* 213 F. Supp. 2d 171, 180 (N.D.N. Y. 2002); *see also S. W. v. City of New York,* 2011 WL 3038776, at *4 ("Even assuming that portions of plaintiffs' experts' reports should have been included in their initial reports, there is no prejudice to [defendant] by permitting plaintiffs' experts to serve these reports since expert depositions have not been taken and no trial date has been set."). It is also acceptable for an expert to use new methodologies in a rebuttal "for the purpose of rebutting or critiquing the opinions of Defendants' expert witness[.]" *Park W. Radiology v. CareCore Nat'l LLC,* 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009).

Further, the Plaintiffs agree that the Scheduling Order was silent on the issue of rebuttal experts. However, silence with respect to rebuttal reports in Scheduling Orders do not provide a basis to exclude rebuttal reports. Rather, it supports the reverse. *See, S.E.C. v. Badian,* 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009) (explaining that the "Scheduling Order was silent on rebuttal reports, but certainly did not exclude them"); *Mayou v. Ferguson,* 544 F. Supp. 2d 899, 901 (D.S.D. 2008) (rejecting the argument that where a "scheduling order [is] silent, such serves to prohibit any designation of a rebuttal expert being made by the plaintiff").

Contrary to the unfounded allegations made by the Plaintiffs, the Defendants are not circumventing the orders of the Court. Rather, the Defendants are merely exercising their right to submit a rebuttal report in conformity with the Federal Rules of Civil Procedure. The Defendants rebuff any assertion that Defendants have acted in bad faith misconduct. Defendants have acted in good faith by submitting a rebuttal report in conformity with the requirements set forth in the Federal Rules of Civil Procedure.

Finally, it is perplexing that the Plaintiffs would suggest that there is some sort of conflict because the rebuttal expert's parents are friends with Michael Dardashtian's parents. It difficult to see how that relationship would be prejudicial to the Plaintiffs in this case. If anything, that relationship would be prejudicial to the Defendants.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com
