ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

MICHAEL DARDASHTIAN, et al.,

                Plaintiffs,            17 Civ. 4327 (LLS)

    - against -                         ORDER

DAVID GITMAN, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - -X

    Plaintiffs' letter of July 14, 2020 (Dkt. 167-1) seeks the sealing of Exhibits A and B to defendants' July 10 Objection and paragraphs 26-32 of defendants' memorandum of law be removed from the public docket (id. p.7), as containing "highly sensitive confidential records of the Plaintiff Companies" and references to "sensitive and confidential business records." The application is denied. The showing necessary for such suppression is not apparent from a commonplace Confidentiality Agreement, and must demonstrate how specific documents contain genuinely secret matter whose disclosure would harm particular valuable interests.

    With regards to Exhibits A and B the application fails for lack of specificity. Ex. A (Dkt. 163-3) is a 76 page expert's report evaluating the fair value of Gitman's 50% interest in Cooper Square Ventures as of three separate dates in 2017-20. It is designed to be offered into evidence at the trial, as part of

the expert's presentation. No particular pages or sections of the report are specified, nor is any reason given for excluding it from the public record, beyond the normal preference of any business for privacy. Exhibit B (Dkt. 163-4) is the 63 page "rebuttal" report prepared by defendants' expert, with no further specification of particularly confidential items.

Paragraphs 26 to 32 of defendants' memorandum of law (Dkt. 163-2) consist of defense counsel's summary of the rebuttal expert testimony the defense is seeking to offer in evidence at the trial. It is very general, primarily explaining why the plaintiffs' expert's method of valuation for the subject company, the "direct capitalization valuation method," is inappropriate, and comparing it with other methods, such as the "Guideline Public Company Method, the Guideline Merged and Acquired Method and the income approach method." The concepts seem purely theoretical; no specific facts or figures are disclosed or discussed. Why it is highly confidential is left as a mystery.

That does not approach the requirements of specificity and secrecy for concealing from the public evidence to be submitted in a court of law, to affect the jury's verdict, and the proposed redactions are denied.

So ordered.

Dated: July 16, 2020

Louis L. Stanton