UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE VENTURES, LLC
NDAP, LLC and CHANNEL REPLY,

                                Plaintiffs,                1:17 Civ.4327 (LLS)

      -against-

DAVID GITMAN, ACCEL COMMERCE, LLC,
DALVA VENTURES, LLC, KONSTANTYN
BAGAIEV, OLESKII GLUKHAREV
and CHANNEL REPLY, INC.,

                                Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY TO THE OPPOSITION FILED BY PLAINTIFFS AND IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION**

                                                   Respectfully submitted,

                                                   /s/Sang J. Sim_____
                                                   SIM & DEPAOLA, LLP
                                                   By: Sang J. Sim, Esq
                                                   Attorneys for Defendants
                                                   42-40 Bell Blvd. Suite 201
                                                   Bayside, New York 11361
                                                   (718) 281-0400

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………….3

PRELIMINARY STATEMENT……………………………………………………….......4

ARGUMENT……………………………………………………………………………….5

POINT I
REBUUTAL REPORT SHOULD NOT HAVE BEEN PRECLUDED ….……..………...5

POINT II
OPPOSITION TO CROSS-MOTION\
RULE 11 SANCTIONS ARE NOT APPROPRIATE IN THIS CASE………………..…….9

# **TABLE OF AUTHORITIES**

CASES

*Aircraft Gear Corp. v. Marsh,* 2004 WL 1899982, *5 (N.D. Ill. 2004)……………………………..6

*City of Gary v. Shafer,* 2009 WL 1370997, *2-3 (N.D. Ind. 2009)…………………………………6

*Dzielak v. Whirlpool Corp.*, Civ. No. 2:12-0089 (KM)(JBC) (D.N.J. Mar. 17, 2017)…………..7

*Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)………………………………....7

*Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)……………………………………………..9

*Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995)…………………………..9

*In re Kreta Shipping, S.A.,* 181 F.R.D. 273, 276 (S.D.N.Y. 1998) ………………………………5

*Koehler v. Bank of Bermuda Ltd.,* No. M18-302, 2003 WL 466206, at *1
(S.D.N.Y. Feb. 21, 2003)……………………………………………………………………………9

*Lee-Bolton v. Koppers Inc.*, No. 1:10-cv-253-MCR-GRJ (N.D. Fla. Oct. 22, 2015)……………5

*Mayou v. Ferguson,* 544 F. Supp. 2d 899, 901 (D.S.D. 2008)…………………………………..6

*Martinez-Hernandez v. Butterball, LLC*, No. 5:07-cv-174-H (E.D.N.C. May 21, 2010)……….6

*S.E.C. v. Badian,* 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009)…………………………8
*Syringe Development Partners L.L.C. v. New Medical Technology, Inc.,*
2001 WL 403232 (S.D. Ind. 2001)……………………………………………………………………6

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
682 F.3d 170, 177 (2d Cir. 2012)…………………………………………………………………..9

*Storey v. Cello Holdings, LLC.*, 347 F.3d 370, 388 (2d Cir. 2003)……………………………..9

*Teledyne Instruments, Inc. v. Cairns*, Case No: 6:12-cv-854-Orl-28TBS
(M.D. Fla. Oct. 31, 2013)……………………………………………………………………………7

## **PRELIMINARY STATEMENT**

1. Defendants' counsel, Sim & DePaola, LLP, hereby submits this Memorandum of Law in: (i) Reply to the Opposition letter submitted by the Plaintiffs in this case; and (ii) Opposition to Plaintiffs' cross-motion seeking sanctions against Defendants pursuant to Rule 11.

2. With respect to the service of the rebuttal expert report, it is understood that the expert rebuttal report was served on June 26, 2020, which is before the 30 days following the service of Plaintiffs' service of their expert valuation report, which was served on May 31, 2020. It is also further understood that the service of the rebuttal report was made before the close of expert discovery, which was June 30, 2020, to complete expert depositions.

3. Further, it is without question that the scheduling order in this case is completely silent on the issue of rebuttal experts.

4. It is also understood that this Court denied Defendants' objection to appeal the decision of the Magistrate Judge's order on June 25, 2020. As such, Defendants are fully aware that they may not submit their valuation report of the subject company.

5. With this said, the Defendants did not submit a valuation report. Rather, the Defendants sought to serve a rebuttal report to Plaintiffs' valuation expert report. The rebuttal report only criticizes and rebuts each of the assertions and methodologies used by the Plaintiffs' expert to produce an unreasonable low value for the company. In this respect, it is the Defendants' belief that the Plaintiffs' expert valuation report would be subject to a Daubert challenge since it was not the product of reliable methods and the authors had not applied reliable principles and methods reliably to the facts of the case.

6. The rebuttal expert report focuses on these deficiencies contained in the Plaintiffs' valuation report. To be clear, the expert rebuttal report is not a valuation report. Rather, it is a rebuttal report that criticizes the Plaintiffs' valuation report.

7. Since the Scheduling Order was silent as to rebuttal reports, it is submitted that the Defendants' rebuttal report should not have been precluded since Defendants timely filed their rebuttal report within 30 days following the service of the Plaintiffs' valuation report, which was before the Scheduling Order's close of expert discovery.

8. As such, there was no basis to preclude the rebuttal report in this case. Therefore, we seek review of the Magistrate Judge's order.

9. With respect to Plaintiff's cross-motion for sanctions pursuant to Rule 11, it is respectfully submitted that Plaintiffs' cross-motion for sanctions should be denied in its entirety for the reasons set forth below.

## ARGUMENT

### POINT 1
### REBUUTAL REPORT SHOULD NOT HAVE BEEN PRECLUDED

10. It is unrefuted that Defendants timely served a rebuttal expert report on June 26, 2020.

11. The service of the rebuttal report was within 30 days from the receipt of Plaintiffs' expert report and thus, was timely served and before the close of expert discovery.

12. The Federal Rule provides that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within thirty days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(C). The rule is a default that can only be avoided by court order or by stipulation of the parties. *In re Kreta Shipping, S.A.,* 181 F.R.D. 273, 276 (S.D.N.Y. 1998).

13. Other Court have also adopted similar rules in regard to permitting rebuttal reports and experts when the scheduling orders are silent on the issue.

14. For instance, the court in *Lee-Bolton v. Koppers Inc.*, No. 1:10-cv-253-MCR-GRJ (N.D. Fla. Oct. 22, 2015) held that the general provisions of Rule 26(a)(2)(D)(ii) apply where

5

the Court has not ordered any deadlines for the disclosure of rebuttal expert witnesses. In this respect, court reasoned that because there was no mention of rebuttal experts in the Court's scheduling order the Rule applied by default.

15. The court in *Syringe Development Partners L.L.C. v. New Medical Technology, Inc.,* 2001 WL 403232 (S.D. Ind. 2001), permitted the application of Rule 26(a)(2)(C)(ii) where the scheduling order only set forth deadlines for expert disclosures but was silent on rebuttal witness disclosures.  *See also, City of Gary v. Shafer,* 2009 WL 1370997, *2-3 (N.D. Ind. 2009); *Aircraft Gear Corp. v. Marsh,* 2004 WL 1899982, *5 (N.D. Ill. 2004). The court in *Mayou v. Ferguson,* 544 F. Supp. 2d 899, 901 (D.S.D. 2008)  provided "I disagree with any decision to the effect that, where the stipulation and the scheduling order are silent, such [silence] serves to prohibit any designation of a rebuttal expert being made by the plaintiff. I interpret Rule 26 to allow [default application of Rule 26(a)(2)(C)(ii)'s deadline].").

16. The court in *Martinez-Hernandez v. Butterball, LLC*, No. 5:07-cv-174-H (E.D.N.C. May 21, 2010) provided, in relevant part, as follows:

> The court finds the more persuasive line of cases to be the ones discussed above, which allow some flexibility to litigants to make rebuttal expert designations within thirty days after another party's expert disclosure where there is a scheduling order that is silent on the topic. The court finds this conclusion to be a reasonable interpretation of the language of Rule 26(a)(2)(C), which states the thirty day deadline applies "[a]bsent a stipulation or court order."

17. Further, the court in *Mayou v. Ferguson,* 544 F. Supp. 2d 899 (D.S.D. 2008) provided that the party should be allowed to designate a rebuttal expert witness based on language in Fed.R.Civ.P. 26 because there is no question that the disclosure was made within the 30 days allowed and the scheduling order was silent with respect to rebuttal experts and

rebuttal reports. In this case, the opposing party argued that that where the scheduling order does not provide for rebuttal experts or the time frame for disclosure, a party may not rely on Rule 26. The court disagreed and held that where a stipulation or scheduling order is silent with respect to rebuttal expert, Rule 26 permits rebuttal expert and rebuttal reports.

18. Further, the Seventh Circuit Court of Appeals in *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) provided that where the Court's scheduling order is silent on the matter of rebuttal experts, rebuttal expert reports are due within 30 days of the other party's expert disclosures. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)

19. As such, other jurisdictions generally hold that where a scheduling order exists, but is silent on a particular point, then it does not constitute an overriding "court order" within the meaning of Rule 26(a)(2)(D)(ii) and thus, the default Rule 26 deadline of 30 days would be applicable for rebuttal experts. *Dzielak v. Whirlpool Corp.*, Civ. No. 2:12-0089 (KM)(JBC) (D.N.J. Mar. 17, 2017); *Teledyne Instruments, Inc. v. Cairns*, Case No: 6:12-cv-854-Orl-28TBS (M.D. Fla. Oct. 31, 2013)

20. In this case, the Scheduling Order is silent on the issue of rebuttal experts.

21. Further, there were no court orders that limited or restricted the parties ability to utilize rebuttal expert reports or testimony. The Court has never issued an order prior to the submission of a rebuttal expert report precluding a rebuttal expert or a rebuttal expert report in this case. Rather, the Court denied Defendants' application to extend the time to submit an expert valuation report. As such, the order denied Defendants application to

extend the time to submit an expert valuation report.  Thus, the Defendants complied with the Court's order and never submitted an independent valuation report.

22. Thus, it is respectfully submitted that silence with respect to rebuttal reports in Scheduling Orders do not provide a basis to preclude the rebuttal report. *See, S.E.C. v. Badian,* 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009) (holding that since the Scheduling Order was silent on rebuttal reports, rebuttal reports would be permitted);

23. Contrary to the assertion made by the Plaintiffs, the rebuttal expert report is not an attempt by the Defendants to submit an expert valuation report.  Rather, the rebuttal report is exactly that, a rebuttal report that directly contradicts and rebuts the assertions that is made in Plaintiffs expert report.  The rebuttal report addresses the deficiencies contained in Plaintiffs' expert report as set forth in detail below.  Thus, the rebuttal report should not have been precluded.

24. "The function of rebuttal evidence is to explain or rebut evidence offered by the other party." *S. W. v. City of New York,* 2011 WL 3038776, at * 2(E.D.N. Y. July 25, 2011). "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party."

25. To be clear, Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure, however, permits rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[...]."

26. In this case, it is submitted that the Defendants report is a rebuttal in both function and scope.  It is submitted that there was no violation of a discovery order as it pertains to rebuttal expert reports. It was served before the close of expert discovery.

**POINT II**
**OPPOSITION TO CROSS-MOTION**

## RULE 11 SANCTIONS ARE NOT APPROPRIATE IN THIS CASE

27. It is well settled that when a party's legal contentions are challenged as violating Rule 11, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (citation omitted); see also *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012). With respect to factual contentions contained in submissions to the court, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *Storey v. Cello Holdings, LLC.*, 347 F.3d 370, 388 (2d Cir. 2003)(citation omitted). Furthermore, "an attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995).

28. Further, a motion for sanctions under Rule 11 must be made separately from all other motions and must describe the specific conduct of the lawyer (or the party) against whom the motion is directed. In particular, Rule 11(c)(2) provides that "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

29. However, the Plaintiffs have not set forth what specific conduct that allegedly violates Rule 11(b). It would appear that the Plaintiffs are seeking sanctions for both filing the instant motion with the Court and for having attached the valuation report and the rebuttal report to this motion. Having failed to set forth the specific details as to the conduct that warrants sanctions, it is submitted that Plaintiffs' motion should be denied in its entirety.

30. In this case, it is submitted that this motion is not frivolous and it is believed that there is a reasonable argument being extended to support the reversal of the Magistrate Court's order.

31. Federal Rules of Civil Procedure 72 permits a party to object to a magistrate judge's order. In fact, Rule 72 objections are the exclusive procedural vehicle for appealing non-dispositive orders of the Magistrate Court. *Koehler v. Bank of Bermuda Ltd.,* No. M18-302, 2003 WL 466206, at *1 (S.D.N.Y. Feb. 21, 2003)

32. As such, it strains logic that the Plaintiffs are alleging that the Defendants should be sanctioned for exercising their right to file an objection to the Magistrate Court's order. If anything, Plaintiffs' motion for sanctions is frivolous.

33. Contrary to the Plaintiffs assertion that this is Defendants' fourth motion on the issue, it is respectfully submitted that it is not. This objection stemmed from Plaintiffs' application to the Magistrate Court in regard to the rebuttal report. Following the preclusion order, the Defendants timely the instant objection seeking review under Rule 72. Clearly, this conduct cannot be sanctionable.

34. With respect to the prior objection, the issue presented to the Court was whether the Defendants should be permitted an extension of time to file its expert valuation report. Thus, the prior application was a separate and distinct issue.

35. As to Plaintiffs' application seeking sanctions for what appears to be filing the valuation report and the rebuttal report, it is submitted that Plaintiffs cross-motion seeking Rule 11 sanctions should be denied in its entirety. The Defendants were under a good faith belief that the information contained in the valuation reports would not rise to the level that would require the two reports to be sealed. However, as an act of good faith, the

Defendants agreed with the Plaintiff that they would seek to have the reports sealed once the Clerk's office opened on Monday, July 13, 2020. This office contacted the Clerk's office in the morning of July 13, 2020 to request the two exhibits be sealed. As such, Defendants acted in good faith and thus, it is submitted that Plaintiffs' cross-motion for sanctions should be denied in its entirety.

Dated: Bayside, New York
July 17, 2020

Respectfully submitted,

/s/ Sang J. Sim_____
**SIM & DEPAOLA, LLP**
BY: Sang J. Sim, Esq.
*Attorneys for Defendant(s)*
42-40 Bell Boulevard Suite 201
Bayside, New York 11361
(718) 281-0400

TO: Guaglardi & Meliti, LLC
*Attorneys for Plaintiffs*
365 W Passaic St #130
Rochelle Park, NJ 07662
bguaglardi@adgmlaw.com
Tel: (201) 947-4100
Fax: (201) 947-1010

1:17 Civ.4327 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNEL REPLY,

         Plaintiffs,

 -against-

DAVID GITMAN, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKII GLUKHAREV and CHANNEL REPLY, INC.,

         Defendants.

## MEMORANDUM OF LAW IN FURTHER SUPPORT AND IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SANCTIONS

**SIM & DEPAOLA, LLP**
By: Sang J. Sim
Attorney for Defendant(s)
42-40 Bell Boulevard, Ste 201
Bayside, NY 11361
Tel. (718) 281-0400

To: Guaglardi & Meliti, LLC
   365 W Passaic St #130
   Rochelle Park, NJ 07662

Attorney(s) for Plaintiffs