ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/17/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

MICHAEL DARDASHTIAN, et al.,

               Plaintiffs,      17 Civ. 4327 (LLS)

    - against -                  ORDER

DAVID GITMAN, et al.,

               Defendants.
- - - - - - - - - - - - - - - - - - -X

    Matters raised in defendants' July 10, 2020 Objection to Magistrate Judge's Order (Dkt. 163, 163-1, 163-2, 163-3, 163-4) and plaintiffs' Cross Motion (Dkt. 167, 167-1, 167-2, 167-3, 167-4, 167-5, 167-6) that have not recently been disposed of, are disposed as follows:

    1. Defendants' request for "reversal of the Magistrate Judge's order and permitting the use of the Rebuttal Expert Report and expert" (Dkt 163) is denied. Magistrate Judge Lehrburger is performing admirably, under challenging conditions, in managing the general pretrial matters in this case. His July 3, 2020 Order, like his similar one on June 8, was well within his jurisdiction, was not an error of fact or law, and will not be disturbed. Judge Lehrburger's orders were not <u>in</u> <u>limine</u> or otherwise made in connection with the trial, and Mr. Kuczmarski's Report gives warning that its contents may be used effectively in cross-examination at trial.

-1-

-2-

2. Plaintiffs' request for counsel fees and expenses incurred in opposing defendants' Objection is denied.

3. Plaintiffs' request for sanctions, primarily based on defendants' claimed "direct violation of the Discovery Confidentiality Order by Consent entered September 11, 2019" is denied. The protection of confidential treatment, between parties engaged in discovery, has no effect on items submitted to a court to inform and affect a judicial determination. The considerations are entirely different. The public has little concern with private arrangements between litigants to obtain and use matter sensitive to the parties in a non-public way. The public has a powerful and highly principled right to be informed for the basis for court judgments, as part of open court processes. A dispute brought to court is disclosed and determined publicly, as a matter of high policy. If the court is to decide a question of valuation, the evidence of the asset's worth is publicly disclosed as part of the process.

So ordered.

Dated: July 17, 2020
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.