UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE LLC a/k/a
COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY,   17 Civ. 4327 (LLS) (RWL)

                         Plaintiffs,

    -against-                                   **DECLARATION OF JOEL
                                                      LIEBMAN, CPA**

DAVID GITMAN, ACCEL COMMERCE, LLC,
DALVA VENTURES, LLC, KONSTANTYN
BAGAIEV, OLESKSII GLUKHAREV and
CHANNEL REPLY, INC.,
                              Defendants.
-----------------------------------------------------------X

       JOEL LIEBMAN, C.P.A. declares as follows:

       1.    I am member of Liebman, Goldberg and Hymowitz, a CPA Firm in Garden City, NY, and an accountant for Cooper Square, LLC a/k/a Cooper Square Ventures, LLC ("CSV"), ChannelReply ("ChannelReply") and NDAP, LLC ("NDAP") (collectively "Plaintiff Companies").

       2.    CSV owns ChannelReply which is a DBA entity controlled by CSV.

       3.    CSV owns NDAP which is a non-operating entity.

       4.    CSV is the operating entity for ChannelReply and receivables due NDAP whose assets were sold in 2017.

       5.    I am also the Co-Manager of the Plaintiff Companies as appointed by the Court on June 19, 2017.

6. Since the Plaintiff Companies' inception, David Gitman and Michael Dardashtian have and continue to be equal (50%/50%) owners of each of the Plaintiff Companies, and equally share in the income and expenses, and profit and loss of each of the Plaintiff Companies.

7. Plaintiff ChannelReply's income has from its inception been deposited into CSV's Bank of America banking account, and ChannelReply's expenses are disbursed from CSV's Bank of America banking account, and reported on CSV's income tax returns since ChannelReply's inception in 2014.

8. I have prepared CSV's income tax returns since 2011 and continue to do so through this date. I had previously prepared David Gitman's personal income tax returns commencing in 2012, but Mr. Gitman elected to discontinue my services after preparing his 2016 personal tax return. I have prepared Michael Dardashtian's personal income tax returns since 2004 and continue to do so through this date.

9. Since each of the Plaintiff Companies' inception, David Gitman and Michael Dardashtian have on an annual basis been issued tax Form K-1's from CSV ("CSV Form K-1") where David Gitman and Michael Dardashtian each receive 50% of the profit/loss for ChannelReply, CSV and NDAP, and this has been the manner in which the Plaintiff Companies have operated since 2011.

10. David Gitman and Michael Dardashtian each file their respective CSV Form K-1's which information is included with their personal income tax return filings each year since 2011.

11. The Plaintiff Companies' internally generated financials are submitted to me on an annual basis and utilized in connection with my preparation of CSV's income tax returns. No irregularities were evident that were ever raised issue with me by David Gitman and/or Michael Dardashtian.

12. As a Co-Manager of the Plaintiff Companies, I have conferred from time to time with Michael Dardashtian, and with respect to my and Michael Dardashtian's decision pursuant to Article 11.5 of the CSV Operating Agreement, to exercise CSV's right to redeem of all of David Gitman's right, title and interest in each of the Plaintiff Companies, and their related subsidiaries. A true copy of the Plaintiff Companies' Redemption Notice Pursuant to Article 11.5 of the August 13, 2011 Cooper Square Ventures, LLC Operating Agreement is attached hereto as **Exhibit A** ("Redemption Notice").

13. For the reasons set forth in the Redemption Notice, it is my own independent decision as interim Co-Manager of the Plaintiff Companies, that it is in the best interests of each of the Plaintiff Companies to exercise its right pursuant to Article 11.5 of the CSV Operating Agreement to redeem all of David Gitman's right, title and interest in each of the Plaintiff Companies and their related subsidiaries, upon the terms as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2020

_____
JOEL LIEBMAN, C.P.A.

Sworn to before me this _13_ day of August____, 2020

_____
Notary Public

FRANKLIN C. HYMAN
Notary Public, State of New York
No. 30-7026850
Qualified in Nassau County
Term Expires May 31, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE LLC a/k/a
COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY,   17 Civ. 4327 (LLS) (RWL)

                      Plaintiffs,

       -against-   **DECLARATION OF JOEL LIEBMAN, CPA**

DAVID GITMAN, ACCEL COMMERCE, LLC,
DALVA VENTURES, LLC, KONSTANTYN
BAGAIEV, OLESKSII GLUKHAREV and
CHANNEL REPLY, INC.,
                      Defendants.
-----------------------------------------------------------X

    JOEL LIEBMAN, C.P.A. declares as follows:

1. I am member of Liebman, Goldberg and Hymowitz, a CPA Firm in Garden City, NY, and an accountant for Cooper Square, LLC a/k/a Cooper Square Ventures, LLC ("CSV"), ChannelReply ("ChannelReply") and NDAP, LLC ("NDAP") (collectively "Plaintiff Companies").

2. CSV owns ChannelReply which is a DBA entity controlled by CSV.

3. CSV owns NDAP which is a non-operating entity.

4. CSV is the operating entity for ChannelReply and receivables due NDAP whose assets were sold in 2017.

5. I am also the Co-Manager of the Plaintiff Companies as appointed by the Court on June 19, 2017.

6. Since the Plaintiff Companies' inception, David Gitman and Michael Dardashtian have and continue to be equal (50%/50%) owners of each of the Plaintiff Companies, and equally share in the income and expenses, and profit and loss of each of the Plaintiff Companies.

7. Plaintiff ChannelReply's income has from its inception been deposited into CSV's Bank of America banking account, and ChannelReply's expenses are disbursed from CSV's Bank of America banking account, and reported on CSV's income tax returns since ChannelReply's inception in 2014.

8. I have prepared CSV's income tax returns since 2011 and continue to do so through this date. I had previously prepared David Gitman's personal income tax returns commencing in 2012, but Mr. Gitman elected to discontinue my services after preparing his 2016 personal tax return. I have prepared Michael Dardashtian's personal income tax returns since 2004 and continue to do so through this date.

9. Since each of the Plaintiff Companies' inception, David Gitman and Michael Dardashtian have on an annual basis been issued tax Form K-1's from CSV ("CSV Form K-1") where David Gitman and Michael Dardashtian each receive 50% of the profit/loss for ChannelReply, CSV and NDAP, and this has been the manner in which the Plaintiff Companies have operated since 2011.

10. David Gitman and Michael Dardashtian each file their respective CSV Form K-1's which information is included with their personal income tax return filings each year since 2011.

11. The Plaintiff Companies' internally generated financials are submitted to me on an annual basis and utilized in connection with my preparation of CSV's income tax returns. No irregularities were evident that were ever raised issue with me by David Gitman and/or Michael Dardashtian.

12. As a Co-Manager of the Plaintiff Companies, I have conferred from time to time with Michael Dardashtian, and with respect to my and Michael Dardashtian's decision pursuant to Article 11.5 of the CSV Operating Agreement, to exercise CSV's right to redeem of all of David Gitman's right, title and interest in each of the Plaintiff Companies, and their related subsidiaries. A true copy of the Plaintiff Companies' Redemption Notice Pursuant to Article 11.5 of the August 13, 2011 Cooper Square Ventures, LLC Operating Agreement is attached hereto as **Exhibit A** ("Redemption Notice").

13. For the reasons set forth in the Redemption Notice, it is my own independent decision as interim Co-Manager of the Plaintiff Companies, that it is in the best interests of each of the Plaintiff Companies to exercise its right pursuant to Article 11.5 of the CSV Operating Agreement to redeem all of David Gitman's right, title and interest in each of the Plaintiff Companies and their related subsidiaries, upon the terms as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2020

_____
JOEL LIEBMAN, C.P.A.

Sworn to before me this _13_ day of August____, 2020

_____
Notary Public

FRANKLIN C. HYMAN
Notary Public, State of New York
No. 30-7026850
Qualified in Nassau County
Term Expires May 31, 20__