# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Fax: (718) 631-2700

October 13, 2020

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Michael Dardashtian, et al. v. David Gitman, et al.*
         Docket No. 17-cv-4327 (LLS) (RWL)

Dear Hon. Robert W. Lehrburger:

    By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

    We submit this letter in opposition/response to the letter application that was submitted by the Plaintiffs on October 12, 2020. It is understood that the Plaintiff seeks leave to include three additional exhibits to Plaintiffs' Reply in further support of their partial summary judgment motion. In this respect, they seek to submit: the entire deposition transcript of David Gitman; Schedule K-1; and 401K/Distribution report from the Company's Quickbook files.

    "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply." *Murphy v. Village of Hoffman Estates*, 1999 U.S. Dist. LEXIS 3320, at *5-6 (N.D. Ill. 1999) ("[p]roviding specifics in a reply in support of a general argument in an objection counts as new matter in reply"); *see also, e.g., Wike v. Vertrue, Inc.*, 2007 U.S. Dist. LEXIS 19843, at *21-22 (M.D. Tenn. 2007) ("the Court will not allow [movant] to sandbag the Plaintiff by first presenting the evidence in reply"); *Brennan v. AT T Corp.*, 2006 U.S. Dist. LEXIS 8237, at *26-27 (S.D. Ill. 2006). Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion. *See,e.g., Wike v. Vertrue, Inc.*, 2007 U.S. Dist. LEXIS 19843, at *21-22; *Brennan v. AT T Corp.*, 2006 U.S. Dist. LEXIS 8237, at *26-27.

    With all due respect, Plaintiffs' application should be denied. The Plaintiffs make a general statement that there are substantial contradictions contained in David Gitman's deposition

testimony without offering any specifics or specifying whether those alleged contradictions are material to the issues before this Court.  It is submitted that the Plaintiffs knew or should have known that David Gitman's testimony,. K-1 and Quickbook reports would have been relevant for purposes of their motion for summary judgment and thus, they should not be permitted to submit additional proofs that they could have submitted with their original motion since Defendants did not raise any new material issues in their opposition  Further, it is certain that the Plaintiffs are intending to utilize this new evidence to support their general argument, which would be deemed to be a new matter raised for the first time in a reply.  Therefore, it is respectfully submitted that the Plaintiffs' application should be denied.

With this said, to the extent that Plaintiffs' application is granted, then Defendants would respectfully request leave to file a sur-reply to the Plaintiffs reply papers.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com