# GUAGLARDI & MELITI, L.L.P.

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. SCHREIB ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

**VIA ECF**

October 13, 2020

Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

Re: **Michael Dardashtian, et al. v. David Gitman, et al.**
    **17-cv-4327**

Dear Judge Lehrburger:

Kindly accept this letter in response to Defendants' letter to Your Honor dated today, which objects to Plaintiffs' request to include exhibits in Reply.

Contrary to Defendants' assertions, there is no attempt to *sandbag* Defendants, nor is there "new evidence" as counsel suggests. Plaintiffs are not raising new arguments either, but are rather seeking permission to appropriately respond to *new* arguments advanced by Defendants in what appears to be an attempt to distort the record and manufacture questions that do not exist.

Notably absent from Defendants' Amended Counterclaim are allegations regarding a 401(k) plan, or alleged chargebee account discrepancy. In discovery, Plaintiffs sought all records to substantiate Defendants' claim of alleged "unequal distributions" and Defendants responded that there were "none in Defendants/Counterclaim-Plaintiffs' possession." See Guaglardi Decl. Ex. M para 12. Such discovery would include documents related to Gitman's claims of alleged "unequal health benefits", 401(k), or any other alleged distribution discrepancies that would have enabled Plaintiffs to address it. Defendants admit in their opposition papers that they have had complete access to the subject QuickBooks account from 2013 through the present, yet never identified such records to support these claims. See Defendants Response to Statement of Facts at para 16.

The limited and incomplete documentation submitted by Defendants was through a declaration of counsel, who is not a party. Defendants failed to submit applicable QuickBooks records which disprove their new allegations, including checks signed by Defendant Gitman, where he distributed the same 401(k) distribution to himself and Dardashtian, and which Gitman now claims he never received. Again, Plaintiffs continue to maintain that their pending motion

1

eliminates all genuine issues of material fact. Plaintiffs merely seek permission to submit limited records *in response* that may assist the Court in deciding whether such an issue is appropriate for trial. See e.g., Bayway Ref. Co. v. Oxygeneated Mktg, 215 F.3d 219 (2d Cir. 2000), citing Litton Indus. v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2d Cir. 1992) (reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party"); see also Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 708 (S.D.N.Y. 1996).

There were hundreds of thousands of pages exchanged through discovery and it would have been impracticable (and improper) for Plaintiffs to submit an entire accounting record over the course of approximately 10 years merely because of what Defendants may or may not argue.

Lastly, contrary to Defendants' argument, Plaintiffs have identified how Defendant Gitman's deposition testimony is material to the issues before the Court. Defendants submitted a 172 paragraph Affidavit of David Gitman while this same Defendant testified that he "could not recall" most of the same facts at deposition. Defendant Gitman's deposition testimony should be considered by the Court in determining whether the Affidavit is appropriate, or constitutes an improper sham affidavit for purposes of summary judgment. Palazzo ex re. Delmage v. Corio, 232 F. 3d 38 (2d Cir. 2000). In light of Defendants' reference to Dardashtian's deposition, Defendant Gitman's testimony should also respectfully be considered so that the Court may independently determine whether a genuine issue of fact exists. Jiminez v. Dreis & Krump Mfg. Co., 736 F.2d 51, 53 (2d Cir. 1984).

Thank you for Your Honor's consideration of the foregoing.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc:   All counsel of record (via ECF)