UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE LLC a/k/a
COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY,         17 Civ 4327 (LLS)(RWL)

                            Plaintiffs,

     -against-

DAVID GITMAN, JEREMY FALK, SUMMIT          AFFIDAVIT OF
ROCK HOLDINGS, LLC, ACCEL COMMERCE,        MICHAEL DARDASHTIAN
LLC, DALVA VENTURES, LLC, KONSTANTYN       IN FURTHER SUPPORT
BAGAIEV, OLESKSII GLUKHAREV and            OF PARTIAL SUMMARY
CHANNEL REPLY INC.,                        JUDGMENT
                         Defendants.
-----------------------------------------------------------X

Michael Dardashtian, being duly sworn, deposes and says:

1. I am a Plaintiff in the above captioned matter and as such I am fully familiar with the facts and circumstances as set forth herein.

2. I submit this Affidavit in further support of Plaintiffs, Michael Dardashtian, individually and on behalf of Cooper Square LLC a/k/a Cooper Square Ventures, LLC, NDAP, LLC and ChannelReply (collectively "Plaintiff Companies") Motion for Partial Summary Judgment (the "Motion"), which remains subject to the Court's approval as set forth in the Court's Order dated October 14, 2020.

3. I have reviewed the Defendants' opposition papers ("Opposition") to the Motion, including Defendants' Response to Plaintiffs' Statement of Facts ("RSMF") pursuant to Rule 56.1; Defendants'' Memorandum of Law; and the Affidavit of David Gitman dated September 24, 2020 ("Gitman Aff").

4. This Affidavit is submitted for the limited purpose of addressing the falsely alleged "accounting" discrepancies contained in Defendants' Opposition. The documents supplied herewith further confirm that all distributions to me and Mr. Gitman were made with each of our knowledge and/or consent from the inception of the Plaintiff Companies to the present.

**401(k)/QuickBooks Accounting Records**

5. Defendants falsely argue that (1) I took an unlawful 401K distribution in the amount of $13,500, when Mr. Gitman claims he did not receive same; (2) I received unlawful health insurance payments in the amount of $17,635 which Gitman claims he never approved; and (c) there is a discrepancy of approximately $104,000.00 regarding ChannelReply's revenue without specifying the time period. Defendants' assertions are knowingly false, rely upon incomplete data from unidentified third party sources, and do not accurately cite to the Plaintiff Companies' QuickBooks and accounting records to which Mr. Gitman has had complete access.

6. Annexed hereto as proposed supplemental Exhibits "**149a**" and "**149b**" are respectively (a) the bank statements from the Plaintiff Companies' Bank of America Bank Account from January 1, 2014 to January 31, 2014 ("BOA Bank Statements"); and (b) the Plaintiff Companies' monthly profit and loss statement for 1/2017 through 12/2019 ("Monthly P & L") contained in the Plaintiff Companies' QuickBooks accounts and an 10/8/2020 email from Chargebee ("Chargebee Email"), the Plaintiff Companies' payment portal, regarding ChannelReply's revenue from 2016, when the Plaintiff Companies' activated Chargebee for ChannelReply, through the year 2020.

7. The BOA Bank Statements annexed hereto as supplemental Ex"**149a**" at page 5 show that Mr. Gitman received the **same** $13,500 401(k) distribution that I did in 2013.

8. The Monthly P & L's at Ex. **149b** show that there is no revenue discrepancy. Defendants contend that Chargebee provided net revenue for ChannelReply in the amount of $447,000, but Defendants neglect to even identify the applicable timeframe they are referring to. I retrieved the Monthly P & L's directly from the Plaintiff Companies' Quickbooks and I obtained the Chargebee Email directly from Chargebee, each of which confirm that there are no revenue discrepancies at all and that Chargebee *never* provided net revenue for ChannelReply in the amount of $447,000. Defendants' argument is an unsupported and baseless fiction.

**Schedule K-1's**

9. Annexed hereto as proposed supplemental Ex. "**150**" are Plaintiff CSV's tax form Schedule K-1's ("K-1's")(with redactions) from 2013- 2018. These K-1's are filed with the CSV federal income tax return and issued to me and Gitman so that we may file our respective K-1 with our personal federal income tax returns. We each receive a copy of the CSV federal tax return each year before it is filed and which contains each of our K-1's.

10. Mr. Gitman's K-1 only confirms that he has, at all times, been fully aware of both of our income, deductions and credits related to CSV and the Plaintiff Companies. In fact, Gitman's 2013 K-1 confirms that Mr. Gitman received the **same** health care benefit that I did, which he later voluntarily elected not to take as he sought instead to participate in his spouse's health care plan.

11. Mr. Gitman and my K-1's through 2018 further confirm each of our 50% interest in ChannelReply and Plaintiff Companies by way of our 50% ownership in CSV which reported all of ChannelReply's income and expenses and distributed all of ChannelReply's profit and loss equally to me and Mr. Gitman.

**Mr. Gitman's Deposition Testimony**

12. . Annexed hereto as Supplemental Ex. "**151**" is a true and accurate copy of Mr. Gitman's deposition transcript of March 2nd 2020 and April 14, 2020 taken via *Zoom*, containing his sworn testimony, which confirms that Mr. Gitman elected not to take health care benefits (Ex. 151 at 237:1-3). I respectfully refer this Court to Plaintiffs' Reply Brief as to the remaining inaccuracies contained in Mr. Gitman's sworn deposition testimony which have page and line cites.

13. For all remaining "accounting" allegations made by Defendants in their Opposition, I respectfully refer this Court to my prior moving Affidavit in support of the Motion, including paragraphs 28, 37 and accompanying **Ex. 20(i),** which addresses Defendants' claim of an unequal $10,000.00 draw, of which Mr. Gitman and I discussed and addressed on multiple occasions. Though Mr. Gitman's accusations are baseless, in order to eliminate this issue for purposes of the Motion, I will credit Mr. Gitman $5,000.

14. From the inception of the Plaintiff Companies through the present, all distributions to Mr. Gitman and I were well known to the both of us, and Mr. Gitman has had access to the Plaintiff Companies' financial books and records, including those annexed hereto, at all times relevant herein. Defendants' unsupported allegations to the contrary are knowingly false, offensive and improper.

I certify under penalty of perjury that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:

                                                Michael Dardashtian, individually and
on behalf of Cooper Square Ventures, LLC,
NDAP, LLC and ChannelReply

# ALL-PURPOSE ACKNOWLEDGMENT

State/Commonwealth of __TEXAS__ )
)
☐ City ☑ County of __Harris__ )

On __10/16/2020__ before me, __Michael O. Adeeko__,
   Date                                          Notary Name

personally appeared __Michael Dardashtian__
                                     Name(s) of Signer(s)

☐ personally known to me -- OR --

☐ proved to me on the basis of the oath of _____ -- OR --
                                            Name of Credible Witness

☑ proved to me on the basis of satisfactory evidence: __driver_license__
                                                       Type of ID Presented

to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and by proper authority, and that by his/her/their signature(s) on the instrument, the individual(s), or the person(s) or entity upon behalf of which the individual(s) acted, executed the instrument for the purposes and consideration therein stated.

WITNESS my hand and official seal.

Notary Public Signature: _/s/ Michael O. Adeeko_

[Notary Seal: Michael O. Adeeko, NOTARY PUBLIC STATE OF TEXAS, ID NUMBER 132332634, COMMISSION EXPIRES January 28, 2024]

Notary Name: __Michael O. Adeeko__
Notary Commission Number: __132332634__
Notary Commission Expires: __01/28/2024__
*Notarized online using audio-video communication*

## DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document: __Affidavit__
Document Date: __10/16/2020__   Number of Pages (w/ certificate): __6__
Signer(s) Other Than Named Above: __N/A__

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: __Michael Dardashtian__

☐ Corporate Officer  Title: _____
☐ Partner -- ☐ Limited  ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian of Conservator
☐ Other: _____
Signer Is Representing: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: __N/A__

☐ Corporate Officer  Title: __N/A__
☐ Partner -- ☐ Limited  ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian of Conservator
☐ Other: __N/A__
Signer Is Representing: __N/A__

( 6 )