UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE VENTURES, LLC
NDAP, LLC and CHANNEL REPLY,

                      Plaintiffs,                    1:17 Civ.4327 (LLS)

    -against-

DAVID GITMAN, ACCEL COMMERCE, LLC,
DALVA VENTURES, LLC, KONSTANTYN
BAGAIEV, OLESKII GLUKHAREV
and CHANNEL REPLY, INC.,

                      Defendants.
------------------------------------------------------------------X

## DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW IN REGARD TO THREE EXHIBITS

Respectfully submitted,

  /s/ Sang J. Sim
SIM & DEPAOLA, LLP
By: Sang J. Sim, Esq
Attorneys for Defendants
42-40 Bell Blvd. Suite 201
Bayside, New York 11361
(718) 281-0400

1

TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………..3

ARGUMENTS …………………………………………………………………………3

    A.  CSV K-A STATEMENTS AND 401(K) QUICKBOOKS
        ACCOUNTING RECORDS SHOULD BE AFFORDED
        NO WEIGHT ….…..………………………………………………………3

    A.  DAVID GITMAN'S AFFIDAVIT AND DEPOSITION
        TESTIMONY DO NOT MATERIALLY CONFLICT..……………………4

CONCLUSION…………………………………………………………………….7

## PRELIMINARY STATEMENT

As a threshold matter, it is submitted that the additional exhibits that the Plaintiffs included in their Reply Memorandum of Law do not dispose of materials issues of fact to justify the grant of summary judgment as a matter of law. It is submitted that materials issues of fact exist to preclude summary judgment as a matter of law.

## ARGUMENTS

### B. CSV K-1 STATEMENTS AND 401(k)/QUICKBOOKS ACCOUNTING RECORDS SHOULD BE AFFORDED NO WEIGHT

As a threshold matter, the Plaintiffs submitted these two exhibits without any declaration or statement that these are true and accurate copies of tax forms or Quickbook or banking forms.

Notwithstanding said deficiency, the Plaintiffs argues that the 2013 K-1 demonstrate that David Gitman received the same health care benefit that Michael Dardashtian did in 2013. With all due respect, the various K-1s submitted by the Plaintiffs raise additional issues of fact to support the denial of summary judgment for the Plaintiffs. As a threshold matter, it is submitted that a copy of the K-1 for 2013 that reflects health benefits attributed to both David Gitman and Michael Dardashtian does not demonstrate that David Gitman received this benefit. In fact, it has been submitted that David Gitman did not receive any healthcare benefits from CSV. Further, since Michael Dardashtian did receive benefits, this constituted a distribution to Dardashtian that David Gitman did not receive since David Gitman did not consent. Further, the quickbook files that was originally submitted by the Plaintiffs that was reattached as Sim Declaration Exhibit H demonstrates that Michael Dardashtian received additional healthcare benefits in 2016 that David Gitman did not receive. The additional exhibits submitted by the

3

Plaintiffs do not refute this triable issue of fact. Notably, Michael Dardashtian's K-1 for the 2016 year does not identify any healthcare benefits in his K-1 despite the fact that the quickbook files conclusively demonstrates that Michael Dardashtian received total benefits of $17,379.40. Despite this fact, the K-1 does not reflect the healthcare benefit that Michael Dardashtian received without any corresponding distributions to David Gitman. Further, Michael Dardashtian clearly testified that he took uneven distributions from CSV. In fact, the Plaintiffs even admit that he took $10,000 distribution that David Gitman did not receive. Despite admitting to this fact, the K-1s do not identify the uneven distribution that Michael Dardashtian took from CSV. Obviously, David Gitman never signed the partnership tax returns. It was orchestrated by Michael Dardashtian that took steps to ensure that his uneven distributions and benefits were concealed. Further, it is submitted that the Plaintiff attached a K-1 for David Gitman showing a loss of over 86,000 for 2015 but did not attach the corresponding K-1 for Michael Dardashtian for 2015. As such, it is submitted that the tax K-1s raises issues of fact and does not support the granting of summary judgment to the Plaintiffs.

### C. DAVID GITMAN'S AFFIDAVIT AND DEPOSITION TESTIMONY DO NOT MATERIALLY CONFLICT

Plaintiffs submit David Gitman's deposition transcripts from two days of testimony for the first time in their reply papers. Plaintiffs argue that they are submitting the depositions to refute the assertions made by David Gitman in his affidavit that was submitted in opposition to Plaintiffs' motion for summary judgment. Contrary to the assertions made by Plaintiffs, it is submitted that the deposition transcripts do not contradict the affidavit that was submitted by David Gitman.

For instance, the Plaintiffs notes various citations in regard to whether Jeremy Falk managed Accel. In this respect, Plaintiff cites Day 1 deposition of David Gitman pages 193 to 197. However, after reviewing the cited pages of the deposition transcript, it is clear that David Gitman's affidavit was not contradicted by the deposition testimony. In this respect, the deposition provides that Jeremy Falk did not work at Accel Commerce. Gitman Deposition Day 1 193:1-3 Rather, Jeremy Falk acted as an advisor to David Gitman with respect to Accel Commerce. Gitman Deposition Day 1 194:13-19 Further, the relevant portions of the deposition testimony given by David Gitman are as follows:

> Q. So was he a partner in Accel Commerce?
> A. No.
> Q. You don't want to use the word definitely this time because you know-
> A. He was definitely not a partner in Accel Commerce.
> Q. Was he an employee of Accel Commerce?
> A. He was not an employee.
> Q. Was he a signatory on any documents for Accel Commerce?
> A. Yes.
> Q. What was he a signatory on?
> A. On the bank account.
> Q. Jeremy Falk was a signatory on Accel Commerce"s bank account?
> A. Yes. I asked him to set up my bank accounts.
> Q. So when a person sets up your bank accounts, they remain as signatory on your bank accounts?
> A. I think that's how it works. I don't know, Barry.
> Q. And-
> A. I don't know.
> Q. When you wrote to Mary Faith Andan "Jeremy is focusing on the finance side," what did you mean?
> A. I meant that Jeremy would review any finance reports that Mary Faith Andan created.
> Q. Did Jeremy have any role in the management of Accel Commerce?
> A. Zero.
> Q. Did Jeremy make any decisions on expenses for Accel Commerce?
> A. No.
> Q. Did Jeremy make any decisions regarding software expenses for Accel Commerce?
> A. No.
>                               \*   \*   \*
> Q. So Jeremy was going to reviuew May Faith's work?

      A.     Yes.
      Q.     I thought he didn't have any role in management?
      A.     He doesn't.
      Q.     As you go down-
      A.     I'm not very good at accounting and finance.
      Q.     You're not very good at accounting and finance?
      A.     That's correct.  So it would be helpful for somebody with an MBA to look over some of the reporting.

Gitman Deposition Day 1 194:20 to 197:6

    Further, in support of Plaintiffs' position that Accel generated a profit, the Plaintiffs cites to David Gitman's first day of depositions pages 219 through 225.  However, after reviewing these pages, there is absolutely no testimony that contradicted the affidavit with respect to the profitability of Accel. Likewise, there was no testimony that contradicts David Gitman's assertion that there was an oral agreement with Michael Dardashtian in regard to Channel Reply.

    Further, consistent with the affidavit, there are no conflicting testimonies that would even remotely suggest that would suggest that David Gitman was partners with Jeremy Falk. Although the Plaintiffs make some cites to pages of the deposition, it is submitted that the cited deposition pages do not conflict with the affidavit that was submitted by David Gitman.

    In addition, Plaintiffs argue that David Gitman elected not to take healthcare.  In his deposition, David Gitman did testify that he elected not to take healthcare because it was in the best interest of the company.  Clearly, David Gitman believed that this was the choice made by both owners of the company. However, David Gitman did not know that Michael Dardashtian decided unilaterally to have the company pay for his healthcare benefits.  David Gitman never testified that he consented to the company paying for Michael Darsahtian's health benefits. Thus the deposition did not contradict the affidavit submitted by the David Gitman.

    As such, based on the review of the cited pages of the deposition transcript, it is clear that the Plaintiffs' assertion that the deposition contradicts the affidavit is unfounded and meritless.

Other than citing pages to the deposition, it is submitted that the Plaintiffs have not made any specific arguments as to how the affidavit is contradicted by David Gitman's deposition testimony. The fact remains that the deposition testimony does not contradict David Gitman's assertion that he had to segregate the assets of CSV due to the pending NDAP sale. The affidavit provides further explanations and provides admissible evidence that were not addressed during the deposition.

Thus, contrary to the arguments made the Plaintiffs, it is submitted that the affidavit submitted by David Gitman raises triable issues of fact to preclude summary judgment to the Plaintiffs.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that Plaintiffs' motion for partial summary judgment be denied in its entirety.

Dated: Bayside, New York
October 23, 2020

Yours,

 /s/ Sang J. Sim
**SIM & DEPAOLA, LLP**
BY: Sang J. Sim, Esq.

TO: Guaglardi & Meliti, LLC
*Attorneys for Plaintiffs*
365 W Passaic St #130
Rochelle Park, NJ 07662
bguaglardi@adgmlaw.com
Tel: (201) 947-4100
Fax: (201) 947-1010

7

1:17 Civ.4327 (LLS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DARDASHTIAN, individually and on behalf of COOPER SQUARE VENTURES, LLC NDAP, LLC and CHANNEL REPLY,

                                  Plaintiffs,

-against-

DAVID GITMAN, ACCEL COMMERCE, LLC, DALVA VENTURES, LLC, KONSTANTYN BAGAIEV, OLESKII GLUKHAREV and CHANNEL REPLY, INC.,

                                  Defendants.

**SUR-REPLY MEMORANDUM OF LAW**

**SIM & DEPAOLA, LLP**
BY: Sang J. Sim
Attorney for Defendant(s)
42-40 Bell Boulevard, Ste 201
Bayside, NY 11361
Tel. (718) 281-0400

To:    Guaglardi & Meliti, LLC
         365 W Passaic St #130
         Rochelle Park, NJ 07662

8