**大成 DENTONS**

**Edward J. Reich**
General Counsel

edward.reich@dentons.com
D  +1 212 768 6989

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

January 19, 2021

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    <u>*Dardashtian, et al. v. Gitman, et al.*, Case No. 17 CV 4327 (LLS)(RWL)</u>

Dear Magistrate Judge Lehrburger:

      I am the General Counsel of Dentons US LLP ("Dentons"), former counsel to defendants Accel Commerce, LLC, Channel Reply, Inc., Dalva Ventures, LLC, David Gitman and counterclaim plaintiffs David Gitman, individually and on behalf of Cooper Square Ventures, LLC and NDAP, LLC (the "Gitman Parties").  I write to request a pre-motion conference in accordance with your individual rules.

      The reason for this request is as follows:  as the Court may recall, Dentons and several of its former attorneys sought to withdraw from representing the Gitman Parties.  Among the reasons for the motion to withdraw was that the Gitman Parties were unable to pay their legal fees and owed Dentons a substantial amount of legal fees.  (Dkt 111-1).

      Pursuant to the Court's December 5, 2019 order, the withdrawal by Dentons was effective on December 23, 2019, upon the filing of Dentons' certification regarding the transfer of files to new counsel for the Gitman Parties.  (Dkt. 128 and 129).  In connection with the withdrawal of Brian Cousin, Mr. Cousin filed a declaration confirming that Dentons asserted a retaining or charging lien.  (Dkt 111-1).  Despite asserting such liens, Dentons transferred a substantial amount of material in good faith to new counsel for the Gitman Parties in the interest of not delaying this litigation.  (Dkt. 129).

The Honorable Robert W. Lehrburger
January 19, 2020
Page 2

大成  Salans FMC SNR Denton McKenna Long
dentons.com

On March 11, 2020, we were informed that $125,000 was being paid to each counsel for the parties to the litigation. (See email chain attached as Exhibit A). The original email by Mr. Ostrer confirming those disbursements specifically noted that the payment to current counsel for the Gitman Parties would be made to the Sim & DePaola Attorney Trust Account because Dentons had asserted a charging or retaining lien. (Id.) Dentons understands that these funds were disbursed so that the parties to this litigation could pay their respective counsel.

That same day, Dentons emailed and called Sang "Peter" Sim, current counsel for the Gitman Parties, to discuss the $125,000 payment to his firm's trust account and how the funds would be used in light of Dentons still being owed legal fees in connection with this litigation. (Id.) Dentons followed up repeatedly, leaving phone messages several more times and sending emails on March 12, March 19, March 27 and April 2. (Id.) These emails made clear that Dentons asserts an interest in the funds that were to be held in trust, and that no disbursements should be made until some agreement is reached. Neither Mr. Sim, nor his colleague Ms. Huang (copied on the last two emails) have responded in any way to Dentons.

On December 8, 2020, we were notified that an additional $170,000 was being disbursed. (Exhibit B). Once again, this letter specifically notes that Dentons has asserted an attorneys' lien and that the funds were being disbursed to Mr. Sim's attorney trust account. We contacted Mr. Sim again to ensure that the funds would be preserved, and again Mr. Sim has ignored our letter. (Exhibit C). While it is unfortunate that we have been forced to involve the Court in this matter, Mr. Sim's refusal to even respond is creating real concern that Mr. Sim is not preserving the funds in his attorney trust account, despite being clearly on repeated written notice by both Dentons and his adversary in this matter that Dentons claims an interest in those funds.

Attorneys' liens are fully enforceable in federal courts, which "have the responsibility to exercise supplemental jurisdiction over an attorney's claim for a lien 'to protect its own officers in such matters.'" *Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*, No. 03 CV 5789, 2013 WL 3356953, at *2 (E.D.N.Y. July 3, 2013) (*quoting Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998)). Dentons therefore intends to move the Court for an order protecting Dentons' attorneys' lien by prohibiting the disbursement of any portion of the $295,000 absent either an agreement among the Gitman Parties, Dentons and Sim & DePaola (or Sim & Record LLP, as Mr. Sim's firm is apparently now known) or a further order of this Court. To the extent funds have been improperly disbursed, Mr. Sim should also be required to disgorge such funds.

If the Court would find it helpful to have a telephone conference with the parties' counsel, we are available to participate on such a call at the Court's convenience.

                                                    Respectfully Submitted,

                                                    /s/ Edward J. Reich
                                                    General Counsel

Cc:      All counsel of record (via ECF)