# SIM & DEPAOLA, LLP
*Attorneys-at-Law*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
Tel:  (718) 281-0400
Fax:  (718) 631-2700

January 20, 2021

**VIA ECF**
Honorable Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Michael Dardashtian, et al. v. David Gitman, et al.*
Docket No. 17-cv-4327 (LLS) (RWL)

Dear Hon. Robert W. Lehrburger:

By way of background, we represent the Defendants, David Gitman, Accel Commerce, LLC, Dalva Ventures, LLC, Channel Reply, Inc. (collectively hereinafter referred to as "Defendants"), in the instant matter.

We submit this letter in response to the letter dated January 19, 2021 submitted by Dentons.

As a threshold matter, it is understood that the attorney of record, Brian Cousins and his team, needed to withdraw from the matter because he was moving from Dentons to another firm. His new firm would not permit him to transfer this case to his new firm.  As such, the attorney of record on this matter is no longer at Dentons.  With this said, the New York cases make clear that the charging lien provided for by Section 475 is for the benefit of an "attorney of record" only. *Weinstein v. Seidmann*, 173 A.D. 219, 220, 159 N.Y.S. 371 (1st Dept. 1916). *See also Cataldo v. Budget Rent A Car Corp.*, 226 A.D.2d 574, 574, 641 N.Y.S.2d 122 (2d Dept. 1996) ("[t]he Court of Appeals has clearly stated that the emphasized language grants a lien to the `attorney of record'") (citations omitted); *In re Sebring*, 238 A.D. 281, 285, 264 N.Y.S. 379 (4th Dept. 1933) (Section 475 gives a lien to "the attorney who appears for a party. It is not broad enough to include counsel; it is confined to the attorney of record").  With this said, the designation of attorney of record cannot so broad as to include the Dentons firm as the attorney of record.  *See, Lai, Ling Cheng v. Modansky Leasing Co.*, 137 A.D.2d 781, 783, 525 N.Y.S.2d 328 (2d Dept. 1988) ("an attorney whose name nowhere appears in the pleadings, motion papers, affidavits, briefs or record in a plaintiffs action is not entitled to seek a . . . charging lien under [Section 475]"). Therefore, it is submitted that the Dentons firm does not have a charging lien on this case.

Further, it is understood that the Company made year end distributions to each the owners of the Company in the normal course of its business.  As such, the funds were not from a verdict, report, determination, decision, award, settlement, judgment or a final order.  A charging lien will attach to any "verdict, report, determination, decision, award, settlement, judgment or final order" rendered in Plaintiff's favor, if Plaintiff ultimately achieves a favorable result. See N.Y. Judiciary Law § 475. An attorney is only entitled to a charging lien where "there has been an appearance by that attorney in the action which creates or is the source of funds against which the lien is asserted." Chevron Corp. v. Donziger, 11-cv-0691 (LAK), 2011 WL 2150450, at *3 (S.D.N.Y. May 31, 2011) (internal quotation marks omitted).

In this case, the Company's year end distribution to its owners in the normal course of business cannot be considered to be created or sourced from the claims in the case. Thus, it is submitted that the firm of Dentons does not have a charging lien on the distribution proceeds in this case.

Notwithstanding these issues, it is submitted that the Defendants dispute Dentons' legal fee invoice due to excessive billing practices by the attorney of record on the case. In determining a reasonable amount for a lien, Courts review several factors, including (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the results obtained. *Casper v. Lew Lieberbaum Co., Inc*., 182 F.Supp.2d 342, 346 (S.D.N.Y. 2002)). Thus, the alleged legal fee claim will be challenged by the Defendants.

Finally, it is submitted that amount deposited into our escrow accounts should be permitted to be used to pay current legal fees earned by this firm as well as case disbursements in order to provide representation to the Defendants in this case.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Sang J. Sim
Sang J. Sim, Esq.
*Attorney for Defendants*
psim@simdepaola.com