**GUAGLARDI & MELITI, L.L.P.**

*Attorneys At Law*
*A Limited Liability Partnership*

BARRY S. GUAGLARDI ▲
MICHAEL P. MELITI ▲

365 WEST PASSAIC STREET, SUITE 130
ROCHELLE PARK, NJ 07662
TELEPHONE: 201-947-4100
FACSIMILE: 201-947-1010
FACSIMILE: 201-843-5302

JASON S. NUNNERMACKER ♦
FRANCES OLIVERI ▲
KRISTEN E. DANIELE ▲
EVAN A. OSTRER ▲
MYLES M. MISSIRIAN ♦

♦ NJ BAR
▲ NJ & NY BAR

111 MAIN STREET
P.O. BOX 509
CHESTER, NY 10918
TELEPHONE: 845-576-0600
FACSIMILE: 845-576-0601

DIRECT DIAL: 201-374-9092
EOSTRER@ADGMLAW.COM

WEBSITE: WWW.ADGMLAW.COM

**VIA EMAIL**                                                               February 8, 2021
Honorable Robert W. Lehrburger, U.S.M.J.
U. S. District Court of New York
United States Courthouse
500 Pearl Street,
New York, NY 10007

    Re:   **Michael Dardashtian, et al. v. David Gitman, et al.**
            **17-cv-4327**

Dear Judge Lehrburger:

      On behalf of Plaintiffs, and in accordance with Your Honor's request, we respectfully submit this correspondence in connection with Your Honor's Order dated February 5, 2021, for Plaintiffs to provide clarification regarding Exhibit 149a, annexed to the Affidavit of Michael Dardashtian in support of Plaintiffs' Motion for Summary Judgment.

      Today, I spoke with the Court's staff to inquire as to whether Plaintiffs' response to Your Honor's Order should be in the form of Affidavit or by letter. I was advised by the Court's staff to submit Plaintiffs' response via email, and to the extent that Your Honor requires anything further, that Your Honor will so advise. In furtherance of Plaintiff's response below, Mr. Dardashtian is prepared to sign an affidavit to the following effect should Your Honor so require:

**1. Regarding evidence of 401(k) contributions: How does check no. 52 (Ex. 149(a) at 5) show that Gitman received a $13,500 401(k) contribution in 2013?**

**Response:**    The Bank of America bank statement provided in Exhibit 149(a) shows that Check no. 52 was issued to Pershing Square Capital, LLC in the amount of $13,500.00, which was Mr. Gitman's 401K holding company.  This check was issued and deposited the same month that the same 401k distribution was issued to Mr. Dardashtian (Check no. 51) for the same amount.  Exhibit 149(a) further demonstrates that Check no. 52 was signed by Mr. Gitman. Exhibit 149 at page 5 also shows that both Mr. Dardashtian and Mr. Gitman received the same $13,500.00 contribution.

1

**2. Why is the check made out to Pershing LLC FBO Cooper Square Ventures, LLC, instead of David Gitman CSV 401k, which is how Dardashtian's check (no. 51) appears?**

**Response:** Mr. Dardashtian used Morgan Stanley's wealth management division to deposit funds into the 401K account. This required the check to be made out to the account name created by Morgan Stanley's wealth management division, entitled "Michael Dardashtian 401k," and which includes the relevant account information as reflected on the check itself. See Ex. 149a at p. 6. With respect to Mr. Gitman, Mr. Gitman wanted his 401K program to be managed by Pershing Square Capital, LLC, which required deposits to be made payable to and deposited directly.

**3. Why is check no. 52 stamped "void"**

**Response:** As reflected in the Bank of America bank statement, the funds from Mr. Gitman's 401K check no. 52 funds were withdrawn from the account on January 10, 2014 for the exact same amount the check was issued for ($13,500). It could be that Pershing Square Capital, LLC marks checks void after the checks are deposited, but we cannot speak on behalf of Pershing Square Capital, LLC. It is respectfully submitted that Mr. Gitman's withdrawal of $13,500.00 on June 10, 2014 reflects that such funds were received by Mr. Gitman, and both Mr. Dardashtian and Mr. Gitman received the same distributions of $13,500.00.

If Your Honor requires any further clarification, or if the foregoing should be submitted in the form of Affidavit, kindly so advise and same will be e-filed in advance of oral argument.

Thank you for Your Honor's consideration of the foregoing.

Respectfully Submitted,
GUAGLARDI & MELITI, LLP

Evan Ostrer

Cc: Sang Sim, Esq. (via email)