UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MICHAEL DARDASHTIAN, individually and
on behalf of COOPER SQUARE, LLC a/k/a
COOPER SQUARE VENTURES,
LLC, NDAP, LLC and CHANNELREPLY,    1:17 Civ.4327 ( LLS) (RWL)

         Plaintiffs,

 -against-

DAVID GITMAN, ACCEL COMMERCE, LLC,
DALVA VENTURES, LLC, KONSTANTYN
BAGAIEV, OLESKSII GLUKHAREV and
CHANNEL REPLY, INC.,
         Defendants.
-------------------------------------------------------------X

## PLAINTIFFS' RESPONSE TO DEFENDANTS' "OBJECTION TO THE REPORT AND RECOMMENDATION" OF MAGISTRATE JUDGE ROBERT W. LEHRBURGER DATED FEBRUARY 16, 2021 SUMMARY JUDGMENT

Dated: March 8, 2021

              **GUAGLARDI & MELITI, LLP**

              Evan A. Ostrer (EO1099)
              365 West Passaic Street, Suite 130
              Rochelle Park, New Jersey 07662
              (201) 947-4100

              *Attorneys for Plaintiffs*

Plaintiffs, Michael Dardashtian, individually and on behalf of Cooper Square, LLC a/k/a Cooper Square Ventures, LLC, NDAP, LLC, and ChannelReply ("Plaintiff Companies") respectfully submit the within response to Defendants' Objection to the Report and Recommendation of the Honorable Robert W. Lehrburger, U.S.M.J. dated February 16, 2021 (the "R&R") [Doc. No. 209] rendered in connection with Plaintiffs' Motion for Partial Summary Judgment.

Defendants' Objection requests, in substance, that this Court decline to follow the R&R in its entirety [Doc. No. 212] (hereinafter referred to as the "Objection," see generally, the Objection at p. 1, paras 1 and 2).[1] In doing so, Defendants articulate no cogent reason or rationale that forms any viable basis to disregard the R&R. It appears that the Objection is nothing more than a transparent effort to create a record for a future appeal, without substantively articulating any bona fide error or mistake in Judge Lehrburger's well-reasoned opinion.

Defendants' challenges to the R&R are without substance and make little reference to any of Judge Lehrburger's findings, the evidence in the record or any of the legal authority cited to therein. The R&R should be adopted by this Court in its entirety.

I. **Background**

Reference is made to the recounting of the factual history in the R&R (See pp. 3-27; see also, the Opinion and Order of the Honorable Louis L. Stanton, U.S.D.J. dated November 28, 2017, at Doc. No. 70, pp. 2-6). The procedural history is set forth in the R&R at pp. 27-31.

In substance, the R&R recommends the following:

(a) That partial-summary judgment should be granted to Plaintiffs on Counts Two, Five, Seven, Ten, Twelve, Eighteen, Nineteen and Twenty of the Amended Complaint,

---

[1] As it appears Defendants object to the R&R in its entirety, no arrangements were made by Defendants to transcribe the record, or identify whatever portions of the R&R that the parties agree to under Fed.R.Civ.P. 72(b)(2).

1

    except with respect to the purchase price for redemption under Count Twenty (See, R&R at p. 80);

(b) That before the closing on redemption of Defendant Gitman's ("Gitman") interests in the Plaintiff Companies occurs, the Court should first (1) issue an order making permanent Gitman's removal as co-Manager of the Plaintiff Companies, and (2) to determine the purchase price after allowing Defendants the opportunity to cross-examine Plaintiffs' valuation expert. (Id);

(c) Summary Judgment should be denied as premature without prejudice as to Plaintiffs' claim for attorney's fees against Defendants (Id);

(d) Summary judgment should be granted to Plaintiffs, dismissing all of Defendants' Counterclaims, except with respect to Defendants' Second Counterclaim for Gitman's individual claim for breach of fiduciary duty, which is limited "solely to the issue of the propriety of Dardashtian's receipt of health insurance and $10,000.00 in distributions (Id at pp. 80-81).

## II.   Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). With respect to a magistrate judge's recommendations on a dispositive matter, the Court reviews de novo those determinations as to which a party has *specifically* objected (Id)(emphasis added): ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also, Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") The remainder of the report is reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

However, where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); see also, *Perimeter Interiors*, 657 F. Supp. 2d at 414; accord *Molefe v. KLM*

*Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Such general objections "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (Id). See also *Kiggins v. Barnhart*, 2004 U.S. Dist. LEXIS 8975 (S.D.N.Y. May 20, 2004) (reviewing the report and recommendation for clear error where objections were essentially reiterations of arguments made in earlier submissions and conclusory accusations). *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312-313 (S.D.N.Y. August 14, 2009).

Here, Defendants purport to object to the *entire* R&R with sweeping, non-specific objections in conclusory fashion (See Objection at p. 1). Notably absent from Defendants' Objection is a single citation to the R&R itself. See, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (court is not required to review magistrate judge's findings or conclusions as to which no proper objection is made); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) ("party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object").

Defendants propose that as the non-movant, Gitman's (unsubstantiated) "version of events should have been afforded deference." (See Objection at p. 4) But Defendants fail to identify such factual inferences that were not drawn in their favor. Defendants only advance the same arguments that they advanced in opposition to the instant motion. See e.g. *Vega v. Artuz*, No. 97 Civ. 3775, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review...").

The redundancies contained in the Objection do not address with any specificity why the R&R, in whole or in part, should be rejected by the Court. Defendants' general objections do not constitute proper objections to merit the Court's consideration.

### III. <u>Analysis</u>

#### A. Point I: NO TRIABLE ISSUES OF FACT EXIST AS TO GITMAN'S MISCONDUCT TRIGGERING PLAINTIFFS' CONTRACTUAL AND LEGAL RIGHT OF REDEMPTION

Defendants believe, in conclusory fashion, that because the R&R found *primarily* in favor of Plaintiffs, Magistrate Judge Lehrburger "improperly gave deference to the movant." (See Objection at p. 2, 3: the R&R "resolved factual issues in favor of the movant as opposed to resolving all factual disputes by giving deference to the nonmovant in the case, namely the Defendants"). Defendants' rationale is flawed as Judge Lehrburger did not improperly give deference to the Plaintiffs as the R&R demonstrates.

Defendants object to Magistrate Judge Lehrburger's finding that Gitman "indisputably engaged in willful and serious misconduct" to support the redemption of Gitman's right, title and interests in the Plaintiff Companies, under Counts Nineteen and Twenty (Objection at p. 2).

The crux of Defendants' argument is that the R&R supposedly "ignores Defendants' submissions that raised triable issues of fact" with respect to those Counts (Objection at p. 3). But Defendants' neglect to cite to Defendants' "submissions" or any specific portion in the R&R where Magistrate Judge Lehrburger failed to afford Defendants the appropriate "deference." The thorough 81 page R&R identifies the record evidence and the legal authority to support the recommendations contained therein:

> (a) Article 11.5 of the CSV Operating Agreement, which permits the redemption of a Member's interests upon a finding of ten (10) enumerated criteria, including "willful

4

or serious misconduct by the Member with respect to the business, operations or assets of the Company." (R&R at p. 35).

(b) The "overwhelming" proof of Gitman's willful and serious misconduct, such as when "Gitman drained CSV of its operating funds to his personal account thus putting CSV in financial peril," which this Court ordered Gitman to return (Id); or when "Gitman usurped control of ChannelReply and ChannelReply's confidential information," which prompted the Court's issuance of temporary restraints (Id at p. 36); or when Gitman "established and operated a company using the ChannelReply name," which this Court ordered Gitman to "evaporate" (Id); or when Gitman "funneled ChannelReply customers to [Channel Reply, Inc.]" (Id), which was an unlawful competing business created by Gitman, which Gitman dissolved only following the Court's Order. (Id at pp. 27-29)[2]

(c) How Gitman "changed passwords on virtually all of CSV and ChannelReply's operational accounts so that Dardashtian did not have access; diverted Dardashtian's emails to himself; induced the Developers to resign from CSV and entered into agreements to work for Gitman's [competing business Channel Reply, Inc.] – and assisted them with doing so" (Id).

(d) How such misconduct amounts to a breach by Gitman of the terms and conditions contained in the CSV Operating Agreement, which is "another basis for Management's exercising the right of redemption" (Id). That Gitman's actions constitute additional breaches of Article 8.2(d) of the CSV Operating Agreement, which expressly states that "Management shall have no authority to expend or use the Company money or property other than on the account and for the benefit of the Company." (Id).

(e) That Gitman diverted "ChannelReply customer payments to the [Channel Reply, Inc.] account" and committed "misappropriation of CSV's intellectual property, such as the ChannelReply brand name, ChannelReply software, and confidential financial and customer data.

(f) That Gitman's "use of CSV's confidential data for the benefit of [Channel Reply, Inc.] and Gitman personally also constitutes a violation of the CSV prohibitions on using the company's confidential information 'except as may be necessary in the course of performing authorized service for the Company or as may be required by applicable order of court, law, statute or regulation,' *citing* Article 12.2(a) of the CSV Operating Agreement (Id).

---

[2] The R&R likewise cites to the record evidence to support its findings, and addresses Gitman's unsupportable justifications for his actions. See R&R at pp. 20-27.

The R&R also cites to the record evidence and expressly addresses Gitman's arguments that Gitman advances again here. Gitman's "attempt to justify his actions as protecting CSV and ChannelReply rather than harming them" was without any evidentiary basis, *citing* Gitman Aff. at para 112, 135. See also, Objection at pp. 4-6; 37).

Defendants fail to cite to any evidence that was purportedly overlooked or misapplied in the R&R. The arguments raised in their Objection are without merit.

### B. Point II: THERE ARE NO TRIABLE ISSUES OF FACT TO PRECLUDE SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS AS TO COUNTS FIVE, TEN, TWELVE, EIGHTEEN, AND NINETEEN

As Defendants do not make an effort to separate each Count to support their argument(s), Plaintiffs refrain from doing so for them.

However, the R&R recognizes that the Plaintiffs have met their prima facie burden and the Defendants have failed to come forward with specific facts, *not general assertions*, evidencing an issue for trial with respect to each of these counts (R&R at pp. 45-59). Defendants' longwinded fourteen page Objection again does not cite any legal authority to support why the R&R should not be adopted, in whole or in part, does not to cite to the R&R itself, or properly address the record evidence that supports each count to justify any modification of the R&R. (Objection at pp. 8-12).

### C. Point III: DEFENDANTS' OBJECTION TO THE COURT'S GRANT OF SUMMARY JUDGMENT ON PLAINTIFFS' CONVERSION CLAIM IS WITHOUT MERIT

The R&R recognizes, as *this Court* previously recognized, "a conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession," *citing*

6

Doc. No. 70 at p. 18, quoting *Colavito v. New York Organ Donor Netwek, Inc.* 8 N.Y. 3d 43 (1006). As stated in the R&R, Gitman committed a conversion in multiple instances, including

(1) when Gitman transferred all of the Plaintiff Companies accounts "to a separate domain that was inaccessible to Dardashtian and controlled instead by Gitman [and his competing company Channel Reply, Inc.]" (R&R at p. 57, Dardashtian Aff. at para 97, Exs. 45A and 45B; SUF at 27-29, 34; SUF Response at paras. 27-29, 34);

(2) when Gitman took the Plaintiff Companies' funds by withdrawing such funds from the CSV account and depositing it into an account in his own name, and "took away CSV's ability to control its own funds." (Id at p. 59).

Gitman's purported justification, that the admitted conversion was only "temporary," albeit unsupported by the record, is still not a lawful justification for conversion (Id). The record demonstrates that Gitman's conversion was *temporary* "only because Dardashtian successfully sought and obtained emergency relief." (R&R at p. 58).

### D. Point IV: DEFENDANTS' COUNTERCLAIMS SHOULD BE DISMISSED

Just as Defendants have failed to meet their burden in defending against Plaintiffs' claims, Defendants similarly fail to support their own claims against Plaintiffs. As the R&R recognized, mere allegations do not create a genuine dispute for trial. See R&R at p. 76, citing *Wright v. Goord*, 554 F.3d 255 (2d Cir. 2009).

With respect to Defendants' counterclaims, the R&R provides a thorough recommendation supported by legal authority and the record evidence which Defendants fail to address in their Objection (See R&R at pp. 63-79). Incredibly, Defendants' one page brief point regarding their purported nine Counterclaims, cites to *one* exhibit in the record, namely, Sim Decl. at Exhibit J, to support their contention that Channel Reply, Inc. was some agreed upon "spin off entity" and thus all nine Counterclaims should survive (See Objection at p. 14). While Defendants' previously argued and unsupported assertions do not create a genuine issue of fact,

7

the Objection also fails to properly cite to the record. Defendants' exhibit, Exhibit J, is the *Dalva Ventures Operating Agreement,* which has absolutely nothing to do with the arguments Defendants' raise in their convoluted brief point. (Objection at pp. 13-14)[3]. Defendants offer nothing to support that the R&R should be modified in any respect.

## CONCLUSION

For the foregoing reasons, and based on the evidence in the record, it is respectfully submitted that the R&R should be adopted by this Court in its entirety.

Dated: March 8, 2021                                    Respectfully submitted,

                                                        GUAGLARDI & MELITI, LLP

                                                        _____
                                                        Evan A. Ostrer (EO1099)
                                                        365 West Passaic Street, Suite 130
                                                        Rochelle Park, New Jersey 07662
                                                        (201) 947-4100

                                                        *Attorneys for Plaintiffs*

---

[3] The R&R considered Sim Decl. Ex. J nonetheless, see R&R at p.5.

8