ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------X
MICHAEL DARDASHTIAN, et al.,

             Plaintiffs,       17 Civ. 4327 (LLS)

   - against -            MEMORANDUM AND ORDER

DAVID GITMAN, et al.,

             Defendants.
------------------------X

    Judge Lehrburger recommends that

> Dardashtian is entitled to summary judgment on all of his affirmative claims at issue on this motion except with respect to the purchase price to be paid upon redemption, and on all of Gitman's counterclaims with the sole, and very limited, exception that Dardashtian allegedly breached his fiduciary duty by receiving health insurance that Gitman opted not to take, and drawing two small distributions while Gitman was working full time for another company.

R&R at 2, Dkt. 209. "Further, Gitman's removal as co-Manager should be made permanent prior to redemption." Id. at 35. "Summary judgment should be DENIED as premature without prejudice as to Plaintiffs' claim for attorney's fees." Id. at 80.

    Gitman objects to Judge Lehrburger's Report and Recommendation, arguing that it impermissibly resolves disputed fact issues and defers to the movant:

> This Court should decline to follow the Report since the Reports makes numerous determinations with respect to issues of fact that is exclusively reserved for the trier of facts. The Report disregards factual disputes and makes factual determinations after improperly weighing the factual issues by giving

>  deference to the movant with respect to the issues that are present in this case.

Obj. to R&R at 2; see also id. at 7 ("The Report completely discredits David Gitman's affidavit rather than giving reasonable deference to David Gitman's affidavit as the nonmovant in this summary judgment motion.")

As Judge Lehrburger explained,

> the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Summary judgment may be granted, however, where the nonmovant's evidence is conclusory, speculative, or not significantly probative. Id. at 249-50. If there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

R&R at 34; see also Weeks v. ARA Servs., 869 F. Supp. 194, 196 (S.D.N.Y. 1994) ("Generalized and conclusory affidavits are insufficient to withstand defendants' motion for summary judgment.").

Judge Lehrburger correctly found that Gitman offered insufficient admissible evidence to support his assertions beyond his own conclusory affidavit, and that no reasonable juror could believe most of those assertions.[1] For instance, Judge Lehrburger found that

---

[1] On those few issues he found subject to reasonable dispute, Judge Lehrburger recommended that summary judgment be denied.

>   Gitman's attempt to justify his actions as protecting CSV and ChannelReply rather than harming them are without any evidentiary basis. (See Gitman Aff. ¶¶ 112, 135 ("[I] believ[ed] I was protecting the interests of the Company" and "I never intended to use the money for my benefit.").) To recap, there is no evidence that, or explanation (let alone one that a reasonable juror could find) why, the measures he took – depleting CSV's bank account, transferring assets to himself and to CRINC, depriving Dardashtian of access to virtually all ChannelReply data and operations, etc. – were necessary to accomplish the sale of NDAP. Nor is there any evidence of an actual agreement to give Gitman a controlling 67.5% of ChannelReply or any explanation of how the steps Gitman took were meant "to formalize the agreed upon ownership percentages." (SUF Response ¶ 42.) And, no reasonable juror could find that Gitman acted on advice of CSV's corporate counsel, because the lawyer Gitman retained – with CSV funds – to advise him about CRINC was his personal attorney. (See 6/8/2017 Tr. at 2) (attorney Farooq stating to the Court that "I represent David Gitman and DalvaVentures, LLC, and Channel Reply, Inc.").) No reasonable juror could find that Gitman acted for the good of CSV or its businesses as opposed to Gitman's own self-interest.

R&R at 37-38; see also id. at 47 ("Nor can it be genuinely disputed that Gitman breached his fiduciary duty not only to CSV but also to Dardashtian, his co-Manager and co-Member."), 49 ("Gitman's indisputable breaches of the CSV Operating Agreement have been discussed above in the context of CSV's right to redemption and Gitman's acts of misconduct."), 7-9 (Gitman presents no evidence beyond his own conclusory, counterproductive affidavit to dispute Dardashtian's evidence that ChannelReply is a proprietary

trade secret), 57 ("Plaintiffs have presented indisputable evidence that Gitman converted CSV's property.").

This Court adopts Judge Lehrburger's Report and Recommendation in its entirety.

It is ORDERED that

1. Summary judgment is granted to plaintiffs on Counts Two, Five, Seven, Ten, Twelve, Eighteen, Nineteen, and Twenty of the Amended Complaint, except with respect to the purchase price for redemption under Count Twenty.

2. Defendant David Gitman is permanently removed as co-manager of the plaintiff companies.

3. Determination of the purchase price for redemption of defendant David Gitman's interests in the plaintiff companies, pursuant to Section 11.5 of the CSV Operating Agreement, is referred to Magistrate Judge Lehrburger for his report and recommendation.

4. Summary judgment is granted to plaintiffs dismissing all of defendants' Counterclaims First through Ninth, except denied with respect to the Second Counterclaim for Gitman's individual claim for breach of fiduciary duty, limited solely to the issue of the propriety of Dardashtian's receipt of health insurance and $10,000 in distributions.

6. Defendants' request for a jury trial is stricken as contractually waived pursuant to Section 17.9 of the CSV Operating Agreement.

7. Summary judgment is denied as premature without prejudice as to plaintiffs' claim for attorney's fees.

So ordered.

Dated:   March 30, 2021
         New York, New York

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                       U.S.D.J.